1    J. Paul Gignac (State Bar No. 125676)
     j.paul@aogllp.com
2    Kiley L. Grombacher (State Bar No. 245960)
     kgrombacher@aogllp.com
3    **ARIAS OZZELLO & GIGNAC LLP**
     4050 Calle Real, Suite 130
4    Santa Barbara, California 93110-3413
     Telephone:  (805) 683-7400
5    Facsimile:  (805) 683-7401

6    Mike Arias (State Bar. No. 115385)
     marias@aogllp.com
7    **ARIAS OZZELLO & GIGNAC LLP**
     6701 Center Drive West, 14th Floor
8    Los Angeles, California 90045
     Telephone:  (805) 683-7400
9    Facsimile:  (805) 683-7401

10   Melissa M. Harnett (State Bar No. 164309)
     mharnett@wcclaw.com
11   Gregory B. Scarlett (State Bar No. 131486)
     gscarlett@wcclaw.com
12   **WASSERMAN, COMDEN & CASSELMAN, LLP**
     5567 Reseda Boulevard, Suite 330
13   Post Office Box 7033
     Tarzana, California 91357-7033
14   Telephone: (818) 705-6800 / (323) 872-0995
     Facsimile: (818) 996-8266

15

16   Attorneys for Plaintiff

17              **UNITED STATES DISTRICT COURT**

18       **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

19   STEVEN PRICE, on behalf of himself and      **C09    03519    HRL**
20   all others similarly situated,

21              Plaintiff,                        CLASS ACTION

22   v.                                           **COMPLAINT FOR DAMAGES,
                                                   RESTITUTION, INJUNCTIVE RELIEF
23   FACEBOOK, INC., a Delaware                   AND DECLARATORY RELIEF**
     corporation; and DOES 1 through 10,
24   inclusive,
                                                  DEMAND FOR JURY TRIAL
25              Defendants.

26

27

28

All allegations in this Complaint are based upon information and belief except those allegations that pertain to Plaintiff, which are based on personal knowledge. Plaintiff's information and belief are based upon, *inter alia*, Plaintiff's own investigation and the investigation conducted by Plaintiff's attorneys. Each allegation in this Complaint either has evidentiary support or, alternatively, is likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

### NATURE OF THE ACTION

1.      This is an action to enjoin ongoing, unfair and unlawful business practices and to recover monetary damages and restitution arising out of Facebook's unfair and unlawful business practices of: (1) charging its "pay per click" advertising customers for "invalid clicks" that never actually occurred; and (2) giving its advertising customers partial "credits", rather than full cash refunds, for such invalid clicks.

2.      Facebook's practices violate its agreement with its advertising customers as memorialized in the standardized Facebook Advertising Guidelines and the Statement of Rights and Responsibilities that Facebook enters into with its advertising customers. Facebook's wrongful practices predictably involve small amounts of damages, and Facebook is attempting to carry out a scheme to deliberately cheat large numbers of its advertising customers out of individually small sums of money.

3.      Facebook should be ordered to cease its wrongful practices and should be required to refund to its present and former advertising customers all monies that Facebook has collected as a result of its wrongful practices.

### PARTIES

4.      Plaintiff Steven Price ("Plaintiff") is a resident of the State of California, residing in El Segundo, California.

5.      Defendant Facebook, Inc. is a Delaware corporation registered to do business in the State of California, with its principal place of business located in Palo Alto, California. The Facebook website is a free-access social networking website that is operated and privately owned by Facebook. The website is accessible to users throughout the United States.

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1          6.    Plaintiff does not know the true names and capacities of Does 1 through 10,

2  inclusive, whether individual, corporate, association or otherwise and, therefore, sues said

3  defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to

4  include their true names and capacities when they have been ascertained. Each of these Doe

5  defendants is in some manner legally responsible for the events, happenings, injuries and

6  damages alleged in this Complaint.

