# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOFTWARE RIGHTS ARCHIVE, LLC | § | |
| | § | |
| V. | § | CIVIL NO. 2:07-CV-511(TJW-CE) |
| | § | |
| GOOGLE, INC., ET AL. | § | |

## PLAINTIFF'S FIRST SET OF REQUESTS
## FOR ADMISSION AND INTERROGATORIES

TO:    Google, Inc. by and through its attorneys of record, Juanita R. Brooks, Jason W. Wolff, Fish & Richardson, 12390 El Camino Real, San Diego, California 92130, Thomas B. Walsh, IV, Fish & Richardson P.C., 5000 Bank One Center, 1717 Main Street, Dallas, Texas 75201, Harry L. Gillam, Jr., Melissa R. Smith, Gillam & Smith, L.L.P., 303 South Washington Avenue, Marshall, Texas 75670.

Yahoo! Inc., by and through its attorneys of record, Michael A. Jacobs, Rachel Krevans, Richard S.J. Hung, Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, and Michael E. Jones, John F. Bufe, Potter Minton, A Professional Corporation, 110 N. College, Suite 500, P. O. Box 359, Tyler, Texas 75710.

IAC Search & Media, Inc., by and through its attorneys of record, Claude M. Stern, Jennifer A Kash, Antonio R. Sistos, Alison E. Monahan, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 555 Twin Dolphin Drive, Suite 560, Redwood, CA 94065, Mark D. Baker, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, Otis Carroll, Collin Maloney, Ireland, Carroll & Kelley, P.C., 6101 S. Broadway, Suite 500, Tyler, Texas 75703.

AOL LLC, by and through its attorneys of record Juanita R. Brooks, Jason W. Wolff, Fish & Richardson, 12390 El Camino Real, San Diego, California 92130, Thomas B. Walsh, IV, Fish & Richardson P.C., 5000 Bank One Center, 1717 Main Street, Dallas, Texas 75201, Harry L. Gillam, Jr., Melissa R. Smith, Gillam & Smith, L.L.P., 303 South Washington Avenue, Marshall, Texas 75670, Gerald Ivey, Finnegan Henderson Farabow Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, Robert L. Burns, Darren M. Jiron, James G. Bell, Finnegan Henderson Farabow Garrett & Dunner, LLP, Two Freedom Square, 11955 Freedom Dr., Reston, VA 20190.

Lycos, Inc., by and through its attorneys of record, Claude M. Stern, Jennifer A. Kash, Antonio R. Sistos, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 555 Twin Dolphin Drive, Suite 560, Redwood, CA 94065, Mark D. Baker, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, Otis Carroll, Collin Maloney, Ireland, Carroll & Kelley, P.C., 6101 S. Broadway, Suite 500, Tyler, Texas 75703.

Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, Plaintiff Software Rights Archive, LLC serves this First Set of Requests for Admission and Interrogatories on Defendants Google, Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and Lycos, Inc.

Each Defendant is required to respond to these Requests for Admissions and Interrogatories separately from the other Defendants at the offices of Plaintiff's counsel, Smyser Kaplan & Veselka, L.L.P. within thirty days of service of these discovery requests.

Respectfully submitted,

Lee L. Kaplan
LEAD ATTORNEY
State Bar No. 11094400
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2323
(713) 221-2320 (fax)
lkaplan@skv.com

Victor G. Hardy
State Bar No. 00790821
(Requesting Admission *Pro Hac Vice*)
Andrew G. DiNovo
State Bar No. 00790594
Adam G. Price
State Bar No. 24027750
Jay D. Ellwanger
State Bar No. 24036522
DINOVO PRICE ELLWANGER LLP
P.O. Box 201690
Austin, Texas 78720
(512) 681-4060
(512) 628-3410 (fax)
vhardy@dpelaw.com

*Of counsel:*

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
**CAPSHAW DERIEUX**
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, TX 75606-3999
(903) 236-9800
(903) 236-8787 (fax)
ccapshaw@capshawlaw.com

Robert M. Parker
State Bar No. 15498000
Robert C. Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 0078352
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the 11th day of August, 2008.

Lee L. Kaplan

## DEFINITIONS

1. "'352, '494 or '571 Patents" shall mean United States Patent No. 5,544,352 (the "'352 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data"; United States Patent No. 5,832,494 (the "'494 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data"; and/or United States Patent No. 6,233,571 (the "'571 Patent"), entitled "Method and Apparatus for Indexing, Searching and Displaying Data."

2. "And," "or," and "including" shall be construed either conjunctively or disjunctively, whichever is broader, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and so as to render all responses fully responsive, understandable, complete, and not misleading.

3. "Board of Directors" shall mean the individuals elected by a Defendant's shareholders to oversee the management of the Defendant.

4. "Communication" is used in a comprehensive sense and shall mean, refer to, and include any instance in which any person has had contact with any other person including by any oral or written utterance, question, comment, inquiry, notation, or statement of any nature whatsoever, by and to whomever made, including but not limited to any conversation, correspondence, statement, discussion, letter, memorandum, dialogue, interview, consultation, agreement, note, e-mail, voicemail, or other transfer of information, whether written, oral, electronic, or by any other means, and includes any Document or other medium which abstracts, digests, records, or transcribes any such Communication, or any subsequent review or discussion of such Communication, whether occurring at meetings or otherwise.

