# EXHIBIT H

```
 1                UNITED STATES BANKRUPTCY COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                      (SAN JOSE DIVISION)

 4

 5  In re:

 6  SITE TECHNOLOGIES, INC.,          Case No. 99-50736-RLE

 7                                    Chapter 11

 8                                    San Jose, California
                                      December 17, 2008
 9                                    1:11 p.m.
           Debtor.
10  _____/

11
                      TRANSCRIPT OF PROCEEDINGS
12        a) MOTION TO (I) REOPEN CLOSED CASE PURSUANT TO
        11 U.S.C. SECTION 350(b) AND RULE 5010 IN ORDER TO
13      PROTECT AND AUCTION PATENTS HELD IN CUSTODIA LEGIS,
       (II) TO APPOINT A TRUSTEE, (III) FOR A STATUS CONFERENCE
14       PURSUANT TO SECTION 105(d) TO ARRANGE FOR PROTECTIVE
          ORDERS AND CONFIRMATION OF THE CONTINUING STAY AND
15      (IV) FOR OTHER RELIEF BY SHERWOOD FINANCE (DELAWARE), LLC

16       b) JOINDER IN MOTION TO REOPEN CASE AND FOR RELATED
                   RELIEF BY IAC SEARCH & MEDIA, INC.
17

18            BEFORE THE HONORABLE ROGER L. EFREMSKY
                   UNITED STATES BANKRUPTCY JUDGE
19

20  APPEARANCES:

21
    For the Debtor:         HENSHAW & CULVERSON
22                          BY: JOE D'HOPE, ESQ.

23

24

25
```

```
 1  APPEARANCES (CONTINUED):

 2
    For Sherwood Finance:      LAW OFFICES OF MORRISON AND
 3                             FOERSTER
                               BY: LARRY ENGEL, ESQ.
 4                                     -and-
                                  VINCE NOVAK, ESQ.
 5                             425 Market Street
                               San Francisco, California 94105
 6

 7
    For Google, Inc.:          BIALSON, BERGEN AND SCHWAB
 8                             BY: PATRICK M. COSTELLO, ESQ.
                               2600 El Camino Real #300
 9                             Palo Alto, California 94306

10

11  For IAC Search & Media:    QUINN, EMANUEL, URQUHART, OLIVER
                               AND HEDGES
12                             BY: JOSH SOHN, ESQ.
                                       -and-
13                                SCOTT C. SHELLEY, ESQ.
                                  (Appearing Telephonically)
14                             50 California Street, 22$^{nd}$ Floor
                               San Francisco, California 94111
15

16  For Software Rights:       SCHNADER, HARRISON, SEGAL AND
                               LEWIS
17                             BY: GREGORY C. NUTI, ESQ.
                                       -and-
18                                LEE KAPLAN, ESQ.
                                  (Appearing Telephonically)
19                             One Montgomery Street, #2200
                               San Francisco, California 94104
20

21
    For the U.S. Trustee:      OFFICE OF THE U.S. TRUSTEE
22                             BY: JOHN WESOLOWSKI, ESQ.
                               280 South First Street
23                             San Jose, California 95113

24

25
```

APPEARANCES (CONTINUED):

Court Recorder: NORMA ORTIZ
UNITED STATES BANKRUPTCY COURT
280 South First Street
San Jose, California 95113

Transcription Service: Jo McCall
Electronic Court Recording/Transcribing
2868 E. Clifton Court
Gilbert, Arizona 85295
Telephone: (480) 361-3790

1  do and which they joined in Sherwood's motion here, seems
2  to me to be slightly unbelievable. There's good lawyers
3  on all sides, and I find it hard to believe which court
4  decides the issue will change the decision.
5      THE COURT: Okay.
6      MR. KAPLAN: Your Honor, this is Lee Kaplan. In
7  addition, Morrison and Foerster represent both Yahoo and
8  Sherwood and has disclosed, you know, quite appropriately,
9  they've got an alliance, and it really begs belief that
10 they're not equipped to handle this matter in the Eastern
11 District of Texas, which they've undertaken to do, and, you
12 know, Mr. Ait has been deposed at length, and I don't
13 think -- in fact, I'm almost certain, Mr. Ait was not
14 instructed not to answer any questions about any facts. He
15 basically said we sold this in 1998. I have no dog in this
16 hunt. This is just a big pain in the neck for me. I
17 executed later what's essentially a quitclaim deed, because
18 I felt that as the person who was the CEO of these
19 companies, I had a legal and moral duty to confirm what
20 happened, which is, we sold this to Daniel Egger for
21 $100,000. He bought it.
22     And for me to say anything different would be
23 doing violence to the truth. And the idea that somehow
24 there is a villain, who for no compensation, is somehow in
25 bed with bad people who are suing in the Eastern District

