LEXSEE 1996 U.S. DIST. LEXIS 15139

JOHN W. MCDONOUGH, Plaintiff, v. FALLON MCELLIGOTT, INC. and
PROFESSIONAL PUBLICATIONS, INC., Defendants.

CIVIL NO. 95-4037

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
CALIFORNIA

1996 U.S. Dist. LEXIS 15139; 40 U.S.P.Q.2D (BNA) 1826

August 5, 1996, Decided
August 5, 1996, FILED; August 6, 1996, ENTERED

**DISPOSITION:** [*1] Defendant's motion to dismiss under FRCP 12(b)(2) is granted.

**COUNSEL:** For JOHN W MCDONOUGH, plaintiff: Robert S Gerber, Sheppard, Mullin, Richter and Hampton LLP, San Diego, CA.

For PROFESSIONAL SPORTS PUBLICATIONS INC, A NEW YORK CORPORATION, defendant: Linda Pethick, Law Office of Linda Pethick, Newport Beach, CA. Steven G Storch, Storch Amini and Munves PC, New York, NY. Martin J Cohen, Cohen and Silverman, New York, NY. Lita Beth Torres, Storch Amini and Munves, New York, NY.

**JUDGES:** JOHN S. RHOADES, SR., UNITED STATES DISTRICT JUDGE. Magistrate Judge Roger C. McKee

**OPINION BY:** JOHN S. RHOADES, SR.

**OPINION**

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Fallon McElligott's motion to dismiss Plaintiff's claim for alleged copyright law violations. Defendant has moved to dismiss under FRCP 12(b)(2), based on an alleged lack of personal jurisdiction. For the reasons stated below, Defendant's motion is GRANTED.

I. Factual Background

Plaintiff describes himself as a well-known professional sports photographer; he resides in Encinitas, California. Compl. at P 1. His photographs regularly appear in magazines such as Sports Illustrated, Swimming-Fitness, [*2] Business Week, and Time. Id.

Plaintiff alleges that Defendant Fallon McElligott is a Minnesota advertising agency/corporation, whose principal place of business is in Minneapolis, Minnesota. Plaintiff alleges that Defendant conducts business throughout the United States, including within this Judicial District. Compl. at P 2.

Plaintiff claims that on or about June 13, 1993, McDonough created an original photograph depicting basketball player Charles Barkley ("the photo"). Compl. at P 6. Plaintiff claims that this photo was subject to copyright registration issued to Time, Inc. Compl. at P 6. Plaintiff also believes that the photo will be subject to a copyright registration certificate to be issued to McDonough. Compl. at P 6.

Plaintiff claims that Defendants knowingly reproduced the photo for an Nikon camera advertisement ("advertisement"), without seeking or obtaining permission; this reproduction allegedly appeared in one or more national publications, including Defendant PSP's publication, Hoop. Compl. at P 8. Plaintiff further alleges that Fallon and PSP were involved in designing the advertisement, and later entered the advertisement in a national advertising [*3] awards contest. Compl. at P 8 & 9. The advertisement was a "finalist" in the awards

Price v. Facebook, Inc.

Page 2

1996 U.S. Dist. LEXIS 15139, *3; 40 U.S.P.Q.2D (BNA) 1826

contest. Compl. at P 9. Plaintiff alleges that Defendant knowingly caused the photograph to be attributed to someone other than Plaintiff, so that the third party improperly received credit for Plaintiff's photo. Compl. at P 9.

As a result, Plaintiff has filed claims for damages and injunctive relief due to copyright infringement and unfair competition, and for damages due to violation of privacy and publicity rights.

II. Applicable Legal Standard

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendants. *Shute v. Carnival Cruise Lines, 897 F.2d 377, 379 (9th Cir. 1990),* rev'd on other grounds, *499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991).* The starting point in analyzing personal jurisdiction issues in federal cases is the "long-arm" statute in effect in the state in which the court is located. *Aanestad v. Beech Aircraft Corp., 521 F.2d 1298, 1300 (9th Cir. 1974).* California's long-arm statute permits local courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United [*4] States." *California Code Civ. Proc. § 410.10.*

The *Due Process Clause of the Fourteenth Amendment* requires that a defendant "be subject to the personal jurisdiction of the court." *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)* (citation omitted). "The overriding constitutional principle is that maintenance of an action in the forum must not offend 'traditional conception[s] of fair play and substantial justice.'" *Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)* (quoting *International Shoe Co. v. Washington, 326 U.S. 310, 320, 90 L. Ed. 95, 66 S. Ct. 154 (1945)).* "The defendant's conduct and connection with the forum State ' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Id. (quoting *World-Wide Volkswagen, 444 U.S. at 297).*

A state may assert either general or specific jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414, 80 L. Ed. 2d 404, 104 S. Ct. 1868* & nn.8-9 (1984); *Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).* General jurisdiction may be asserted if the Defendant's activities [*5] in the state are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Technology Assoc's., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).*

Specific jurisdiction may be established if a plaintiff's cause of action arises out of a specific forum-related activity or event. *Rano, 987 F.2d at 588.* In California, a three prong test determines whether a court has specific jurisdiction: (1) the defendant must perform an act or consummate a transaction within the forum, purposely availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. Id.

