LEXSEE 2006 U.S. DIST. LEXIS 95469

Mike Love v. The Mail on Sunday, et. al.

Case No. CV 05-7798 ABC (PJWx)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

2006 U.S. Dist. LEXIS 95469

July 14, 2006, Decided
July 18, 2006, Entered

**SUBSEQUENT HISTORY:** Application denied by *Love v. Mail*, 2006 U.S. Dist. LEXIS 95454 (C.D. Cal., July 17, 2006)

**PRIOR HISTORY:** *Love v. Mail*, 2006 U.S. Dist. LEXIS 95468 (C.D. Cal., July 13, 2006)

**COUNSEL:** [*1] For Mike Love, Plaintiff: Alfred G Rava, LEAD ATTORNEY, The Rava Law Firm, San Diego, CA.;Philip H Stillman, LEAD ATTORNEY, Flynn & Stillman, Cardiff, CA.

For Mail on Sunday, The, Associated Newspaper Ltd, Defendants: Andrew J Thomas, Kelli L Sager, Robyn Aronson, Davis Wright Tremaine, Los Angeles, CA.

For Sanctuary Records Group Ltd, Defendant: Gregory J Aldisert, Gregory S Gabriel, LEAD ATTTORNEYS, Kinsella Weitzman Iser Kump and Aldisert, Santa Monica, CA, US.; Barry E Mallen, Joy T Teitel, Manatt Phelps & Phillips, Los Angeles, CA.; Edward A Ruttenberg, Leopold Petrich & Smith, Los Angeles, CA.

For Sanctuary Records Group NY, Sanctuary Music Management Inc, Sanctuary Music Productions Inc, Defendants: Gregory J Aldisert, Gregory S Gabriel, LEAD ATTORNEYS, Kinsella Weitzman Iser Kump and Aldisert, Santa Monica, CA, US.

For Bigtime.TV, Defendant: Neville L Johnson, Nicholas A Kurtz, LEAD ATTORNEYS, Johnson & Rishwain, Beverly Hills, CA.

For Brian Wilson, Defendant: Barry E Mallen, Joy T Teitel, Manatt Phelps & Phillips, Los Angeles, CA.; Edward A Ruttenberg, Leopold Petrich & Smith, Los Angeles, CA.; Gregory J Aldisert, Kinsella Weitzman Iser Kump and [*2] Aldisert, Santa Monica, CA, US.

For Jean Sievers, Lippin Group Inc, Soop LLC, Defendants: Barry E Mallen, Joy T Teitel, LEAD ATTORNEYS, Manatt Phelps & Phillips, Los Angeles, CA.; Edward A Ruttenberg, Leopold Petrich & Smith, Los Angeles, CA.; Gregory J Aldisert, Kinsella Weitzman Iser Kump and Aldisert, Santa Monica, CA, US.

For David Leaf, Defendant: Edward A Ruttenberg, LEAD ATTORNEY, Leopold Petrich & Smith, Los Angeles, CA.; Barry E Mallen, Joy T Teitel, Manatt Phelps & Phillips, Los Angeles, CA.; Gregory J Aldisert, Kinsella Weitzman Iser Kump and Aldisert, Santa Monica, CA, US.

For Melinda Wilson, Defendant: Barry E Mallen, Joy T Teitel, Manatt Phelps & Phillips, Los Angeles, CA.

**JUDGES:** The Honorable Audrey B. Collins.

**OPINION BY:** Audrey B. Collins

**OPINION**

**Proceedings:** DEFENDANT ASSOCIATED NEWSPAPERS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (In Chambers)

Pending before the Court is Associated Newspapers' Motion to Dismiss Plaintiff's First Amended Complaint

Price v. Facebook, Inc.
Doc. 42 Att. 1
Dockets.Justia.com

("Motion"). The hearing Court, however, has determined that it does not require oral argument in this matter. Rather, upon consideration of the parties' submissions [*3] and the case file, the Court hereby GRANTS Associated Newspapers' Motion to Dismiss Plaintiff's FAC. Accordingly, the Court takes the hearing on the Motion off calender for July 17, 2006.

