LEXSEE 2008 U.S. DIST. LEXIS 73225

SALU, INC., a Delaware corporation, Plaintiff, v. THE ORIGINAL SKIN STORE, an Arizona limited liability company, Defendant.

NO. CIV. S-08-1035 FCD/KJM

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

2008 U.S. Dist. LEXIS 73225

August 13, 2008, Decided
August 13, 2008, Filed

**COUNSEL:** [*1] For Salu, Inc., a Delaware Corporation, Plaintiff: Mark R. Leonard, LEAD ATTORNEY, Davis & Leonard, LLP, Sacramento, CA.

For The Original Skin Store LLC, an Arizona Limited Liability Company, Defendant: Daniel N. Ballard, LEAD ATTORNEY, Sequoia Counsel PC, Sacramento, CA; Stephen B Mosier, LEAD ATTORNEY, PRO HAC VICE, Hayes Soloway P.C., Tucson, AZ.

**JUDGES:** FRANK C. DAMRELL, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** FRANK C. DAMRELL, Jr.

**OPINION**

MEMORANDUM AND ORDER

This matter comes before the court on defendant The Original Skin Store's ("TOSS") motion to dismiss for lack of personal jurisdiction pursuant to *Federal Rule of Civil Procedure 12(b)(2)* and for improper venue pursuant to *Rule 12(b)(3)*. In the alternative, defendant moves to transfer this action to the United States District Court in Arizona pursuant to *28 U.S.C. § 1404*. Plaintiff Salu, Inc. ("Salu") opposes the motion, asserting that this court has both general and specific personal jurisdiction over Latitude. For the reasons set forth below, [1] TOSS' motion to dismiss for lack of personal jurisdiction and improper venue is DENIED. TOSS' motion to transfer venue is also DENIED.

----

1 Because oral argument will not be of material assistance, the court orders [*2] this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

Plaintiff Salu, dba SkinStore is a Delaware corporation with its principal place of business in Rancho Cordova, California. (Compl., filed May 9, 2008, P 4.) Salu owns and operates the website SkinStore.com, through which it has advertised and sold a variety of skin care and related products since 1997. (Id. P 7.) On May 30, 2000, Salu obtained federal trademark registration for SKIN STORE on the supplemental register. (Id. P 8.) On May 2, 2005, Salu applied to register its SKINSTORE mark on the principal register; this registration was issued on May 2, 2006. (Id. P 9.)

Defendant TOSS is an Arizona limited liability company with its principal place of business in Tucson, Arizona. (Decl. of Julie Simons ("Simons Decl."), filed June 17, 2008, P 1.) TOSS is a home-based, single-employee internet business. (Id. P 10.) Julie Simons ("Simons") is the only employee or person acting on behalf of TOSS. (Id. P 4.) Simons has sold skin related products on eBay, using the name TOSS, since February 2004. (Reply Aff. of Julie Simons ("Simons Aff."), filed Aug. 5, 2008, P 3.) In May 2005, Simons opened an eBay "virtual store" [*3] using the name TOSS. (Id. P 4.) On August 28, 2005, Simons registered the domain name theoriginalskinstore.com and has continuously used the domain name for the sale of skin care products. (Id. P 5; Compl. P 11.) For the year 2007,

Price v. Facebook, Inc.
Doc. 42 Att. 2
Dockets.Justia.com

TOSS' total sales did not exceed $ 50,000. (Id. P 11.) The 2007 sales to persons located in California did not exceed $ 6,950. (Id.)

TOSS has never had a California address or phone number or owned any real property in California. (Simons Decl. PP 5, 7.) Simons has never resided in California. (Id. P 4.) Simons has never performed any duties on behalf of TOSS in California. (Id.) The only form of advertising done by TOSS is through Google AdWords, which provides commercial advertisements in response to an internet user's relevant search terms. (Id. P 8.) Products ordered from TOSS' website have been processed through Google Checkout. (Decl. of Lare M. Bloodworth ("Bloodworth Decl."), filed July 25, 2008, P 2.) At least one shipment also included Julie Simons' TOSS business card and a product user guide. (Id. P 3.) Salu contends that TOSS entered into contracts with both Google and eBay that include forum selection clauses requiring TOSS to submit to jurisdiction [*4] in California. 2

> 2 The court notes that the "terms and conditions" submitted by plaintiff do not specifically name or bind defendant TOSS. Rather, plaintiff's counsel obtained these documents through a Google search and from the eBay policies page.

