

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

October 28, 2008

Warrington S. Parker III
(415) 773-5740
wparker@orrick.com

*VIA E-MAIL ATTACHMENT*

Stephen S. Smith
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
ssmith@ggfirm.com

Re: Facebook v. StudiVZ

Dear Mr. Smith:

I write in connection with our conversation of October 27, 2008 where we discussed the Joint Discovery Plan, defendants' initial disclosures, and the outstanding discovery.

Regarding the Joint Discovery Plan, Facebook made the following proposals:

1. An agreement that the discovery can be used in matters pending between the parties. You will not agree to any discovery being used in the German action. Facebook will seek to have the right to use the discovery in any litigation, here or around the world, subject to the protective order proposed by Facebook.

2. You have agreed that the parties need not include on any privilege logs documents privileged documents created after the initiation of the presently pending lawsuits between the parties.

3. You will not agree to take into account the time consumed by translators when calculating the 7 hours allowed for deposition. Facebook's proposal is that the parties be allowed seven hours for a deposition when there is no translator and that the parties be allowed 14 hours for deposition when there is a translator. This provision will be unnecessary if you agree that all depositions will be conducted in English.

4. You are agreed that the parties may serve by email and the service be considered same day service provided the email is received before 5:00 p.m. PDT or PST as is applicable. We will provide you the email addresses of those who should be served. We ask that you do the same.

Regarding the initial disclosures, defendants are taking the position that they will disclose only that information pertaining to the specific issues raised in the motions to dismiss for lack of personal jurisdiction. As we have discussed, this is not an acceptable disclosure and the Court

Price v. Facebook, Inc.     Doc. 52 Att. 1

Dockets.Justia.com



Stephen S. Smith
October 28, 2008
Page 2

has not limited the disclosure in such a way. It is our view that the disclosure does not comport with the rules. Facebook intends to bring a motion to compel.

Regarding the outstanding discovery, you have agreed to provide a letter identifying your objections. However, there are areas of discovery to which you do not object. As to those matters and requests to which you do not object either entirely or in part, we ask that you comply with the discovery requests. You have no basis to withhold such documents. We expect your letter identifying which requests and items fall into that category by this Wednesday.

Very truly yours,

Warrington S. Parker III