1    GARY E. WEISS (STATE BAR NO. 122962)
     gweiss@orrick.com
2    I. NEEL CHATTERJEE (STATE BAR NO 173985)
     nchatterjee@orrick.com
3    JULIO C. AVALOS (STATE BAR NO. 255350)
     javalos@orrick.com
4    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
5    Menlo Park, CA 94025
     Telephone:    +1-650-614-7400
6    Facsimile:    +1-650-614-7401

7    WARRINGTON S. PARKER (STATE BAR NO. 148003)
     wparker@orrick.com
8    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
9    405 Howard Street
     San Francisco, CA 94105-2669
10   Telephone:    +1-415-773-5700
     Facsimile:    +1-415-773-5759

11

     Attorneys for Plaintiff
12   FACEBOOK, INC.

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN JOSE DIVISION

16

17

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-03468 JF |
|        Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
|    v. | |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, | |
|        Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

Disclosure and discovery activity in This Litigation (defined below) involves production of confidential, proprietary, or private information for which special protection from public disclosure is warranted. Accordingly, each of the parties, Plaintiff Facebook, Inc.("Plaintiff"), and Defendants StudiVZ, Ltd., Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH and Does 1-25, (collectively "Defendants"), assert that the Parties to This Litigation possess information that one or more parties contends is confidential. The Parties wish to ensure that such Confidential Information shall not be used for any purpose other than litigation between the parties, shall not be made public, and shall not be disseminated beyond the extent necessary for any litigation between the parties. Accordingly, the following procedure shall be adopted for the protection of the parties' respective Confidential Information.

The Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Order creates no entitlement to file Confidential Information under seal; Civil L.R. 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.    DEFINITIONS

     1.1   Party: any party to this action, including Plaintiffs and Defendants and all of their officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staffs).

     1.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in This Litigation.

     1.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that contain trade secrets or other confidential

research, development, commercial, or business information.

        1.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

        1.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

        1.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

        1.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

        1.8     This Litigation: Case No. 5:08-CV-03468, currently pending in the United States District Court for the Northern District of California, between Facebook, Inc. and StudiVZ, Ltd., Verlagsgruppe Georg Von Holtzbrinck GmBH, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, and Does 1-25, as well as any future lawsuits between the parties in the Superior Court of the State of California or the United States District Court for the Northern District of California.

        1.9     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

        1.10    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

        1.11    In-House Counsel: attorneys who are employees of a Party.

        1.12    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

        1.13    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a

competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes any technical experts, discovery experts, and professional jury or trial consultant retained in connection with This Litigation.

       1.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

       1.15   <u>Return Material:</u> Protected Material, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

     2.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

     3.   <u>DURATION</u>

Even after the termination of This Litigation and all appeals therefrom, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

     4.   <u>DESIGNATING PROTECTED MATERIAL</u>

       4.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or mere boiler-plate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the designation.

4.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page that contains material to be protected.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") on each page that contains material to be protected.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, protected testimony, and further specify any

portions of the testimony that qualify as "Highly Confidential – Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days after the receipt of the final written transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential – Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

(d)     for information produced by former employees of a party, the Receiving Party shall treat all such information as "Confidential" unless and until:

(i)     the information has been or is obtained through other proper means;

(ii)    the former employing Party agrees that the information is not "Confidential";

(iii)   the Receiving Party successfully challenges the "Confidential" designation under Section 5; or

1         (iv)     a court of competent jurisdiction decides that the information is not

2 "Confidential."

3         4.3     <u>Computer Source Code and Similar Electronic Media</u>.

4         (a)     As used herein, "Computer Source Code" shall mean statements for the

5 programming of computers that is readable by humans. Any person may specially designate as

6 "Highly Confidential – Attorneys' Eyes Only" any Computer Source Code or other similar

7 extremely sensitive technical materials (whether in electronic or hardcopy form) that it produces

8 in the course of discovery in This Litigation when such person has a good faith belief that such

9 material qualifies for such protection under this Order and that access to such materials would

10 allow replication of an otherwise confidential computer program. Except as otherwise provided

11 herein, "Highly Confidential – Attorneys' Eyes Only" designation made for this reason shall be

12 subject to all of the same restrictions as all other materials so designated with the following

13 additional restrictions:

14         (i)     If a person is requested to produce electronic copies of Computer

15 Source Code that is properly designated as "Highly Confidential – Attorneys' Eyes Only" under

16 Section 4.3(a), any such production shall be made on CD's or DVD's. The disclosing person

17 shall produce the Computer Source Code to the receiving party via two (2) identical sets of CD's

18 or DVD's containing the requested materials.

