1  I. NEEL CHATTERJEE (STATE BAR NO. 173985)
   nchatterjee@orrick.com
2  JULIO C. AVALOS (STATE BAR NO. 255350)
   javalos@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA 94025
   Telephone: +1-650-614-7400
5  Facsimile: +1-650-614-7401

6  ANNETTE L. HURST (STATE BAR NO. 148738)
   ahurst@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, CA 94105-2669
9  Telephone: +1-415-773-5700
   Facsimile: +1-415-773-5759
10
   Attorneys for Plaintiff
11 FACEBOOK, INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15

| | |
|---|---|
| 16  FACEBOOK, INC., | Case No. 5:08-cv-03468 JF |
| 17             Plaintiff, | Assigned To: Hon. Jeremy Fogel |
| 18       v. | **FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER (1) STAYING DISCOVERY AND (2) PREVENTING DISCOVERY PRODUCED IN THIS ACTION FROM BEING USED IN FOREIGN COURTS** |
| 19  STUDIVZ LTD., HOTLZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, | |
| 20 | |
| 21             Defendants. | |
| 22 | Date: December 9, 2008<br>Time: 10:00 a.m.<br>Room.: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge Howard R. Lloyd, for Discovery Purposes |
| 23 | |
| 24 | |
| 25 | Complaint Filed: July 18, 2008 |

26
27
28

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................ 1

STATEMENT OF FACTS .................................................................................................................. 2

    A.    The Claims Against These Defendants ............................................................................ 2

    B.    StudiVZ's Preemptive German Declaratory Action ........................................................ 3

    C.    Defendants' "Meet And Confer" And This Motion ......................................................... 4

ARGUMENT ......................................................................................................................................... 5

I.    THE MOTION FOR A PARTIAL STAY OF DISCOVERY SHOULD BE DENIED BOTH BECAUSE IT IS MERITLESS AND BECAUSE DEFENDANTS FAILED ADEQUATELY TO MEET AND CONFER AS REFLECTED IN THE FATAL UNCERTAINTY OF THE REQUESTED ORDER .................................................................................................................................. 5

    A.    It Would Be An Abuse Of Discretion To Stay Personal Jurisdiction Discovery Simply Because It Also Bears On The Merits ....................................... 6

    B.    The Meet And Confer Efforts Were Inadequate As Reflected In The Fatal Uncertainty Of The Requested Order ........................................................... 10

II.    DEFENDANTS' REQUEST THAT THE COURT PREVENT FACEBOOK FROM USING RELEVANT EVIDENCE IN OTHER ACTIONS BETWEEN THE PARTIES IS CONTRARY TO LAW AND COMMON SENSE AND SHOULD BE DENIED ............................................................................................................. 11

    A.    Discovery Produced In One Litigation May Be Used In Another Pursuant To The Evidentiary Rules Of Local Law ........................................................ 11

    B.    Defendants Have Made No Effort Whatsoever To Satisfy The Bad Faith Standard, Nor Could They ............................................................................ 13

    C.    28 U.S.C. 1782 Has No Application To This Case .......................................... 14

CONCLUSION ................................................................................................................................... 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Beckman Indus., Inc.* v. *Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ............................................................................. 12

*Blankenship* v. *Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975) ............................................................................ 5,8

*Calder* v. *Jones*,
   465 U.S. 783, 104 S. Ct. 1482 (1984) .............................................................. 5,7

*Fidelity Bankers Life Ins. Co.* v. *Wedco, Inc.*,
   102 F.R.D. 41 (D. Nev. 1984) ............................................................................ 13

*Flowserve Corp.* v. *Midwest Pipe Repair*,
   2006 U.S. Dist. LEXIS 4315 (N.D. Tex. 2006) ................................................... 7

*Harris Rutsky & Co. Ins. Servs., Inc.* v. *Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ............................................................................. 6

*Intercon, Inc.* v. *Bell Atlantic Internet Solutions, Inc.*,
   205 F.3d 1244 (10th Cir. 2000) ........................................................................... 7

*Johnson Foils, Inc.* v. *Huyck Corp.*,
   61 F.R.D. 405 (N.D.N.Y. 1973) .................................................................. 12, 13

*Kamp Implement Co.* v. *J.I. Case Co.*,
   630 F. Supp. 218 (D. Mt. 1986) ........................................................................ 12

*Kraszewski* v. *State Farm gen. Ins. Co.*,
   139 F.R.D. 156 (N.D. Cal. 1991) ...................................................................... 12

*Licciardello* v. *Lovelady*,
   2008 U.S. App. LEXIS 21376 ............................................................................ 7

