LEXSEE 1999 U.S. DIST. LEXIS 5712

**JACK HUANG, et al., Plaintiffs, vs. FERRERO U.S.A., INC., et al., Defendants.**

No. C 98-0795 FMS

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*1999 U.S. Dist. LEXIS 5712*

April 15, 1999, Decided
April 16, 1999, Filed; April 20, 1999, Entered in Civil Docket

**DISPOSITION:** [*1] Defendant Ferrero S.p.A's motion to dismiss for lack of personal jurisdiction GRANTED.

**COUNSEL:** For JACK HUANG dba King Sundries Co., CLARA HUANG, TOP MASTER TRADING CO., LTD., Plaintiffs: Cindy Lee, Samuel K. Feng, Feng & Lee, San Francisco, CA.

For FERRERO U.S.A., INC., FERRERO S.P.A., defendants: Rocky N. Unruh, Eliot Jubelirer, Morgenstein & Jubelirer, San Francisco, CA.

For FERRERO U.S.A., INC., FERRERO S.P.A., defendants: Raymond A. Kurz, Celine Jimenez Crowson, Rothwell Figg Ernst & Kurz P.C., Washington, DC.

For FERRERO U.S.A., INC., defendant: Theodore Voorhees, Jr., Covington & Burling, Washington, DC.

For COSTCO COMPANIES, INC., defendant: Thomas C. Crosby, Mark Douglas Epstein, Gordon & Rees, San Francisco, CA.

For COSTCO COMPANIES, INC. fka Price/Costco, Inc. aka Price-Costco aka Price Club, Cross-claimant: Thomas C. Crosby, Gordon & Rees, San Francisco, CA.

For FERRERO U.S.A., INC., FERRERO S.P.A., FERRERO ASIA LIMITED TAIWAN BRANCH, INCHCAPE MARKETING, Cross-defendants: Rocky N. Unruh, Eliot Jubelirer, Morgenstein & Jubelirer, San Francisco, CA.

For FERRERO U.S.A., INC., FERRERO S.P.A., FERRERO ASIA LIMITED TAIWAN BRANCH, INCHCAPE MARKETING, [*2] Cross-defendants: Raymond A. Kurz, Celine Jimenez Crowson, Rothwell Figg Ernst & Kurz P.C., Washington, DC.

For FERRERO U.S.A., INC., Counter-claimant: Rocky N. Unruh, Eliot Jubelirer, Morgenstein & Jubelirer, San Francisco, CA.

For FERRERO U.S.A., INC., Counter-claimant: Raymond A. Kurz, Celine Jimenez Crowson, Rothwell Figg Ernst & Kurz P.C., Washington, DC.

For FERRERO U.S.A., INC., Counter-claimant: Theodore Voorhees, Jr., Covington & Burling, Washington, DC.

For JACK HUANG dba King Sundries Co., Counter-defendant: Cindy Lee, Samuel K. Feng, Feng & Lee, San Francisco, CA.

For GRACE JENNY dba Golden Banana, Counter-defendant: Bernard S. Cohn, San Francisco, CA.

**JUDGES:** FERN M. SMITH, United States District Judge.

**OPINION BY:** FERN M. SMITH

**OPINION**

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**BACKGROUND**

In August 1998, defendant Ferrero S.p.A. moved the Court under *Fed. R. Civ. P. 12(b)(2)* to dismiss for lack of personal jurisdiction. By order of the Court dated October 14, 1998, the motion was stayed to enable plaintiffs to conduct limited discovery into the relationship between Ferrero S.p.A and lead defendant Ferrero U.S.A., [*3] Inc.

Pursuant to the Court's order, Ferrero S.p.A filed and served additional declarations on December 3, 1998. Further information was informally provided to plaintiff King Sundries on December 23, 1998. Since that time, King Sundries has not requested any further information and has not challenged the facts as asserted in the supplemental materials.

Ferrero S.p.A now asks the Court to lift the stay and rule on the pending motion. Plaintiffs object on the ground that "the documentation produced to date fails to detail the specifics of the interrelationship and the corporate structure of the various Ferrero entities." Letter from Cindy Lee to the Court dated March 18, 1998. Accordingly, they request further discovery into the "minimum contacts" issue.

## DISCUSSION

As the party seeking to invoke the jurisdiction of the Court, plaintiff bears the burden to establish the necessary jurisdictional facts. *See Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984)*. At this stage, plaintiff is charged with making at least a *prima facie* showing of evidence which, "if *believed*, would be sufficient to establish the existence of personal jurisdiction." Schwarzer, [*4] Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* 9:117 (1998) Plaintiffs have failed in this regard.

By contrast, defendants have submitted materials that weigh against a finding of personal jurisdiction. These newly submitted materials include four declarations from senior officers of defendants, establishing that Ferrero S.p.A.: (1) does not have an ownership interest in and does not control or manage Ferrero U.S.A.; (2) has no subsidiaries in any state in the United States; and (3) has no contracts or distribution agreements with DFS Limited. In particular, Sergio Testa, employee of Ferrero S.p.A. since 1978, declared that:

. Ferrero S.p.A. and Ferrero U.S.A. are not parents or subsidiaries of one another (Testa Decl. at 4);

. Ferrero S.p.A's relationship with Ferrero U.S.A. is based solely on a written distribution agreement that forbids Ferrero S.p.A. from distributing its products anywhere in the United States (*id*. at 3);

. Ferrero S.p.A. did not create and does not control the distribution network by which its products are brought to the United States (*id*. at 4).

Ferrero S.p.A. has substantiated these declarations with exhibits and supporting [*5] documentation. There is therefore little reason to disbelieve the affidavits; indeed, plaintiffs have not offered any such reason at this juncture.

Because defendants have produced ample evidence refuting any "minimum contacts" between Ferrero S.p.A. and this forum, the Court cannot discern the need or utility for the further discovery requested by plaintiffs. Finding no just reason to delay a ruling, the Court GRANTS defendant Ferrero S.p.A's motion to dismiss for lack of personal jurisdiction.

SO ORDERED.

Dated: April 15, 1999

FERN M. SMITH

United States District Judge