LEXSEE 2006 U.S. DIST. LEXIS 6631

**PROTRADE SPORTS, INC., Plaintiff, v. NEXTRADE HOLDINGS, INC., Defendant.**

No. C05-04039 MJJ

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2006 U.S. Dist. LEXIS 6631*

**February 1, 2006, Decided
February 2, 2006, Filed**

**SUBSEQUENT HISTORY:** Reconsideration denied by *Protrade Sports, Inc. v. Nextrade Holdings, Inc., 2006 U.S. Dist. LEXIS 15765 (N.D. Cal., Mar. 16, 2006)*

**COUNSEL: [\*1]** For Protrade Sports, Inc., a Delaware corporation, Plaintiff: Lisa Kobialka, Ramsey M. Al-Salam, Perkins Coie LLP, Menlo Park, CA.

For Nextrade Holdings, Inc., a Florida corporation, Defendant: Geoffrey T. Holtz, Bingham McCutchen LLP, San Francisco, CA; Richard Edson Fee, Tampa, FL.

**JUDGES:** MARTIN J. JENKINS, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MARTIN J. JENKINS

**OPINION**

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Before the Court is NexTrade Holdings Inc.'s ("Defendant", "Nextrade") Motion to Dismiss or in the Alternative, Transfer. [1] The motion is opposed by Protrade Sports Inc. ("Plaintiff", "Protrade"). For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

   1 Docket No. 8, Filed November 28, 2006.

**FACTUAL BACKGROUND**

Defendant Nextrade is a Florida corporation with its principal place of business in Clearwater Florida. Nextrade develops technology for electronic securities markets. Nextrade owns the federally registered **[\*2]** trademark "Pro-Trade"(the "Pro-trade Mark"). Plaintiff Protrade is a Delaware corporation which operates an online stock market dealing in virtual shares of professional athletes in the fantasy-sports industry.

On October 6, 2005, Plaintiff filed the instant action seeking a declaratory judgment of non-infringement of the Pro-Trade mark.

A week after the instant action was filed, Nextrade filed a similar action in the United States District Court for the Middle District of Florida (the "Florida Action"). Like this case, the primary issue in the Florida action is Protrade's alleged infringement of Nextrade's Pro-trade Mark. The Florida court recently stayed the Florida Action pending the outcome of the instant action.

On November 28, 2005, Defendant filed the instant motion to dismiss for lack of personal jurisdiction, pursuant to *Fed. R. Civ. P. 12(b)(2)*.

**LEGAL STANDARD**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to *Federal Rule of Civil Procedure 12(b)(6)*, the plaintiff bears the burden of demonstrating that jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).* **[\*3]** If the Court rules on the motion based on written materials without an evidentiary hearing, "the

plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* In such cases, the Court examines whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. *Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)*. "Although the plaintiff cannot simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger, 374 F.3d at 800* (internal citations omitted). The Court resolves conflicts between parties over statements in the affidavits in the plaintiff's favor. *AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588*.

A district court sitting in diversity has personal jurisdiction to the extent provided by the law of the forum state. *Data Disc., Inc. v. Sys. Tech. Assocs, 557 F.2d 1280, 1286 (9th Cir. 1977)*. California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards collapse into one, and the Court [*4] considers only whether the exercise of jurisdiction over Defendant comports with due process. *Glencore Grain Rotterdam B. V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002)*. Specifically, to satisfy constitutional due process, the non-resident defendant "must have at least minimum contacts' with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger, 374 F.3d at 801* (quoting *Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945))*.

**ANALYSIS**

Depending on a defendant's contacts with California, a court may exercise either general or specific jurisdiction over him. Since it is not clear from Plaintiff's papers whether Plaintiff is asserting that the Court has general or specific jurisdiction over Defendant, the Court will analyze Plaintiff's jurisdictional allegations under each standard.

**1. General Jurisdiction**

General jurisdiction exists where the defendant's contacts with the forum state are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated [*5] to those contacts. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)*. The standard for establishing general jurisdiction is "fairly high." *Id.* Particularly, the defendant's contacts must approximate physical presence in the forum state. *Schwarzenegger, 374 F.3d at 801*. In evaluating the extent of a defendant's contacts, the Court considers whether the defendant mails, solicits, or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum state. *Bancroft & Masters, Inc., 223 F.3d at 1086*.

