**Stephen S. Smith**
D: 310.785.6895
F: 310.201.2350
SSmith@GreenbergGlusker.com

# GREENBERG GLUSKER
The Counsel You Keep℠

September 4, 2008

<u>Via E-mail and U.S. Mail</u>

Warrington S. Parker III, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Re: *Facebook, Inc. v. StudiVZ*

Dear Mr. Parker:

I am responding to your letter of September 3, 2008.

Last Thursday, August 28, 2008, I spoke with Julio Avalos, and this Tuesday, September 2, 2008, I spoke with Neel Chatterjee about Facebook's request for expedited discovery with respect to personal jurisdiction. In both conversations, Mr. Avalos, Mr. Chatterjee and I agreed that it made more sense to take such discovery, if at all, *after* any motions to dismiss for lack of personal jurisdiction were filed because only then would the parameters of such discovery be defined. Indeed, as I told Mr. Chatterjee, Facebook may choose not to contest the motion to dismiss for lack of personal jurisdiction because of the defendants' totally non-existent ties to the United States, let alone the State of California. Moreover, I noted to Mr. Chatterjee that even if discovery is called for with respect to some of the defendants, the discovery will be different from one defendant to another. Accordingly, we *initially* agreed that it made more sense to take any such discovery only after any such motions were filed.

Mr. Chatterjee then insisted (incorrectly) that defendants were required to file any such motions within 20 days after the date I signed the waiver of service that he had prepared and sent to my client in Germany on July 24th. I pointed out to Mr. Chatterjee during the telephone call, and again in an email also dated September 2, 2008, that he was incorrect and that his own waiver of service provided on its face that the time to respond is 90 days from July 24, 2008 -- i.e., October 22, 2008.

After our call, Mr. Chatterjee presumably looked up the law and read his own waiver and now recognizes that he was wrong and that defendants, indeed, have until October 22, 2008 to respond to the complaint. So, not coincidentally, I now receive your demand that defendants stipulate to expedited discovery as to personal jurisdiction *before* any motion to dismiss is filed.

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610 | F: 310.553.0687

37106-00002/1654751.1

GreenbergGlusker.com

Dockets.Justia.com

     Simply put, your demand makes no sense. The waiver gives out-of-country defendants 90 days to respond to a complaint. That time is given so that the defendants can consider how and on what basis to respond. Although we currently believe that we may be moving to dismiss on personal jurisdiction grounds as to each defendant, that decision is not final. We have not completed our investigation as to the factual and legal basis for such a motion for each defendant. We have 90 days to do that. We do not intend to be rushed to make a decision in less time than we are otherwise provided under law and under the terms of the waiver your office drafted and asked us to sign. Moreover, we cannot know the reasonable parameters of any personal jurisdiction discovery until we know the basis upon which we intend to move. So although we *may* be amendable to engaging in expedited discovery on the personal jurisdiction issue when and if that issue is raised by any particular defendant in a motion to dismiss for lack of personal jurisdiction that *may* be filed between now and October 22, 2008, we will not do so before then.

                Sincerely,

                Stephen S. Smith