**GREENBERG GLUSKER**
The Counsel You Keep™

Stephen S. Smith
D: 310.785.6895
F: 310.201.2350
SSmith@GreenbergGlusker.com

September 18, 2008

<u>Via E-mail and U.S. Mail</u>

Warrington S. Parker III, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Re: <u>Facebook, Inc. v. StudiVZ</u>

Dear Mr. Parker:

In preparing our opposition to Facebook's motion for expedited discovery regarding personal jurisdiction, it struck me that the parties should be able to reach a reasonable accommodation without the need for court intervention (at least at this time). We agree that some amount of discovery related to personal jurisdiction with respect to at least one of the defendants may be appropriate. However, that discovery should be narrowly tailored to address the relevant facts that are in dispute; the scope of such discovery should be decided only once the parties know what facts are actually in dispute, i.e., after the other three defendants have either moved to dismiss for lack of personal jurisdiction or not and, if so, stated the basis for its/their motion(s). Accordingly, I propose the following:

1. The currently pending motion for expedited discovery shall be taken off calendar without prejudice;

2. Within 5 days of each defendant's response to the complaint, we meet and confer regarding the appropriate scope of personal jurisdiction discovery to be taken, if any, and commence such discovery immediately thereafter;

3. If there remain issues we cannot agree on, those issues shall be submitted to the Magistrate Judge to be heard on a reasonable shortened notice;

4. Defendants shall set (or continue) the hearing dates on any motions to dismiss for lack of personal jurisdiction far enough out to allow the discovery to be completed and included in Facebook's opposition to the motion(s); and

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610 | F: 310.553.0687

GreenbergGlusker.com

37106-00002/1656511.1

5. In the interim the remainder of the case, including other discovery, would be stayed.

Also, as you know, we have discussed the possibility of Facebook simply dismissing VGH from the case without prejudice. As I have advised you, and as you can see from our motion papers, there is simply no basis for suing VGH at all, and there is certainly no jurisdiction over VGH here. Therefore, I again strongly encourage Facebook to simply dismiss VGH as soon as possible in order to avoid unnecessary expense and a waste of the Court's, and attorney, time.

Please let me know as soon as possible whether Facebook agrees with this suggested solution, as our opposition is due Tuesday, September 23, 2008.

Very truly yours,

Stephen S. Smith

SSS:nll