# EXHIBIT 2

Dockets.Justia.com

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     STUDIVZ LTD.

SET NUMBER:     ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I. GENERAL OBJECTIONS

A.     StudiVZ objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.     StudiVZ objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.     StudiVZ objects to the Interrogatories to the extent that they would require violation of the privacy rights of its employees and customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.     StudiVZ objects to the Interrogatories on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

representing it acting on its behalf, OR purporting to act on its behalf, including

without limitation, Ehassan Dariani and Dennis Bemman." This is improperly

overbroad generally and is particularly so given that the discovery purports to relate

to personal jurisdiction, since in establishing jurisdiction discovery must be directed

only at the party over whom jurisdiction is being asserted.

E.     StudiVZ objects to the Interrogatories to the extent they seek

information that is protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, the right of privacy and/or any other applicable

privileges, doctrines, or immunity from disclosure.

F.     StudiVZ further objects to the Interrogatories to the extent they

attempt or purport to impose obligations on StudiVZ beyond those set forth in the

Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on

the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

Convention") as interpreted and enforced under German law. All definitions and

instructions will be treated as having no force or effect to the extent they purport to

impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil

Procedure or the Hague Evidence Convention as interpreted and enforced under

German law.

## SPECIAL INTERROGATORY NO. 1:

Describe in detail AND IDENTIFY ALL contacts AND

COMMUNICATIONS YOU have had with PERSONS (including without

limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

formerly residing OR domiciled in California. In doing so, IDENTIFY the

PERSONS contacted, the location AND time where any such contact OR event

occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that

were owed to StudiVZ by a known California resident.

Also, as of July 18, 2008, StudiVZ did not have any accounts payable that were owed by StudiVZ to a known California resident.

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with businesses (including without limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc., server providers, advertising agencies, advertisers, Internet service providers, computer equipment providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to contacts

or communications that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that were owed to StudiVZ by a known California resident.

Also, as of July 18, 2008, StudiVZ did not have any accounts payable that were owed by StudiVZ to a known California resident.

**SPECIAL INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

To the best of StudiVZ's current knowledge, StudiVZ has never directed any advertising or marketing materials specifically to students, colleges or universities located in California.

**SPECIAL INTERROGATORY NO. 4:**

Describe in detail AND IDENTIFY ALL of YOUR trips to California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to trips, contacts or communications that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

The only travel of which StudiVZ is aware that was taken by an officer, director or employee of StudiVZ to California that was related to that officer's, director's or employee's work for StudiVZ is as follows: in 2006 Ehssan Dariani, Dennis Bemmann and Michael Brehm went together to California to negotiate with Facebook and another U.S. company about a proposed purchase of studiVZ. At the end of 2006, Michael Brehm visited Facebook in California one more time, this time by himself, in connection with those same negotiations with Facebook concerning Facebook's proposed purchase of StudiVZ. In 2008, Dennis Bemmann visited California for due diligence purposes during another attempt by Facebook to buy StudiVZ.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY, on a monthly basis, how many USERS OF STUDIVZ have been

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   registered at the www.studivz.net website, the www.meinvz.net website, the

2   www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website,

3   the www.studentix.pl website AND the www.schuelervz.net website since October

4   2005, AND how many of those USERS OF STUDIVZ are residents of, OR

5   PERSONS domiciled in, California.

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

7       StudiVZ hereby incorporates by reference the general objections set forth

8   above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

9   is not entitled to take discovery on personal jurisdiction as a matter of right. In

10  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

11  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

12  Facebook has done neither. StudiVZ further objects to this interrogatory on the

13  grounds that it is overbroad as to time.

14      Notwithstanding the foregoing objections, and pursuant to agreements

15  reached during the parties' "meet and confer," StudiVZ responds as follows:

16      StudiVZ cannot go back into time to search its user records to determine on

17  any given date the number of users it has who are residents of California or who

18  have identified some affiliation with a California college or university. It can only

19  conduct such a search on a then-current basis. StudiVZ conducted two such

20  searches in October 2008 in connection with its then-anticipated motion to dismiss,

21  which has since been filed. The first was conducted on or about October 14, 2008.

22  At that time, there were a total of 11,628,863 users of all StudiVZ Websites. Only

23  10,272 of those users had identified themselves as being affiliated with California

24  or a California-located university. Specifically, out of the 5,509,971 registered

25  users of the StudiVZ- branded sites, only 8,547 identified themselves as affiliated

26  with universities located in California. Out of the 4,396,184 registered users of the

27  SchuelerVZ-branded sites, only 122 identified themselves as being located in

28  California. Out of the 1,722,708 registered users of the MeinVZ-branded sites,

only 1,603 identified themselves as being located in California.

