I. NEEL CHATTERJEE (State Bar No. 173985)
  nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
  javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone:     +1-949-567-6700
Facsimile:     949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25, <br><br> Defendants. | Case No. 5:08-cv-03468 JF <br><br> **DECLARATION OF THOMAS J. GRAY IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO ENLARGE TIME** |

I, Thomas J. Gray, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Opposition to Defendants' Motions to Dismiss and Facebook's Motion to Enlarge Time Pursuant to Civil L.R. 6-3. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On January 6, 2008, I, along with my associate Julio Avalos, participated in a meet and confer with counsel for Defendants. Defendants were represented by Mr. Stephen S. Smith and his partner William Walker. Near the end of the meeting, I raised the issue of Facebook's upcoming January 16 deadline to oppose Defendants' motions to dismiss. I stated that it appeared unlikely that Facebook would receive the personal jurisdiction discovery that it sought prior to January 16 and that the parties should agree to take the hearing for Defendants' motions off calendar. Mr. Smith responded that he agreed to take the hearing off calendar for defendant StudiVZ, but would prefer not to so with respect to the Holtzbrinck defendants. He would agree to a continuance of a few weeks, but would not take the hearing off calendar because, he said, "I'm still hopeful that you guys will agree to voluntarily dismiss them. I'd agree to doing it without prejudice like we did for the other Holtzbrinck defendant. If you guys find out something later on, you'd be free to add them again, but for now my goal is to get them voluntarily dismissed without producing any discovery. I don't think they should be part of this case." I responded that I would prefer to take the Holtzbrinck Defendants' motions to dismiss hearing off calendar as well, but that the parties would talk about it again. Before closing, I asked for confirmation that from Mr. Smith that he would agree to take StudiVZ's motion off calendar and grant a few week continuance with respect to the Holtzbrinck defendants' motion. Mr. Smith stated, "That's right, but just a few weeks, two or three weeks."

3. Also during the January 6, 2009 meet and confer, during a discussion of the then upcoming depositions of Messrs. Brehm and Weber, I asked Mr. Smith if the witnesses would need interpreters. He stated that they spoke fluent English, but that it would be good to have an

interpreter for an occasional word or two. It was clear that the interpreter would not be needed for the entirety of the depositions and that the depositions would not be unduly delayed because of the language issue.

4. In reliance on these representations, Facebook did not move to continue its deadline to oppose Defendants' motions to dismiss.

5. On January 13, 2009, three days before Facebook's deadline to oppose Defendants' motions to dismiss, counsel for the parties had a telephone conversation in which Defendants' counsel told me that that Defendants would agree to a continuance of the hearing on the Holtzbrinck Defendants' motion to dismiss only if Facebook agreed to "bifurcate" Defendants' *forum non conveniens* arguments from Defendants' personal jurisdiction arguments. Mr. Smith had never previously raised this proposal before. Indeed, at the January 6 meet and confer, Mr. Smith had agreed to take StudiVZ's motion off calendar and said that he would grant Facebook a continuance of two or three weeks to oppose the Holtzbrinck Defendants' motion. The next day, I called Mr. Smith. We were unable to reach an agreement with respect to Defendants' new proposal. Mr. Smith then cursed at me, stated that he no longer agreed to continue any of Defendants' oppositions or the February 13 hearing, and said that Facebook would have to file its oppositions on the deadline of January 16, 2009 – just two days later.

6. Facebook has been forced to draft its Opposition to Defendants' Motions to Dismiss without any discovery relating to Facebook's jurisdictional and forum theories.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of January, at Menlo Park, California.

/s/ Thomas J. Gray /s/
THOMAS J. GRAY

OHS West:260583001.1                    -3-            DECLARATION OF THOMAS J. GRAY
                                                            No. 5:08-CV-03468 JF

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 17, 2009.

Dated: January 17, 2009                     Respectfully submitted,

                                              /s/ Julio C. Avalos /s/
                                                 Julio C. Avalos