1  STEPHEN S. SMITH (SBN 166539)
   SSmith@GreenbergGlusker.com
2  WILLIAM M. WALKER (SBN 145559)
   WWalker@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
   CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
   Attorneys for Defendant
7  studiVZ Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **PARTIAL OPPOSITION OF STUDIVZ TO FACEBOOK'S MOTION TO ENLARGE TIME** <br><br> [Declaration of Stephen S. Smith and exhibits thereto concurrently filed] <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1673452.3

PARTIAL OPPOSITION OF STUDIVZ TO FACEBOOK, INC.'S MOTION TO ENLARGE TIME

## I. INTRODUCTION

Most of Facebook's motion was totally unnecessary. StudiVZ offered to stipulate to Facebook's request to enlarge time on the personal jurisdiction portion of StudiVZ's motion to dismiss. As Facebook's own counsel represented to the Court on December 16, 2008, the parties "have largely been able to work out every [discovery] issue." (Ex. A to Avalos Decl. at pages 5-6 of 28) (Reporter's Transcript ["RT"] at 4:23-5:4) (Docket No. 78-2). There remain "very few issues," which relate only to personal jurisdiction discovery directed to StudiVZ. Since there are no open discovery issues regarding *forum non conveniens*, the Court should leave that portion of StudiVZ's motion to dismiss on calendar for February 13, 2009, and should continue only the personal jurisdiction portion of that motion.[1]

## II. A COURT MAY CONSIDER *FORUM NON CONVENIENS* BEFORE PERSONAL JURISDICTION.

In Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Co. Ltd., 549 U.S. 422, 127 S.Ct. 1184, 1188 (2007), the United States Supreme Court unanimously held:

> "We hold that a district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."

In that case, the plaintiff sued a Chinese defendant in the Eastern District of Pennsylvania. The defendant moved to dismiss for, *inter alia*, lack of personal jurisdiction and *forum non conveniens*. The District Court "conjectured" that "limited discovery might reveal that [the defendant's] national contacts sufficed to establish personal jurisdiction . . . ." Id. at 1189. However, the district court did not permit such discovery because it concluded that the case should be dismissed on *forum non conveniens* grounds. Id. The Third Circuit reversed, holding that jurisdiction had to

---

[1] There are also no open discovery issues regarding the Holtzbrinck defendants. Therefore, the Holtzbrinck defendants are filing a separate opposition to the motion to enlarge time, asking the Court to leave the hearing date of their motion on calendar for February 13, 2009.

be decided first. The Supreme Court reversed, holding that the case was a "textbook case for immediate *forum non conveniens* dismissal" in large part because "[d]iscovery concerning personal jurisdiction would have burdened [the defendant] with expense and delay. And all to scant purpose." Id. at 1194.[2] "[W]here . . . personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." Id.

## III. THE HOLDING IN *SINOCHEM* APPLIES HERE.

Facebook and StudiVZ agree that there is an open dispute as to the proper scope of personal jurisdiction discovery as to StudiVZ. But Facebook grossly mischaracterizes the nature and breadth of that issue.

### A. The Parties Have "Largely Been Able to Work Out Every Issue."

Facebook broadly accuses "Defendants" of continuing to "stubbornly refuse to produce discovery." (Mot. at 4:7-8) (Docket No. 77). Yet, at the December 16, 2008 hearing, Facebook represented to the Court as follows:

> "We have largely been able to work out every issue, and there remain, I believe, Your Honor, very few issues that would come back before this court in the context of further dispute about a burden versus relevance analysis, whether it be for personal jurisdiction or merits purposes."

(Ex. A to Avalos Decl. at page 5-6 of 28 [RT at 4:23-5:4]). Defendants largely agreed with that assessment. (Id. at page 9-12 of 28 [RT at 8:4-12:8]).[3]

Indeed, during meet and confer, Defendants agreed to produce, and then did produce, almost all of what Facebook demanded. The Holtzbrinck defendants served supplemental interrogatory responses, and Facebook has raised no complaint to them. Facebook withdrew its document demands directed at the Holtzbrinck defendants in return for the Holtzbrinck defendants' agreement to produce a limited category of

---

[2] The Court also noted that there were, just as there are here, proceedings already pending in the alternative forum. Sinochem, supra, 127 S.Ct. at 1194.

[3] This portion of the Reporter's Transcript also makes clear that the motion for protective order was withdrawn because the parties had, since the filing of that motion, come to agreement on almost "every issue." Facebook's argument that defendants were "required" to withdraw it (Mot. at 3:10) is incorrect.

37106-00002/1673452.3         2

1  documents, which they have now produced.  Again, Facebook raised no complaint.
2  And StudiVZ has served supplemental interrogatory and document responses, the
3  vast majority of which Facebook has said nothing about.  Indeed, in the last series of
4  meet and confer conversations and letters, Facebook mentioned only StudiVZ
5  interrogatories 10 and 14-16 and StudiVZ document demands 14, 16, 23, 25, 27-30.
6  (Smith Decl. ¶¶ 4-5).   That is only 6% of the total interrogatories served on all
7  defendants (4 out of 69) and 9% of the total document demands served on all
8  defendants (8 out of 90).  (Smith Decl. ¶ 2).

### B. While the Remaining Disagreements Are Few, They are *Important* and Relate Solely to StudiVZ and Solely to Personal Jurisdiction.

