STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> ~~Defendants.~~ | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:       STUDIVZ LTD.

SET NUMBER:                    ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1670523.4

Price v. Facebook, Inc.

Dockets.Justia.com

# I.    GENERAL OBJECTIONS

A.    StudiVZ objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.  StudiVZ will only produce evidence pursuant to a protective order specifying that the evidence is not specifically authorized to be used in any other court.

B.    StudiVZ objects to the Requests on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    StudiVZ objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/ED and the E-Commerce Directive 2000/31/EC.

GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

D.     StudiVZ objects to the Requests on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Ehassan Dariani and Dennis Bemman." This is improperly overbroad generally and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only.

E.     StudiVZ objects to the Requests on the grounds that their gross overbreadth would require StudiVZ to incur an unreasonable amount of expense and time to search for and then produce the requested documents.

F.     StudiVZ objects to the Requests to the extent they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

G.     StudiVZ further objects to the Requests to the extent they attempt or purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure or the Hague Evidence Convention as interpreted and enforced under German law.

1  **REQUEST FOR PRODUCTION NO. 1:**

2      All DOCUMENTS that RELATE TO ANY contracts OR agreements

3  between YOU AND ANY business licensed, located, based, OR incorporated in

4  California OR ANY PERSON currently OR formerly residing OR domiciled in

5  California.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7      StudiVZ hereby incorporates by reference the general objections set forth

8  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

9  entitled to take discovery on personal jurisdiction as a matter of right. In order to

10  do so, Facebook must either make a *prima facie* showing of jurisdiction over

11  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

12  Facebook has done neither. StudiVZ further objects to this request on the grounds

13  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

14  request on the grounds that it is unlimited as to time, and is so overbroad as to be

15  unduly burdensome and harassing. StudiVZ further objects to this request on the

16  grounds that it seeks information that is not relevant nor reasonably calculated to

17  lead to the discovery of admissible evidence. StudiVZ further objects to this

18  request on the grounds that it does not exclude contracts of adhesion, which are

19  irrelevant to any issue of personal jurisdiction or *forum non conveniens*. StudiVZ

20  further objects to this request on the grounds that it is not limited to contracts

21  StudiVZ knew were with businesses or residents located in California. Subject to

22  and without waiving the foregoing objections, StudiVZ states as follows:

23      StudiVZ has produced all non-confidential portions of the one negotiated

24  contract to which it was a party that was in effect as of July 18, 2008, where the

25  party on the other side was known by StudiVZ to be a California resident or where

26  the contract expressly called for application of California law.

27

28

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 **REQUEST FOR PRODUCTION NO. 2:**

2     All DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing

3 OR domiciled in California, including ALL COMMUNICATIONS.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5     StudiVZ hereby incorporates by reference the general objections set forth

6 above. StudiVZ further objects to this request on the grounds that a plaintiff is not

7 entitled to take discovery on personal jurisdiction as a matter of right. In order to

8 do so, Facebook must either make a *prima facie* showing of jurisdiction over

9 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

10 Facebook has done neither. StudiVZ further objects to this request on the grounds

11 that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to

12 this request on the grounds that it does not know where its USERS reside or where

13 they are domiciled. Subject to and without waiving the foregoing objections,

14 StudiVZ states as follows:

15     On November 26, 2008, during one of the parties' meet and confer sessions,

16 Facebook withdrew this request.

17

18 **REQUEST FOR PRODUCTION NO. 3:**

19     ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between

20 YOU AND FACEBOOK.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

22     StudiVZ hereby incorporates by reference the general objections set forth

23 above. StudiVZ further objects to this request on the grounds that a plaintiff is not

24 entitled to take discovery on personal jurisdiction as a matter of right. In order to

25 do so, Facebook must either make a *prima facie* showing of jurisdiction over

26 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

27 Facebook has done neither. StudiVZ further objects to this request on the grounds

28 that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   request on the grounds that it is unlimited as to time, and is so overbroad as to be

2   unduly burdensome and harassing. StudiVZ further objects to this request on the

3   grounds that it seeks information that is not relevant nor reasonably calculated to

