

**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
4 PARK PLAZA
SUITE 1600
IRVINE, CALIFORNIA 92614-2558

tel +1-949-567-6700
fax 949-567 6710

WWW.ORRICK.COM

January 9, 2009

Thomas Gray
(949) 852-7764
tgray@orrick.com

**VIA E-MAIL**

Stephen S. Smith
William Walker
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067-4590

Re:   Facebook v. StudiVZ, et al., Case No. 5:08-cv-03468 JF

Gentlemen:

I write to memorialize the recent meet and confer sessions the parties conducted regarding Document Request Nos. 14, 16, 23, 25, 27, 28, 29 and 30 and Interrogatories Nos. 10, 14, 15, and 16, and the scope of the depositions.

## DOCUMENT REQUESTS

**Document Request No. 14** – In order to lessen the burden on StudiVZ, in November, Annette Hurst offered to limit the request to access by StudiVZ design, engineering or programming employees. On January 6, I reiterated that limitation and further clarified that it would only be access of the Facebook site by such employees if they were doing so in furtherance of their jobs at StudiVZ. During the meet and confer session on January 6, you conceded that there were many StudiVZ employees who accessed their Facebook accounts during the course of their employment for StudiVZ. You argued, however, that the document request, even as limited, was still too broad because such employees may have only accessed Facebook for "commercial purposes" rather than to copy anything or infringe anything. I pointed out that such documents could support jurisdiction – depending on what the activities were – and that since defendants did not believe they have done anything wrong they should not be the ones to determine if a document relates to the claims set forth in the. You still refused to produce any documents.

**Document Request No. 16** – Annette previously agreed that the request was too broad and stated that we would offer a limitation. During the meet and confer sessions in December with Bill Walker, I agreed to limit the request to the creation, design, and development documents related to the sites listed in the request. On January 6, I agreed to the further limitation that it could be a core group of custodians (8, 10 or 12 such people) who would have authored or received such documents and that the documents would be related to the Facebook site or intellectual property. I advised that under the *Calder* effects test, whether and how StudiVZ accessed and used the


# ORRICK

Stephen S. Smith
January 9, 2009
Page 2

Facebook site and IP is directly relevant to the personal jurisdiction issue, even if intertwined with the merits. You argued that only documents that also show copying or violations of the other claims should be produced. Again, this would put the fox in charge of the hen house. In order to move discovery along, however, I proposed that StudiVZ produce such smoking-gun type documents and we could go to the Court to determine whether a broader scope of documents should also be produced. Despite their obvious relevance, you refused to produce any such documents unless Facebook agreed to your proposed limitation. You claimed that you did not want to "negotiate against" yourself if Facebook intended to file a motion to compel the production of a broader range of documents.

**Document Request No. 23** – You steadfastly refused to produce any StudiVZ code related to the sites listed.

**Document Request No. 27** – You thought defendants might agree to produce such code. We have not heard back from you.

**Document Request Nos. 25, 28, 29 & 30** – Similar to Nos. 14 and 16 above we reached an impasse as to the scope of the document requests.

## INTERROGATORIES

**Interrogatory Nos. 10 and 14** – We reached the same impasse as with Document Request No. 14.

**Interrogatory No. 15 & 16** – You stated under German law the defendants are precluded from giving out the information.

## DEPOSITIONS

Our positions regarding the depositions of Messrs. Brehm and Weber have been documented in the extensive email correspondence since Wed., January 7. Obviously, we disagree with what transpired during the meet and confer session on January 6.

## OTHER ISSUES

In addition, we discussed the schedule for defendants' motion to dismiss. You agreed to push off the motion with respect to StudiVZ for a lengthy period of time (or even take it off-calendar) so that we could resolve the disputes regarding discovery. As for Holtzbrinck, you stated that you would allow us a few more weeks but did not want to take the motion off-calendar because you wanted a resolution with respect to Holtzbrinck and felt that Holtzbrinck should not have to wait as long as



Stephen S. Smith
January 9, 2009
Page 3

StudiVZ to resolve the motion to dismiss. In addition, you bluntly stated that your goal for the case was to get your clients dismissed without conducting any discovery.

You also stated that the defendants would supplement their responses to document requests by today. We have yet to see such responses.

Sincerely yours,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Thomas Gray