## Smith, Steve

**From:** Smith, Steve
**Sent:** Monday, January 05, 2009 2:45 PM
**To:** 'Gray, Thomas'
**Cc:** Walker, William; Bloom, Aaron; Avalos, Julio
**Subject:** FW: DRAFT -- RE: Meet and Confer on Tues., Jan 6.

Tom:

I am going to provide you with responses to your questions below without waiting until tomorrow in order to hopefully speed this along, especially given that I am leaving for Germany on Wednesday evening.

Going in reverse order:

3. There are no deposition notices pending. As a result, neither witness is being produced as a 30(b)(6) witness. Facebook long ago served 30(b)(6) deposition notices, but Facebook then withdrew them voluntarily. I had argued to Warrington Parker and to Annette Hurst that the topics were grossly overbroad in that many had nothing to do with jurisdiction or venue. My office had already prepared formal, written objections and were literally on the verge of serving them on November 7th, when Facebook withdrew the notices. Annette Hurst informed me that she was withdrawing the notices at the Case Management Conference on November 7th and that there was therefore no reason to serve the objections. I called my colleagues from the airport on my way back to Los Angeles and told them that there was no need to serve the objections after all because Facebook was withdrawing the notices. On the following Monday, November 10th, Annette and I re-confirmed all of this via email. Annette said she was withdrawing them because Facebook had decided to serve amended notices that I assumed would address my prior complaints about overbreadth. But your office never served any such notices. As a result, the depositions scheduled for next week are not noticed and are taking place simply because we have agreed to present these witnesses for deposition on those dates voluntarily at your request.

That being said, these witnesses are the most knowledgeable about the jurisdiction/forum issues, which is why they are the declarants in support of the motions to dismiss. Therefore, they are being produced to testify about those issues. Some of the topics that had been listed in Facebook's withdrawn 30(b)(6) notices relate to jurisdiction/forum issues. Therefore, we _do_ intend to allow you to ask these witnesses questions that are reasonably related to such issues, notwithstanding the fact that there is no 30(b)(6) or other notice pending. If you had not withdrawn your prior notices, then you would have seen from our objections the topics we objected to and the topics we did not object to. On our call tomorrow we can orally give you the same information. I do not want to waste time at the depositions any more than you do. Given the lack of any notices, I agree that it makes sense for us to discuss in advance the appropriate scope of deposition topics. You only get 7 hours (except for time on translation) per witness for the whole case. So I would assume that you do not want to waste time on the record with colloquy between counsel about the appropriate scope of questions related to jurisdiction and forum. Our position has been pretty clearly explained via the numerous meet and confers regarding the interrogatories and document requests. But given that there remains further meet and confer regarding those topics tomorrow, we can include the deposition topics during our call tomorrow as well.

Also, no other witnesses are being produced next week, again at Annette's express request. Annette kept saying that she wanted the witnesses deposed pursuant to the Hague Evidence Convention in the Consulate in Frankfurt. She picked Frankfurt because it was the first consulate in which she could get a date. Initially, she thought she would be able to get the week of January 19th. Then, on the same day we provided her with dates from Messrs. Brehm and Weber, she told us that the January 19th date was no longer available and that the first available date(s) were in February. She initially wanted to move all depositions, including Messrs. Brehm and Weber, to February so that they could be deposed at the Consulate. We immediately (i.e., that same day) said that Mr. Brehm would be leaving on a three month vacation on January 14 (he subsequently learned that he actually leaves the afternoon of January 13th). She then wanted to move the deposition to London. I told her that we would agree to produce him in Orrick's Frankfurt conference room on the 12th or 13th. She agreed, and that is why he is now scheduled for the 12th. Since we were going to be there anyway at that time, she also asked for us to produce Mr. Weber in the same Orrick conference room on January 13th. The only reason anyone is being

Price v. Facebook, Inc.

deposed next week is because of Mr. Brehm's schedule.

I have always much preferred the idea of deposing any and all personal jurisdiction witnesses at the same time in the same place so that we only need to make a single "jurisdiction/forum discovery" trip to Germany. But Annette (perfectly understandably) did not want to wait until April. So we are going next week. But because Facebook wants to do them (or feels like it may need to do them) in the Consulate (at least as to witnesses who are no longer within StudiVZ's control), there will have to be another, later trip if you want those depositions. Or Messrs. Brehm and Weber will have to be continued until April. Indeed, we do not even know who else Facebook intends to depose. Annette was going to tell us -- that is why she wanted the names of the heads of the various StudiVZ operational departments -- but she never did (other than Messrs. Dhariani and Bemmann, who we do not control).

2. I am a little confused by this request. Are you asking for adhesion contracts? We told Annette long ago that we did not see how they were relevant. I was on the conversation and made the point of the difference between general versus specific jurisdiction. No court anywhere is going to find that general jurisdiction is created by a defendant signing up -- hypothetically -- for ITunes, which happens to have an EULA calling for the application of California law. For example, if a German resident were to go into a store in Berlin, buy an IPod, go home a plug it into his/her computer, insert the CD that allows a user to register the IPod at Apple.com and then clicks "accept" somewhere along the way -- are you saying he/she is now subject to jurisdiction in the United States? I asked Annette to provide me with any authority in support of that position, and she never did. If you have any such authority, please let me know because I am totally unaware of any.