7          7.    As used herein, the term "Facebook" refers to Facebook, Inc. and the Doe

8  defendants.

9          8.    In this Complaint, when reference is made to any act, deed or conduct of

10  Facebook, the allegation means that Facebook engaged in the act, deed or conduct by or through

11  one or more of its officers, directors, agents, employees or representatives who was actively

12  engaged in the management, direction, control or transaction of the ordinary business and affairs

13  of Facebook.

14                          **JURISDICTION AND VENUE**

15          9.    Federal jurisdiction is proper under 28 U.S.C. §1331 because Plaintiff

16  alleges claims for relief under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*

17          10.    Federal jurisdiction is also proper under 28 U.S.C. §1332(d)(2) because: (a)

18  Plaintiff is a resident of California, as are many of the proposed class members, whereas

19  Facebook is incorporated in Delaware; (b) this is a class action that involves more than one

20  hundred proposed class members; and (c) the amount in controversy in this class action exceeds

21  $5,000,000.

22          11.    This Court may and should exercise supplemental jurisdiction over the state

23  law claims under 28 U.S.C. §1367 because they are derived from a nucleus of operative facts that

24  is common to the federal law claims such that Plaintiff and Facebook ordinarily would expect to

25  try both the federal law claims and the state law claims in a single proceeding.

26          12.    This Court has personal jurisdiction over Facebook because Facebook has

27  purposefully availed itself of the privilege of conducting business activities within the State of

28  California by employing workers within the State of California and by selling its services within

1   the State of California.  Facebook generally has maintained systematic and continuous business

2   contacts within the State of California.

3          13.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2)

4   because Facebook transacts substantial business within this judicial district thereby subjecting

5   Facebook to personal jurisdiction in this judicial district.  In addition, a substantial part of the

6   events giving rise to the claims asserted by Plaintiff took place in this judicial district.  Finally,

7   Facebook's Statements of Rights and Responsibilities, which governs Facebook's relationship

8   with, *inter alia*, its advertising customers, contains a venue provision providing that any claim,

9   cause of action or dispute arising out of Facebok's Statement of Rights and Responsibilities

10  should be resolved in a state or federal court located in Santa Clara County.

11                          **FACTS RELATING TO FACEBOOK**

12          14.   Founded in February 2004, Facebook develops technologies that facilitate

13  the sharing of information.  Facebook is the second most-trafficked PHP site in the world and one

14  of the largest MySQL installations anywhere, running thousands of databases.  Facebook is

15  accessible internationally.

16          15.   To generate revenue, Facebook provides online advertising services.  The

17  Internet research firm eMarketer estimates that Facebook generated about $210 million in U.S.

18  advertising revenue in 2008.  However, that amount pales in comparison to the estimated $585

19  million in advertising revenue that was generated in 2008 by MySpace, Facebook's chief rival.

20  Recently, there has been speculation in the news media concerning Facebook's ability to survive

21  as an ongoing business enterprise given its inability to generate revenue.

22          16.   Facebook ads appear in the right side column on Facebook pages.  In order

23  to place an ad on Facebook, the advertiser must submit a bid.  The Facebook ad system decides

24  which ads to run by employing an algorithm that estimates the best performing advertisement

25  based on a number of factors, including historical performance of the ad and its bid.  The bid

26  necessary to win the advertisement fluctuates as the system learns more about the ad's actual

27  performance and as the pool of competing ads change.

28

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1         17.    Facebook users can access all of the advertisements that have been shown to

2    them within a given 24 hour time period through their page or via the "More Ads" link located

3    under the ads on their page.

4         18.    Creation of an advertisement set to run on Facebook is a four-step process:

5    design, selection of target demographic, scheduling the running of the ad and setting the daily

6    budget, and finally design review and submission.  All ads are designed using software created by

7    Facebook and accessible to the user via a link from the Facebook website.  During the design

8    process, advertisers may choose to have their ad link either to their external web page or an

9    internal Facebook link such as a page, application, group or event.