5. "Defendants" shall mean Google, Inc., Yahoo! Inc., IAC Search & Media, Inc., AOL LLC, and/or Lycos, Inc., and their successors, predecessors, subsidiaries, divisions, assigns, officers, directors, employees, agents, representatives, partners, corporate parent(s), affiliates, attorneys and any other person acting on their behalves.

6. "Document" is used in its broadest sense and shall mean the originals and any and all copies of any and all written, printed, typed, or otherwise recorded matter, however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft versions) in your actual or constructive possession, custody, care or control, including, but not limited to, all writings, contracts, policy statements, manuals, telephone messages, checks, correspondence, words, letters, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice Communications, reports, studies, forecasts, projects, analyses, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, graphs, pictures, photographs, sound recordings, computer Documents, e-mails, Internet postings, websites, and all data or information stored on computer readable media, such as electromagnetic tapes, diskettes, hard drives, back-up tapes, CD-ROMs, DVDs, and portable hard drive disks, or any other tangible things which constitute or contain matters within the scope of Rule 1001 of the Federal Rules of

Evidence of Rule 34 of the Federal Rules of Civil Procedure. The term "Document" also means originals and copies of all of the above upon which notations in writing, print or otherwise have been made that do not appear on the originals or copies, and includes all attachments to the specifically described Documents, and all envelopes, explanatory notes or memoranda, and all material that accompanied the Document. Every draft or non-identical copy of a "Document" is a separate "Document" as that term is used herein.

7. "Each" shall be construed to mean "each and every."

8. As used herein, to "identify" a person when used with respect to a natural person means to state the person's full name, present or last known home and business addresses and telephone numbers, employment and job position at the present and at the time to which the interrogatory relates. To "identify" any person or entity other than a natural person means to state his, her, or its full name, the legal nature of the entity, at the present or last known address, telephone number, and its chief executive officer.

9. "Management" shall mean the executives and persons controlling the Defendant, including their predecessors, successors, agents, representatives and any person acting on their behalf.

10. "Opinion," "Opinion of Counsel," and/or "Advice of Counsel" means any legal opinion, advice or conclusion, whether oral or written, communicated to Defendant, including but not limited to, the oral and written opinions identified in Defendant's response (including all supplemental responses) to any applicable interrogatory.

11. "Person" shall mean and refer to the plural as well as the singular of any natural individual and/or any business, legal, or governmental association, organization, firm, partnership, business, trust, joint venture, corporation, public entity, group, division, department, or other unit thereof.

12. "Relating to," "relate to," "related thereto" shall mean containing, reflecting, summarizing, comprising, concerning, referring to, referencing, being referenced by or from, analyzing, criticizing, disclosing, or otherwise discussing the subject of the request to which they pertain.

13. "Search Engine Technology" means all versions of any software, service, system, database or algorithm composing or forming part of a search engine or search tool that includes analysis or consideration of link relationships, including but not limited to GoogleSearch, Websearch, PageRank (and any variation thereof, including topic sensitive, geographic or user specific variations), Google News, Google Images, Google's intra-site search, WebRank, Similar Pages, Page Specific Tools, Google Directory, Adword/Adsense, Webrank, Yahoo's link analysis ranking algorithm (and any variation thereof), ExpertRank, Hub scores, Authority scores, Popularity Clusters, Global Link Popularity scores and any other program, system or service that conducts or contains a link analysis or uses a link graph or link database.

14. "Software Rights Archive" or "SRA" shall mean Plaintiff Software Rights Archive LLC and its successors, predecessors, subsidiaries, divisions, assigns, officers, directors,

employees, agents, representatives, partners, corporate parent(s), affiliates, attorneys, and any other person acting on its behalf.

15. "You" or "Your" shall refer to the particular Defendant upon whom the discovery has been served.

## INSTRUCTIONS

1. The singular form of a word should be interpreted in the plural as well.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Please admit that no member of Management or the Board of Directors was aware of Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA or the '352, '494, or '571 Patents prior to the filing of this lawsuit.

**REQUEST FOR ADMISSION NO. 2:**

Please admit that no member of Management or the Board of Directors communicated with Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., or SRA, prior to the filing of this lawsuit.

**REQUEST FOR ADMISSION NO. 3:**

Please admit that, prior to the filing of this lawsuit, no communication ever occurred between or among members of Management or the Board of Directors referencing Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA, V-Search, Aha!, or the '352, '494, or '571 Patents.

**REQUEST FOR ADMISSION NO. 4:**

Please admit that, prior to the filing of this lawsuit, neither any member of Management nor the Board of Directors ever considered purchasing a license for the '352, '494, or '571 Patents.

**REQUEST FOR ADMISSION NO. 5:**

Please admit that You have never purchased a license for a patent in response to a patent infringement lawsuit brought against You for that patent.

**REQUEST FOR ADMISSION NO. 6:**

Please admit that You have never settled a patent infringement case brought against You.