1  of Texas is nonsense. Mr. Ait has an uncashed check, I
2  think for $1,000, which might be used to pay Site
3  Technologies' debts in trying to dissolve the company
4  because apparently there's some unpaid Franchise taxes, or
5  any unpaid fees for a locker in which the documents were
6  once kept.
7  　　　　　And with the exception of a very few privileged
8  items, most of which relate to patent files, lawyers from
9  Morrison and Foerster, Fish and Richardson, and the Quinn
10 Emanuel firm went through 55 boxes of documents. And, you
11 know, these are complaints -- these complaints about
12 discovery, if they were valid, would be made in the Eastern
13 District of Texas. They haven't been made, and in none of
14 the briefing have they complained that they didn't have an
15 opportunity to learn everything they needed to know,
16 including deposing Mr. Ait about everything they now say he
17 did that was improper.
18 　　　　　THE COURT: Okay. The other question I have is,
19 what is the status of the action filed here in the Northern
20 District?
21 　　　　　MR. ENGEL: The SRA folks just filed their motion
22 to dismiss, and so -- and to transfer to Texas. So that's
23 also in the early stages.
24 　　　　　THE COURT: Okay. And do we --
25 　　　　　MR. KAPLAN: Your Honor, this is Lee Kaplan.

Actually, that motion was filed I believe in November, and the parties have agreed to some scheduling in that court. In fact, it was filed November 10th. We've agreed to some scheduling in that court and some briefing. As for things that relate to discovery, while that motion to dismiss or transfer is pending, we basically agreed that all the deadlines in the Northern District of California case with Judge White, will follow the deadlines in the Eastern District of Texas by I think 45 days, roughly.

THE COURT: When is the hearing to be heard by Judge White?

MR. KAPLAN: I think that we had talked about a January 23rd date, but there's been some discussion with the defendants about whether both sides will agree to postpone that to some extent, and we've indicated that we'll work with them on scheduling. They may want to try to get additional discovery. They've sent some requests for documents because Egger and Software Rights Archives both claim that there is no personal jurisdiction over either of them in California, either general or specific.

THE COURT: Okay.

MR. KAPLAN: So that does not have a decision date -- a hearing date -- or it has one, but I think that we're going to work on agreeing to move that and we're going to try to confer about that this week or next.

1  THE COURT: I'm not saying that I may not take
2  this, but at this juncture, I'm not inclined to do so until
3  I have more before me. So what I want to do is put this
4  over to a date in April, and I was going to suggest -- I
5  can put this back on for April 8th at 10:30.
6  MR. KAPLAN: Fine, Your Honor, although my
7  childhood best friend's son's bar mitzah is the week of
8  April 17th. Any way I can extend that short vacation and
9  come to visit you the 15th or 16th of April?
10  THE COURT: I have no objection, because I don't
11  think it's going to make a difference. So if I make it the
12  15th, April 15th, Mr. Engel, are you okay with that?
13  All right. Mr. Engel has no problem with that.
14  The Court will put this over for further status conference
15  on April 15th at 10:30. Any further papers the parties wish
16  to file -- again, Mr. Engel has had an ample opportunity --
17  he's put a lot before the Court. The Court has read,
18  reread and reread it again, and would entertain any other
19  documents.
20  Also I will raise the issue that if there is some
21  problem with regards to Plan beneficiaries, specifically
22  Mr. Engel's client not getting access to information
23  through the discovery process in the District Court, that
24  might impact how I deal with this. Hopefully that will not
25  be a problem. They can be included in any type of

1 confidentiality agreements so that they can look at this
2 and use that information, if appropriate, in this action.
3 But I just put that out for the parties to consider.
4     Mr. Engel, anything else?
5     MR. ENGEL: May we otherwise proceed in the
6 bankruptcy case or are you --
7     THE COURT: I think at this point it might be --
8 it's premature. We may get a ruling in Texas that says
9 right off the bat, look, they clearly had title pre-
10 petition. It's an appropriate transfer. End of subject.
11 On the other hand, the court may say, you know what, I've
12 got these other issues; I've got these concerns about the
13 bankruptcy. I think if the court looked at what you filed
14 before this Court, anybody who has any bankruptcy
15 experience is going to raise -- you know, there's going to
16 be some issues that are raised.
17     MR. ENGEL: I'm not sure it has gotten that --
18     THE COURT: I don't know. From what you're
19 telling me, it probably hasn't.
20     MR. ENGEL: No.
21     THE COURT: But as far as proceeding here, I think
22 it would be premature to deal with whether -- who is
23 appointed, whether it's another responsible individual,
24 when you can even put a trustee in play. I mean another
25 issue I have for you, Mr. Engel, is this issue that you put

43

 1
 2
 3
 4            CERTIFICATE OF TRANSCRIBER
 5
 6        I certify that the foregoing is a correct
 7   transcript from the digital sound recording of the
 8   proceedings in the above-entitled matter.
 9
10   DATED: January 8, 2009
11
12                    By:    /s/ Jo McCall
13
14
15
16
17
18
19
20
21
22
23
24
25