III. Discussion

At the motion to dismiss stage, the Court must not attempt to weigh conflicting evidence to determine whether Plaintiff has demonstrated personal jurisdiction by a preponderance of the evidence. Rather, the Court is to look solely to the Plaintiff's evidence to determine whether a prima facie case establishing personal jurisdiction has been presented. See *Data Disc, Inc. v. Systems Technology* [*6] *Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).*

Whether or not a federal court has personal jurisdiction over a defendant depends upon the unique facts of each case. See *Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1487 (9th Cir. 1993).* In the present case, Defendant maintains its headquarters and is incorporated in Minnesota. While Fallon serves clients from throughout the globe, none of Fallon's clients are from California. While Fallon has a network of offices in Minneapolis, Chicago, and New York, none of Fallon's offices are in California. Fallon maintains no bank accounts in California, and pays no taxes to California. The above facts remain undisputed.

Fallon does not maintain any permanent employees based in California. Plaintiff alleges that Fallon has hired independent contractors who are based in California, and Plaintiff has submitted tax forms as evidence. However, Plaintiff has not cited any case allowing the existence of in-state independent contractors to establish general jurisdiction. Nor has the Court found any such case. Nonetheless, the Court will consider these contacts along with all other alleged contacts, to determine if the cumulative [*7] weight of these contacts should justify a finding of general jurisdiction.

Page 3

1996 U.S. Dist. LEXIS 15139, *7; 40 U.S.P.Q.2D (BNA) 1826

In his opposition papers, Plaintiff has alleged that Fallon maintains a World Wide Web ("Web") site. Because the Web enables easy world-wide access, allowing computer interaction via the web to supply sufficient contacts to establish jurisdiction would eviscerate the personal jurisdiction requirement as it currently exists; the Court is not willing to take this step. Thus, the fact that Fallon has a Web site used by Californians cannot establish jurisdiction by itself.

In addition to hiring independent contractors from California and having a web site, Defendant allegedly has purchased advertising space from California-based entities, and has placed advertisements that appear in California. With regard to these contacts, Plaintiff argues that corporations that deliver their products into the stream of commerce, knowing and intending that they will be purchased by consumers in the forum state, are subject to personal jurisdiction in that state. See, e.g., *Asahi Metal Industry Co., Ltd. v. Sup. Ct., 480 U.S. 102, 112, 94 L. Ed. 2d 92, 107 S. Ct. 1026* and 117 (1987). While Fallon places advertisements and [*8] associates with businesses who sell products to Californians, Fallon itself has no significant California clients, and has not placed any products into the stream of commerce that have been purchased by Californians. As such, jurisdiction upon the basis of the California contacts of Fallon's business associates would be one-step removed. Personal jurisdiction cannot be so attenuated.

Moreover, while Fallon purchases advertisements in publications delivered to California, regular purchases unrelated to the incident giving rise to cause of action are not enough to warrant personal jurisdiction over a nonresident. See *Helicopteros Nacionales de Colombia, S.A., v. Hall, 466 U.S. 408, 418, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)*; see also *Scott v. Breeland, 792 F.2d 925, 928 (9th Cir. 1986)* (holding that a court cannot exercise general jurisdiction over a musician merely due to his distributing agents' contacts in a given state).

Plaintiff relies upon *Burger King v. Rudzewicz, 471 U.S. 462, 473, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)* to support its argument that reaching beyond one state to create continuing relationships and obligations with citizens of another state should [*9] subject one to personal jurisdiction. This reliance upon Burger King to support an argument for *general* jurisdiction is misplaced; in Burger King, the Supreme Court only ruled that *specific* jurisdiction existed. [1] Plaintiff further relies

upon *Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984)*, to support his argument for general jurisdiction. Once again, Plaintiff erroneously has used Supreme Court precedent finding specific jurisdiction to support his argument for general jurisdiction. *Id. at 779-80*. ("Respondent's activities in the forum may not be so substantial as to support jurisdiction over a cause of action unrelated to those activities... [but] sufficient to support jurisdiction when the cause of action arises out of the very activity being conducted, in part, [in the forum state].")

> 1    Similarly, in *Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991)*, the appellants conceded that general jurisdiction did not exist. *Id. at 620*. As such, Plaintiff's reliance upon Roth to support his argument that a presumption of general jurisdiction can only be overcome by compelling evidence of unreasonableness is misplaced.