## BACKGROUND

This case is the latest in a long history of litigation involving the principal members of the well-known musical group the Beach Boys. In this case, Plaintiff Mike Love alleges that Defendants distributed a promotional CD of re-recorded Beach Boys songs to millions of people without obtaining his authorization. Plaintiff claims that the distribution of this CD has, among other things, damaged existing and future sales of Beach Boys albums and tarnished the Beach Boys'. trademark.

The distribution of the promotional CD coincided with the release of Brian Wilson's fabled solo album, "Smile." Bigtime.TV approached Associated Newspapers about a promotion campaign involving the "Smile" release. Bigtime.TV was responsible for licensing the recordings for the promotional CD. It obtained permission from Sanctuary Records, a British record company, to use the recordings that were ultimately included in the promotional CD. The discs. were manufactured by ODS Optical Disc Service ("ODS"), [*4] a German company with offices in London, England.

Neither Associated Newspapers nor Bigtime.TV ever entered into any contracts with anyone in California. Bigtime.TV did, however, maintain email contact with attorneys for Brian Wilson and others who were in California. These contacts pertained to various aspects of the promotional CD, but did not involve any contractual obligations between the individuals in California and Bigtime.TV.

Once the design and the manufacturing of the promotional CD were complete, Associated Newspapers distributed it in the September 26, 2004 edition of the Mail on Sunday to 2.6 million people in the United Kingdom and Ireland. Although approximately 425 copies of the September 26, 2004 edition of the Mail on Sunday were distributed in the United States, none of those 425 copies included the promotional CD. Of the 425 copies of the September 26, 2004 edition of the Mail on Sunday distributed in the United States, only eighteen were distributed to California, each of which went to a California subscriber to the Mail on Sunday.

On March 22, 2006, the Court granted Associated Newspapers' Motion to Dismiss Plaintiff's original complaint for lack of personal [*5] jurisdiction with leave to amend. Plaintiff filed his First Amended Complaint ("FAC") on April 25, 2006. On June 2, 2006, Associated Newspapers filed the instant Motion. Plaintiff filed his Opposition on June 26, 2006 and Associated Newspapers replied on July 10, 2006.

## DISCUSSION

### The Court Has No Personal Jurisdiction Over Defendant.

The plaintiff bears the burden of establishing jurisdiction. *Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)*. Even absent formal discovery or an evidentiary hearing, the plaintiff must still establish at least a prima facie showing that personal jurisdiction exists to survive a motion to dismiss for lack of jurisdiction. *Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986); Ziegler, 64 F.3d at 473*. "Prima facie" showing means that the plaintiff has demonstrated facts that if true would support a finding of jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)*. In determining whether a plaintiff has met this burden, [*6] uncontroverted allegations in the complaint "must be taken as true." *AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (citing WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989))*. Although the Court may consider affidavits in support of and in opposition to a motion challenging personal jurisdiction, the Court must resolve all factual conflicts between the parties' affidavits in the plaintiff's favor. *Id.*

There is no applicable federal statute governing personal jurisdiction in this case. Accordingly, the Court must apply the law of California, the state in which the Court sits. *Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993)*. California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the *Due Process Clause of the Constitution. Cal. Code Civ. P. § 410.10; Gordy v. Daily News, L.P., 95 F.3d 829, 831 (9th*

*Cir. 1996)*. Due process requires that the nonresident defendant "'have certain minimum contacts'" with the forum state such that the maintenance of the suit "does not offend 'traditional notions [*7] of fair play and substantial justice.'" *Terracom v. Valley Nat'l Bank, 49 F.3d 555, 559 (9th Cir. 1995)* (quoting *Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945))*. The defendant's "conduct and connection with the forum state" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)*.

Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction. Below, the Court discusses each jurisdictional basis individually.

**1. General Jurisdiction**

"General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision International, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998)* (quoting *Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984))*. Factors that courts may consider in determining whether general jurisdiction exists include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an [*8] agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)*. The standard for establishing general jurisdiction is "fairly high." *Id.* (quoting *Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))*. Indeed, the plaintiff cannot meet his burden to establish general jurisdiction unless he shows that the defendant's contacts are the type that approximate physical presence. *Bancroft, 223 F.2d at 1086*.