On or about January 15, 2008, Salu's counsel discovered TOSS' website. (Compl. P 12.) On that same day, Salu mailed TOSS a letter, informing it of Salu's federally registered trademarks and its belief that TOSS' website infringed those marks. Salu's letter also requested that TOSS cease and desist from using the terms "theoriginalskinstore" or "skinstore." (Id.) Subsequently, TOSS' counsel e-mailed Salu's counsel to inform him that the claim was being reviewed. (Id. P 13.) In April 2008, counsel for both parties participated in a conference call regarding Salu's claims. (Id. P 14.) At least one shipment was made by TOSS to a California customer in May 2008 after these communications between plaintiff and defendant regarding the use of the mark. (See Bloodworth Decl. PP 2-3.)

On May 9, 2008, plaintiff filed a complaint against TOSS in the Eastern District of California, alleging federal claims for trademark infringement and cybersquatting and [*5] a state law unfair business practice claim based upon the same conduct. (Compl. PP 16-32.)

## ANALYSIS

### A. Personal Jurisdiction

Defendant TOSS moves to dismiss plaintiff Salu's complaint for lack of personal jurisdiction under *Rule 12(b)(2) of the Federal Rules of Civil Procedure*. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993)* (citation omitted). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the *Due Process Clause of the United States Constitution.*" *Id. at 1484* (citation omitted). Thus, only constitutional principles constrain the jurisdiction of a federal court in California. *Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)*. "Due process requires that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003)* [*6] (internal quotations omitted); see *Burger King v. Rudzewicz, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)*.

Once a defendant challenges jurisdiction, the burden of proof to show that jurisdiction is appropriate lies with the plaintiff. *Sher, 911 F.2d at 1361*. When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiff need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed. Id.

### 1. General Jurisdiction

Salu argues that TOSS has sufficient contacts with California to establish general jurisdiction. Specifically, plaintiff asserts that defendant's contacts with California are substantial because California sales make up a significant percentage of defendant's total sales, defendant encloses advertising materials in shipments to California customers, and defendant has already submitted to the jurisdiction of California courts in agreements with Google and eBay.

A court may exercise either general or specific jurisdiction over a non-resident defendant. "General jurisdiction exists when a defendant is domiciled in the

forum state or his activities there are 'substantial' or 'continuous and systematic.'" [*7] *Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998)* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)).* When a defendant does not reside in the forum state, the contacts must be such that they "approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir. 2004)* (quoting *Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir. 2000)).* "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id. (citing *Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)* (collecting cases where general jurisdiction was denied despite the defendants' significant contacts with forum)).

Defendant TOSS' contact with California is neither sufficiently "substantial" nor "continuous and systematic" as to "approximate physical presence" in the state. Defendant has never had a California address or telephone number or owned real property in California. Defendant's sole representative and employee has never resided in California or acted on behalf of [*8] TOSS in California. Plaintiff's contention that 14% of a $ 50,000 business operation is comprised of sales to California and that business cards are sent in conjunction with delivery of product shipments falls far short of establishing the equivalence of physical presence under the "exacting standard" required to demonstrate general jurisdiction.