19         (ii)     For Computer Source Code properly designated as "Highly

20 Confidential – Attorneys' Eyes Only" under Section 4.3(a) that is stored in a non-executable

21 format such as, without limitation, PDF or hard copies ("Non-executable Computer Source

22 Code"), the Receiving Party shall not make any copies in any medium except as follows:

23         (1)     The Receiving Party may copy Non-executable Computer

24 Source Code onto one or more computers at any given time, without restriction as to whether

25 such computers are connected to a network. Any computer to which Non-executable Computer

26 Source Code is copied must remain in the direct control only of those persons specified in

27 Section 6.3 of this Order as properly having access to "Highly Confidential – Attorneys' Eyes

28 Only" material.

(2)     The Receiving Party may copy Non-executable Computer Source Code to one or more databases including, without limitation, Concordance, without restriction as to whether such databases are networked. Direct control over, and access to, any databases in which Non-executable Computer Source Code is copied must be restricted to only those persons specified in Section 6.3 of this Order as properly having access to "Highly Confidential – Attorneys' Eyes Only" material.

(3)     Non-executable Computer Source Code may be copied onto paper or electronic media for the purpose of preparing submissions to the Court or for presentation to the Court at hearings or at trial, and, once having been made, all such excerpts of such material shall be designated "Highly Confidential – Attorneys' Eyes Only" in the name of the disclosing person.

(4)     The Receiving Party may provide one (1) copy of Non-executable Computer Source Code to Vendors for assistance with any activity permitted by Sections 4.3(a)(ii)(1)-(3). Vendors are permitted to process and/or reformat Non-executable Computer Source Code so long as such processing and/or reformatting complies with Sections 4.3(a)(ii)(3) and (6).

(5)     The Receiving Party may provide electronic and/or hard copies of Non-executable Computer Source Code (including excerpts thereof) to Experts to whom disclosure of Non-executable Source Code is demonstrably necessary for This Litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). The "Agreement to Be Bound by Protective Order" attached to this Stipulated Protective Order must be executed, even if an Expert previously signed a similar Agreement. Experts' use of such Non-executable Computer Source Code shall be in accordance with Sections 4.3(a)(ii)(1)-(3) and (6). Non-executable Computer Source Code only may be sent to Experts via trackable means such as Federal Express or Express Mail. Upon conclusion of This Litigation, experts who have received Non-executable Computer Source Code must promptly return it, and any copies thereof, to the Receiving Party and delete it from any computer on which it was copied. Non-executable Computer Source Code returned from experts shall be part of the Return Material of the

1   Receiving Party under Section 11.

2                           (6)     The Receiving Party, Experts, Vendors and any other

3   recipient of Non-executable Computer Source Code are prohibited from converting it to an

4   executable format or deriving any executable code from the Non-executable Computer Source

5   Code. ).

6                           (7)     Notwithstanding the conditions of Section 11, within thirty

7   (30) days after the final termination of all lawsuits and any appeals related to This Litigation, each

8   Receiving Party must return all hard or electronic copies of Non-executable Computer Source

9   Code to the Producing Party. With permission in writing from the Designating Party, the

10  Receiving Party may destroy some or all of the copies of the Non-executable Computer Source

11  Code, instead of returning it. Whether the copies of the Non-executable Computer Source Code

12  are returned or destroyed, the Receiving Party must submit a written certification to the Producing

13  Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day

14  deadline that certifies all Non-executable Computer Source Code was returned or destroyed and

15  that affirms that the Receiving Party has not retained any copies of Non-executable Computer

16  Source Code.

17                          (iii)    For Computer Source Code properly designated as "Highly

18  Confidential – Attorneys' Eyes Only" under Section 4.3(a) that is produced in an executable

19  format, i.e. native ("Executable Computer Source Code"), the Receiving Party shall not make

20  copies in any medium except as follows:

21                          (1)     At any given time, the Receiving Party may copy

22  Executable Computer Source Code only onto a single computer. Without limiting the generality

23  of the foregoing, a particular copy may not be copied onto one computer and then, while leaving

24  that copy on the first computer, subsequently copied onto another computer without prior written

25  approval from counsel for the disclosing person.