*Lofton* v. *Bank of America Corp.*,
   2008 U.S. Dist. LEXIS 41005 .................................................................. 1, 6, 8, 9

*Moore* v. *Webster*,
   932 F.2d 1229 (8th Cir. 1991) ............................................................................. 9

*Olympic Refining Co.* v. *Carter*,
   332 F.2d 260 (9th Cir. 1964) ........................................................................ 11, 12

*Orchid Biosciences, Inc.* v. *St. Louis Univ.*,
   198 F.R.D. 670 (S.D. Cal. 2001)— ..................................................................... 9

*Panavision Int'l, L.P.* v. *Toeppen*,
   141 F.3d 1316 (9th Cir.1998) .............................................................................. 7

*Patterson* v. *Ford Motor Co.*,
   85 F.R.D. 152 (W.D. Tex. 1980) ....................................................................... 13

*Peridyne Tech. Solutions, LLC* v. *Matheson Fast Freight, Inc.*,
    117 F. Supp. 2d 1366 (N.D. Ga. 2000)..................................................................................7

*Skellerup Indus. Ltd.* v. *City of Los Angeles*,
    163 F.R.D. 598 (C.D. Cal. 1995) ......................................................................................6, 8

*In Re Townshend Patent Litigation*,
    2007 U.S. Dist. LEXIS 76509 ...........................................................................................11

*Yahoo! Inc.* v. *La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) .............................................................................................7

**FEDERAL STATUTES**

28 U.S.C. 1782 ...........................................................................................................................i

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION AND SUMMARY OF ARGUMENT

The parties agree that Facebook is entitled to discovery in order to respond to Defendants' challenges to the jurisdiction and convenience of this forum. This dispute surrounds only the scope and use of that discovery. With regard to the disputed scope of discovery, Defendants seek an incomprehensible order that discovery be limited to "disputed material issues raised in the motions to dismiss," completely ignoring the intertwined nature of the jurisdictional and merits issues. With regard to their proposed restrictions on use, Defendants seek to prevent Facebook from using relevant evidence in a German action *that was initiated by one of the Defendants*. The Motion should be denied because the proposed limitations are unjust, unworkable, and unsupported by any applicable precedent.

Prior to bringing this Motion for Protective Order, Defendants failed to engage in any meaningful meet and confer about their proposed limitation on discovery—and it shows. They refused to identify any specifically objectionable discovery request. They refused to explain their proposed dichotomy between jurisdictional and merits-based discovery. They refused to state clearly what they viewed to be the "material disputed issues." The result is a [Proposed] Order that is virtually indecipherable, and a Motion that fails to grapple meaningfully with any of the applicable precedents or issues raised thereby.

The proposed restriction on the scope of discovery should be denied because, as this Court recently recognized in *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005, Case No. C 07-05892 SI (N.D. Cal. May 12, 2008), in cases such as this one it is impossible to neatly draw a line between jurisdictional and merits-based discovery. Part I(A), *infra*. The proposed restriction should also be denied because Defendants failed to engage in any meaningful, good faith meet and confer about this issue. Part I(B), *infra*. The proposed restriction on the use of discovery in this action should be denied because it is contrary to law, justice, and economy. Part II(A), *infra*. Nor does it lie in Defendants' mouth to accuse Facebook of bad faith because it seeks to use discovery in this action in other pending cases between the parties, where StudiVZ is the one who engaged in subterfuge while filing a preemptive declaratory action in Stuttgart,

Germany. Part II(B), *infra*. Finally, all parties agree that 28 U.S.C. Section 1782 does not bear on the present Motion. Part II(C), *infra*.

For all of the foregoing reasons, Defendants' motion should be denied in its entirety.

## STATEMENT OF FACTS

### A. The Claims Against These Defendants.

Plaintiff Facebook, Inc. ("Facebook") is the most popular social networking site in the world. Since its founding in 2004 as a service reserved for Harvard students, it has grown to become the fourth-most trafficked website in existence, with over 120 million active users, three-quarters of which are now located outside the United States. *See* Complaint ("Compl.") (Dkt. #1) ¶ 14; *see also* Declaration of Warrington S. Parker in Support of Facebook's Opposition to Defendants' Motion for Protective Order ("Parker Decl.") ¶ 3. Defendant StudiVZ, Ltd. ("StudiVZ") intentionally accessed Facebook's servers located in California and, while trespassing to those servers, stole Facebook's design, look, feel and possibly, as reported by independent online watchdogs, Facebook's source code. *See* Compl. ¶¶ 27-39. StudiVZ utilized this stolen intellectual property to develop www.studivz.net, a social networking site universally regarded as a Facebook counterfeit. *Id.* ¶¶ 38-39. Since its launch, StudiVZ has continued to utilize Facebook's trade dress. *Id.* ¶¶ 33-34.