Defendant is a Florida corporation with its principal place of business in Florida. According to the sworn declaration of Nextrade CEO John Schaible, Nextrade owns no property in California, maintains no inventory, offices, agents, employees, vendors or suppliers in California. (Schaible Decl., P 3-5). Nextrade is not registered to conduct business in California. Although Plaintiff has the burden of establishing general jurisdiction, Plaintiff has asserted little to this effect, save allegations that Defendant has an accessible website and that Defendant [*6] "promotes and sells its products nationwide." (Opposition at 4). Given the paucity of Plaintiff's contentions concerning substantial activity between Nextrade and California, it is clear that Plaintiff's allegations fall well short of demonstrating the "'continuous and systematic' contacts that the Supreme Court and [the Ninth Circuit] have held to constitute sufficient presence' to warrant general jurisdiction." *Schwarzenegger, 374 F.3d at 801*.

**2. Specific Jurisdiction**

Having concluded that the Court does not have general jurisdiction over Defendant, the Court next examines Plaintiff's allegations through the analytical lens of specific jurisdiction. "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam B.V., 284 F.3d at 1123*. The Court applies a three-part test when assessing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the [*7] privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)*; *Bancroft & Masters, Inc., 223 F.3d at 1086 (9th Cir. 2000)*. The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger, 374 F.3d at 802*. If the plaintiff fails under either prong, the Court must find that personal jurisdiction does not exist in the forum state. *Id.* If the plaintiff satisfies both prongs, the burden shifts to the defendant to "present a compelling case" demonstrating that the exercise of jurisdiction would be unreasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 276-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)*).

Plaintiff, therefore, has the burden of showing that Defendant purposefully conducted, within the forum state of California, activities that involved the Pro-Trade mark. [*8] In support of this position, Plaintiff alleges that Defendant has an "interactive website, which directly promotes its products in California and allows California residents to download its Pro-Trade software." (Opposition at 6). Citing *Zippo Mfg. Co. v. Zippo DOT Com, 952 F. Supp. 1119, 1120-1121 (D. Pa. 1997)* and similar cases, Plaintiff argues that personal jurisdiction exists because Defendant's website is "designed to solicit customers in the forum." Plaintiff's reliance on *Zippo* is misplaced. Unlike *Zippo*, Plaintiff has provided the Court with only bare allegations of commercial activity in the forum state. [2] These contentions are contradicted by evidence from Nextrade that it does not conduct business in California, has received no requests from California residents to download its Pro-Trade software, does not target California residents with its website, and does not send direct mailings or unsolicited emails into California. *Id.* (Schaible, Supp. Decl. at PP 8, 11, 13). Plaintiff has established little more than the fact that Nextrade has a website which is viewable from within California. The mere fact that a defendant has a website which is accessible [*9] by residents in the forum state, without more, is insufficient to establish the necessary minimum contacts for specific personal jurisdiction. See, *Schwarzenegger, 374 F.3d at 801-802*.

2 Plaintiff has requested leave to conduct discovery on the issue of personal jurisdiction. Given that Plaintiff has failed to establish any indication that Defendant might be subject to the personal jurisdiction of this Court, the Court finds that discovery would create undue burden and cost for Defendant and would result in a waste of judicial resources. A plaintiff is not entitled to discovery without making a "colorable" showing of personal jurisdiction. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp., (7th Cir. 2000) 230 F3d 934, 946*. Since Plaintiff has not done so here, the Court denies Plaintiff's request to conduct discovery on the issue of personal jurisdiction.

Next, Plaintiff contends that Nextrade has distributed its products in California and [*10] that the Court has personal jurisdiction on this basis. However, nothing before the Court suggests that this is the case. To the contrary, Nextrade has declared that it does not have any dealers, distributors, or sales representatives in California, and has never received a request to download a trial version of its product from a California resident. (Schaible, Supp. Decl. at PP 6, 8). Accordingly, the Court finds that it does not have personal jurisdiction over Nextrade on this basis.

Finally, Plaintiff argues that even if Defendant has not sold products to California residents, other factors justify the existence of personal jurisdiction. Plaintiff asserts that Defendant has a "wholly owned subsidiary" in California called NexTrade, Inc., to which Defendant has "almost certainly licensed" its products. (Opposition at 8). Again, the record before the Court contradicts Plaintiff's allegations. It is clear from the evidence that the California corporation that Plaintiff asserts is Nextrade's "wholly owned subsidiary" is an unrelated corporation in an unrelated industry with a similar name. (Schaible, Supp. Decl. at P 5).

Plaintiff has failed to meet its burden in creating a prima-facie [*11] showing that Defendant has purposely availed himself of the forum state of California. Plaintiff's allegations of contacts between Nextrade and California are unsupported by the evidence. Accordingly, the Court cannot exercise personal jurisdiction over defendant and must dismiss this action.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. The clerk is directed to terminate any pending matters and to close the file.

**IT IS SO ORDERED.**

Dated: February 1, 2006

MARTIN J. JENKINS

UNITED STATES DISTRICT JUDGE