The second search was done on or about October 22, 2008. At that time, there were a total of 11,768,965 users of all StudiVZ Websites. Only 11,013 of those users had identified themselves as being affiliated with California or a California-located university. Specifically, out of the 5,534,300 registered users of the StudiVZ-branded sites, only 9,144 had identified themselves as affiliated with universities located in California. Out of the 4,443,708 registered users of the SchuelerVZ-branded sites, only 122 identified themselves as being located in California. Out of the 1,790,957 registered users of the MeinVZ-branded sites, only 1,747 identified themselves as being located in California.

## SPECIAL INTERROGATORY NO. 6:

IDENTIFY the number AND amount of accounts receivable owed YOU by PERSONS that, OR who are, California residents OR PERSONS domiciled in California. In doing so, IDENTIFY the goods AND services for which the individual accounts receivable are owed.

## RESPONSE TO SPECIAL INTERROGATORY NO. 6:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is compound.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

As of July 18, 2008, StudiVZ did not have any accounts receivable that were

owed to StudiVZ by a known California resident.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY ALL instances in which YOU have been in California, including without limitation, business trips OR recreational trips; living, residing OR domiciling in California; AND flying OR driving to OR through California. In doing so, IDENTIFY the dates of ALL occurrences AND the length of the stay in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to instances that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

The only travel of which StudiVZ is aware that was taken by an officer, director or employee of StudiVZ to California that was related to that officer's, director's or employee's work for StudiVZ is as follows: in 2006 Ehssan Dariani,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Dennis Bemmann and Michael Brehm went together to California to negotiate with Facebook and another U.S. company about a proposed purchase of studiVZ. At the end of 2006, Michael Brehm visited Facebook in California one more time, this time by himself, in connection with those same negotiations with Facebook concerning Facebook's proposed purchase of StudiVZ. In 2008, Dennis Bemmann visited California for due diligence purposes during another attempt by Facebook to buy StudiVZ.

## SPECIAL INTERROGATORY NO. 8:

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 8:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

As of July 18, 2008, StudiVZ owned no real or personal property located in California.

## SPECIAL INTERROGATORY NO. 9:

IDENTIFY ALL contracts AND agreements involving YOU in which

California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed the website, www.facebook.com OR www.thefacebook.com, AND the purposes of each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of StudiVZ's business.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ had no licenses or registrations to do business in California as of July 18, 2008.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities, officers, OR personnel were located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

On information and belief, Ehssan Dariani, StudiVZ's then CEO, and Dennis Bemmann knew that Facebook was a California company sometime in 2005.

37106-00002/1668921.3

15

**SPECIAL INTERROGATORY NO. 13:**

IDENTIFY the services provided through the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website to USERS OF STUDIVZ, including without limitation, how the services are provided.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that it is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ operates three groups of "social networking" websites aimed at German-speaking Europe, called "StudiVZ," "MeinVZ" and "SchuelerVZ." The specific names of the sites within each group vary slightly from country to country, because of the differences in language from country to country, but are each an interpretation of "Studi," "Mein" and "Schueler." The site with the largest number of users is StudiVZ. The site with the most traffic is SchülerVZ. StudiVZ's social networking sites are platforms that are made available to subscribers over the Internet to allow those subscribers to create their own unique personal profiles containing information about themselves, photographs of themselves, their families

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and their friends, and other data. Users then typically share these data with friends and family who are also subscribers to the site, and with others on the site who have similar interests and backgrounds. All of StudiVZ's operations are located in Germany, and its single office and headquarters are in Berlin, Germany. The first of StudiVZ's sites, studivz.net, was formed in Berlin, Germany in 2005 by two young German citizens. Its target group was, and remains, university students in Germany, Austria and Switzerland. StudiVZ.net engaged in direct, person-to-person marketing on German university campuses to advertise itself and to seek subscribers. It has also engaged in marketing activities in Austria, Switzerland, France, Poland, Italy, Spain and Latin America. It has never at any time engaged in such marketing, or indeed any other type of marketing or advertising, in, or that is directed to, the United States in general or to California in particular. StudiVZ also has small French, Italian, Polish and Spanish social networking sites that target university students in French, Italian, Polish and Spanish-speaking countries. StudiVZ's French, Italian, Polish and Spanish social networking sites target neither the United States in general nor California in particular, and none of these sites markets or advertises in either the United States in general or California in particular. None of the StudiVZ-branded sites is available in English. Later, StudiVZ formed in Germany the social networking site "SchuelerVZ." This site, at schuelervz.net, targets pupils and teenagers before they begin attending a university, and focuses only on Germany, Austria and Switzerland. SchuelerVZ has also never engaged in any marketing or advertising in, or that is directed to, either the United States in general or California in particular. SchuelerVZ is also not available in English. In 2008, StudiVZ launched its third social networking site, "MeinVZ," at meinvz.net. MeinVZ is a social networking site for adults, including those who have graduated from a university. MeinVZ has also never engaged in any marketing or advertising in, or that is directed to, either the United States in general or California in particular. All but one of MeinVZ's sites are in