StudiVZ is willing to stipulate to continue the personal jurisdiction portion of its motion to dismiss only because the disagreement as to the remaining "very few issues" is a good faith disagreement.  As Facebook stated at the December 16, 2008 hearing, that disagreement relates to whether the interrogatories and document demands at issue relate to personal jurisdiction (specifically, the Calder v. Jones "effects" test) or whether they relate solely to the merits of the case.  (Ex. A to Avalos Decl. at page 5-6 of 28 [RT at 4:23-5:4]). The parties have unsuccessfully met and conferred about this issue for months.  (Smith Decl. ¶¶ 6-7).

In addition, StudiVZ believes (but is not sure as it is mentioned nowhere in Facebook's motion) that Facebook still seeks to depose two former principals of StudiVZ -- Ehssan Dariani and Dennis Bemmann.  StudiVZ does not control these witnesses, who both reside outside the United States.  Facebook has told StudiVZ that it intends to comply with the Hague Evidence Convention in attempting to depose these witnesses.  As of early January, StudiVZ believed that Facebook had decided not to depose these two witnesses because there had been no mention of them since mid-December 2008.  But upon reading Facebook's opposition to the motions to dismiss, it seems that Facebook does hope to depose them.  StudiVZ agrees that Facebook should have the opportunity to do so.  (Smith Decl., ¶¶ 14-15).

| | |
|---|---|
| 1 | These pending discovery issues will take time to resolve. Facebook has not |
| 2 | yet filed its motion to compel further responses to StudiVZ's interrogatory and |
| 3 | document responses. In addition, StudiVZ understands that noticing depositions |
| 4 | through the Hague Evidence Conventions takes time. That is why StudiVZ does |
| 5 | not oppose a continuance with respect to personal jurisdiction. |
| 6 | However, none of this relates to *forum non conveniens*. Only two |
| 7 | interrogatories (Nos. 20 and 22) arguably related to *forum non conveniens*. Each |
| 8 | defendant answered those interrogatories over a month ago, and Facebook has never |
| 9 | argued that the answers were inadequate or incomplete. (Smith Decl. ¶ 8). |
| 10 | Prior to Facebook filing the instant motion, StudiVZ asked Facebook to |
| 11 | identify what, if any, discovery issues remained open or in dispute with respect to |
| 12 | *forum non conveniens*. Facebook refused to answer. (Smith Decl. ¶ 20; Ex. A to |
| 13 | Gray Decl. [email string showing counsel's detailed discussions regarding the lack |
| 14 | of any issue as to *forum non conveniens*] -- Docket No. 79-2). Defendants expected |
| 15 | to see some explanation in Facebook's motion to enlarge time. But Facebook has |
| 16 | again failed to identify any unresolved discovery issues as to *forum non conveniens*. |
| 17 | Facebook cannot explain what it needs concerning *forum non conveniens* |
| 18 | because it is beyond dispute that it needs nothing. The two interrogatories it served |
| 19 | that arguably relate to the subject have been answered, and Facebook has not served |
| 20 | any new discovery requests. Accordingly, *forum non conveniens* is ripe for decision |
| 21 | and it would potentially allow the Court to avoid determining personal jurisdiction |
| 22 | and all the attendant discovery disputes about that issue. On the other hand, it would |
| 23 | be a huge waste of both the Court's and the parties' time and resources to expend all |
| 24 | of the effort related to personal jurisdiction if the case should be dismissed for the |
| 25 | independent reason of *forum non conveniens*. |

### IV. **FACEBOOK MISCHARACTERIZES THE DISCUSSIONS ABOUT POSTPONING THE HEARING DATE.**

Facebook argues that time should be enlarged as to both motions in their

1  entirety for the separate reason that it was supposedly led to believe that defendants
2  had agreed to continue the hearing of the entirety of both motions. However,
3  Facebook's factual recitation is incomplete and inaccurate.[4]

First, Facebook omits the fact that the reason for the requested additional time to oppose the motion to dismiss relates entirely to the personal jurisdiction portion of the motion only and has nothing to do with *forum non conveniens*. Second, before Facebook's opposition was due, defense counsel offered to give Facebook whatever additional time it needed as to personal jurisdiction <u>and</u> offered to give Facebook more time on *forum non conveniens* too, <u>as long as</u> Facebook would agree to only a short continuance of the *forum non conveniens* portion of the motion to be heard at the same time as the Holtzbrinck defendants' motion to dismiss. Facebook rejected that offer out of hand with no explanation. Defendants were (and remain) entirely at a loss to understand why Facebook has insisted on a 90-day continuance of the hearing date as to both motions, and as to both issues, given that the <u>only</u> open issues relate to the personal jurisdiction of StudiVZ. (Smith Decl., ¶¶ 17-21).

## V. <u>CONCLUSION</u>

For the foregoing reasons, StudiVZ respectfully requests that its motion as to *forum non conveniens* remain scheduled for February 13, 2009 and that only that portion that relates to personal jurisdiction be continued approximately 90 days.

DATED: January 26, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By:  /s/ Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants Holtzbrinck
Networks GmbH and Holtzbrinck
Ventures GmbH

---

[4] The inaccuracies of Facebook's rendition of the facts as it relates to the Holtzbrinck defendants' motion to dismiss is discussed in the opposition of the Holtzbrinck defendants. Since those facts do not relate directly to StudiVZ, StudiVZ will not repeat what is already said in the Holtzbrinck opposition.