4   lead to the discovery of admissible evidence. StudiVZ further objects to this

5   request to the extent it calls for documents covered by the Nondisclosure

6   Agreement dated May 9, 2008. Subject to and without waiving the foregoing

7   objections, StudiVZ states as follows:

8       As of the period on or near July 18, 2008, the date of the filing of this

9   lawsuit, StudiVZ is aware of only communications between StudiVZ and Facebook

10   related to Facebook's proposed purchase of StudiVZ from Holtzbrinck Networks

11   and Holtzbrinck Ventures. However, those documents are not relevant to any issue

12   in the case, including personal jurisdiction or venue, and are subject to the

13   Nondisclosure Agreement dated May 9, 2008, which provides that the

14   communications and disclosures related to the potential purchase would be not be

15   used for any purpose other than in connection with the potential purchase itself. As

16   to communications between StudiVZ and Facebook that have any relationship to

17   what is alleged by Facebook in its complaint, those communications have been or

18   will be produced.

19

20   **REQUEST FOR PRODUCTION NO. 4:**

21       DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of

22   goods AND services sold OR provided by YOU to current OR former California

23   residents, including PERSONS, businesses, AND USERS OF STUDIVZ.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

25       StudiVZ hereby incorporates by reference the general objections set forth

26   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

27   entitled to take discovery on personal jurisdiction as a matter of right. In order to

28   do so, Facebook must either make a *prima facie* showing of jurisdiction over

1  StudiVZ, or it must identify material jurisdictional issues that are in dispute.
2  Facebook has done neither. StudiVZ further objects to this request on the grounds
3  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this
4  request on the grounds that it is unlimited as to time, and is so overbroad as to be
5  unduly burdensome and harassing. Subject to and without waiving the foregoing
6  objections, StudiVZ states as follows:

7  As of July 18, 2008, StudiVZ did not have any accounts receivables that
8  were owed by any known California resident(s) to StudiVZ. Accordingly, after a
9  reasonable and diligent search, no documents responsive to this Request as limited
10  to the time period at which this lawsuit was filed were found.

11
12  **REQUEST FOR PRODUCTION NO. 5:**
13  DOCUMENTS THAT RELATE TO the relationship of VERLAGSGRUPPE
14  GEORG VON HOLTZBRINCK GmBH, HOLTZBRINCK NETWORKS GmBH,
15  AND HOLTZBRINCK VENTURES GmBH to OR with STUDIVZ, including
16  without limitation, the investments of VERLAGSGRUPPE GEORG VON
17  HOLTZBRINCK GmBH, HOLTZBRINCK NETWORKS GmBH, AND
18  HOLTZBRINCK VENTURES GmBH, in, AND control OR influence over
19  STUDIVZ.
20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
21  StudiVZ hereby incorporates by reference the general objections set forth
22  above. StudiVZ further objects to this request on the grounds that a plaintiff is not
23  entitled to take discovery on personal jurisdiction as a matter of right. In order to
24  do so, Facebook must either make a *prima facie* showing of jurisdiction over
25  StudiVZ, or it must identify material jurisdictional issues that are in dispute.
26  Facebook has done neither. StudiVZ further objects to this request on the grounds
27  that it is unlimited as to time, and is so overbroad as to be unduly burdensome and
28  harassing. StudiVZ further objects to this request on the grounds that it seeks