As to pre-litigation discussions between the parties, we are aware of only two categories of such discussions -- (1) the two demand letters Facebook's German counsel sent to StudiVZ in 2006 and 2007 and StudiVZ's responses thereto, which you already have, and (2) the discussions related to Facebook's interest in buying StudiVZ from Networks and Ventures. As to this latter category, the NDA between the parties, which you already have, provides that those conversations and any disclosures made thereunder were to be used only for the purposes of discussing a purchase of StudiVZ. Therefore, it would constitute a breach of the NDA by Facebook to use those discussions for any other purpose. Moreover, they are not relevant to any issue of jurisdiction. The fact that the owners of StudiVZ discussed a possible purchase by Facebook of StudiVZ stock does not confer jurisdiction over any defendant in California. Facebook is not suing any defendant for anything related to those discussions. Thus, the argument would have to be that merely engaging in such discussions with a potential purchaser located in California somehow confers general jurisdiction on the selling party. Again, I am not aware of any authority that would support such a conclusion. I asked Annette if she had any such authority and to date I have received nothing. In any event, you already have the NDA and you have our admission that such discussions did in fact occur in response to Special Interrogatory No. 4. What else do you think you need in order to argue jurisdiction, if that is what you intend to argue?

1. This one I will have to defer until tomorrow because there are too many requests at issue, some of which Annette had withdrawn until you re-raised them was December 23 and 30, 2008. We have agreed to provide a formal, supplemental response on behalf of StudiVZ this week, which will details our position on each request, along with a description of what was produced, if anything, in response thereto so that you have it on the record. I will also orally tell you tomorrow exactly what our position is with respect to each request you have identified below. Again, much of this was already discussed with Annette before you took over, but given that we have now looked for and produced what we found per the meet and confer I had with Annette, I can provide you with more detail and "final" positions with respect to these requests.

Speak to you tomorrow.

Steve

---

**From:** Gray, Thomas [mailto:tgray@orrick.com]
**Sent:** Wednesday, December 31, 2008 1:41 PM
**To:** Walker, William; Smith, Steve
**Cc:** Bloom, Aaron; Avalos, Julio
**Subject:** RE: Meet and Confer on Tues., Jan 6.

Steve and Bill,

In preparation for the meeting on Tuesday I want to outline some of the issues that we would like to discuss and get the Defendants' final position so that we can move forward with what appears to be an inevitable motion to compel.

1. As we have discussed with Bill last week and again yesterday (and you discussed previously with others at Orrick), we believe that we are entitled to discovery and documents (including emails and all communications) that relate to the defendants' access of Facebook's site, servers, or code, and the Defendants' design and implementation of the StudiVZ sites. As set forth in our opposition to the Defendants' withdrawn motion for protective order, we believe such discovery relates to the personal jurisdiction issues raised in Defendants' pending motion and that Facebook is entitled to, and needs, such documents and information in order to oppose Defendants' motion. Specifically, we would like Defendants' final positions as to Document Request Nos. 14, 16 (relating to design and implementation of the listed sites), 23, 25, 27, 28, 29 and 30 and Interrogatories Nos. 10, 14, 15, and 16.

2. In addition, we believe that Defendants are improperly withholding information and documents related to the so-called "adhesion contracts" Defendants refer to in response to Interrogatories Nos. 1, 2 and 9 (and related Document Requests Nos. 1, 13 and 30) and the parties pre-litigation discussions pursuant to Document Request No. 3. Will Defendants provide the information and documents?

3. In addition, yesterday Bill advised that Messrs Brehm and Weber were being offered as "personal jurisdiction" witnesses. We need to clarify if these witnesses are also being offered to testify as company witnesses regarding the topics set forth in Facebook's 30(b)(6) deposition notices that were served on Defendants in October. If not, we need to iron out what Messrs. Brehm and Weber will be prepared to testify about on Jan 12 and 13 - beyond the statements made in their declarations. Also, if not Messrs. Brehm and Weber, will SVZ offer other witnesses to testify on Jan 14 and/or 15 regarding the topics set forth in the 30(b)(6) notice? Obviously, we want to make the trip to Germany as productive as possible for all concerned.

Thanks and Happy New Year.

Tom

---

**From:** Walker, William [mailto:wwalker@ggfirm.com]
**Sent:** Tuesday, December 30, 2008 5:37 PM
**To:** Avalos, Julio
**Cc:** Gray, Thomas; Smith, Steve; Bloom, Aaron
**Subject:** RE: Meet and Confer

Julio,

That time on Tuesday will probably work. Why don't we pencil it in and I will follow up with Steve to see if he is available then.

Bill



GREENBERG GLUSKER

O: 310.553.3610

1/27/2009

**William M. Walker**
Attorney at Law

D: 310.201.7482
F: 310.201.2382
WWalker@
greenbergglusker.com

1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067

**IRS Circular 230 Disclosure**
**To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax related penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.**

This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.

---

**From:** Avalos, Julio [mailto:javalos@orrick.com]
**Sent:** Tuesday, December 30, 2008 4:43 PM
**To:** Walker, William
**Cc:** Gray, Thomas; Smith, Steve
**Subject:** Re: Meet and Confer

Bill,

Just following up on my voicemail. At your convenience, please let us know what time Tuesday morning works for you and Steve for a wrap-up meet and confer.

9 a.m. to 10 a.m. works best for us.

Thanks,



ORRICK

**JULIO AVALOS**
*attorney at law*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 MARSH ROAD
MENLO PARK, CA 94025-1015

*tel* 650.289.7184
javalos@orrick.com

www.orrick.com

1/27/2009

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------------
================================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.


================================================================================

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
================================================================================
================================================================================