10        19.    Advertisers are able to target their exact audience with demographic and

11   psychographic filters.  By default, Facebook targets all users 18 and older in the default location.

12   Advertisers can schedule their advertisement to run continuously starting once the ad is approved

13   or at a specified start and end date.

14        20.    There is no set cost for Facebook advertisements; rather, Facebook

15   advertisers can choose to either to pay-per-click or pay for views.  Facebook's website touts that

16   an advertiser can reach more than 200,000,000 active Facebook users.

17        21.    Pay-per-click ("PPC") is an internet marketing formula used to price online

18   advertisements.  Also known as cost-per-click ("CPC"), advertisers pay internet publishers based

19   on the number of individual clicks an advertisement receives.  The cost of each click is

20   determined by a bidding process, wherein the highest bidder for a click would have its ad placed

21   on the Facebook site.

22        22.    An advertiser must confirm the maximum amount he is willing to pay per

23   click or per 1000 impressions depending on the payment method selected.  The suggested bid

24   range shows the advertiser what other advertisers are currently bidding to reach people in their

25   target.

26        23.    Prior to final submission of their advertisement, advertisers are required to

27   agree to Facebook's Statement of Rights and Responsibilities as well as Facebook's Advertising

28   Guidelines -- which govern the advertiser's relationship with Facebook.

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1

**FACTS RELATING TO PLAINTIFF**

2   24.   On or about May 26, 2009, Plaintiff purchased advertising from Facebook.
3   Under the terms of Plaintiff's agreement with Facebook, Facebook was required to provide
4   Internet advertising service to Plaintiff in exchange for payment from Plaintiff.   Plaintiff
5   authorized Facebook to direct bill his credit card account for the payments due from him.

6   25.   Plaintiff created his first advertisement on May 26, 2009.   He selected the
7   pay-per-click payment method.   Plaintiff's advertisement began running on the Facebook website
8   on or about May 27, 2009.   Plaintiff's advertisement was designed such that a Facebook user who
9   clicked on Plaintiff's ad would be directed to Plaintiff's website.

10   26.   Plaintiff received the first charge to his credit card from Facebook on or
11   about May 28, 2009.   He received numerous additional charges thereafter.   Between May 28,
12   2009 and June 21, 2009, Facebook charged Plaintiff's credit card account more than $500 for his
13   advertisements.   Facebook sent Plaintiff email invoices for each of the charges to his credit card
14   account.   However, none of the email invoices details the number of clicks, time of the clicks or
15   origination of the clicks.

16   27.   In an effort to ascertain this information -- which would allow him to tailor
17   his advertisements to maximize profitability -- Plaintiff accessed the Facebook Ad Manager Page.
18   The Facebook Ad Manager Page provides information regarding, *inter alia*, the number of clicks
19   made on an advertisement on a day-by-day basis.   Upon reviewing the information related to his
20   ad, Plaintiff became concerned that the number of clicks was overstated.   Therefore, Plaintiff used
21   Google Analytics to test the veracity of the data reflected on the Facebook Ad Manager Page.

22   28.   Google Analytics is a software program that generates detailed statistics
23   about visitors to a website.   Plaintiff used Google Analytics to test the veracity of the charges that
24   he was receiving from Facebook on eight days between May 27, 2009 and June 3, 2009.   Based
25   upon the data Plaintiff received from Google Analytics for these eight days, Plaintiff determined
26   that approximately 66% of the clicks for which he was being charged by Facebook, as reflected
27   on the Facebook Ad Manager Page, were invalid clicks that had never even occurred.

28

- 6 -

29. On or about June 4, 2009, Plaintiff began to run Statcounter.com in conjunction with the Google Analytics program. Statcounter.com is another web-tracker that allows the user to analyze and monitor visitors to a website. Plaintiff used both Google Analytics and Statcounter.com to test the veracity of the charges that he was receiving from Facebook on five dates on which Plaintiff ran ads between June 4, 2009 and June 21, 2009.