REQUEST FOR ADMISSION NO. 7:

Please admit that at least one member of Management or the Board of Directors was aware of Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA or the '352, '494, or '571 Patents prior to the filing of this lawsuit.

REQUEST FOR ADMISSION NO. 8:

Please admit that at least one member of Management or the Board of Directors communicated with Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., or SRA, prior to the filing of this lawsuit.

REQUEST FOR ADMISSION NO. 9:

Please admit that, prior to the filing of this lawsuit, communication occurred between or among members of Management or the Board of Directors referencing Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA, V-Search, Aha!, or the '352, '494, or '571 Patents.

REQUEST FOR ADMISSION NO. 10:

Please admit that, prior to the filing of this lawsuit, any member of Management or the Board of Directors considered purchasing a license for the '352, '494, or '571 Patents.

REQUEST FOR ADMISSION NO. 11:

Please admit that You have purchased a license for a patent in response to a patent infringement lawsuit brought against You for that patent.

REQUEST FOR ADMISSION NO. 12:

Please admit that You have settled a patent infringement case brought against You.

## INTERROGATORIES

INTERROGATORY NO. 1:

If the response to Request for Admission No. 1 is anything other than an unqualified admission, please identify each member of Management or the Board of Directors who was aware of Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA or the '352, '494, or '571 Patents prior to the filing of this lawsuit. Further, for each such member, please identify what exactly he/she was aware of and where, when, and how he/she came to be aware of it.

INTERROGATORY NO. 2:

If the response to Request for Admission No. 2 is anything other than an unqualified admission, please identify each member of Management or the Board of Directors who communicated with Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies,

7

Inc., Deltapoint, Inc., or SRA, prior to the filing of this lawsuit. Further, for each such member, please identify the date, location, and medium of the communication(s) and explain the substantive content of the communication(s) in as much detail as possible.

**INTERROGATORY NO. 3:**

If the response to Request for Admission No. 3 is anything other than an unqualified admission, then please list each communication between members of Management or the Board of Directors referencing Daniel Egger, Libertech, Inc., Site/Technologies/Inc., Site Technologies, Inc., Deltapoint, Inc., SRA, V-Search, Aha!, or the '352, '494, or '571 Patents. For each such communication, please identify the date, location, and medium of the communication and explain the substantive content of the communication in as much detail as possible. Please also identify the decision to which the communication pertained, and for each such decision, please identify the ultimate decision made and the factors considered in reaching that decision.

**INTERROGATORY NO. 4:**

Please identify the date and location of the first instance where Management or the Board of Directors considered whether, to what extent, and in what direction to develop Search Engine Technology. For each such instance, please also identify the ultimate decision reached and the factors considered in reaching the decision.

**INTERROGATORY NO. 5:**

If the answer to Request for Admission No. 4 is anything other than an unqualified admission, please list each instance where any member of Management or the Board of Directors considered purchasing a license for the '352, '494, or '571 Patents. Further, for each such instance, please identify the factors considered in deciding not to purchase a license for the '352, '494, or '571 Patents.

**INTERROGATORY NO. 6:**

Please list, on a year-by-year and quarterly basis, the gross revenue, expenses and profits that You earned or incurred from January 1, 2001 to the present and identify each source business activity from which the revenue was derived and the amount of revenue attributable to that revenue source.

**INTERROGATORY NO. 7:**

Please identify each patent infringement case brought against You, including counterclaims alleging patent infringement. Further, for each such case, please identify the date the case was filed, the date that final judgment in the case occurred, and the disposition of the case—purchase of a license, settled, jury verdict, summary judgment, etc. For each such case, please also identify the technology that was accused of infringement.

**INTERROGATORY NO. 8:**

Describe in detail all of the bases for Your contention, if any, that You have not and do not infringe, whether direct, indirect, contributory, or inducement and or whether literal or under the doctrine of equivalents the '352, '494 or '571 Patents as well as any documents and facts supporting that contention.

**INTERROGATORY NO. 9:**

Please describe in detail, including a flowchart, of each computer step or operation made in implementing any Search Engine Technology. There should be sufficient detail to determine the presence or non-presence of each claim limitation of any claim of the '352, '494 or '571 patents.

**INTERROGATORY NO. 10:**

Describe in detail all of the bases for each and every one of Defendant's contentions, if any, that '352, '494, or '571 Patent, are unenforceable or invalid.

**INTERROGATORY NO. 11:**

Describe in detail all of the bases for each and every one of Defendant's contentions, if any, that Plaintiff's claims are barred in whole or in part by estoppel or laches.

**INTERROGATORY NO. 12:**

Identify each and every person or entity for which You have manufactured, used, sold, offered to sell, licensed, or offered to license Your products or services relating to Search Engine Technology, including but not limited to, the date the product or service was offered for sale, the date the product or service was sold, the amount of revenue from the sale, and the amount of revenue anticipated from an offer to sell whether or not it became a sale.

**INTERROGATORY NO. 13:**

Identify all inventors, creators, substantial contributors, or persons involved in the creation or development of Your products or services relating to Search Engine Technology as well as any other witness with knowledge of relevant facts.