[*10] Plaintiff also relies upon *WSAZ v. Lyons, 254 F.2d 242 (6th Cir. 1958)*. [2] The case concerned a West Virginia TV station that allegedly libeled the plaintiff; the broadcast was heard in Kentucky. The case was filed in Kentucky, and the Sixth Circuit found personal jurisdiction to exist.

> 2    While this case has not been expressly overruled, the case pre-dates a Supreme Court case on point, *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984)* (holding that mere purchases, even if regularly occurring, are not enough to warrant a state asserting personal jurisdiction over cause of action not related to those transactions).

WSAZ, however, is easily distinguishable from the present case. First, because the radio station covered five counties in Kentucky, it would have been entirely foreseeable that the broadcast would be heard in Kentucky. Second, in WSAZ, all contracts with advertisers were made with the specific understanding that the broadcast [*11] would be heard in Kentucky. Third, the defendant had advertising contracts with Kentucky companies, bought advertisements in Kentucky newspapers, and published schedules in Kentucky newspapers. *Id. at 244*. Fourth, all contacts with the forum state were direct; no independent contractor intervened. *Id. at 246*. Finally, Kentucky had a statute specifically authorizing service of process for any foreign

Page 4

1996 U.S. Dist. LEXIS 15139, *11; 40 U.S.P.Q.2D (BNA) 1826

corporation doing business in Kentucky. *WSAZ at 243.* As such, the Court finds WSAZ to be inapposite to the present case; Plaintiff's reliance is thus misplaced.

In the end, the Court must examine all alleged contacts in their entirety to determine whether maintenance of the suit would offend "traditional notions of fair play and substantial justice." See *International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).* Upon examining all the facts and all the cases cited by both Plaintiff and Defendant, the Court finds that the contacts alleged by Plaintiff are not substantial, systematic or continuous enough to support a finding of general personal jurisdiction. [3]

> 3   It is only once these minimum contacts are established that a rebuttable presumption exists that jurisdiction would be reasonable. See *Sinatra v. National Enquirer, 854 F.2d 1191 (9th Cir. 1988).*

[*12] B. Specific Jurisdiction

As Defendant's contacts within California are not sufficiently substantial, systematic or continuous to warrant the exercise of general jurisdiction, the only jurisdiction which this Court could exercise would be specific jurisdiction. See *Reebok Intern. Ltd. v McLaughlin, 49 F.3d 1387 (9th Cir. 1995).* An analysis of the facts of this case shows that this Court cannot exercise specific jurisdiction, either.

To establish specific jurisdiction: (1) the defendant must perform an act or consummate a transaction within the forum, purposely availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Rano, 987 F.2d at 588.*

> A. Fallon has not "purposefully availed" itself of the benefits and protections of the laws of California.

Based on the Complaint and other papers filed with the Court, it appears that Fallon itself has performed no work within the state of California. Nonetheless, Plaintiff argues that specific jurisdiction [*13] exists because Fallon submitted the advertisement in question to the MPA Kelly awards contest, which held an awards ceremony in Los Angeles.

The Los Angeles site for the awards ceremony at which Plaintiff allegedly was denied attribution is insufficient to justify specific jurisdiction, because the contest itself was based in New York. For example, entries and questions regarding the contest were directed toward New York. As such, Defendant's acts were directed toward New York rather than California. With regard to the contest, Defendant neither purposely availed himself of the privilege of conducting activities in California, nor invoked the benefits and protections of California laws. Consequently, the Los Angeles awards ceremony itself cannot support a finding of specific jurisdiction. See *Core-Vent Corp. v. Nobel Industries, A.B., 11 F.3d 1482, 1486 (9th Cir. 1993).*

Plaintiff relies upon *Calder v. Jones, 465 U.S. 783, 789, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984),* to argue that specific jurisdiction does exist. The Court finds this reliance misplaced. In Calder, the plaintiff, an entertainer, alleged that the defendant, a reporter, wrote a libelous story that was [*14] subsequently published in the National Enquirer. The Supreme Court held that specific jurisdiction existed over the defendant because his allegedly libelous story was drawn from California sources, concerned the California activities of a California resident, impugned the professionalism of an entertainer whose career was centered in California, and caused harm primarily suffered in California. *Id. at 788-89.* As such, the defendant's activities had been directly aimed at California.