Here, Associated Newspapers has no contacts with California that could establish general jurisdiction there. It is not a California company and its contacts with California are neither substantial nor continuous and systematic so that they approximate physical presence. Moreover, none of Associated Newspapers' internet activities are sufficient to establish general jurisdiction. Further, Associated Newspapers has taken none of the steps that traditionally give rise to general jurisdiction, such as designating an agent for service of process or incorporating in California. Although the Court finds general jurisdiction over Associated [*9] Newspapers to be impossible, the Court discusses each of Plaintiff's arguments below, however meritless.

First, Plaintiff alleges that Associated Newspapers' business entity, known as This Is Travel, maintains "substantial or continuous and systematic" activities in California that justify general jurisdiction there. Specifically, This is Travel operates thisistravel.com, a travel website accessible to Internet users. For purposes of analyzing personal jurisdiction, courts generally categorize websites into three different types: actively commercial, passive, and interactive. Only active and interactive websites may establish personal jurisdiction. *See, e.g., Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir. 1997)*. When a defendant sells products or conducts business through a website, he has purposefully availed himself to any state in which he offers to sell products or do business. *See, e.a., Stomp v. Neato, LLC., 61 F. Supp. 2d 1074, 1078-79 (C.D. Cal. 1999); Zippo Mfg. Co. v. Zippo Dot Com Inc., 952 F. Supp. 1119, 1124-26 (W.D. Penn. 1997)*. In *Stomp*, for example, the court found purposeful availment where [*10] a Connecticut corporation maintained a website through which it marketed and sold its goods to California residents. *Stomp, 61 F. Supp. 2d at 1081*.

In contrast, a defendant does not purposefully avail himself to a forum state's protections and benefits by maintaining a passive website that merely informs users about the defendant company's services. *See, e.g., Cybersell, 130 F.3d at 419-20; New Tech Stainless Steel Prods. Co. v. Sun Mfg. Corp., 2004 U.S. Dist. LEXIS 29132, 2004 WL 1773416, at *4 (C.D. Cal. July 20, 2004)* (finding no specific jurisdiction where defendant maintained "purely informative" website and allowed only "minimal" interaction between defendant and users).

Between commercial and passive websites lay interactive websites, which allow Internet users to exchange information with a host computer. *Zippo, 952 F. Supp. at 1124*. To determine whether maintaining an interactive website constitutes purposeful availment, courts look to the nature and quality of the information exchanged over the website. *Id.* (W.D. Penn. 1997) ("[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate [*11] to the nature and quality of commercial activity that an entity conducts over the Internet."). In *Mink v. AAAA Development LLC, 190 F.3d 333 (5th Cir. 1999)*, the

defendant corporation operated a website that listed several ways, including an e-mail address and toll-free number, through which users could contact the company. *Mink, 190 F.3d at 337.* Noting that the website was neither actively commercial nor strictly passive, the Fifth Circuit concluded that the website's listing of contact information, without more, was insufficient to establish purposeful availment. *Id.*)

The Ninth Circuit "regularly [has] declined to find general jurisdiction even where the contacts are quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n.3 (9th Cir. 1993); See e.g. Brand v. Menlove, 796 F.2d 1070 (9th Cir. 1986)* (listing various Ninth Circuit cases where court did not find general jurisdiction despite significant contacts with the forum state). Moreover, personal jurisdiction should not be based solely on the ability of forum state residents to access an Internet site within the forum state because that "does [*12] not by itself show any persistent course of conduct by the defendants." *GTE New Media Services, Inc. v. Bellsouth Corp., 339 U.S. App. D.C. 332, 199 F.3d 1343, 1349 (D.C. Cir. 2000); See Schwarzenegger, 374 F.3d 801* (finding maintenance of a website accessible to California residents insufficient to allow general jurisdiction over out-of-state defendant).