Moreover, plaintiff's reliance on TOSS' purported contractual relationship with Google and eBay is misplaced. As an initial matter, there is no evidence that the "terms and conditions" proffered by plaintiff applies to defendant; these are generic documents discovered by plaintiff's counsel through a Google search and by clicking on eBay's policy page. However, even assuming these terms dictate the choice of law and forum selection disputes between TOSS and its service providers, such contracts are insufficient to approximate physical presence in the state, even in conjunction with the sales and distribution of advertising in shipments. See, e.g., *Helicopteros, 466 U.S. at 416* (no jurisdiction over foreign corporation that sent officer to forum for one negotiating session, accepted checks drawn on a forum bank, purchased equipment from the [*9] forum, and sent personnel to the forum to be trained); *Cubbage v. Merchent, 744 F.2d 665, 667-68 (9th Cir. 1984)* (no jurisdiction over doctors despite significant numbers of patients in forum, use of forum's state medical insurance system and telephone directory listing that reached forum); *Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330-31 (9th Cir. 1984)* (no jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum), cert. denied, *471 U.S. 1066, 105 S. Ct. 2143, 85 L. Ed. 2d 500 (1985)*; *Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1243 (9th Cir. 1984)* (developing sales force in forum state insufficient). Furthermore, the court notes that, despite carrying the burden of establishing jurisdiction, plaintiff has failed to cite a single case to support its argument that the exercise of general jurisdiction would be appropriate under these or similar facts.

Therefore, because defendant's contacts with California are not regular, systematic, or substantial, the court cannot exercise general jurisdiction over TOSS.

**2. Specific Jurisdiction**

Salu [*10] also argues that this court has specific jurisdiction over TOSS. Specifically, plaintiff asserts that defendant's operation of an interactive website which directly sells products to California customers is sufficient to subject them to suit in California.

Where general jurisdiction does not exist, the court may still determine whether the defendant has had sufficient minimum contacts with the state, as it relates to the pending litigation against it, in order to justify the exercise of specific jurisdiction. See *Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995)*. In determining whether a district court can exercise specific jurisdiction over a defendant, the Ninth Circuit has articulated the following three-part test:

> (1) the nonresident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises

out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction [*11] must comport with fair play and substantial justice, i.e. it must be reasonable.

*Core-Vent, 11 F.3d at 1485* (citation omitted).

**a. Purposeful Direction**

In order to satisfy the first prong of the three-part test, Salu must establish either that TOSS (1) purposely availed itself of the privilege of conducting business in California; or (2) purposely directed its activities at California. *Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)*. The Ninth Circuit has clarified that although courts sometimes use the phrase "purposeful availment" to include both purposeful availment and direction, they are two distinct concepts. Id. "Evidence of availment is typically action taking place *in* the forum that invokes the benefits and protections of the laws in the forum." *Id. at 1156* (emphasis added). In contrast, "[e]vidence of direction generally consists of action taking place *outside* the forum that is directed at the forum," such as distribution and advertising. Id. (citing *Schwarzenegger, 374 F.3d at 802*) (emphasis added).

In this case, Salu fails to present any evidence that any actions by TOSS were taken in the forum. As such, it is the type of evidence that supports the application [*12] of the purposeful direction test. See *id.*

In determining whether a defendant has purposely directed its activities at a forum in order to give rise to specific jurisdiction, courts apply the "effects test" set forth by the Supreme Court in *Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Core-Vent, 11 F.3d at 1485-86*. In order to satisfy this test, a plaintiff must show that the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft, 223 F.3d at 1087*.

In cases involving websites, courts have held that "personal jurisdiction is not appropriate when a website is merely a passive, either as an advertisement or for informational purposes." *Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999)*; see *Pebble Beach, 453 F.3d at 1158* ("[W]e reject also any contention that a passive website constitutes express aiming."); *Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 420 (9th Cir. 1997)*. In cases involving interactive websites, however, courts must analyze the "level of interactivity and commercial nature of the [*13] exchange of information that occurs on the Web site." *Cybersell, 130 F.3d at 418* (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))*. Generally, courts have found that personal jurisdiction "is appropriate when an entity is conducting business over the Internet." *Stomp, Inc., 61 F. Supp. 2d at 1078* (holding that although the actual number of sales to California citizens may be small, the act of engaging in "Internet commerce" with California citizens was sufficient to establish minimum contacts); see also *Starlight Int'l, Ltd. v. Lifeguard Health, LLC, C 08-1894, 2008 U.S. Dist. LEXIS 58927, 2008 WL 2899903 (N.D. Cal. July 22, 2008)* (holding that the defendant personally directed its activities at California where it made $ 2,559 of sales to California consumers through its website); Smith Enter., Inc. v. Capital City Firearms, CV 07-2163, 2008 WL 2561882 (D. Az. June 24, 2008) (holding that the defendant is subject to specific jurisdiction for trademark infringement arising out of use of a website that was accessible to and utilized by customers in the forum state who placed orders for allegedly infringing products); *Tech Heads, Inc. v. Desktop Serv. Ctr., 105 F. Supp. 2d 1142, 1151 (D. Or. 2000)* [*14] (holding that defendant "intentionally availed itself of jurisdiction" by "posting a highly commercial, highly interactive Web site on the World Wide Web, engaging in Internet commerce with at least one [forum state] resident, advertising in a national newspaper"). Furthermore, courts have found that the brunt of harm suffered by a plaintiff corporation in a trademark infringement case is the state where it maintained its principal place of business. See *Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 n.2 (9th Cir. 1998); Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007)* (collecting cases).