26                          (2)     Any computer that Executable Computer Source Code is

27  copied onto must be disconnected from any and all networks before the material is copied onto

28  the computer and for the duration of the time the material remains on the computer. Only after all

1  such material is removed from that computer and that computer has been shut down may any
2  network connection be made or restored.

3      (3)     Any computer that Executable Computer Source Code is
4  copied onto must remain in the direct control only of those persons specified in Section 6.3 of this
5  Order as properly having access to "Highly Confidential – Attorneys' Eyes Only" material.

6      (4)     The Receiving Party may make one (1) copy on CD or DVD
7  of Executable Computer Source Code for use by Experts to whom disclosure of Executable
8  Source Code is demonstrably necessary for This Litigation, and who have signed the "Agreement
9  to Be Bound by Protective Order" (Exhibit A). The "Agreement to Be Bound by Protective
10  Order" attached to this Stipulated Protective Order must be executed, even if an Expert previously
11  signed a similar Agreement. Executable Computer Source Code only may be sent to Experts via
12  trackable means such as Federal Express or Express Mail. Experts in receipt of Executable
13  Computer Source Code must comply with the copy restrictions specified in Section 4.3(a)(iii)(1)-
14  (3). Upon conclusion of This Litigation, experts who have received Executable Computer Source
15  Code must promptly return it to the Receiving Party and delete it from the RAM of any computer
16  on which it was copied. Executable Computer Source Code returned from experts shall be part of
17  the Return Material of the Receiving Party under Section 11.

18      (5)     Except for as permitted by Sections 4.3(a)(iii)(1)-(4) and
19  any transitory copies created in the RAM or other internal operating circuitry of a computer,
20  excerpts of Executable Computer Source Code shall be copied onto paper or electronic media
21  only for the purpose of preparing submissions to the Court or for presentation to the Court at
22  hearings or at trial, and, once having been made, all such excerpts of such material shall be
23  designated "Highly Confidential – Attorneys' Eyes Only" in the name of the disclosing person.
24  Any such excerpts may also be provided to Experts pursuant the procedures specified in, and
25  subject to the return and other requirements imposed by, Section 4.3(a)(iii)(4).

26      (6)     Notwithstanding the conditions of Section 11, within thirty
27  (30) days after the final termination of all lawsuits and any appeals related to This Litigation, each
28  Receiving Party must return all executable copies of Computer Source Code to the Producing

Party. With permission in writing from the Designating Party, the Receiving Party may destroy

some or all of the copies of the Executable Computer Source Code, instead of returning it.

Whether the copies of the Executable Computer Source Code are returned or destroyed, the

Receiving Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the thirty (30) day deadline that certifies all

Executable Computer Source Code was returned or destroyed and that affirms that the Receiving

Party has not retained any Executable Computer Source Code.

(7)     Subject to the conditions of Section 11, upon conclusion of

This Litigation, all Receiving Parties of any Executable Computer Source Code must promptly

delete all copies of the Executable Source Code, including any copies of it retained in the RAM

of any computer on which it was copied. Executable Computer Source Code returned shall be

part of the Return Material of the Receiving Party under Section 11.

4.4     <u>Inadvertent Failures to Designate</u>. Notwithstanding Section 5.2 below, if

timely corrected, an inadvertent failure to designate qualified information or items as

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. If material

is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

after the material was initially produced, the Receiving Party, on timely notification of the

designation, must make reasonable efforts to assure that the material is treated in accordance with

the provisions of this Order.

5.     <u>CHALLENGING PROTECTED MATERIAL DESIGNATIONS</u>

5.1     <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

Protected Material designation is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

does not waive its right to challenge a Protected Material designation by electing not to mount a

challenge promptly after the original designation is disclosed.