As the Facebook service is inaccessible to non-registered users, in order to gain entry to the site StudiVZ must have registered an account on Facebook. In order to register, users are required to submit to Facebook's Terms of Use, which require registrants to contract that they will not misappropriate Facebook's intellectual property for commercial use and through which registrants contractually submit to California law as well as the venue and jurisdiction of this Court. *Id.* ¶ 21-26. In June 2006, Facebook sent its first cease and desist letter to StudiVZ. *See* Parker Decl. Ex. A.

Since 2007, StudiVZ has been aided in its continuing infringement by defendants Holtzbrinck Ventures GmBH ("HVG") and Holtzbrinck Networks GmBH ("HNG") (collectively, the "Holtzbrinck Defendants"), which have acted as agents or alter egos of StudiVZ or have otherwise contributed to StudiVZ's infringing activity. Compl. ¶¶ 5-6. In particular, as the

evidence submitted in support of Defendants' Motion to Dismiss demonstrates, the Holtzbrinck Defendants invested in and obtained ownership and control of StudiVZ *after* StudiVZ was first put on notice of its infringement by Facebook. HVG invested in and obtained ownership of 15% of StudiVZ in August 2006—two months after Facebook's first cease and desist letter. *See* Declaration of Martin Weber In Support of Defendants' Motions to Dismiss For Lack of Personal Jurisdiction and *Forum Non Conveniens* ("Weber Decl.") (Dkt. #46) ¶ 5. In October 2007, HNG invested in and obtained ownership of the other 85% of StudiVZ, and has the right to control its board. *Id*. While in control of StudiVZ, the Holtzbrinck Defendants have continued to operate the infringing www.studivz.net site, and even expanded StudiVZ's use of the infringing interface to numerous other sites targeted to users in other age groups and countries other than the original. *See* Parker Decl. ¶ 5. On July 9, 2008, Facebook sent a further cease and desist letter to all of these defendants. *See* Parker Decl. Ex. B.

In light of the foregoing and StudiVZ's failure to respond to Facebook's second cease and desist letter, Facebook brought suit on July 18, 2008 against StudiVZ, HVG and HNG (collectively referred to as the "Defendants" or "StudiVZ Defendants") for intentional trade dress infringement, violation of the Computer Fraud and Abuse Act, violation of California Penal Code 502(c) (the computer trespass statute), breach of contract and breach of the covenant of good faith and fair dealing. Compl. ¶¶ 45 – 75. The Complaint pleads that the StudiVZ Defendants willfully committed a series of intentional torts directed at California, have maintained business contacts directly related to this litigation with consumers throughout California and the United States, and have contractually submitted to the jurisdiction, venue and law of this Court. Compl. ¶¶ 3, 45 – 59, 68 – 71.

**B.    StudiVZ's Preemptive German Declaratory Action.**

On July 16, 2008, StudiVZ requested more time to respond to Facebook's July 9, 2008 cease and desist letter. *See* Parker Decl. ¶ 7. This appears to have been mere subterfuge, however, as two days later—on the same day Facebook filed its lawsuit here—StudiVZ initiated a German declaratory action against Facebook in Stuttgart civil court, seeking a declaration that StudiVZ had not infringed upon Facebook's intellectual property rights in violation of German

law. *See* Parker Decl. Ex. C. The first hearing in StudiVZ's German action is scheduled for December 16, 2008. *See* Declaration of Klaus Ikas In Support of Defendants' Motion to Dismiss For Lack of Personal Jurisdiction and *Forum non Conveniens* ("Ikas Decl.") (Dkt. #43). This hearing, scheduled just one month after Facebook is first required to respond to the Stuttgart complaint, is not a "trial" as the term is used here in the United States. Instead, it is the German procedural equivalent of what we would term a Case Management Conference. *See* Declaration of Dr. Katharina Scheja In Support of Facebook's Opposition to Defendants' Motion for Protective Order ("Scheja Decl.") ¶¶ 3-4.

### C. Defendants' "Meet And Confer" And This Motion.

On October 9, 2008, the parties held the mandatory Rule 26(f) conference via telephone. *See* Parker Decl. ¶ 11. At the conference, Facebook advised Defendants that it would initially seek discovery from Defendants on a number of issues bearing on this Court's personal jurisdiction over Defendants. *Id*. ¶ 12. Defendants conceded that such discovery would be appropriate, a position Defendants' counsel later confirmed in writing. *Id*. ¶ 13-14. Later, on October 14, Facebook served a first set of discovery requests tracking the personal jurisdiction issues discussed at the Rule 26(f) conference. On October 27, 2008, the parties met and conferred in order to resolve an apparent impasse with respect to a stipulated protective order and Facebook's outstanding discovery requests. *Id*. ¶ 19-20.