37106-00002/1668921.3

17

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

non-English languages. The one English language site was launched in February 2008 and it represents less than 1% of MeinVZ's total user traffic. That site was created in order to provide a platform for users who speak different, non-English languages to network with each other using a secondary language that is commonly understood between them. Because English is the most commonly understood, non-native language in continental Europe, it serves as a "lingua franca" for people of diverse speech. The English-language site was not created to attract native English speakers, let alone Americans or Californians. The English used on the English-language version of MeinVZ is British English, not American English, and the consultant who was hired to translate MeinVZ's German site into English is a British citizen living in Berlin. As to all of the StudiVZ sites, the users initiate the contact with the sites, and the users sign up on the sites. As noted above, the only targeted solicitation undertaken by StudiVZ was on university campuses in Germany, Austria and Switzerland for studivz.net, and the only marketing activities occurred in Germany, Austria, Switzerland, France, Poland, Italy, Spain and Latin America. All of StudiVZ's sites are provided free of charge to the users. All of the sites are utilized by the subscribers, in the manner described above, solely as a conduit for the subscribers to interact and to network with each other.

StudiVZ is currently in the process of closing down all of its international, i.e., non-German speaking country, websites and expects that process to be completed soon.

## SPECIAL INTERROGATORY NO. 14:

IDENTIFY ALL USERS OF FACEBOOK employed by OR formerly employed by YOU, including without limitation, any PERSONS who are OR were full-time or part-time employees, independent contractors or agents of YOU, AND their respective email addresses.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## RESPONSE TO SPECIAL INTERROGATORY NO. 14:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## SPECIAL INTERROGATORY NO. 15:

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

## RESPONSE TO SPECIAL INTERROGATORY NO. 15:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to

1 lead to the discovery of admissible evidence.

2    Notwithstanding the foregoing objections, and pursuant to agreements

3 reached during the parties' "meet and confer," StudiVZ responds as follows:

4    StudiVZ is concurrently producing to Facebook two partial organizational

5 charts, showing the employees who were the heads of the company departments in

6 charge of design, programming, operations and marketing as of July 18, 2008 and

7 January 1, 2009. Those charts are attached hereto and incorporated herein as

8 Exhibit "A."

9

10 **SPECIAL INTERROGATORY NO. 16:**

11    IDENTIFY ALL PERSONS responsible in any manner for the design,

12 programming and maintenance of the www.studivz.net website, the

13 www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website,

14 the www.estudiln.net website, the www.studentix.pl website AND the

15 www.schuelervz.net website, including without limitation, the location of the

16 PERSON, job descriptions, authorities, dates in these positions, duties, AND

17 responsibilities.

18 **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

19    StudiVZ hereby incorporates by reference the general objections set forth

20 above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

21 is not entitled to take discovery on personal jurisdiction as a matter of right. In

22 order to do so, Facebook must either make a *prima facie* showing of jurisdiction

23 over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

24 Facebook has done neither. StudiVZ further objects to this interrogatory on the

25 grounds that it is unlimited as to time, and is so overbroad as to be unduly

26 burdensome and harassing. StudiVZ further objects to this interrogatory on the

27 grounds that it seeks information that is not relevant nor reasonably calculated to

28 lead to the discovery of admissible evidence.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ is concurrently producing to Facebook two partial organizational charts, showing the employees who were the heads of the company departments in charge of design, programming, operations and marketing as of July 18, 2008 and January 1, 2009. Those charts are attached hereto and incorporated herein as Exhibit "A."