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 information that is not relevant nor reasonably calculated to lead to the discovery of
2 admissible evidence. Subject to and without waiving the foregoing objections,
3 StudiVZ states as follows:
4     On November 26, 2008, during one of the parties' meet and confer sessions,
5 Facebook limited this request to due diligence, investment transaction documents
6 and StudiVZ board minutes that mention Facebook. Subject to this limitation,
7 StudiVZ has produced or will produce all non-confidential portions of responsive
8 documents in its possession, custody or control.
9
10 **REQUEST FOR PRODUCTION NO. 6:**
11     DOCUMENTS sufficient to describe in detail the organizational structure of
12 STUDIVZ from its creation until the present, including DOCUMENTS sufficient to
13 identify ALL shareholders, officers, employees, investors, AND directors.
14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
15     StudiVZ hereby incorporates by reference the general objections set forth
16 above. StudiVZ further objects to this request on the grounds that a plaintiff is not
17 entitled to take discovery on personal jurisdiction as a matter of right. In order to
18 do so, Facebook must either make a *prima facie* showing of jurisdiction over
19 StudiVZ, or it must identify material jurisdictional issues that are in dispute.
20 Facebook has done neither. StudiVZ further objects to this request on the grounds
21 that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to
22 this request on the grounds that it is unlimited as to time, and is so overbroad as to
23 be unduly burdensome and harassing. StudiVZ further objects to this request on the
24 grounds that it seeks information that is not relevant nor reasonably calculated to
25 lead to the discovery of admissible evidence. Subject to and without waiving the
26 foregoing objections, StudiVZ states as follows:
27     On November 26, 2008, during one of the parties' meet and confer sessions,
28 Facebook limited this request to StudiVZ's organizational charts that go down to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

the Vice Presidential level and cover Engineering and Product Management.
Subject to this limitation, StudiVZ has produced all responsive documents in its
possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS that RELATE TO STUDIVZ's business OR corporate
records, including without limitation, meeting minutes, Articles of Incorporation,
operating agreements, stock agreements, AND ANY DOCUMENTS that RELATE
TO STUDIVZ's observance of corporate formalities, as well as Units, Capital
Accounts. AND Management Reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

StudiVZ hereby incorporates by reference the general objections set forth
above. StudiVZ further objects to this request on the grounds that a plaintiff is not
entitled to take discovery on personal jurisdiction as a matter of right. In order to
do so, Facebook must either make a *prima facie* showing of jurisdiction over
StudiVZ, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. StudiVZ further objects to this request on the grounds
that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to
this request on the grounds that it is unlimited as to time, and is so overbroad as to
be unduly burdensome and harassing. StudiVZ further objects to this request on the
grounds that it seeks information that is not relevant nor reasonably calculated to
lead to the discovery of admissible evidence. Subject to and without waiving the
foregoing objections, StudiVZ states as follows:

On November 26, 2008, during one of the parties' meet and confer sessions,
Facebook limited this request to corporate formation documents. Subject to this
limitation, StudiVZ has produced all non-confidential portions of responsive
documents in its possession, custody or control.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS that RELATE TO STUDIVZ's financial history, including without limitation, financial reports, profit/loss statements, budgets, financial planning DOCUMENTS, accounts payable, accounts receivable, AND loan DOCUMENTS, as well as Financial Reports, Capital Accounts, AND Adjusted Capital Accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

On November 26, 2008, during one of the parties' meet and confer sessions, Facebook informed StudiVZ that Facebook was putting this request "on hold" and that Facebook would not bring a motion to compel with respect to this request. Facebook has not pursued, and has not further discussed, this request during subsequent meet and confer sessions.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS that RELATE TO ANY contacts OR COMMUNICATIONS YOU have had with PERSONS currently OR formerly residing OR domiciled in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   California; businesses (including without limitation, Internet search engines

2   providers such as Google Inc. AND Yahoo! Inc., server providers, advertising

3   agencies, advertisers, Internet service providers, computer equipment providers,

4   YOUR licensors AND licensees) currently OR formerly located, licensed, based,

5   OR incorporated in California; AND universities, colleges, high schools located in

6   California, including without limitation, letters, emails, advertising materials,

7   business solicitations, business contacts, telephonic conversations, facsimile

8   transmissions, AND trips to California.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

10   StudiVZ hereby incorporates by reference the general objections set forth

11   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

12   entitled to take discovery on personal jurisdiction as a matter of right. In order to

13   do so, Facebook must either make a *prima facie* showing of jurisdiction over

14   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

15   Facebook has done neither. StudiVZ further objects to this request on the grounds

16   that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

17   request on the grounds that it is unlimited as to time, and is so overbroad as to be

18   unduly burdensome and harassing. StudiVZ further objects to this request on the

19   grounds that it is compound. StudiVZ further objects to this request on the grounds

20   that it seeks information that is not relevant nor reasonably calculated to lead to the