30. Based upon the data Plaintiff received from Statcounter.com for the five dates, Plaintiff determined that approximately 67% of the clicks for which he was being charged by Facebook, as reflected on the Facebook Ad Manager Page, were invalid clicks that had never even occurred. Therefore, the data results from Statcounter.com confirmed the findings of Google Analytics: that is, approximately two-thirds of the clicks for which Plaintiff was being charged were invalid clicks that had never even occurred.

31. Attached hereto as Exhibit "A" is an excel spreadsheet that demonstrates the discrepancies between the clicks for which Plaintiff was charged by Facebook and the clicks that actually occurred as tracked by Google Analytics and Statcounter.com. For example, for May 27, 2009, the Facebook Ad Manager Page reflects 95 clicks, whereas Google Analytics tracked only 19 clicks – a difference of 76 invalid clicks.

32. Facebook has charged, and Plaintiff has paid, for all clicks on Plaintiff's ads. On June 26, 2009, Facebook notified Plaintiff that "Recently, we have detected an increase in invalid clicks on Facebook. Your account was impacted and as a result, we are crediting your account. Your credit has been automatically deposited into your Facebook account and will apply toward future advertising campaigns. Your credits expire December 15, 2009."

33. By voluntarily crediting Plaintiff's account, Facebook admitted that it had charged Plaintiff for invalid clicks. However, rather than refunding to Plaintiff the monies he had been charged and paid for these invalid clicks, Facebook gave Plaintiff "credits" in the amount of $105.01 that could only be used to purchase additional advertising from Facebook. Moreover, unlike the cash refund to which Plaintiff is entitled, these credits expire December 15, 2009. Finally, these credits do not even come close to compensating Plaintiff for the monies that he has been wrongfully charged and paid to Facebook for invalid clicks.

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

## SIMILAR COMPLAINTS BY OTHER CUSTOMERS OF FACEBOOK

34.     Other customers of Facebook have complained about being subjected to the same wrongdoing experienced by Plaintiff.  In each case, Facebook improperly charged its advertising customers for invalid clicks on their advertisements.  A sampling of those complaints is set forth in paragraphs 35 through 40 below.

35.     Facebook customer "Jesse" has complained that:

I'm in the middle of some issues with facebook's ad system, which is how I found your post to begin with. I've been doing research to see if anyone's run into the same issues I have.

First of all, I should say that not only does my Google Analytics account show obvious evidence of click fraud, but there's a scarier issue at hand here. Facebook claims, and has charged me for, 800+ clicks on given days where my Google Analytics (and a second third-party tracker) reveals only 250-300 clicks via Facebook on those days. This is a huge discrepancy and amounts to hundreds of dollars on each given day where this occurred.

36.     Facebook customer "Russell" has complained that:

I am having similar problems with what I consider to be click fraud. Google Analytics tells me that I am receiving around 30% less clicks and those that are coming my way are bouncing at a much higher rate than other traffic – referred and organic. The conversion rate is also much lower – around ½ of that of organic traffic, so I think it is pretty clear that it is not legitimate traffic. I have yet to contact Facebook – I cannot even find their contact form on their site yet – but will pose Facebook's response.

37.     Facebook customer "Fernando" has complained that:

Same issue here, charged me for 800+ clicks but my 2 site trackers reveals only 500 visits. I am going to contact them for an explanation otherwise I will contact my credit card company.

38.     Facebook customer "Taavi" has complained that:

I have reached this page for exact same reasons. I noticed that Google Analytic shows about 30% less visits that Facebook shows(and changes clicks). I also noticed that I still get visits from Facebook although my ads have been switched off.

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

39.   Facebook customer "Jbenet" has complained that:

I have been experimenting with FC ads 3 times now, and for certain
Statcounter shows that I was billed TWICE for every incoming click from
falsebook on my last campaign.