This case can be distinguished from Calder because the advertisement in question was not drawn from California sources, did not concern California activities, and was not specifically targeted at California. Moreover, California was not the focal point for the advertisement. In contrast to the defendant in Calder, Fallon's activities simply were not directed toward California. [4] See *Core-Vent v. Nobel Industries, AB, 11 F.3d 1482, 1486 (9th Cir. 1993).*

> 4   The Court notes that Plaintiff lives in California. The Court accepts that the brunt of the Plaintiff's harm may have been felt in California. However, the Court does not find this similarity between the present case and Calder sufficiently compelling to overcome all the dissimilarities. Nor has the Court found any case to hold that in

Page 5

1996 U.S. Dist. LEXIS 15139, *14; 40 U.S.P.Q.2D (BNA) 1826

intentional tort cases, personal jurisdiction should automatically lie in the state in which a plaintiff lives. To the contrary, case law demonstrates that the Court still most consider the totality of circumstances surrounding the events giving rise to the cause of action to determine whether personal jurisdiction exists. See, e.g., Core-Vent, 1482 F.3d at 1486.

[*15] Finally, this case can be distinguished from *Sinatra v. National Enquirer, Inc., 854 F.2d 1191 (9th Cir. 1988)*, on which Plaintiff relies for support. In Sinatra, a Swiss clinic ("defendant") published allegedly libelous advertisements in publications specifically marketed toward a California audience, such as San Diego Magazine. The Plaintiff further provided evidence establishing that a substantial percentage of the defendant's clients were from California. Based upon the above information, the Ninth Circuit found that the defendant should have reasonably anticipated being hauled into a California court. *Sinatra at 1197.*

In the present case, however, Hoop magazine is distributed nationwide. While Hoop magazine is available in California, the magazine is not specifically directed toward California. Moreover, none of Fallon's clients are from California. Nor does the Court believe that Fallon could have reasonably anticipated being brought into California court based on the facts of the present case. As such, Sinatra does not provide support for a finding of personal jurisdiction in the present case.

For the above reasons, the connection between the [*16] alleged tort and the state of California are not closely connected enough to confer specific jurisdiction upon this Court. Accordingly, the Court finds that the first prong of the specific jurisdiction test is not met by the present Complaint.

The Court recognizes that "purposeful availment" is an absolute prerequisite to a finding of specific jurisdiction. *World-Wide Volkswagon Corp. v. Woodson, 444 U.S. at 294.* In addition, all three prongs of the specific jurisdiction test must be met to confer personal jurisdiction. See *Rano at 588.* As Plaintiff has not met the first prong of the specific jurisdiction test, this Court does not have specific jurisdiction over Fallon. Nonetheless, the Court finds it worthwhile to explain why Plaintiff fails to meet the second and third prongs of the specific jurisdiction test as well.

### B. Plaintiff's claims do not arise from any forum-related activity of Fallon.

Plaintiff's claims cannot be said to arise out of any California-based activity of Fallon. The test for this prong of the specific jurisdiction test is met if "but for the contacts between the defendant and the forum state, the cause of action would not have arisen." [*17] *Terracom, 49 F.3d 555, 561.* Plaintiff has not met this standard.

Fallon's activities regarding the MPA Kelly Awards were not directed toward California, but rather, they were directed toward New York. Plaintiff's cause of action would have arisen even without the California awards ceremony. None of the work developing the advertisement was performed in California. Plaintiff's claims for copyright infringement, unfair trade practices, violation of privacy and publicity rights thus do not arise from any California-related activity.

Additionally, the national distribution of allegedly infringed works does not confer specific jurisdiction within a particular forum, if resolution of the action depends solely upon whether infringement occurred. *Ham v. La Cienega Music Co., 4 F.3d 413 (5th Cir., 1993).* California distribution of magazines containing the advertisement cannot fulfill the "but for" requirement here, because the alleged infringement would have occurred even if no magazines had ever been circulated in California.

In short, the Court finds that Plaintiff has failed to meet the second prong of the specific jurisdiction test.

### C. Subjecting Fallon to California [*18] jurisdiction would be unreasonable and unfair.

The law of personal jurisdiction is "asymmetrical and is primarily concerned with the defendant's burden." *Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995).* The Court notes that Fallon is based in Minnesota, and has no offices, employees, or agents in California. See Opposition at 10. As the work done relating to this action was not performed in California, no witnesses or evidence is likely to exist in California. In short, Fallon has had almost no contact with the state of California relating to this action, and litigating the matter in this Court would consequently be inefficient and

Page 6

1996 U.S. Dist. LEXIS 15139, *18; 40 U.S.P.Q.2D (BNA) 1826

inconvenient. As such, the Court finds that subjecting Fallon to California jurisdiction would be unreasonable and unfair.

IV. Conclusion

For the reasons stated above, this Court cannot exercise personal jurisdiction over Defendant Fallon McElligott. Accordingly, Defendant's motion to dismiss under FRCP 12(b)(2) is granted. Should Magistrate Judge McKee find that further discovery into these matters is warranted, this Court grants Plaintiff sixty days leave to amend.

IT IS SO ORDERED:

DATE: 8/5/96

JOHN S. [*19] RHOADES, SR.

UNITED STATES DISTRICT JUDGE