Here, This Is Travel's website is at most interactive.[1] It provides Internet users with advertisements and information about hotels and restaurants worldwide, including California, and allows users to check hotel availability. Although thisistravel.com allows for some interaction, its interactive nature falls far short of "quite extensive." No evidence shows that Associated Newspapers maintains contacts or conducts marketing or sales with California vendors. Nor is thisistravel.com structured to operate as a travel site exclusively for Californians; instead, it provides information about any location in the world to any Internet user. Moreover, Defendant is not selling goods or conducting business via thisistravel.com. Given the Ninth Circuit's high standard for general jurisdiction, Plaintiff's argument that thisistravel. [*13] com subjects Defendant Associated Newspapers to general jurisdiction in California is unfounded. Accordingly, the Court concludes that thisistravel.com does not allow general jurisdiction over Defendant.

> 1 In its opposition to Defendant's motion to dismiss, Plaintiff asserts that thisistravel.com is an active website; thereby automatically subjecting Defendant to general jurisdiction in California. However, Plaintiff has failed to establish that this website actually conducts business with California residents. *Stomp, Inc., 61 F. Supp. 2d 1078-79.* Moreover, even if thisistravel.com is classified as an active website, Plaintiff has not established that Associated Newspapers itself conducted business via the website. As discussed below, unilateral activities of third parties cannot satisfy a defendant's purposeful availment requirement. *Regents of the Univ. Of New Mexico v. The Superior Court of Los Angeles County, 52 Cal. App. 3d 964, 971, 125 Cal. Rptr. 413 (1975)* (citing *Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).*

[*14] Similarly, the Court is not persuaded by Plaintiff's argument that Associated Newspapers' website, known as anm.co.uk, makes Defendant amenable to personal jurisdiction in California. This website simply links users to business entities of Associated Newspapers, such as This is Travel, the Daily News and the Mail on Sunday. But, as discussed above, access to a website alone does not confer jurisdiction over a defendant. *GTE New Media Services, 199 F.3d at 1349.* Plaintiff's argument that this website - a website that merely directs users to other websites - subjects Defendant, a United Kingdom company, to general jurisdiction in California is inconceivable. Defendant does not conduct any business or sell any products via anm.co.uk. At most, the website provides users with Defendant's contact information. However, listing of contact information without more does not allow specific jurisdiction, let alone general jurisdiction. *See Mink, 190 F.3d at 337.* In short, this website can in no way subject Defendant to general jurisdiction in California.

Accordingly, Associated Newspapers is not subject to general jurisdiction in California.

**2. Specific [*15] Jurisdiction**

Specific jurisdiction is proper when the case arises out of "certain forum-related acts." *Bancroft, 223 F.3d at 1086.* The Ninth Circuit evaluates three factors to determine whether specific jurisdiction exists. First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in

the forum, thereby invoking the benefits and protections of its laws." *Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006)*. Second, the plaintiff's cause of action must arise out of or result from the defendant's forum-related activities. Finally, the exercise of jurisdiction must be reasonable under the circumstances of the given case. *Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188-89 (9th Cir. 2002)* (citation omitted). Below, the Court analyzes each of these factors.

### a. Defendant's Contacts With California Do Not Constitute Purposeful Availment.

In the past, the Ninth Circuit used the term "purposeful availment" [*16] as shorthand for two distinct concepts: purposeful availment and purposeful direction. *Yahoo, 433 F.3d at 1206; Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)* (noting that "availment and direction are, in fact, two distinct concepts"). "A purposeful availment analysis is most often used in suits sounding in contract." *Schwarzenegger, 374 F.3d at 802*. In contrast, in tort cases, such as this one, courts inquire whether the defendant "purposefully directed" its activities to the forum state, applying an "effects" test focusing on "the forum in which the defendant's actions were felt," regardless of from where those actions originated. *Yahoo, 433 F.3d at 1206*.

Both parties in this case agree that the "purposeful direction" or "effects" test applies in this case. Under the "effects" test, personal jurisdiction is proper against an out-of-state defendant if three requirements are met: (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm that the defendant knew was likely to be suffered in the forum state.