In this case, defendant TOSS utilized an interactive website, from which customers could and did place direct orders for shipment. TOSS' sales to California customers in 2007 in the amount of $ 6,950 constituted approximately 14% of its total business. As such, defendant intentionally engaged in commercial transactions with California residents. [3] At least one shipment was made in May 2008, five months after TOSS received the cease and desist letter from Salu, a

California-based company. Moreover, counsel for plaintiff and defendant had been in communication [*15] with respect to Salu's claims for infringement since January 2008. Defendant's sales to California, in addition to its communications with a California-based company which was alleging that TOSS was infringing upon its registered marks, should have put defendant on notice that it could reasonably be expected to be subject to suit in California. Therefore, because TOSS knowingly engaged in actions aimed at California, with the knowledge that such actions might subject it to suit in California, it has satisfied the requirements of the effects test sufficient to demonstrate purposeful direction at the forum state.

> 3   Toss argues that plaintiff cannot demonstrate that it willfully and knowingly infringed Salu's marks and thus, defendant's acts were not sufficiently intentional to subject it to personal jurisdiction. Defendant misconstrues the intent requirement of the effects test. In the context of the "intentional act," "intent" refers to an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result of consequence of that act." *Schwarzenegger, 374 F.3d at 806*. Defendant knowingly conducted $ 6,950 of business in California. Further, defendant [*16] continued to engage in consumer transactions with California customers after communications with plaintiff regarding the infringement claims. As such, its actions were intentional.

**b. Arising Under**

In order to satisfy the second prong of the three-part test, Salu must establish that the contacts giving rise to purposeful direction are those that give rise to the current dispute. *Bancroft, 223 F.3d at 1088*. The Ninth Circuit relies "on a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction." *Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995)*(citation omitted). Defendant's contacts in California - namely its interactive website and direct sales to California consumers - resulted in the alleged violation of plaintiff's trademark at issue in this litigation. See *Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1021 (9th Cir. 2002)* ("[T]his requirement was satisfied where [defendant's misappropriation] of [plaintiff's] trademark had the effect of injuring [plaintiff] in California, its home state."). [*17] Therefore, the current action arises out of defendant's contacts with California.

**c. Reasonableness**

Once the first two prongs of the minimum contacts test are established, a defendant may defeat jurisdiction only by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent, 11 F.3d at 1487*; *Amini Innovation Corp., 497 F. Supp. 2d at 1108*. Specifically, a defendant must show that the exercise of jurisdiction in the forum would "make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." *Burger King, 471 U.S. at 478* (internal quotations and citations omitted). In determining whether the exercise of specific jurisdiction is reasonable, the court must weigh the following seven factors:

> (1) the extent of the defendant['s] purposeful interjection into the forum state's affairs;
>
> (2) the burden on the defendant of defending in the forum;
>
> (3) the extent of conflict with the sovereignty of the defendant['s] state;
>
> (4) the forum state's interest in adjudicating the dispute;
>
> (5) the most efficient [forum for] judicial resolution of the controversy;
>
> (6) the [*18] importance of the forum to the plaintiff's interest in convenient and effective relief; and,
>
> (7) the existence of an alternative forum.