5.2     <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a

Designating Party's Protected Material designation, or who believes material should be permitted

OHS West:260525493.3

1   to be made public pursuant to the procedures set forth in Section 9, must do so in good faith and

2   must begin the process by conferring directly with Outside Counsel for the Designating Party. In

3   conferring, the challenging Party must explain the basis for its belief that the Protected Material

4   designation was not proper and must give the Designating Party an opportunity to review the

5   designated material, to reconsider the circumstances, and, if no change in designation is offered,

6   to explain the basis for the chosen designation. A challenging Party may proceed to the next

7   stage of the challenge process only if it first has engaged in this meet and confer process and only

8   after the Designating Party has been given five (5) calendar days to respond to the challenging

9   Party's objection. In the case of materials subject to the procedures set forth in Section 9, the

10  Party challenging confidentiality or who believes portions of the material may be filed with

11  public documents must make such designations in manner set forth in that Section.

12          5.3     Judicial Intervention. Except as set forth in the procedures specifically

13  governed by Section 9, a Party that elects to address a challenge to a confidentiality designation

14  after participating in the meet and confer required by Section 5.2 may file and serve a motion that

15  identifies the challenged material and sets forth in detail the basis for the challenge or the

16  designation. Absent good cause for extending the following deadlines, a Party's motion must be

17  filed within fourteen (14) days of (a) the Designating Party's response to the challenge or, if no

18  response, (b) the expiration of the five (5) days given to the Designating Party to respond. Each

19  such motion must be accompanied by a competent declaration that affirms that the moving Party

20  has complied with the meet and confer requirements imposed in Section 5.2. The burden of

21  persuasion in any such proceeding shall be on the Designating Party. Until the Court rules on the

22  challenge, all parties shall continue to afford the material in question the level of protection to

23  which it is entitled under the Producing Party's designation.

24          6.      ACCESS TO AND USE OF PROTECTED MATERIAL

25          6.1     Basic Principles. The use of Protected Material disclosed or produced by

26  another Party or by a non-party is limited to use in litigations between the parties. Protected

27  Material may be disclosed only to the categories of persons and under the conditions described in

28  this Order. When litigations between the parties have terminated, a Receiving Party must comply

with the provisions of Section 11 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)     the Receiving Party's Outside Counsel and its employees;

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is demonstrably necessary for This Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is demonstrably necessary and who have executed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court, its personnel, and any other person(s) designated by order of the Court;

(e)     court reporters, their staffs, and Professional Vendors;

(f)     the author, recipients, and persons with prior knowledge of the document or the original source of the information, who have not received such information in violation of this Order or any confidentiality agreement; and

(g)     any person(s) jointly designated by the parties who have executed the "Agreement to Be Bound by Protective Order" (Exhibit A).

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a)     Receiving Party's Outside Counsel of record in This Litigation and its employees;

(b)     Experts to whom disclosure is demonstrably necessary for This Litigation,

and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)     the Court, its personnel and any other person(s) designated by order of the Court;

      (d)     court reporters, their staffs, and Professional Vendors;

      (e)     any person(s) jointly designated by the parties who have executed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (f)     the author of the document or the original source of the information.

      6.4    <u>Disclosure of Agreement to Be Bound By Protective Order (Exhibit A)</u>. Counsel for the Party retaining the expert or consultant ("Retaining Party") shall provide a copy of the executed Exhibit A to the Designating Party. The "Agreement to Be Bound by Protective Order" attached to this Stipulated Protective Order must be executed, even if an Expert previously signed a similar Agreement.

      6.5    <u>Use of Confidential Material in Depositions</u>. Whenever "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material is to be discussed or disclosed in a deposition: (a) any person who has produced or will produce such material may require the exclusion from the room of any person who is not entitled to receive such material under this Order; and (b) any Party who will disclose material previously designated pursuant to Section 5, above, shall first exclude from the room any person who is not entitled to receive such material under this Order.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in This Litigation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    The Receiving Party also must immediately inform in writing the party who caused the

1   subpoena or order to issue in the other litigation that some or all of the material covered by the

2   subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a

3   copy of this Order promptly to the party in the other action that caused the subpoena or order to

4   issue.