During the October 27 meet and confer, Defendants' counsel stated that Defendants would not stipulate to a protective order unless the protective order explicitly prevented the use of discovery produced in this matter from being used in any other litigation, including the pending German action initiated by StudiVZ against Facebook. *Id*. ¶ 19. With respect to the outstanding discovery requests, Defendants asserted that discovery was limited to jurisdictional issues, using their formulation of "disputed material issues raised by the motion," but refused to identify any specific discovery requests to which they objected. *Id*. ¶ 19-20.

In their motions to dismiss for lack of personal jurisdiction and *forum non conveniens*, Defendants argue generally that their overall contacts with California are insufficient to give rise either to general or specific jurisdiction. *See* StudiVZ's Motion to Dismiss for Lack of Personal

| | |
|---|---|
| 1 | Jurisdiction (Dkt. #42) at 11:13 – 24; Holtzbrinck Networks and Holtzbrinck Ventures's Motion |
| 2 | to Dismiss for Lack of Personal Jurisdiction and *Forum non Conveniens* (Dkt. #41) at 10:27 – 28. |
| 3 | In the motions, Defendants do not address the specifics of the jurisdictional allegations |
| 4 | underlying Facebook's claims, and particularly do not explain the basis of their motion in light of |
| 5 | the *Calder v. Jones* 465 U.S. 783, 104 S. Ct. 1482 (1984), line of cases. *See id.* In their |
| 6 | subsequent Motion for Protective Order, Defendants request an order limiting discovery to |
| 7 | "disputed material issues raised by the motions." Defendants do not discuss, however, either the |
| 8 | substantive standards that will govern the motions to dismiss or any specific requests that they |
| 9 | view contravene this proposed standard. Accordingly, neither through their meet and confer nor |
| 10 | through their motions to dismiss nor through their motion for protective order have Defendants |
| 11 | explained the meaning of their proposed "disputed material issues" limitation on discovery. |

## ARGUMENT

### I. THE MOTION FOR A PARTIAL STAY OF DISCOVERY SHOULD BE DENIED BOTH BECAUSE IT IS MERITLESS AND BECAUSE DEFENDANTS FAILED ADEQUATELY TO MEET AND CONFER AS REFLECTED IN THE FATAL UNCERTAINTY OF THE REQUESTED ORDER.

Defendants concede that Facebook is entitled to discovery on jurisdictional issues; they simply dispute the scope of that discovery. *See, e.g.*, Mot. at 8:20 – 21 ("Defendants are and have always been open to engaging in discovery limited to the disputed material issues in the Motions to Dismiss."). Accordingly, Defendants seek an order "staying all discovery that does not relate to disputed material issues raised in Defendants' pending motions to dismiss." [Proposed] Order at 1. Nowhere in Defendants' Motion, however, do Defendants discuss the standard actually governing a request for such an order. Undoubtedly this is because, as set out below, Defendants cannot prevent Facebook from taking discovery designed to establish the allegations supporting personal jurisdiction, even though such discovery may also relate to some aspects of the merits of its claims.

In particular, a party seeking to stay discovery has a "heavy burden" to make a "strong showing" to justify the stay. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "A showing of need must be particular and specific," and must be more than a "conclusory statement

that discovery would cause undue burden and expense." *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005 at *4, Case No. C 07-05892 SI (N.D. Cal. May 12, 2008) (*citing Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995)). It is an abuse of discretion to refuse discovery regarding personal jurisdiction where jurisdiction has been the subject of an initial challenge by way of motion to dismiss. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

Defendants have not, and cannot, meet the standard for a stay. The scope of their proposed stay completely ignores the intertwined nature of the merits and jurisdictional discovery. Part A, *infra*. Second, the proposed stay, as worded, is incomprehensible and obviously the product of inadequate meet and confer. Part B, *infra*. Either of these two defects by itself would support denial of the Motion. Taken together, they necessitate that Defendants' proposed stay be rejected.

### A. It Would Be An Abuse Of Discretion To Stay Personal Jurisdiction Discovery Simply Because It Also Bears On The Merits.

Facebook is entitled to discovery bearing on the full scope of its theories of jurisdiction, irrespective of the fact that such evidence may also go to the merits of the dispute.