## SPECIAL INTERROGATORY NO. 17:

IDENTIFY current AND former directors, officers, employees, AND agents of STUDIVZ, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

## RESPONSE TO SPECIAL INTERROGATORY NO. 17:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ is concurrently producing to Facebook two partial organizational charts, showing the employees who were the heads of the company departments in

37106-00002/1668921.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

charge of design, programming, operations and marketing as of July 18, 2008 and January 1, 2009. Those charts are attached hereto and incorporated herein as Exhibit "A." In addition, the current directors of StudiVZ are as follows: the Managing Directors are Clemens Riedl, Michael Brehm and Dennis Bemmann, and the Non-Executive Directors are Konstantin Urban, Michael Weber and Claas van Delden.

## SPECIAL INTERROGATORY NO. 18:

IDENTIFY ALL of YOUR advertising, promotions, AND marketing activities directed, at least in part, at California residents.

## RESPONSE TO SPECIAL INTERROGATORY NO. 18:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to activities that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ has never directed any advertisements or other marketing materials specifically to students, colleges or universities located in California or other people

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

who reside in California.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY ALL of YOUR business relationships with, OR financial interests in, businesses currently OR formerly incorporated, licensed, located, based, OR with facilities OR offices located in California, including without limitation, the nature of each relationship, the IDENTIFY of each business, AND whether each business is incorporated, licensed, located, based OR has facilities OR offices located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is vague and ambiguous as to the term "business relationships." StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to relationships or interests within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ did not own, as of July 18, 2008, any California resident companies

37106-00002/1668921.3

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

or businesses.

**SPECIAL INTERROGATORY NO. 20:**

IDENTIFY ALL reasons why defending this lawsuit in California would burden YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ is a U.K. limited liability company with its principal place of business in Germany. All of StudiVZ's operations are located in Germany, and its single office and headquarters are in Berlin, Germany. The first of the StudiVZ Websites, studivz.net, was formed in Berlin, Germany in 2005 by two young German citizens. Its target group was, and remains, university students in Germany, Austria and Switzerland. StudiVZ has never at any time engaged in any type of marketing or advertising in, or that is directed to, the United States or other English speaking countries in general or to California in particular. None of StudiVZ's websites target either users in the United States in general nor California in particular. None of the StudiVZ-branded websites is available in English. StudiVZ has also formed, in Germany, the social networking site "SchuelerVZ." This site, at schuelervz.net, targets pupils and teenagers before they begin attending a university, and focuses solely on Germany. SchuelerVZ has also never engaged

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 | in any marketing or advertising in, or that is directed to, either the United States in
2 | general or California in particular. SchuelerVZ is also not available in English.

3 | In 2008, StudiVZ launched its third social networking site, MeinVZ, at
4 | meinvz.net. MeinVZ is a social networking site for adults, including those who
5 | have graduated from a university. MeinVZ has also never engaged in
6 | any marketing or advertising in, or that is directed to, either the United States in
7 | general or California in particular. All but one of MeinVZ's sites are in non-
8 | English languages. The one English language site was launched in February 2008
9 | and represents less than 1% of MeinVZ's total user traffic. That site was created in
10 | order to provide a platform for users who speak *different, non-English* languages to
11 | network with each other using a secondary language that is commonly understood
12 | between them. Because English is the most commonly understood, non-native
13 | language in continental Europe, it serves as a "lingua franca" for people of diverse
14 | speech. The English-language site was not created to attract native English
15 | speakers, let alone Americans or Californians. The English used is British English,
16 | not American English, and the consultant who was hired to translate MeinVZ's
17 | German site into English is a British citizen living in Berlin.

18 | Like most other internet sites on the "World Wide Web," the StudiVZ
19 | Websites may be accessed by California residents, just as they may be accessed by
20 | residents of Iceland, New Zealand or Japan. But the sites are not directed at or
21 | marketed to the United States, let alone California.

22 | As of October 22, 2008, there were a total of 11,768,965 current users of all
23 | of the StudiVZ Websites. Only 11,013 of those users, or *less than a tenth of one*
24 | *percent* (0.094%) have identified themselves as being affiliated with California or a
25 | California-located university. Specifically, out of the 5,534,300 registered users of
26 | the StudiVZ- branded sites, only 9,144 – 0.1652% – have identified themselves as
27 | affiliated with universities located in California. Out of the 4,443,708 registered
28 | users of the SchuelerVZ-branded sites, only 122 – 0.0027% – identify themselves

as being located in California. Out of the 1,790,957 registered users of the MeinVZ-branded sites, only 1,747 – 0.098% – identify themselves as being located in California.