21   discovery of admissible evidence. Subject to and without waiving the foregoing

22   objections, StudiVZ states as follows:

23   On November 26, 2008, during one of the parties' meet and confer sessions,

24   StudiVZ agreed to produce any contracts in effect as of July 18, 2008, the date this

25   lawsuit was filed, with a known California resident or that expressly called for the

26   application of California law and any accounts payable or accounts receivable that

27   were owing to or from a known California resident as of July 18, 2008. After a

28   reasonable and diligent search, one such contract was found and produced and it

1  was discovered that StudiVZ did not have any accounts receivables or accounts
2  payable that existed with a known California resident as of July 18, 2008.
3
4  **REQUEST FOR PRODUCTION NO. 10:**
5      DOCUMENTS sufficient to show, on a monthly basis, how many USERS
6  OF STUDIVZ have been registered on www.studivz.net, www.meinvz.net,
7  www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND
8  www.schuelervz.net since October 2005, AND how many of those USERS OF
9  STUDIVZ are residents of California.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
11     StudiVZ hereby incorporates by reference the general objections set forth
12 above. StudiVZ further objects to this request on the grounds that a plaintiff is not
13 entitled to take discovery on personal jurisdiction as a matter of right. In order to
14 do so, Facebook must either make a *prima facie* showing of jurisdiction over
15 StudiVZ, or it must identify material jurisdictional issues that are in dispute.
16 Facebook has done neither. StudiVZ further objects to this request on the grounds
17 that it so overbroad as to be unduly burdensome and harassing. StudiVZ further
18 objects to this request on the grounds that it seeks information that is not relevant
19 nor reasonably calculated to lead to the discovery of admissible evidence. Subject
20 to and without waiving the foregoing objections, StudiVZ states as follows:
21     StudiVZ cannot go back into time to search its user records to determine on
22 any given date the number of users it has who are residents of California or who
23 have identified some affiliation with a California college or university. It can only
24 conduct such a search on a then-current basis. StudiVZ conducted two such
25 searches in October 2008 in connection with its then-anticipated motion to dismiss,
26 which has since been filed. The first was conducted on or about October 14, 2008.
27 At that time, there were a total of 11,628,863 users of all StudiVZ Websites. Only
28 10,272 of those users had identified themselves as being affiliated with California

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   or a California-located university. Specifically, out of the 5,509,971 registered
2   users of the StudiVZ- branded sites, only 8,547 identified themselves as affiliated
3   with universities located in California. Out of the 4,396,184 registered users of the
4   SchuelerVZ-branded sites, only 122 identified themselves as being located in
5   California. Out of the 1,722,708 registered users of the MeinVZ-branded sites,
6   only 1,603 identified themselves as being located in California. There are no
7   documents related to that search, other than attorney-client privileged
8   communications from StudiVZ to its counsel reciting the statistics.
9       The second search was done on or about October 22, 2008. At that time,
10  there were a total of 11,768,965 users of all StudiVZ Websites. Only 11,013 of
11  those users had identified themselves as being affiliated with California or a
12  California-located university. Specifically, out of the 5,534,300 registered users of
13  the StudiVZ-branded sites, only 9,144 had identified themselves as affiliated with
14  universities located in California. Out of the 4,443,708 registered users of the
15  SchuelerVZ-branded sites, only 122 identified themselves as being located in
16  California. Out of the 1,790,957 registered users of the MeinVZ-branded sites, only
17  1,747 identified themselves as being located in California. There is an excel
18  spreadsheet that StudiVZ used to compile the numbers from that search, which will
19  be produced. There are no other documents related to that search.
20
21  **REQUEST FOR PRODUCTION NO. 11:**
22      DOCUMENTS sufficient to show the number AND amount of accounts
23  receivable owed YOU by California residents, including PERSONS AND entities,
24  as well as the goods AND services for which the individual accounts receivable are
25  owed to.
26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
27      StudiVZ hereby incorporates by reference the general objections set forth
28  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   entitled to take discovery on personal jurisdiction as a matter of right. In order to

2   do so, Facebook must either make a *prima facie* showing of jurisdiction over

3   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

4   Facebook has done neither. StudiVZ further objects to this request on the grounds

5   that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

6   request on the grounds that it so overbroad as to be unduly burdensome and

7   harassing. StudiVZ further objects to this request on the grounds that it seeks

8   information that is not relevant nor reasonably calculated to lead to the discovery of

9   admissible evidence. Subject to and without waiving the foregoing objections,

10  StudiVZ states as follows:

11      After a reasonable and diligent search, no responsive documents were found

12  for the time period at or about July 18, 2008, the date this lawsuit was filed.