Just set up a new site, with google analytics AND statcounter, the site is
getting zero organic traffic, and FB tells me 5 people clicked it, YET I
have had zero visitors still...

So either google and statcounter are junk, or... my guess is that Facebook
is running a scam, and maybe Ralph Nader should get his Consumer
Reports to look into it.

40.   Facebook customer "Marc" has complained that:

We started using Facebook Ads about a week ago. Our site only has
around 30 unique visitors per day and around 100 returning visitors a day.
We use Google Analytics to watch this traffic and monitor what States our
advertising is doing better in. We setup a campaign in two cities, Boston
and Las Vegas. Facebook charged us for 27 clicks in Las Vegas and 36 in
Boston over the first few days. Google Analytics tells me that we only
received a total of 4 new visitors in Las Vegas and only 3 in Boston over
the last week. None of which came from Facebook and none of the days
Facebook claimed the took place on. We have two Facebook pages that
sent traffic of 32 unique visits "Before" we used the Ads system and those
visits took place over a week before we started the Ads campaign. We
have no proof that Facebooks Adds were legitimate clicks, we can only
prove that Facebook has charged us $1.00 for each click.

We have a feeling all of these clicks are fraudulent and false. We are also
having trouble contacting Facebook to get the issue resolved and have
discontinued our Ads in the time being.

## CLASS ACTION ALLEGATIONS

41.   Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of
Civil Procedure on behalf of a class of advertising customers of Facebook as defined herein.
Plaintiff is a member of the class that he seeks to represent.

42.   Pursuant to Facebook's Statements of Rights and Responsibilities, which
governs Facebook's relationship with advertising customers and others who interact with

1    Facebook, California law applies to the claims of all advertising customers of Facebook. As a

2    result, Plaintiff shall seek to represent a nationwide class ("the Class") as to all claims for relief

3    alleged herein. Plaintiff proposes to define the Class as follows:

4              All pay-per-click advertising customers of Facebook who reside in
5              the United States and who were charged for "invalid clicks".

6        43.    The members of the Class shall be referred to herein

7    collectively as the "Class Members".

8        44.    The following pay-per-click advertising customers of Facebook shall be

9    excluded from the Class and therefore shall not qualify as Class Members: (a) all employees,

10    officers, directors, agents and legal representatives of Facebook; (b) any judge, justice or judicial

11    officer assigned to hear any proceeding in relation to this case; and (c) all persons who validly

12    exclude themselves from the Class.

13

14        45.    While the exact number of Class Members is unknown to Plaintiff at this

15    time and can only be determined by appropriate discovery, membership in the Class is ascertaina-

16    ble based upon the billing records maintained by Facebook. The Class consists of many

17    hundreds, if not many thousands, of members, the identities of which are within the knowledge of

18    and can be ascertained by Facebook by reference to its customer records. Therefore, the Class

19    Members are sufficiently numerous that joining all Class Members in a single action is

20    impracticable under Fed. R. Civ. P. 23(a)(1), and the resolution of their claims through the

21    procedure of a class action will be of benefit to the parties and the Court.

22        46.    Common questions of law and fact exist as to the Class Members, as

23    required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions that affect only

24    individual Class Members within the meaning of Fed. R. Civ. P. 23(b)(3).

25        47.    The questions of fact that are common to the Class Members include, but

26    are not limited to, the following:

27

28

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

a.  whether Facebook improperly assesses charges to the Class Members for invalid clicks;

b.  whether Facebook generated or caused to be generated the invalid clicks;

c.  whether Facebook provides partial "credits", rather than full cash refunds, to the Class Members for invalid clicks; and

d.  whether the Class Members were damaged as a result of Facebook's actions and conduct.