The "expressly aimed" [*17] requirement of the "effects" test requires more than foreseeable effects on the forum state; instead, the plaintiff must show that the defendant directed its act at the forum state. *Schwarzenegger, 374 F.3d at 807*. Indeed, even if the Defendant's acts cause harm to the plaintiff in the forum state and the plaintiff resides in the forum state, personal jurisdiction is nevertheless lacking under the "effects" test unless the defendant expressly aims its act at the forum state. *Id.* In *Schwarzeneaaer*, for example, the defendant circulated an advertisement in Ohio using an unauthorized image of Arnold Schwarzenegger to encourage Ohio residents to buy or lease cars from the defendant. *Id. at 799*. Although the Ninth Circuit acknowledged the defendant's act most likely caused harm in California, where Schwarzenegger resided, the act was nevertheless aimed only at Ohio residents, not at anyone in California. *Id. at 807*. Accordingly, personal jurisdiction was not proper in California under the "effects" test.

Here, Associated Newspapers' acts were directed solely at the United Kingdom and Ireland. Indeed, the promotional CDs were distributed only in the United [*18] Kingdom and Ireland. And although a handful of copies of the September 26, 2004 edition of the Mail on the promotional CD. As such, Associated Newspapers could not have aimed its act of distributing the allegedly offending promotional CD at California.

Moreover, the fact that Plaintiff has found one or several copies of the promotional CD on eBay does not alter the Court's conclusion. Plaintiff conveniently fails to allege that either Associated Newspapers or Bigtime.TV offered the CD for sale on eBay. And in any event, to the extent that a third party placed the promotional CD for sale on eBay, that act would not subject Associated Newspapers to personal jurisdiction in California. "Unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)*. Moreover, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits [*19] and protections of its laws." *Regents of the Univ. Of N.M. v. The Superior Ct. of Los Angeles County, 52 Cal. App. 3d 964, 971, 125 Cal. Rptr. 413 (1975)* (citing *Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958))*. Therefore, sale of a promotional CD on eBay by a third party does not subject Associated Newspapers to specific jurisdiction.

Likewise, Bigtime.TV's emails to Brian Wilson's representatives in California do not subject Associated Newspapers to personal jurisdiction in California against Plaintiff's tort claims. [2] Even if these contacts might satisfy the "purposeful availment" test in a contractual dispute between Bigtime.TV and the individuals it contacted in California, [3] this fact is of little consequence

here because this action does not involve a contractual dispute. Rather, it sounds only in tort, which calls for the purposeful direction or "effects" test. And as discussed above:Plaintiff cannot satisfy this test because he cannot show that either Bigtime.TV or Associated Newspapers expressly aimed its intentional act at California. Rather, both entities expressly aimed their acts at the United Kingdom and Ireland. To the extent that Bigtime.TV had any contacts [*20] with California, those contacts were tangential to the contracts into which Bigtime.TV entered with exclusively European companies. See *FDIC v. British-American Corp., 828 F.2d 1439, 1444 (9th Cir. 1987)* (no specific jurisdiction in California where all relevant contacts occurred in Fiji and the Bahamas except for trip to California by defendant's employee to finalize deal).

> 2  Plaintiff attributes Bigtime.TV's acts to Associated Newspapers because, according to Plaintiff, Bigtime.TV acted as Associated Newspapers' agent.
>
> 3  The Court notes that Bigtime.TV did not enter into a contract with any California citizen regarding the promotional CD.

Finally, Defendant's websites, thisistravel.com and anm.co.uk, do not satisfy the "effects" test because Defendant did not specifically direct its websites at California residents. Indeed, these websites can be accessed by anyone, anywhere. Moreover, the default departure location for flights on thisistravel.com is London, which suggests that the website [*21] is in fact aimed at residents of the United Kingdom. As such, neither thisistravel.com nor anm.co.uk constitutes purposeful direction according to the "effects" test.

In sum, Plaintiff cannot show that Associated Newspapers expressly aimed its intentional acts at California.[4] The Court, therefore, need not reach the third part of the "effects" test.