*Core-Vent, 11 F.3d at 1487-88* (citation omitted).

Defendant TOSS asserts that granting personal jurisdiction in California would be unreasonable because its did not interject itself in California anymore than it did in any other state, and the costs and burden of defending the suit in this forum would impose a significant hardship on defendant. Defendant also contends that Arizona is an

acceptable alternative forum and that Arizona's sovereign interests are implicated because an Arizona corporation would be required to defend a suit in a foreign court when it had few contacts with California.

The court finds that these assertions are insufficient to establish the requisite showing of unreasonableness. Plaintiff has demonstrated that TOSS purposefully directed its activities at the forum through the use of an interactive website that directly sold goods to California customers. As such, it has purposefully interjected itself into the forum state. Whether TOSS has also purposefully interjected itself into other states through similar conduct is irrelevant [*19] to the court's inquiry. Therefore this factor weighs in favor of reasonableness.

Defendant asserts that the burden of litigating in California would be "enormous" because the sole employee of TOSS, Simons, has a full time career with no relationship to TOSS. (Simons Decl. P 13.) Simons operates TOSS from home in the evenings and on weekends. (Id.) The Ninth Circuit has recognized that "[m]odern means of communication and transportation have tended to diminish the burden of defense of a lawsuit in a distant forum." *Ins. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981)*; see also *Menken v. Emm, 503 F.3d 1050, 1060 (9th Cir. 2007)* ("[W]ith the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past."); *Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128-29 (9th Cir. 1995)* (noting that unless the "inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.") (citation omitted). "[S]ome additional inconvenience is inevitable" in almost any case where the defendant does not reside in [*20] the forum state. *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc., 880 F. Supp. 743, 748 (C.D. Cal. 1995)*. Defendant does not point to evidentiary burdens created by a foreign forum that would hamper its defense, but only obstacles relating to its resources and Simons' other full time career, obstacles which presumably would still be present if the litigation were pursued in Arizona. Therefore, this factor weighs in favor of reasonableness, or, at best, is neutral.

With respect to defendant's argument regarding sovereignty, while it is correct that Arizona has an interest in ensuring that its citizens are not dragged into foreign jurisdictions to defend suits where there has been little contact, the first two prongs of the Ninth Circuit test are applied to prevent such an occurrence. Defendant does not dispute that California has a legitimate interest in protecting against a trademark registered to a California company through products sold to California customers. Furthermore, defendant does not make any assertions that the case would be tried more effectively or efficiently in another forum. Therefore, these factors are neutral.

Although the existence of an alternative forum [*21] in Arizona weighs in defendant's favor, consideration of all the reasonableness factors militates against a finding that exercise of personal jurisdiction over defendant TOSS is unreasonable. Defendant has failed to meet its burden in establishing that litigation in California would be so gravely difficult and inconvenient that it is unfairly at a severe disadvantage.

Therefore, because plaintiff Salu has demonstrated that defendant TOSS has had sufficient minimum contacts with California giving rise to this cause of action and because defendant TOSS has failed to demonstrate that the exercise of jurisdiction would be unreasonable, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

### B. Venue

Defendant also moves for dismissal of plaintiff's complaint for improper venue pursuant to *Rule 12(b)(3)*. Pursuant to *28 U.S.C. § 1391(b)*, venue is proper in "a judicial district where any defendant resides . . . ." *28 U.S.C. § 1391(b)*. Further, for purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the times the action is commenced." *28 U.S.C. § 1391(c)*. Where a state has [*22] more than one judicial district, venue is proper in any district within which the defendant has sufficient contacts to subject it to personal jurisdiction, or if none exist, where it has the most significant contacts. Id.

As set forth above, the court holds that defendant TOSS is subject to personal jurisdiction in California. Defendant does not specifically object to venue in this district as opposed to another district in California. Furthermore, plaintiff has presented evidence that at least one of defendant's California customers who utilized the interactive website to purchase products from the

defendant resides within the district. (Bloodworth Decl. P 2.) Therefore, because defendant is a corporation subject to personal jurisdiction in California, defendant's *Rule 12(b)(3)* motion is DENIED.