5       The purpose of imposing these duties is to alert the interested parties to the existence of

6   this Order and to afford the Designating Party in This Litigation an opportunity to try to protect

7   its confidentiality interests in the court from which the subpoena or order issued. The

8   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

9   confidential material – and nothing in these provisions should be construed as authorizing or

10   encouraging a Receiving Party in This Litigation to disobey a lawful directive from another court.

11       8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13   Material to any person or in any circumstance not authorized under this Order, the Receiving

14   Party must immediately (a) notify in writing the Designating Party of the unauthorized

15   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

16   person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

17   (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

18   Bound" (Exhibit A).

19       9.   FILING PROTECTED MATERIAL

20       9.1   The Court's adoption of this Order does not create any right to file

21   Protected Material under seal. No Protected Material may be filed in This Litigation unless the

22   parties comply with Civil L.R. 79-5. The deadlines established by this Section 9 shall be

23   calculated in accordance with Rule 6(a)(3) of the Federal Rules of Civil Procedure.

24   Notwithstanding Sections 5.2 and 5.3, this Section 9 shall govern all procedures, including

25   procedures for the meet-and-confer process, associated with the filing with the Court of copies of

26   Protected Material in conjunction with motions and similar pleadings.

27       9.2   If a party wishes to file a motion, opposition, reply brief or other request or

28   statement that references any Protected Material, the following procedure shall apply:

1         (a)     The party shall e-file a redacted version of the pleading on the date

2 on which it is due (if any) pursuant to the relevant rule, court order, agreement of the parties or

3 otherwise. If the inclusion of Protected Material necessitates redaction of the entire document,

4 the filing party shall e-file a Notice of Manual Filing for the document. If the pleading is

5 supported by a declaration that includes any Protected Material, either in the declaration or in any

6 exhibit attached thereto, the filing party shall not e-file a redacted version of the declaration and

7 exhibits until the time specified in Section 9.2(e).

8         (b)     By no later than the same day as each e-filing pursuant to Section

9 9.2(a), the filing party shall serve to all parties:

10              (i)     an unredacted version of the motion, opposition, reply brief

11 or other request or statement for which a redacted version or Notice of Manual Filing was e-filed,

12 which shall bear the designation "SUBMITTED UNDER SEAL -- CONFIDENTIAL

13 INFORMATION SUBJECT TO PROTECTIVE ORDER."

14              (ii)     unredacted and redacted versions of any declaration in

15 support of the pleading that includes any Protected Material, either in the declaration or in any

16 exhibit attached thereto. The declaration and each exhibit that contains Protected Material shall

17 bear the designation "SUBMITTED UNDER SEAL -- CONFIDENTIAL INFORMATION

18 SUBJECT TO PROTECTIVE ORDER."

19              (iii)     Service pursuant to this Section 9.2(b) shall be

20 accomplished by: (1) electronic mail, (2) overnight delivery for receipt the day following the e-

21 filing pursuant to Section 9.2(a) of a CD bearing the designation "SUBMITTED UNDER SEAL -

22 - CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," or (3) a

23 combination thereof. Any electronic documents that exceed four (4) MB in size, and any

24 unredacted documents that contain excerpts of Computer Source Code, must be served via CD.

25         (c)     By no later than one (1) day following each e-filing pursuant to

26 Section 9.2(a), the filing party shall deliver a CD to Chambers that contains electronic copies of

27 all unredacted document(s) that contain Protected Material served in accordance with Section

28 9.2(b), which CD shall bear the designation "SUBMITTED UNDER SEAL -- CONFIDENTIAL

INFORMATION SUBJECT TO PROTECTIVE ORDER." The filing party also shall deliver a separate CD to Chambers that contains electronic copies of all nonprotectable documents related to the filing pursuant to Section 9.2(a) that the party is required or requested to provide to Chambers. The filing party also shall deliver a printed copy of briefs or other pleadings to Chambers. The CDs and printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-filing Chambers Copy."