Defendants have largely ignored Facebook's theories of jurisdiction in bringing this Motion. For instance, Defendants ignore Facebook's assertions that their employees unlawfully accessed Facebook's web site for the purpose of committing a tort in violation of their contractual and statutory obligations under state and federal law. One of those laws, California Penal Code section 502(j), specifically provides for jurisdiction over a defendant if that defendant accessed a computer, computer system or computer network in violation of section 502(c). Cal. Pen. Code §502(j). Therefore, the jurisdictional question is necessarily tied up with the merits of the claim. The same goes for Facebook's breach of contract claim. By registering as Facebook users, Defendants reached out to Facebook in California and agreed to California choice of law and jurisdiction provisions. Discovery into the Defendants' activities on the Facebook site is directly pertinent to determining jurisdiction under the breach of contract claim.

In addition to the statutory and contractual bases for jurisdiction, personal jurisdiction

over the Defendants also would be proper if the Defendants reached out and aimed their intentional conduct at Facebook in California. Under the "effects" test of *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984), jurisdiction is established if a defendant (1) commits an intentional act; (2) expressly aimed at the forum state; and (3) causes harm that the defendant knows is likely to be suffered in the forum state. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1205 (9th Cir. 2006). Here, discovery is necessary to determine Defendants' actions and the extent of the harm suffered by Facebook in California.

Defendants do not address Facebook's assertion that the creation and continued operation of the first StudiVZ web site, and every other StudiVZ web site since, was an intentional infringement of Facebook's trade dress, and violation of Facebook's other rights, whereby StudiVZ knowingly harmed Facebook here in California. The Holtzbrinck Defendants invested in and obtained control of StudiVZ, continuing and expanding StudiVZ's ongoing infringement with knowledge thereof and with knowledge that doing so would harm Facebook in California. These assertions would, if proven, plainly be sufficient to establish personal jurisdiction because Defendants would have *knowingly harmed a California resident in California. See Licciardello v. Lovelady*, 2008 U.S. App. LEXIS 21376, *20, Case No. 07-14086 (11th Cir. October 10, 2008) (holding that the out-of-state Defendant's unauthorized use of the plaintiff's trademark and misappropriation of his name and reputation for commercial gain satisfied the *Calder* effects test); *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1321-22 (9th Cir.1998) (affirming the exercise of jurisdiction in a trademark infringement action over a nonresident defendant whose sole contact with the forum was his posting of plaintiff's trademarks on his internet website); *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1248-49 (10th Cir. 2000) (holding that out-of-state defendant's continued transmission of email over plaintiff's servers caused injury to plaintiff in its home state); *Peridyne Tech. Solutions, LLC v. Matheson Fast Freight, Inc.,* 117 F. Supp. 2d 1366, 1371-73 (N.D. Ga. 2000) (exercising jurisdiction over non-resident defendants who accessed plaintiff's computer system over the Internet in furtherance of their tortious activity); *Flowserve Corp. v. Midwest Pipe Repair,* 2006 U.S. Dist. LEXIS 4315, *10, Case No. 3:05-cv-1357-N (N.D. Tex. 2006) (jurisdiction proper over a "hacker" who

accessed plaintiff's servers, where the servers were related to plaintiff's claims).

Facebook is entitled to discovery about all of these matters because they bear directly on the issue of personal jurisdiction. The fact that such discovery may also go to the merits of the dispute does not bar such discovery. For example, in *Lofton v. Bank of America Corp.*, 2008 U.S. Dist. LEXIS 41005, *4-*5, Case No. C 07-05892 SI (N.D. Cal. May 12, 2008) (Illston, J.), this Court confirmed that plaintiffs are entitled to discovery that also goes to the merits when responding to a jurisdictional challenge. As is the case here, in *Lofton*, defendants "ask[ed] the Court to stay any discovery sought by plaintiff from [defendant] that relates to the merits of plaintiff's suit rather than to the jurisdictional basis for his suit." *Lofton*, 2008 U.S. Dist. LEXIS, at *3. After noting both the strict standard required of defendants seeking a stay under Ninth Circuit law, *id*. at *3-*4, *citing Blankenship*, 519 F.2d, at 429 and *Skellerup Indus.*, 163 F.R.D., at 600, the Court denied defendants' motion for protective order:

> "[Defendant] has not demonstrated good cause to stay merits-based discovery, however, because in order to survive [defendants'] motion to dismiss for lack of jurisdiction, plaintiff persuasively argues that he must have access to information that involves the merits of his suit." *Id*. at *4.

The Court further explained that merits-based discovery should not be denied when discovery on the merits "may inform" plaintiff's opposition to a jurisdictional motion. *Id*. at *5.