StudiVZ does not direct its activities to California residents. It is not registered or qualified to do business in California. It does not have any officers, directors, employees or independent contractors based in California. It does not have a California agent for service of process.

StudiVZ has a single office in Berlin, Germany. It has no offices or facilities in California, nor does it have any telephone or facsimile listings or mailing addresses in California.

None of StudiVZ's officers, directors or employees reside or are domiciled in California. No meetings of its management board or equity holders have been held in California.

StudiVZ does not maintain any books or records in California. It has no bank accounts or other tangible personal or real property in California. It has no sales in California, has had no California income and has not paid any California income taxes.

Germany is an adequate, available alternative forum and, indeed, is a much better forum than California. Most obviously, all of the conduct allegedly engaged in by StudiVZ was engaged in from Germany, by German residents. Those actors communicated predominantly in German. German is their native language and the vast majority of the written documents related to this action are in German.

Facebook has known since June 2006 that German law recognizes and provides remedies for its claims. Facebook's German counsel researched the law applicable to Facebook's claims and then, on June 8, 2006, sent a demand letter in German asserting claims exclusively under German law to StudiVZ in Germany. Then, again, on January 3, 2007, Facebook's German lawyers sent another demand letter in German to StudiVZ in Germany, again raising claims exclusively under

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  German law.

2    Because those letters threatened litigation, including injunctive relief,

3  StudiVZ filed "Schutzschriften" (precautionary defense/opposition briefs, evidence

4  and offers of proof) in the district courts of Berlin and Hamburg on June 21, 2006

5  in response to Facebook's June 8, 2006 demand letter, and on January 12, 2007 in

6  the district courts of Berlin, Hamburg and Stuttgart in response to Facebook's

7  January 3, 2007 demand letter. The "Schutzschriften" are essentially oppositions to

8  potential/anticipated complaints and motions seeking injunctive relief, and include

9  evidence, and offers of additional proof such as the testimony of specific witnesses.

10  The Schutzschriften are only "triggered", however, if the plaintiff actually initiates

11  actions in German court seeking such relief. Although Facebook did not initiate

12  any such actions at the time, the Schutzschriften/oppositions to the motions that

13  Facebook threatened to file were formally filed in court in Germany long ago.

14    The claims raised by Facebook's German lawyers in the June 8, 2006 and

15  January 3, 2007 demand letters were raised pursuant to German law, but were based

16  on the same facts that Facebook now alleges give rise to the claims raised in the

17  instant lawsuit – that StudiVZ committed wrongs by copying the look and feel of

18  Facebook's website.

19    After Ventures and Networks became equity holders in StudiVZ in August

20  2006 and October 2007, Facebook sought to negotiate to purchase Ventures' and

21  Networks' ownership interests in StudiVZ. Those negotiations took place in the

22  Spring of 2008.

23    Just after those negotiations broke down, on July 9, 2008, Facebook wrote a

24  demand letter to Networks and Ventures, threatening to sue based on the exact

25  same types of claims that Facebook had raised in *Germany* in June 2006 and

26  January 2007.

27    Because Germany is clearly the more appropriate forum for the resolutions of

28  such disputes, on July 18, 2008, StudiVZ filed a declaratory relief action against

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Facebook in Stuttgart, Germany (the "Stuttgart Action"). In the Stuttgart Action, StudiVZ seeks a declaratory judgment that it has not engaged in the wrongful conduct alleged by Facebook in its three prior demand letters. On that same day, Facebook filed the present action, alleging the same claims that it asserted in June 2006, January 2007 and July 2008.

Germany is the principal if not exclusive location of the acts alleged by Facebook in its complaint. The conduct allegedly engaged in by StudizVZ is alleged to have taken place in Germany and Europe. Facebook affirmatively alleges that the harm it has supposedly suffered has been suffered in Germany and other parts of Europe. All of the people who could have possibly engaged in the conduct alleged by Facebook are located in Germany. Those witnesses speak German as their native language. Most would require translators to testify in a United States legal proceeding. Nearly all of the documents related to the claims alleged by Facebook are located in Germany. The vast majority of those documents are written in the German language, thus requiring huge translation costs to be used in a United States legal proceeding.

Facebook has appeared in the Stuttgart Action. The first trial hearing in the German Action took place on December 16, 2008.

At the same time that Facebook filed its response in the Stuttgart Action, it also initiated its own, affirmative action against StudiVZ in Cologne, Germany (the "Cologne Action"). The complaint in the Cologne Action includes within it all of the facts alleged in this US action, plus additional facts related to Facebook's claims. Although the law cited is different than in this action (i.e., German law instead of U.S. law), the acts and injuries complained of are the same.