13

14  **REQUEST FOR PRODUCTION NO. 12:**

15      DOCUMENTS sufficient to show ALL of YOUR current AND former

16  personal OR real property currently OR previously located in California.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18      StudiVZ hereby incorporates by reference the general objections set forth

19  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

20  entitled to take discovery on personal jurisdiction as a matter of right. In order to

21  do so, Facebook must either make a *prima facie* showing of jurisdiction over

22  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

23  Facebook has done neither. StudiVZ further objects to this request on the grounds

24  that the definition of "YOU" is grossly overbroad. Subject to and without waiving

25  the foregoing objections, StudiVZ states as follows:

26      After a reasonable and diligent search, no responsive documents were found.

27

28

## REQUEST FOR PRODUCTION NO. 13:

ALL contracts involving YOU in which California law governs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it does not exclude contracts of adhesion. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

StudiVZ has produced all non-confidential portions of the one negotiated contract to which it was a party that was in effect as of July 18, 2008, where the party on the other side was known by StudiVZ to be a California resident or where the contract expressly called for application of California law. Even that one contract does not clearly call for the application of California law. One provision refers to California law, but the more specific provision calls for the application of German law.

## REQUEST FOR PRODUCTION NO. 14:

ALL DOCUMENTS RELATED TO instances when YOU accessed FACEBOOK website, www.facebook.com OR www.thefacebook.com.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Despite numerous conferences with counsel to meet and confer in an attempt to narrow this request, the parties have been unable to come to agreement on the appropriate scope of this request.

**REQUEST FOR PRODUCTION NO. 15:**

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOUR" is grossly overbroad. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1     After a reasonable and diligent search, no responsive documents were found.

2

3 **REQUEST FOR PRODUCTION NO. 16:**

4     ALL DOCUMENTS RELATED TO the services provided by

5 www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,

6 www.estudiln.net, www.studentix.pl, AND www.schuelervz.net to USERS OF

7 STUDIVZ, including how they are provided.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

9     StudiVZ hereby incorporates by reference the general objections set forth

10 above. StudiVZ further objects to this request on the grounds that a plaintiff is not

11 entitled to take discovery on personal jurisdiction as a matter of right. In order to

12 do so, Facebook must either make a *prima facie* showing of jurisdiction over

13 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

14 Facebook has done neither. StudiVZ further objects to this request on the grounds

15 that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

16 harassing. StudiVZ further objects to this request on the grounds that it seeks

17 information that is not relevant nor reasonably calculated to lead to the discovery of

18 admissible evidence. Subject to and without waiving the foregoing objections,

19 StudiVZ states as follows:

20     On November 26, 2008, during one of the parties' meet and confer sessions,

21 Facebook's counsel, Annette Hurst, agreed that this request was too broad and

22 informed StudiVZ's counsel that Facebook would reconsider what, if anything,

23 Facebook really needed. On December 23, 2008, during another one of the parties'

24 meet and confer sessions, Facebook's new counsel, Thomas Gray, proposed to

25 "limit" this request to documents regarding the design, development and

26 implementation of StudiVZ's websites. Since the proposed "limitation"

27 encompasses categories beyond the actual request and would make this request

28 even more broad, StudiVZ rejected Facebook's proposed "limitation."