48.  The questions of law that are common to the Class Members include, but are not limited to, the following:

a.  whether Facebook breached the terms and/or implied covenants of its contracts with the Class Members;

b.  whether the Class Members are entitled to declaratory relief under the Declaratory Judgment Act;

c.  whether Facebook has committed one or more acts of "unfair competition" within the meaning of and in violation of California Business and Professions Code §17200, *et seq.*; and

d.  whether Facebook, by its actions and conduct, has been unjustly enriched at the expense and to the detriment of the Class Members.

49.  Plaintiff's claims are typical of the claims of the Class Members whom he seeks to represent under Fed. R. Civ. P. 23(a)(3) because Plaintiff and each of the Class Members have been subjected to the same improper practices and have been damaged in the same manner.

50.  Plaintiff will fairly and adequately represent and protect the interests of the Class Members as required by Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class, as he has no interests that are adverse to the Class Members. Plaintiff is committed to the vigorous prosecution of this action on behalf of the Class Members and, to that end, Plaintiff has retained counsel who are competent and experienced in handling class action litigation.

1        51.    A class action is superior to other available methods for the fair and

2 efficient adjudication of the claims asserted in this action under Fed. R. Civ. P. 23(b)(3) because:

3          a.    the Class Members have no interest in individually controlling the

4                prosecution of separate actions on their own behalves because the

5                expense and burden of individual litigation make it economically

6                unfeasible for the Class Members to seek redress other than through

7                the procedure of a class action;

8          b.    the Class Members have not commenced and are not pursuing other

9                litigation against Facebook arising out of the subject matter of this

10                class action lawsuit, and if separate actions were brought by

11                individual Class Members, the resulting duplicity of lawsuits would

12                cause undue hardship and expense to the Court and the litigants by

13                necessitating multiple trials of similar factual issues;

14          c.    it is desirable to concentrate the litigation of the Class Members'

15                claims in this forum because all of the Class Members are residents

16                of the State of California and because the Class Members allege

17                claims under federal law and California state law; and

18          d.    Plaintiff is aware of no difficulty likely to be encountered in the

19                management of this litigation that should preclude its maintenance

20                as a class action.

21        52.    In the alternative, this action is certifiable under the provisions of Fed. R.

22 Civ. P. 23(b)(1) and/or (b)(2) because:

23          a.    the prosecution of separate actions by individual Class Members

24                would create a risk of inconsistent or varying adjudications with

25                respect to individual Class Members which would establish incom-

26                patible standards of conduct for Facebook;

27          b.    the prosecution of separate actions by individual Class Members

28                would create a risk of adjudications with respect to them which

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Facebook has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members as a whole and necessitating that any such relief be extended to the Class Members on a mandatory, class-wide basis.

53.    The names and addresses of the Class Members are available from Facebook's records. Notice can be provided to the Class Members via first class mail or otherwise using techniques and a form of notice similar to those customarily used in class actions arising under California state law and federal law. Specifically, notice can be provided to the Class Members by posting a notice on the Facebook main page. Additionally notice can be provided to the Class Members who are current advertising customers of Facebook by including a notice in or on the monthly bill sent to Facebook 's advertising customers with the minimal cost of such notice to be borne by Facebook.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

54.    Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 53 of this Complaint.

55.    Plaintiff brings this claim for relief on behalf of himself and the members of the Class.

56.    The relationship between Facebook and its advertising customers is governed by Facebook's Statement of Rights and Responsibilities. A true and correct copy of Facebook's Statement of Rights and Responsibilities is attached hereto as Exhibit "B".

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1      57.    Under the terms of Facebook's Statement of Rights and Responsibilities,

2 Facebook agreed, *inter alia*, whether expressly or implicitly, to provide advertising services to

3 Plaintiff and the Class Members, and Plaintiff and the Class Members correspondingly agreed to

4 pay for such services on a PPC basis.

5      58.    Plaintiff and the Class Members have performed all conditions, covenants,

6 and promises required to be performed on their part in accordance with the terms of their

7 contracts with Facebook, except to the extent such performance was excused, released or waived

8 by the actions, conduct or agreement of Facebook.