> 4  Moreover, to the extent that Plaintiff relies on his "residence" in California to show that personal jurisdiction is proper, this reliance is misplaced. Plaintiff is not a resident of California. Rather, he a resident of Nevada, as he stated in his Complaint. In any event, regardless of his residency, the acts of which he complains were expressly aimed only at the United Kingdom and Ireland, not California. See *Schwarzenegger, 374 F.3d at 807.*

### b. Defendant's Contacts With California Do Not Arise From or Relate To Plaintiff's Causes of Action.

As stated above, the plaintiff's cause of action must arise out of or result from the defendant's [*22] forum-related activities. "Contacts with a forum state are relevant for purposes of specific jurisdiction only if they are sufficiently related to the cause of action." *MGM Studios, 243 F. Supp. 2d 1073, 1085 (C.D. Cal. 2004).* The Ninth Circuit applies a "but for" test to determine whether a given cause of action arises out of the defendant's forum-related activities. *Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001).* In essence, the court must ask whether the cause of action would exist but for the defendant's contacts with the forum. *Id.*

Plaintiff bases the Court's personal jurisdiction over Associated Newspapers on any and all of Defendant's activities that can be tied to California, no matter how far-fetched. These contacts, however, do not arise from or relate to Plaintiff's causes of action and, therefore, cannot establish specific jurisdiction.

First, Plaintiff alleges that Defendant's ownership of fifteen use trademarks subjects Defendant to personal jurisdiction in California. The Court is not persuaded by this argument for two reasons. First, using a trademark cannot establish purposeful availment. See *Ameritec Corp. v. Ameritech Corp., 1986 U.S. Dist. LEXIS 26195, 1986 WL 10702,* [*23] *at *6 (C.D. Cal. Apr. 28, 1986).* In *Ameritec Corp.,* for example, the district court reasoned that "[n]ational advertising which happens to appear in a particular jurisdiction does not constitute transacting of business in that jurisdiction. The same rationale would apply, a fiorari, to the use of a trademark, the most passive form of advertising." *Id.* (citing *Williams v. Canon, 432 F. Supp. 376, 380 (D.C. Cal. 1977)).* Second, even if purposeful availment was established, this action did not arise from or relate to Defendant's trademarks. In other words, this action would exist even if Defendant did not exercise its trademark rights in California.[5]

> 5  To the extent that Plaintiff alleges these trademarks establish general jurisdiction, the court rejects their argument given the high standard for general jurisdiction discussed above.

Plaintiff's alternative argument that thisistravel.com establishes personal jurisdiction is equally unavailing. As discussed above, thisistravel.com does [*24] not subject

Defendant to general jurisdiction. Likewise, it does not subject Defendant to specific jurisdiction. Even if this website did sustain purposeful availment, Plaintiff's causes of action do not arise from or relate to Defendant's travel website. Specifically, Plaintiff's instant causes of action deal with the alleged unauthorized use of trademarks and the distribution of promotional CDs; they do not involve travel at all. Because these causes of action do not arise from or relate to the maintenance of thisistravel.com, specific jurisdiction does not exist.

Likewise, Defendant's website, anm.co.uk, does not subject Defendant to specific jurisdiction. Although this website is not completely passive, as it links users to other websites and provides them with Defendant's contact information, it cannot establish specific jurisdiction. Again, Plaintiff's causes of action do not arise from or relate to Defendant's maintenance of anm.co.uk.

Lastly, Defendant's single contract with TIMCO Software, Inc. of Palo Alto, California does not constitute sufficient purposeful availment to exercise specific jurisdiction over Defendant in California. [6] Plaintiff's causes of action would [*25] have occurred regardless of Defendant's contract with TIMCO. Therefore, Plaintiff's assertion of personal jurisdiction based on Defendant's contract with TIMCO fails.

> 6 The Court also rejects Plaintiff's argument that Associated Newspapers' contract with TIMCO Software, Inc., which is totally unrelated to the instant matter, establishes general jurisdiction.

In sum, Plaintiff cannot establish that any of Defendant's California activities sufficiently relate to the instant causes of action. Therefore, Associated Newspapers is not subject to specific jurisdiction in California. Consequently, the Court need not determine whether the exercise of jurisdiction would be reasonable in this case.

## CONCLUSION

As explained above, the Court lacks personal jurisdiction over Defendant Associated Newspapers. Accordingly, the Court GRANTS Associated Newspapers' Motion and DISMISSES Associated Newspapers from this action without leave to amend.

**IT IS SO ORDERED.**