### C. Transfer of Venue

Alternatively, defendant moves to transfer venue of this action to Arizona pursuant to *28 U.S.C. § 1404(a)*. Pursuant to *§ 1404(a)*, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. A defendant moving to transfer [*23] venue under *§ 1404(a)* must therefore satisfy both of the following requirements: (1) the transferee district is one in which the action might have been brought originally; and (2) transfer will enhance the convenience of the parties and witnesses, and is in the interests of justice. See *Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)*. In considering the second requirement, the court employs a case by case analysis, which may include evaluation of the following factors: (1) the plaintiff's choice of forum; (2) the state that is most familiar with the governing law; (3) the respective parties' contacts with the forum, including the contacts relating to plaintiff's cause of action in the forum; (4) the differences in the costs of litigation in the two forums; and (5) the ease of access to sources of proof. See *Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)*. [4]

> 4 The *Jones* court also weighed the availability of compulsory process to compel attendance of witnesses. Neither party addressed this factor in the submissions to the court. As such, the court assumes this factor is neutral.

Venue is proper in "a judicial district where any defendant resides . . . ." *28 U.S.C. § 1391(b)*. [*24] Defendant TOSS is an Arizona limited liability company with its principal place of business in Tucson, Arizona. As such, TOSS is a resident of Arizona. Therefore, the first requirement for a venue transfer pursuant to *§ 1404(a)* is met because plaintiff could have brought this action originally in the United States District Court for the District of Arizona.

Considering defendant's showing in light of the factors described in *Jones*, the court finds defendant has not demonstrated that transfer is warranted. First, a plaintiff's choice of the forum in which it resides is accorded substantial weight, and "unless the balance of factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)* (citing *Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947))*; see also *Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 537-38 (N.D. Cal. 2005)*. [*25] Plaintiff is a Delaware corporation with its principal place of business in Rancho Cordova, California. As such, because it is a resident of this district, its choice of forums weighs strongly against transfer to another district.

Second, the crux of plaintiff's lawsuit is based upon federal law. However, plaintiff has also asserted a claim under California law. At best, this factor is neutral.

Third, plaintiff has significant contacts with this forum as its principal place of business is within the district. Moreover, as set forth above in the court's discussion of specific personal jurisdiction, defendant's contacts with the district arise from the sale of products to California customers, at least one of which is a resident of the district. Therefore, this factor weighs against transfer to another district.

Fourth, defendant contends that its' relatively sparse resources, when compared to plaintiff's large business, weighs in favor of transfer. However, defendant offers no evidence to substantiate its claims with respect to the size and resources of plaintiff. Defendant also fails to provide any evidence, beyond vague assertions about travel costs, regarding the extent to which the [*26] cost of litigating in California would exceed the cost of litigating in Arizona. Similarly, defendant fails to demonstrate that sources of proof are more accessible in another forum. While defendant asserts that it maintains its own records in Arizona, plaintiff contends that its relevant witnesses and records are within this district. See *Reed Elsevier, Inc., v. Innovator Corp., 105 F. Supp. 2d 816, 821 (S.D. Ohio 2000)* ("The venue transfer provisions of *Section 1404(a)* are not meant to merely shift the inconvenience to the plaintiff."). Therefore, this factor is neutral.

Therefore, in light of the weight to be accorded plaintiff's choice of forum and consideration of the other factors relative to *§ 1404(a)*, defendant's motion to transfer venue is DENIED.

### CONCLUSION

Accordingly, for the foregoing reasons, (1) defendant's motion to dismiss for lack of personal jurisdiction is DENIED; (2) defendant's motion to dismiss for improper venue is DENIED; and (3) Defendant's motion to transfer venue is DENIED.

IT IS SO ORDERED.

DATED: August 13, 2008

/s/ Frank C Damrell

FRANK C. DAMRELL, Jr.

UNITED STATES DISTRICT JUDGE