(d)     By no later than five (5) days following each e-filing pursuant to Section 9.2(a), the parties must meet and confer concerning the redacted portions of the subject document(s), specifically, the extent to which the redacted portions and the underlying source documents in part or in whole, should be considered Protected Material pursuant to this Order. Any agreements to change confidentiality designations under this Order shall be confirmed, in writing via fax or electronic mail, either by or to the Designating Party within one (1) day following the meet and confer, and shall be binding for the remainder of This Litigation. The Designating Party may respond to such confirmation, in writing via fax or electronic mail, to clarify the scope of its agreement within twenty-four (24) hours of transmission of the confirmation. Such clarification shall be binding upon transmission by the Designating Party. Absent any such clarification by the Designating Party, the confirmation shall be binding on all parties twenty-four (24) hours after its transmission.

(e)     By not less than five (5) days before any hearing related to documents e-filed pursuant to Section 9.2, the parties shall comply with Civil L.R. 79-5 as follows:

(i)     If the parties' meet and confer efforts remove the protected status of any Protected Material for which a redacted version was filed pursuant to Section 9.2(a), the filing party shall e-file a revised version of the document previously filed pursuant to Section 9.2(a), which unredacts the relevant portion(s).

(ii)     For any declaration and exhibits served but not filed pursuant to Section 9.2(b) that continue to include Protected Material despite the parties' meet

and confer efforts, the serving party shall e-file a redacted version of the declaration and exhibits. For any declaration and exhibits served but not filed pursuant to Section 9.2(b) that no longer include any Protected Material as a result of the parties' meet and confer efforts, the serving party shall e-file an unredacted version of the declaration and exhibits.

(iii)     For any motion, opposition or reply brief e-filed pursuant to Section 9.2(a), and for any declaration and exhibit(s) served pursuant to Section 9.2(b), that continues to contain Protected Material despite the parties' meet and confer efforts, the filing party shall e-file an Administrative Motion to File Under Seal. If the document includes Protected Material designated by the filing party, the filing party also shall e-file a declaration in support of sealing those portions of the document that contain its own Protected Material, as well as a proposed order. The filing party also shall lodge with the Clerk unredacted versions of the documents for which sealing is requested, pursuant to Civil L.R. 79-5.

(iv)     If any document e-filed pursuant to Section 9.2(a), or served pursuant to Section 9.2(b), includes Protected Material designated by any party other than the filing party, the other party shall e-file a declaration in support of sealing those portions of the document that contain the Protected Material of that party, as well as a proposed order.

(v)     Each party shall e-file no more than one Administrative Motion to File Under Seal, and no more than one declaration in support thereof, concerning all related documents subject to compliance with Section 79-5. For example, if party A e-files a motion and reply brief pursuant to Section 9.2(a), and party B files and/or serves an opposition brief and declaration pursuant to Sections 9.2(a) and (b), and all such filings continue to contain Protected Material after the parties meet and confer, the parties shall comply with Section 9.2(e) as follows:

- Party A shall e-file: (1) one Administrative Motion to File Under Seal regarding its motion and reply brief, (2) a proposed order, and (3) one declaration in support of sealing its own Protected Material contained in the motion and reply brief, as well its own Protected Material contained in the opposition brief

and declaration filed by Party B.

- Party B shall e-file: (1) one Administrative Motion to File Under Seal regarding its opposition brief and declaration, (2) a proposed order, and (3) one declaration in support of sealing its own Protected Material contained in the opposition brief and declaration, as well as its own Protected Material contained in the motion and reply brief filed by Party A.

(vi)     For any document filed and/or served pursuant to Sections 9.2(a) or (b) for which there is no related hearing, or regarding which the Court rules without hearing, the parties shall comply with this Section 9.2(e) by no later than five (5) days following the meet and confer conducted pursuant to Section 9.2(d) as to the last pleading in the related filings (*e.g.* following the filing of a reply brief), or five (5) days following the court's ruling on the related pleadings, whichever is later.

9.3     Except for the requirements concerning Chambers copies specified in Section 9.2(c), this Section 9 shall not govern the filing of, or other applicable requirements concerning, any document that does not include references to Protected Material.