Discovery relating to the jurisdictional inquiry also will bear on the merits in many instances. Defendants' accessing of Facebook's California servers will necessarily support this Court's jurisdiction over the Defendants. The fact that it will also establish Facebook's claims of violations of the Computer Fraud and Abuse Act and California Penal Code 502(c) does not make it irrelevant or improper to the jurisdictional inquiry. Similarly, discovery as to whether Defendants (or others acting on their behalf) agreed to Facebook's Terms of Use will support jurisdiction. The fact that it also will prove access to Facebook's intellectual property does not bar inquiry. Discovery and disclosures as to the nature of Defendants' respective corporate hierarchies and structures will show the Holtzbrinck Defendants knowledge of and control over continuing infringement, establishing both jurisdiction and Facebook's theories of secondary liability. Discovery of StudiVZ's source code will enable Facebook to establish the intentional

OHS West:260552972.1 - 8 - FACEBOOK'S OPP. TO DEFENDANTS'
MOT. FOR PROTECTIVE ORDER
CASE NO. 5:08-CV-03468

copying and theft, simultaneously establishing jurisdiction and the merits. In short, as in *Lofton*, Defendants' request for a stay or limitation of discovery to non-merits-based discovery will improperly preclude Facebook from gaining information directly relevant to Defendants' jurisdictional and convenience challenge.

Defendants cite no case supporting such a result. To the contrary, Defendants rely upon inapposite case law, such as a seventeen-year-old Eighth Circuit opinion dealing not with a jurisdictional challenge, but a dispute over qualified immunity. *See* Mot. at 4:25 – 26, *citing*, *Moore v. Webster*, 932 F.2d 1229 (8th Cir. 1991). Defendants argue that "courts in similar procedural postures have consistently ruled that discovery should be limited to disputed material [sic] personal jurisdiction issues." Mot. at 2:11 - 14. In support of this position, Defendants cite only to *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672-673 (S.D. Cal. 2001)—a case which *Lofton* explicitly reviewed and distinguished. Unlike *Lofton* or the present case, where jurisdictional and merits-based issues were and are necessarily intertwined, the *Orchid* decision involved a patent non-infringement declaratory action where discovery relating to the jurisdictional claims was irrelevant to non-infringement, invalidity or the unenforceability of the patent. *Orchid*, 198 F.R.D., at 671. There were no allegations that the jurisdictional and merits-based facts were intertwined; to the contrary, in that case, it seemed clear that no information responsive to a merits-related discovery request could ever bear on plaintiff's jurisdictional arguments. As there was thus no conceivable jurisdictional benefit to be found in merits discovery, the *Orchid* court correctly held that plaintiff's "benefit" to such discovery was outweighed by the burden to Defendant in producing it. *Id*. at 675. *Orchid* is inapposite here, especially in light of *Lofton*. Not only do merits-related issues "inform" this case's jurisdictional issues, it is virtually impossible to distinguish them.

Finally, Defendants' only other argument is that the witnesses and documents are in Germany and in the German language, thus causing undue burden. Mot. at 8:23 – 9:9. This is a complete red herring. Defendants are not required to translate their documents in producing them, as they are entitled under Rule 34 to produce them as they are maintained in the ordinary course of business. Moreover, in noticing depositions, Facebook has offered to hold the

depositions in Germany and will have to pay the cost for a translator to be present. Thus, neither of these factors presents any burden at all to Defendants. In short, Defendants have made no concrete showing, based upon evidence, that any particular request will cause an undue burden.

For the foregoing reasons, the stay motion should be denied.

**B.     The Meet And Confer Efforts Were Inadequate As Reflected In The Fatal Uncertainty Of The Requested Order.**

Defendants' Motion should also be denied because Defendants did not meaningfully meet and confer on the issue of burden and the scope of the stay. Under Federal Rule of Civil Procedure 37 and Local Rule 37-1(a), as well as under the substantive standards for obtaining the type of order requested, Defendants were obligated to explain which requests caused a problem of undue burden that they felt was not justified by the governing jurisdictional standards (or are unnecessary for some other reason). The request to limit discovery to "disputed material issues" is inappropriate because it unduly cabins Facebook's case for jurisdiction to only the evidence offered by Defendants, and also because it is impossible to apply. Defendants repeatedly demanded that Facebook agree to narrow its discovery, but then consistently refused to identify any specific requests which they found objectionable. This was not good faith meet and confer.

Defendants' motion to dismiss offers a perfunctory discussion of general and specific jurisdiction, largely ignoring the issues of intentional torts raised in the Complaint. The proposed scope of discovery therefore seemed to preclude Facebook from taking jurisdictional discovery regarding any of its actual theories of jurisdiction, instead forcing Facebook to accept the framing of issues set forth in Defendants' motions. By simply asserting that Facebook was limited to discovery on "disputed material issues" (a standard for the scope of jurisdictional discovery found nowhere in the case law), Defendants provided no meaningful guidance and no meaningful attempt to resolve the issue. Even after repeated requests by Facebook's counsel that Defendants articulate specific objections, Defendants flatly refused to do so. *See* Parker Decl. ¶ 20.