The Cologne action was expressly incorporated into Facebook's response in the Stuttgart action. Thus, there are now pending in Germany two separate actions that encompass within them everything that is alleged in the instant action, plus additional alleged facts and injuries. The German courts are fully empowered to

decide the issues alleged in those two German actions under German law and United States and California law. Given that 99% of the conduct alleged and harm allegedly suffered took place in Germany, that all of the alleged bad actors are residents of Germany, that all of the documents in the allegedly bad actor's possessions are located in Germany and are written in German, it makes much more sense and would be much more convenient for everyone involved to have all issues in dispute litigated in Germany than in California or the United States.

It is also the case that personal jurisdiction cannot be maintained over StudiVZ (and the other defendants) in the United States, whereas there is no dispute that all parties are subject to personal jurisdiction in Germany.

Finally, the parties should not be forced to litigate the exact same dispute and issues in two different, parallel proceedings at the same time. It is terribly inefficient and expensive, wastes judicial resources, and leads to the distinct possibility of conflicting orders, judgments, etc. StudiVZ must retain two sets of lawyers -- one in the United States and one in Germany. It must pay for the translation of all its documents, either by literally translating them or by spending a tremendous amount of billable time explaining what each document means to its American, non-German-speaking counsel. The depositions of the defense witnesses will all take place in Germany, necessitating huge amounts of travel expenses and travel time billed by the lawyers. The depositions will take longer than would otherwise be necessary because of the need for interpreters whenever the witness is unable to testify in English, which will be the case to varying degrees for each defense witness. As to every relevant consideration, this U.S. action is by far the more inconvenient forum.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY the ownership of STUDIVZ, including without limitation, PERSON'S names, amounts they contributed OR invested, AND their percent

ownership OR control (including without limitation, Capital Contributions, Percent Interest, Equity Units, Non-equity Units, Voting Units) on a by-PERSON basis.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "STUDIVZ" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

Holtzbrinck Networks GmbH ("Networks") and Holtzbrinck Ventures GmbH ("Ventures") own respectively 85% and 15% of StudiVZ.

**SPECIAL INTERROGATORY NO. 22:**

IDENTIFY the location of YOUR offices, facilities, server/equipment locations.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   StudiVZ's offices are in Berlin, Germany. It is a United Kingdom limited

2   liability company and therefore maintains an office address in the United Kingdom.

3   But that U.K. office has nothing to do with the operations of the company.

4   StudiVZ's servers and equipment are located primarily in Berlin, Germany, but

5   some are also in other cities in Germany.

6

7   **SPECIAL INTERROGATORY NO. 23:**

8      IDENTIFY ALL universities, colleges AND institutes of higher learning

9   located in California at which STUDIVZ provides OR provided services including

10  without imitation, access to the www.studivz.net website, the www.meinvz.net

11  website, the www.studiqg.fr website, the www.studiln.it website, the

12  www.estudiln.net website, the www.studentix.pl website AND the

13  www.schuelervz.net website, including without limitation University of California

14  (all campuses), California State University (all campuses), as well as the USERS

15  OF STUDIVZ using email domains (*e.g.*, name@stanford.edu) from those

16  universities, colleges, high schools AND institutes of higher learning.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

18     StudiVZ hereby incorporates by reference the general objections set forth

19  above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

20  is not entitled to take discovery on personal jurisdiction as a matter of right. In

21  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

22  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

23  Facebook has done neither. StudiVZ further objects to this interrogatory on the

24  grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further

25  objects to this interrogatory on the grounds that it is compound and exceeds

26  Facebook's 30 allowed interrogatories. StudiVZ further objects to this

27  interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to

28  be unduly burdensome and harassing. StudiVZ further objects to this interrogatory

on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ's websites are accessible from any and all colleges, universities and institutions of higher learning that provide internet access all over the world, including California. But StudiVZ does not specifically target its activities at colleges, universities or institutes of higher learning in California.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH
WILLIAM M. WALKER
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# VERIFICATION

I, Michael Brehm, declare as follows:

I have read the foregoing "STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein.  I am the Chief Operating Officer of StudiVZ, Ltd.  The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Berlin, Germany on December 2 4, 2008.

Michael Brehm

33

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒ by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**                    Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.   **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒        As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐        I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____

_Nancy L. Luis_
SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

---

**PROOF OF SERVICE**

37106-00002/1664763.1