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **REQUEST FOR PRODUCTION NO. 17:**

2        ALL DOCUMENTS RELATED TO the circumstances surrounding the

3    formation of STUDIVZ as a company, including filings, investments,

4    communications, capitalization, directors, officers, attorneys, investors, AND

5    reasons for the formation.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7        StudiVZ hereby incorporates by reference the general objections set forth

8    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

9    entitled to take discovery on personal jurisdiction as a matter of right. In order to

10   do so, Facebook must either make a *prima facie* showing of jurisdiction over

11   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

12   Facebook has done neither. StudiVZ further objects to this request on the grounds

13   that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to

14   this request on the grounds that it is unlimited as to time, and is so overbroad as to

15   be unduly burdensome and harassing. StudiVZ further objects to this request on the

16   grounds that it seeks information that is not relevant nor reasonably calculated to

17   lead to the discovery of admissible evidence. Subject to and without waiving the

18   foregoing objections, StudiVZ states as follows: Subject to and without waiving

19   the foregoing objections, StudiVZ states as follows:

20       On November 26, 2008, during one of the parties' meet and confer sessions,

21   StudiVZ agreed to produce a somewhat more limited category of responsive

22   documents -- i.e., the documents that constitute the actual corporate formation of

23   StudiVZ -- and those documents have been produced.

24

25   **REQUEST FOR PRODUCTION NO. 18:**

26       ALL DOCUMENTS RELATED TO current AND former directors, officers,

27   employees, AND agents of STUDIVZ, including DOCUMENTS RELATED TO

28   dates in these positions, duties, authorities, AND responsibilities.

37106-00002/1670523.4                    18

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

On November 26, 2008, during one of the parties' meet and confer sessions, Facebook limited this request to StudiVZ's organizational charts that go down to the Vice Presidential level and cover Engineering and Product Management. Subject to this limitation, StudiVZ has produced all responsive documents in its possession, custody or control.

## REQUEST FOR PRODUCTION NO. 19:

ALL DOCUMENTS RELATED TO YOUR promotions AND marketing activities directed, at least in part, at California residents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 Facebook has done neither. StudiVZ further objects to this request on the grounds
2 that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this
3 request on the grounds that it is unlimited as to time, and is so overbroad as to be
4 unduly burdensome and harassing. StudiVZ further objects to this request on the
5 grounds that it seeks information that is not relevant nor reasonably calculated to
6 lead to the discovery of admissible evidence. Subject to and without waiving the
7 foregoing objections, StudiVZ states as follows:
8      After a reasonable and diligent search, no responsive documents were found.
9

10 **REQUEST FOR PRODUCTION NO. 20:**

11      DOCUMENTS sufficient to identify ALL of YOUR business relationships
12 with, OR financial interests in, businesses incorporated, located, based, OR with
13 facilities OR offices located in California, including the nature of each relationship,
14 including the name of each business, whether each business is incorporated,
15 located, based OR has facilities OR offices located in California, AND the nature of
16 the relationship, including ANY goods OR services provided.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

18      StudiVZ hereby incorporates by reference the general objections set forth
19 above. StudiVZ further objects to this request on the grounds that a plaintiff is not
20 entitled to take discovery on personal jurisdiction as a matter of right. In order to
21 do so, Facebook must either make a *prima facie* showing of jurisdiction over
22 StudiVZ, or it must identify material jurisdictional issues that are in dispute.
23 Facebook has done neither. StudiVZ further objects to this request on the grounds
24 that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this
25 request on the grounds that it is unlimited as to time, and is so overbroad as to be
26 unduly burdensome and harassing. StudiVZ further objects to this request on the
27 grounds that it seeks information that is not relevant nor reasonably calculated to
28 lead to the discovery of admissible evidence. Subject to and without waiving the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    foregoing objections, StudiVZ states as follows:

2       On November 26, 2008, during one of the parties' meet and confer sessions,

3    StudiVZ agreed to produce any contracts in effect as of July 18, 2008, the date this

4    lawsuit was filed, with a known California resident or that expressly called for the

5    application of California law and any accounts payable or accounts receivable that

6    were owing to or from a known California resident as of July 18, 2008. After a

7    reasonable and diligent search, one such contract was found and produced and it

8    was discovered that StudiVZ did not have any accounts receivable or accounts

9    payable that existed with a known California resident as of July 18, 2008.