9      59.    Pursuant to the terms of Facebook's standardized contracts, Plaintiff and

10 the Class Members were to be charged PPC fees based on the number of clicks by a user on the

11 advertisements of Plaintiff and other Class Members.

12      60.    Facebook breached the terms of its contracts by charging fees to Plaintiff

13 and the Class Members for invalid clicks that never even occurred.

14      61.    Alternatively, by charging fees to Plaintiff and the Class Members for

15 invalid clicks that never even occurred., Facebook breached the implied covenant of good faith

16 and fair dealing in its contracts with Plaintiff and the Class Members.

17      62.    As a direct and proximate result of Facebook's breach of contract, Plaintiff

18 and the Class Members have been damaged in an amount according to proof at trial.

19               **SECOND CLAIM FOR RELIEF**
             **(Declaratory Judgment Under 28 U.S.C. § 2201)**

20

21      63.    Plaintiff repeats and incorporates herein by reference the allegations

contained in paragraphs 1 through 53 of this Complaint.

22

23      64.    Plaintiff brings this claim for relief on behalf of himself and the members

of the Class.

24

25      65.    An actual controversy has arisen and now exists between Plaintiff and the

Class Members, on one hand, and Facebook, on the other hand, concerning their respective rights

26

27 and duties. Plaintiff and the Class Members contend that Facebook's practices of charging its

advertising customers for invalid clicks that never even occurred and giving its advertising

28

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1   customers partial "credits", rather than full cash refunds, for such invalid clicks are improper and

2   unlawful, while Facebook maintains that its actions and conduct are lawful and proper.

3   66.   A judicial declaration is necessary and appropriate at this time, under the

4   circumstances presented, in order that Plaintiff and the Class Members may ascertain their rights

5   and duties with respect to Facebook's practices of charging its advertising customers for invalid

6   clicks that never even occurred and giving its advertising customers partial "credits", rather than

7   full cash refunds, for such invalid clicks.

8   ### THIRD CLAIM FOR RELIEF
    #### (Unjust Enrichment)

9

10   67.   Plaintiff repeats and incorporates herein by reference the allegations

11   contained in paragraphs 1 through 53 of this Complaint.

12   68.   Plaintiff brings this claim for relief on behalf of himself and the members

13   of the Class.

14   69.   Facebook has engaged in the unfair, inequitable and/or unconscionable

15   practices of: (1) charging and collecting fees for invalid clicks that never even occurred; and (2)

16   giving its advertising customers partial "credits", rather than full cash refunds, for such invalid

17   clicks.

18

19   70.   As a direct and proximate result of Facebook's unfair, inequitable and/or

20   unconscionable practices, Facebook has been unjustly enriched at the expense of and to the

21   detriment of Plaintiff and the Class Members.

22   71.   By reason of Facebook's conduct, Plaintiff and the Class Members are

23   entitled to restitution of all monies paid to Facebook for invalid clicks that never even occurred.

24

25   ### FOURTH CLAIM FOR RELIEF
    #### (Violation of California Business and Professions Code § 17200, *et seq.*)

26   72.   Plaintiff repeats and incorporates herein by reference the allegations

27   contained in paragraphs 1 through 62 and 68 through 71 of this Complaint.

28

1       73.    Plaintiff brings this claim for relief on behalf of himself and the members

2  of the Class.

3       74.    Facebook has engaged in and continues to engage in the unfair and/or

4  unlawful business practices of: (1) charging and collecting fees for invalid clicks that never even

5  occurred; and (2) giving its advertising customers partial "credits", rather than full cash refunds,

6  for such invalid clicks.

7       75.    By engaging in these practices, Facebook has committed one or more acts

8  of unfair competition within the meaning of California Business and Professions Code § 17200, *et*

9  *seq.*

10       76.    Facebook's practices are unfair because they are immoral, unethical,

11  oppressive, unscrupulous and/or substantially injurious to Plaintiff and the Class Members.