10.     OTHER LITIGATION

All materials produced by the Parties in any litigation between the Parties ("Other Litigation Materials"), shall be considered produced in This Litigation and can be used to the same extent as any material originally produced in This Litigation. This Order shall govern the treatment of Other Litigation Materials in connection with This Litigation. As a result, Other Litigation Materials with confidentiality designations shall have the same effective designation for purposes of This Litigation.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of all lawsuits related to This Litigation, each Receiving Party must return all Return Material to the Producing Party. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Return Material instead of

1     returning it. Whether the Return Material is returned or destroyed, the Receiving Party must

2     submit a written certification to the Producing Party (and, if not the same person or entity, to the

3     Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate)

4     all the Return Material that was returned or destroyed and that affirms that the Receiving Party

5     has not retained any Return Material. Notwithstanding this provision, Counsel are entitled to

6     retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

7     correspondence or attorney work product, even if such materials contain Return Material. Any

8     such archival copies that contain or constitute Return Material remain subject to this Order.

9         12.     PRIVILEGED INFORMATION

10         If Disclosing Party unintentionally discloses to Receiving Party information that the

11     Disclosing Party believes is privileged or otherwise immune from discovery, the Disclosing Party

12     shall promptly upon discovery of the unintentional disclosure advise the Receiving Party in

13     writing and request that the information be returned. The Receiving Party shall return such

14     information (and any and all copies thereof) within ten (10) calendar days after the receiving a

15     written request from the Disclosing Party. By returning such information, the Receiving Party

16     does not waive its rights to challenge the Disclosing Party's assertion of any privilege or

17     immunity.

18         13     MISCELLANEOUS

19         13.1     Right to Further Relief. Nothing in this Order limits the right of any

20     person to seek its modification by the Court in the future.

21         13.2     Right to Assert Other Objections. By stipulating to the entry of this Order

22     no Party waives any right it otherwise would have to object to disclosing or producing any

23     information or item on any ground not addressed in this Order. Similarly, no Party waives any

24     right to object on any ground to use in evidence of any of the material covered by this Order.

25         13.3     Right to Advise Parties. Nothing in this Order shall prevent Counsel from

26     advising their respective Parties in any way relating to This Litigation, provided that Counsel

27     does not expressly disclose to its clients any information designated by the other Party as

28     Protected Material.

OHS West:260525493.3

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October __, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Name Of Attorney
Attorneys for Plaintiff
Facebook, Inc.

Dated: October __, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

_____
William M. Walker
Attorneys for Defendant StudiVZ, Ltd.

Dated: October __, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

_____
William M. Walker
Attorneys for Defendant Verlagsgruppe Georg Von Holtzbrinck GmBH

Dated: October __, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

_____
William M. Walker
Attorneys for Defendant Holtzbrinck Networks GmBH

Dated: October __, 2008

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP

_____
William M. Walker
Attorneys for Defendant Holtzbrinck Ventures GmBH

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____     _____
                                    Honorable Jeremy Fogel
                                    United States District Judge

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury the following.

I have read in its entirety and understand the Stipulated Protective Order that was issued

by the United States District Court for the Northern District of California on _____ ___,

200__ in Case No. 5:08-CV-03468 currently pending in the United States District Court for the

Northern District of California, between Facebook, Inc. and StudiVZ, Ltd., Holtzbrinck Networks

GmBH, Holtzbrinck Ventures GmBH, and Does 1-25.

I have been provided with, carefully read, and understand the Stipulated Protective Order.

I will comply with and agree to be bound by all the terms of this Stipulated Protective Order. I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any confidential information or item that is subject to this Stipulated Protective Order prepared or

disclosed to me, including any abstracts, extracts, excerpts, and summaries thereof, to any person

or entity except in strict compliance with the provisions of this Order and will return said

confidential information or items in my possession to counsel for the party by whom I am

designated, employed, or retained.

I hereby submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or

type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.

My address is _____.

I am a citizen of the United States.

My present employer is _____.

My present occupation or job description is _____.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

OHS West:260525493.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 21, 2008.

Dated: _____ ___, 2008.        Respectfully submitted,

                                       /s/ NAME HERE /s/
                                       Name of Attorney