Defendants' lack of a meaningful meet and confer is reflected in their [Proposed] Order. The stay set forth in the [Proposed] Order is not complete and self-contained, but instead incorporates Defendants' motions to dismiss by reference. The stay's incorporation of the

motions to dismiss makes it impossible to understand or apply. Its reference to "disputed material issues" is an invitation to constant ongoing disputes regarding the scope of discovery as to which issues are material, which issues are disputed, and the like. In short, even apart from Defendants' inadequate showing of burden, inadequate meet and confer, and Facebook's clear entitlement to discovery, the order proposed by Defendants would never work to provide the parties with any kind of meaningful guidance as to the scope of permitted discovery.

For these additional reasons, the motion for stay should be denied.

## II. DEFENDANTS' REQUEST THAT THE COURT PREVENT FACEBOOK FROM USING RELEVANT EVIDENCE IN OTHER ACTIONS BETWEEN THE PARTIES IS CONTRARY TO LAW AND COMMON SENSE AND SHOULD BE DENIED.

In addition to seeking a stay of indecipherable scope, the StudiVZ Defendants also seek a protective order limiting the use of any discovery materials in this action solely to this lawsuit between the parties. Both sides agree on the fundamental proposition that there should be an order for the protection of confidential information produced during discovery. The parties disagree, however, on the scope of the restrictions on use of that discoverable information. Defendants take the remarkable position that this Court should prohibit the use of relevant evidence in other actions pending between the parties. Facebook takes the view that materials produced in discovery may be used in any action between these parties in accordance with the evidentiary requirements of local law. The Court should also deny this portion of Defendants' requested protective order.

### A. Discovery Produced In One Litigation May Be Used In Another Pursuant To The Evidentiary Rules Of Local Law.

Defendants provide no authority supporting their contention that a party may not utilize discovery produced in one litigation in a foreign litigation, and no such precedent exists. Indeed, since the Ninth Circuit's leading opinion in *Olympic Refining Co. v. Carter*, 332 F.2d 260, 264-67 (9th Cir. 1964), courts have consistently held that a protective order shall not bar the use of evidence in other, related litigation. *See also In Re Townshend Patent Litigation*, 2007 U.S. Dist. LEXIS 76509, at *9-*10, Case No. C 02-4833 JF (PVT) (N.D. Cal. September 27, 2007)

(observing that "precedent strongly favors disclosure to meet the needs of parties in pending litigation") (citing *Olympic Refining* and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)) *Kraszewski v. State Farm Gen. Ins. Co.*, 139 F.R.D. 156, 159-60 (N.D. Cal. 1991) (Observing that "[t]he law in the Ninth Circuit [on this issue] is settled," that "[t]he *Olympic* rule governs today," and that "[a]s a general proposition, pretrial discovery must take place in the public . . . [and that] [t]his presumption should operate with all the more force when litigants seek to use discovery in aid of collateral litigation on similar issues.").[1]

That the discovery is sought to be used in a foreign litigation is of no moment to this consistent rule. For example, in *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409-10 (N.D.N.Y. 1973), the court was presented with a dispute where "[t]he apparent major concern is the use of the fruits of discovery in certain foreign litigation and proceedings between related companies of the parties in the instant litigation." Relying in part on *Olympic Refining*, the court rejected defendant's attempt to hide evidence from the foreign courts:

> Defendant seems to have drafted this proposed order with the intent to limit plaintiff's use of the information to the instant litigation. I find little persuasion in this position and virtually no precedent for the detailed and drastic provisions of the proposed protective order in this regard. The liberality to be used in interpreting the federal rules mandates quite an opposite emphasis. To wit: unless it can be shown that the discovering party is exploiting the instant litigation solely to assist in other litigation before a foreign forum, federal courts do allow full use of the information in other forums. Indeed, there must be some evidence of bad faith in the institution of the suit on the part of the discovering party before a court will act to limit the discovery process.

*Id.*, citing, *inter alia*, *Olympic Refining Co.*, 332 F.2d, at 265.