10

11    **REQUEST FOR PRODUCTION NO. 21:**

12       DOCUMENTS sufficient to show the ownership of STUDIVZ, including

13    without limitation PERSON'S names, amounts they contributed OR invested, AND

14    their percent ownership OR control on a by-PERSON basis.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16       StudiVZ hereby incorporates by reference the general objections set forth

17    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

18    entitled to take discovery on personal jurisdiction as a matter of right. In order to

19    do so, Facebook must either make a *prima facie* showing of jurisdiction over

20    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

21    Facebook has done neither. StudiVZ further objects to this request on the grounds

22    that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to

23    this request on the grounds that it is unlimited as to time, and is so overbroad as to

24    be unduly burdensome and harassing. StudiVZ further objects to this request on the

25    grounds that it seeks information that is not relevant nor reasonably calculated to

26    lead to the discovery of admissible evidence. Subject to and without waiving the

27    foregoing objections, StudiVZ states as follows:

28       StudiVZ has produced such responsive documents.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS RELATED TO universities, colleges, high schools, AND institutes of higher learning located in California at which STUDIVZ provides OR provided services including without limitation access to www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net, including without limitation University of California (ALL campuses), California State University (ALL campuses), as well as the USERS OF STUDIVZ using email domains (*e.g.*, name@stanford.edu) from those universities, colleges, high schools, AND institutes of higher learning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

On November 26, 2008, during one of the parties' meet and confer sessions, Facebook withdrew this request. At that time, Facebook's counsel stated that Facebook was not interested in high schools, that Facebook would try to come up with a limitation on this request, and that Facebook might re-propound this request on a school by school basis. Facebook has not pursued, and has not further discussed, this request during subsequent meet and confer sessions.

///

///

///

**REQUEST FOR PRODUCTION NO. 23:**

ALL versions of COMPUTER CODE YOU wrote, programmed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Despite numerous conferences with counsel to meet and confer in an attempt to narrow this request, the parties have been unable to come to agreement on the appropriate scope of this request.

**REQUEST FOR PRODUCTION NO. 24:**

A copy of ALL executable versions of COMPUTER CODE YOU use, used, developed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  entitled to take discovery on personal jurisdiction as a matter of right. I In order to

2  do so, Facebook must either make a *prima facie* showing of jurisdiction over

3  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

4  Facebook has done neither. StudiVZ further objects to this request on the grounds

5  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

6  request on the grounds that it is unlimited as to time, and is so overbroad as to be

7  unduly burdensome and harassing. StudiVZ further objects to this request on the

8  grounds that it seeks information that is not relevant nor reasonably calculated to

9  lead to the discovery of admissible evidence. Subject to and without waiving the

10  foregoing objections, StudiVZ states as follows:

11    On November 26, 2008, during one of the parties' meet and confer sessions,

12  Facebook's counsel stated StudiVZ should "put a pin in that one" because she did

13  not know why Facebook wanted executable code. Accordingly, and in reliance

14  upon that statement by Facebook's counsel, StudiVZ has not taken any further

15  action with respect to this request.

16

17  **REQUEST FOR PRODUCTION NO. 25:**

18    ALL COMMUNICATIONS that RELATE TO FACEBOOK, its website,

19  OR the servers it uses, used, accesses OR accessed.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

21    StudiVZ hereby incorporates by reference the general objections set forth

22  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

23  entitled to take discovery on personal jurisdiction as a matter of right. In order to

24  do so, Facebook must either make a *prima facie* showing of jurisdiction over

25  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

26  Facebook has done neither. StudiVZ further objects to this request on the grounds

27  that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

28  harassing. StudiVZ further objects to this request on the grounds that it seeks

37106-00002/1670523.4

24

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

information that is not relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

Despite numerous conferences with counsel to meet and confer in an attempt
to narrow this request, the parties have been unable to come to agreement on the
appropriate scope of this request.

**REQUEST FOR PRODUCTION NO. 26:**

ALL COMMUNICATIONS that RELATE TO OR REFER TO
FACEBOOK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

StudiVZ hereby incorporates by reference the general objections set forth
above. StudiVZ further objects to this request on the grounds that a plaintiff is not
entitled to take discovery on personal jurisdiction as a matter of right. In order to
do so, Facebook must either make a *prima facie* showing of jurisdiction over
StudiVZ, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. StudiVZ further objects to this request on the grounds
that it is unlimited as to time, and is so overbroad as to be unduly burdensome and
harassing. StudiVZ further objects to this request on the grounds that it seeks
information that is not relevant nor reasonably calculated to lead to the discovery of
admissible evidence.