12       77.    Facebook's practices are unlawful because they constitute breach of

13  contract and unjust enrichment.

14       78.    Unless Facebook is enjoined from continuing to engage in these unfair

15  and/or unlawful business practices, Plaintiff and the Class Members will continue to be injured by

16  Facebook's wrongful actions and conduct.

17       79.    So as not to be unjustly enriched by its own wrongful actions and conduct,

18  Facebook should be required to disgorge and restore to Plaintiff and the Class Members all

19  monies wrongfully obtained by Facebook as a result of its unfair and/or unlawful business

20  practices, together with interest thereon.

21               **RELIEF REQUESTED**

22     Plaintiff, on behalf of himself and the Class Members, requests that this Court order the

23  following relief and enter judgment against Facebook as follows:

24              On The First Claim For Relief

25     For compensatory damages in an amount according to proof at trial; and

26     For prejudgment interest through the date of entry of judgment.

27

28

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1

On The Second Claim For Relief

2        That this Court declare that Facebook's practices of charging and collecting fees for

3 invalid clicks that never even occurred and giving its advertising customers partial "credits",

4 rather than full cash refunds, for such invalid clicks are improper and unlawful.

5

On The Third Claim For Relief

6        For disgorgement and restitution to Plaintiff and the Class Members of all monies

7 wrongfully obtained and retained by Facebook; and

8        For prejudgment interest through the date of entry of judgment.

9

On The Fourth Claim For Relief

10        For disgorgement and restitution to Plaintiff and the Class Members of all monies

11 wrongfully obtained and retained by Facebook;

12        For an order enjoining Facebook from: (1) charging and collecting fees for invalid clicks

13 that never even occurred; and (2) giving its advertising customers partial "credits", rather than full

14 cash refunds, for such invalid clicks; and

15        For prejudgment interest through the date of entry of judgment.

16

On All Claims For Relief

17        For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection

18 with the commencement and prosecution of this action, provided that this action results in a

19 common fund for the benefit of the Class Members and/or confers a substantial benefit on the

20 Class Members; and

21        For such other and further relief as the Court deems just and proper.

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION,
INJUNCTIVE RELIEF AND DECLARATORY RELIEF

1

## JURY TRIAL DEMAND

2        Plaintiff demands a trial by jury of all issues so triable in this action.

3    Dated: July 30th, 2009              ARIAS OZZELLO & GIGNAC LLP

4

5                                       By: J. Paul Gignac (State Bar No. 125676)
                                        j.paul@aogllp.com
6                                       Kiley L. Grombacher (State Bar No. 245960)
                                        kgrombacher@aogllp.com
7                                       ARIAS OZZELLO & GIGNAC LLP
                                        4050 Calle Real, Suite 130
8                                       Santa Barbara, California 93110-3413
                                        Telephone:  (805) 683-7400
9                                       Facsimile:  (805) 683-7401

10                                      Mike Arias (State Bar. No. 115385)
                                        marias@aogllp.com
11                                      ARIAS OZZELLO & GIGNAC LLP
                                        6701 Center Drive West, 14th Floor
12                                      Los Angeles, California 90045
                                        Telephone:  (805) 683-7400
13                                      Facsimile:  (805) 683-7401

14                                      Melissa M. Harnett (State Bar No. 164309)
                                        mharnett@wcclaw.com
15                                      Gregory B. Scarlett (State Bar No. 131486)
                                        gscarlett@wcclaw.com
16                                      WASSERMAN, COMDEN & CASSELMAN, LLP
                                        5567 Reseda Boulevard, Suite 330
17                                      Post Office Box 7033
                                        Tarzana, California 91357-7033
18                                      Telephone: (818) 705-6800 / (323) 872-0995
                                        Facsimile: (818) 996-8266
19
                                        Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28

- 18 -