The courts appear to be unanimous in taking this view. *See*, *e.g.*, *Kamp Implement Co. v. J.I. Case Co.*, 630 F. Supp. 218, 219-20 (D. Mt. 1986) (citing favorably to *Johnson Foils* and denying defendant's request for a use of discovery limitation because "[f]ew courts are willing to enter an order of such broad magnitude as that proposed by defendant, absent stipulation of the

---

[1] These cases all dealt with third-parties involved in a new litigation seeking to use discovery produced pursuant to a protective order in a previous litigation, and the courts uniformly agreed to retroactively modify existing protective orders featuring the sort of limiting language that Defendants now seek. The case for abrogating such restrictions is even stronger where, as here, the parties are the same.

opposing party"); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D. Tex. 1980) ("There is nothing inherently culpable about sharing information obtained through discovery . . . Unless it can be shown that the discovering party is exploiting the instant litigation solely to assist litigation in a foreign forum, federal courts allow full use of the information in other forums"); *Fidelity Bankers Life Ins. Co. v. Wedco, Inc.*, 102 F.R.D. 41, 44 (D. Nev. 1984) ("The use of discovery obtained in one lawsuit in connection with other litigation accords with the purposes of the Federal Rules of Civil Procedure.").

The inadvisability of Defendants' request to effectively hide U.S. discovery and evidence from the German court is illustrated by a simple example. Suppose, for instance, that through discovery in this action Facebook uncovers an e-mail in which StudiVZ admits to unauthorized copying of Facebook's code. Defendants' view is that Facebook could not use this e-mail to defend the declaratory claims in the German action, even if it were admissible under the substantive and evidentiary standards of German law. This is a patently ridiculous position contrary to doing justice, and should not be adopted by this Court.

### B. Defendants Have Made No Effort Whatsoever To Satisfy The Bad Faith Standard, Nor Could They.

Defendants cannot meet the bad faith test posited by *Johnson Foils* in order to support the requested restriction on discovery. To the contrary, if anyone has acted in bad faith in instituting litigation to manipulate the forum, it is the Defendants, not Facebook.

Facebook sent multiple cease and desist letters, and StudiVZ instituted the Stuttgart declaratory relief action as a preemptive strike after making a disingenuous request for more time to respond to Facebook's latest complaint letter. It is an action that was plainly designed to deprive Facebook of its choice of forum and its choice of law. StudiVZ initiated the German case, not the other way around. In fact, at the time that Facebook filed its complaint here, it was unaware of StudiVZ's suit. See Parker Decl. ¶ 9-10. Facebook brought suit in this jurisdiction because this Court is competent to adjudicate this action, because StudiVZ has more than sufficient contacts with California and the United States to establish personal jurisdiction, because this is where Facebook is headquartered, and because this is where StudiVZ's intentional torts

1 occurred and caused harm to Facebook.  Any contention that Facebook brought this action for the sole purpose of obtaining discovery for a preemptive German action of which it was unaware is plainly absurd.

Defendants' only argument in this regard is its assertion that Facebook is "in such a hurry" to obtain discovery because "[t]rial in that case [the German action] is scheduled for December 16, 2008." Mot. at 12:9; 12:19 - 21.  With all due respect, this argument is ridiculous.  Facebook is in a hurry to obtain discovery because Defendants have noticed motions to dismiss set for hearing on February 13.  Given the intervening holidays and the necessity of foreign travel, as well as Defendants' obstructionist tactics including this Motion, Facebook must keep things moving apace in order to have any hope of actually obtaining the discovery in time to use in opposing the motions.  The hearing in Germany on December 16 has nothing to do with it.  It is not, contrary to Defendants' assertions, a "trial" in the sense that we use the word here in the United States—a resolution on the merits.  Instead, it is more akin to a Case Management Conference, where Facebook will not be expected to produce any documentary evidence.  Scheja Decl. ¶ 3-4.

Facebook seeks discovery from Defendants because it is entitled to it and because it requires such discovery to respond to Defendants' pending jurisdictional challenges, not because of any impending trial deadline in the German action.

### C. 28 U.S.C. 1782 Has No Application To This Case.

Finally, Defendants dedicate a full one-third of their Motion to combating a straw man, namely, arguing that 28 U.S.C. section 1782 is inapplicable to this case.  On this point, the parties are in complete agreement.  28 U.S.C. section 1782 is irrelevant to the determination of this Motion as presented to the Court.  Facebook never raised it in meet and confer, and frankly we are mystified by the prominence it receives in Defendants' brief.

### CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court deny Defendants' Motion for Protective Order in its entirety.

| | | |
|---|---|---|
| 1 | Dated: November 18, 2008 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | /s/ Julio C. Avalos /s/ |
| 4 | | JULIO C. AVALOS<br>Attorneys for Plaintiff<br>FACEBOOK, INC. |

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 18, 2008.

Dated: November 18, 2008     Respectfully submitted,

/s/ Julio C. Avalos /s/
Julio C. Avalos