Despite numerous conferences with counsel to meet and confer in an attempt
to narrow this request, the parties have been unable to come to agreement on the
appropriate scope of this request.

**REQUEST FOR PRODUCTION NO. 27:**

A copy of ALL versions of COMPUTER CODE (including, without
limitation, source code, object code and scripts) YOU wrote, which YOU used OR
use, OR for which YOU paid that was designed to extract information from any

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   website, including thefacebook.com OR facebook.com.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

3       StudiVZ hereby incorporates by reference the general objections set forth

4   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

5   entitled to take discovery on personal jurisdiction as a matter of right. In order to

6   do so, Facebook must either make a *prima facie* showing of jurisdiction over

7   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

8   Facebook has done neither. StudiVZ further objects to this request on the grounds

9   that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

10   request on the grounds that it is unlimited as to time, and is so overbroad as to be

11   unduly burdensome and harassing. StudiVZ further objects to this request on the

12   grounds that it seeks information that is not relevant nor reasonably calculated to

13   lead to the discovery of admissible evidence. Subject to and without waiving the

14   foregoing objections, StudiVZ states as follows:

15       After a reasonable and diligent search, no responsive documents were found.

16

17   **REQUEST FOR PRODUCTION NO. 28:**

18       ALL DOCUMENTS related to any account YOU created to access any

19   FACEBOOK website, including thefacebook.com AND facebook.com.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21       StudiVZ hereby incorporates by reference the general objections set forth

22   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

23   entitled to take discovery on personal jurisdiction as a matter of right. In order to

24   do so, Facebook must either make a *prima facie* showing of jurisdiction over

25   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

26   Facebook has done neither. StudiVZ further objects to this request on the grounds

27   that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

28   request on the grounds that it is unlimited as to time, and is so overbroad as to be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   unduly burdensome and harassing. StudiVZ further objects to this request on the

2   grounds that it seeks information that is not relevant nor reasonably calculated to

3   lead to the discovery of admissible evidence.

4        Despite numerous conferences with counsel to meet and confer in an attempt

5   to narrow this request, the parties have been unable to come to agreement on the

6   appropriate scope of this request.

7

8   **REQUEST FOR PRODUCTION NO. 29:**

9        ALL COMMUNICATIONS OR DOCUMENTS concerning or that

10   RELATE TO the use of any server, including proxy server, to access

11   FACEBOOK's server(s) OR website(s).

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

13        StudiVZ hereby incorporates by reference the general objections set forth

14   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

15   entitled to take discovery on personal jurisdiction as a matter of right. In order to

16   do so, Facebook must either make a *prima facie* showing of jurisdiction over

17   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

18   Facebook has done neither. StudiVZ further objects to this request on the grounds

19   that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

20   harassing. StudiVZ further objects to this request on the grounds that it seeks

21   information that is not relevant nor reasonably calculated to lead to the discovery of

22   admissible evidence.

23        Despite numerous conferences with counsel to meet and confer in an attempt

24   to narrow this request, the parties have been unable to come to agreement on the

25   appropriate scope of this request.

26   ///

27   ///

28   ///

37106-00002/1670523.4         27

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO any of YOUR responses to Interrogatories in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

StudiVZ has produced or will produce the specific documents identified in its interrogatory responses.

DATED: January 9, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: _____
WILLIAM M. WALKER (SBN 145559)
Attorneys for Defendants StudiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

# PROOF OF SERVICE
CCP §1011, CCP §1013a(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On January 9, 2009, I served the foregoing document described as STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION on the interested parties in this action

☒     by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.  **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on January 9, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐     I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nancy L. Luis                                  _____
                                                       SIGNATURE

**PROOF OF SERVICE**

37106-00002/1664763.1

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21ˢᵗ Floor
Los Angeles, California 90067-4590