# EXHIBIT A

Dockets.Justia.com

                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
                     SAN JOSE DIVISION


_____

FACEBOOK, INC.,                 CASE NO. 5:08-CV-03468 JF

          Plaintiff,

     v.

STUDIVZ LTD.,
HOLTZBRINK NETWORKS GMBH,
HOLTZBRINK VENTURES GMBH and
DOES 1-25,


          Defendants.
_____


     The above-styled cause came on for hearing on
December 16, 2008 at 10:31 a.m. before The Honorable
Howard R. Lloyd, United States Magistrate Judge,
Courtroom 2, Fifth Floor.




APPEARANCES:


ON BEHALF OF PLAINTIFF:

     ORRICK, HERRINGTON & SUTCLIFFE, LLP
     By Annette L. Hurst
     1000 Marsh Road
     Menlo Park, CA  94043


ON BEHALF OF DEFENDANTS:

     GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP
     By Stephen S. Smith
     1900 Avenue of the Stars
     Suite 2100
     Los Angeles, CA  90067

1          THE CLERK:  Let's see, Facebook and StudiVZ.

2     I probably didn't pronounce that right.  Facebook

3     against a bunch of German entities.

4          MS. HURST:  Good morning, Your Honor, Annette

5     Hurst from Orrick for plaintiff Facebook.

6          MR. SMITH:  Good morning, Your Honor, Stephen

7     Smith, Greenberg Glusker on behalf of StudiVZ,

8     Holtzbrinck Ventures and Holtzbrinck Networks.

9          THE COURT:  Hello, counsel.  The defendants

10    move for a protective order.  They want to stay

11    discovery that's unrelated to personal jurisdiction

12    issues raised in their motions to dismiss until those

13    motions are resolved, and they want to preclude

14    Facebook from using in the German action any discovery

15    obtained in the instant lawsuit.  And we'll talk about

16    the first one first.

17          As I understand it, the defendants agree that

18    if, in the course of investigating personal

19    jurisdiction, that discovery would also go to the

20    merits, that that wouldn't be a problem.

21          MR. SMITH:  That's correct, Your Honor.

22          THE COURT:  Okay.  So, your objection is to

23    discovery which is solely, you say, directed at merits

24    at this time?

25          MR. SMITH:  That's correct, Your Honor.

1          THE COURT:  And that would apply to the

2    depositions, too.  In other words, you're not opposed

3    to a deposition -- and I know there were several sought

4    -- that are on personal jurisdiction issues, at this

5    time?

6          MR. SMITH:  That's correct, Your Honor, two

7    of them are currently scheduled to occur in January.

8          THE COURT:  And do you think that -- let me

9    ask it this way:  Do you agree that you should be

10   limited to discovery which deals with personal

11   jurisdiction, even if it happens to also overlap into

12   merits?  Or do you say "I should be able to do anything

13   I want, within reason?"

14         MS. HURST:  Your Honor, we certainly disagree

15   that there must be some prima facie standard met on

16   personal jurisdiction in order to conduct discovery.

17   That collapses the merit standard for evaluating a

18   personal jurisdiction motion with the current inquiry,

19   and that is improper.

20          That said, as a practical matter, we have not

21   conducted discovery that is solely related to the

22   merits. For example, no damages discovery has been

23   propounded, Your Honor, and so we have taken a

24   practical approach, but there is a significant

25   difference between the parties in terms of framing the

1   issues for personal jurisdiction.  And we don't want to

2   get dragged into some quagmire where we contend it's

3   related to personal jurisdiction and they don't simply

4   because it's not covered by one of the declarations

5   that they filed in support of their motion.

6           THE COURT:  Am I being dragged into the

7   quagmire now, being asked to rule on your discovery

8   requests and to parse those out which deal with

9   personal jurisdiction and those which deal only with

10  merits?

11          MS. HURST:  Your Honor, in fact, the motion

12  has not presented that issue to the court properly. The

13  proposed order asks simply for a blanket scope that,

14  unless it's a dispute of material issue raised in their

15  motion to dismiss, we can't take discovery on it.

16          THE COURT:  Oh, I'm not going to sign that.

17          MS. HURST:  So the proper procedure -- Your

18  Honor, no protective order is necessary here.  Quite

19  frankly, we haven't conducted any discovery that is

20  solely related to the merits, such as damages

21  discovery.  We have engaged in further meet and confer

22  about specific discovery requests for several weeks

23  since the time this motion has been filed. We have

24  largely been able to work out every issue, and there

25  remain, I believe, Your Honor, very few issues that

1    would come back before this court in the context of

2    further dispute about a burden versus relevance

3    analysis, whether it be for personal jurisdiction or

4    merits purposes.

5             Respectfully, Your Honor, this motion is

6    unnecessary, but it's also misguided in terms of its

7    substantive standards.

8             MR. SMITH:  Can I respond to that?

9             THE COURT:  Well, yeah, but just a minute.

10   Now, you're not telling me you've worked this out and

11   the time that I've spent on this is wasted, are you?

12            MS. HURST:  Your Honor, it was our view as

13   set forth in the opposition that this motion was

14   premature and unnecessary.

15            THE COURT:  No, I'm talking about you said in

16   the weeks since it was briefed and -- filed and briefed

17   that you've continued to talk, and there was some

18   allusion there to where "we've got it mostly worked

19   out."

20            MS. HURST:  Well certainly, Your Honor, we

21   continue to meet and confer regarding the specific

22   discovery that was served in the context of the

23   responses that were received from the defendants,

24   whether they were sufficient or not, what documents

25   would be produced, what interrogatories would be

1   answered, and what witnesses would be produced for

2   deposition, which is part of the reason why, Your

3   Honor, in our opposition we took the view there had

4   been inadequate meet and confer with respect to this

5   motion and that it should be denied on that ground, as

6   well.

7          THE COURT:  Well, there's like 30 requests

8   for document production.  And I understood that I and

9   my staff was going to go through these and decide

10  whether they were exclusively merits-based discovery or

11  whether they had a tinge of personal jurisdiction.

12  Shouldn't they have done that?

13         MR. SMITH:  I think we're in agreement with

14  that, Your Honor, that's not what the motion for

15  protective order is directed at.  I would disagree with

16  two other things Ms. Hurst said, with all due respect.

17  One, there has been a tremendous amount of meet and

18  confer about this.  We've been meeting and conferring

19  about it for months.

20         The responses to this discovery were not even

21  due until after the motion for protective order was

22  filed, and that goes to the other thing I'd like to

23  say.  I asked counsel for Facebook, Ms. Hurst's

24  colleague, Warrington Parker, repeatedly prior to

25  filing the motion, "are you saying that you're going to

1    insist on the right to take merits-based discovery now,

2    and if so, I'm going to have to file a motion for

3    protective order.  If you would just agree not to do

4    that, I won't have to file a motion for protective

5    order."  He refused to agree to that, that's the only

6    reason the motion for protective order was filed.

7           THE COURT:  So, what are you looking for?

8    Now I'm really confused.

9           MR. SMITH:  We're just looking for an order

10   that they not be entitled to engage in merits-based --

11   solely merits-based discovery.

12          THE COURT:  But you two won't agree on what

13   that means.

14          MR. SMITH:  Well, Your Honor, after they

15   filed their opposition, I called Ms. Hurst and said "is

16   it even necessary to have a fight about this anymore?"

17   I said "why don't we just have an agreement," I did use

18   the word "stipulation," I believe, but "an agreement

19   that you won't do merits-based discovery -- solely

20   merits-based discovery while the motions to dismiss are

21   pending?"  And she said she was afraid that if I got

22   that kind of stipulation and order, I would "lord it"

23   over her heard.  So that's why this is still on the

24   calendar.

25          THE COURT:  So, with reference to the

1    document and production requests, and I think there are

2    30 of them, have you responded to them by now?

3             MR. SMITH:  Yes, Your Honor.  And then

4    afterwards, we have had as Ms. Hurst said, some I think

5    productive meet and confer.  I don't think that we're

6    in total agreement, but there has been a substantial

7    amount, I think, of progress made.

8             THE COURT:  And so the time that we spent

9    looking through them and trying to assess whether it

10   was related to personal jurisdiction or simply based on

11   merit, is time that was not well spent?  I'm trying to

12   understand.

13            MR. SMITH:  Yes, Your Honor, but we didn't

14   ask for that and we have been -- in fact, at the time

15   we filed our motion, there hadn't even been a response

16   yet to that discovery.  The motion is not directed to

17   that discovery, it's directed towards their insistence,

18   it's not just in the discovery, it's in the Rule 26(f)

19   statement, the case management conference statement.

20            THE COURT:  But when you say "it's not

21   directed to that discovery," then what is it directed

22   to?

23            MR. SMITH:  It's directed to having a

24   protective order to prevent certain discovery from

25   occurring. Normally, if you're going to just object to

1    discovery that is propounded, you object and the other

2    side needs to compel.  I was seeking a motion for

3    protective order because Mr. Parker would not agree not

4    to serve merits-based discovery while the motions to

5    dismiss were pending.

6                THE COURT:  Okay, well, that's interesting.

7    Ms. Hurst, what do you think I'm being asked to decide?

8                MS. HURST:  Your Honor, respectfully, I

9    always look at the proposed order to really try to

10   ascertain where the rubber meets the road, and I

11   understood the motion to be some kind of a request for

12   a blanket line drawing about what discovery could be

13   conducted and what discovery not.

14               I did not understand it to be requesting the

15   court to go through on a item-by-item basis, and in

16   fact, that was one of the reasons that we objected to

17   the motion, because we thought such a procedure would

18   be premature in that they had not yet responded and we

19   had not met and conferred about specific requests.

20               THE COURT:  Am I going to get a motion now to

21   compel further responses to the RFPs or the

22   interrogatories now that you've gotten responses?

23               MS. HURST:  Your Honor, I can't answer that

24   question today because we don't have the supplemental

25   responses and the document production.  It is possible.

1    There is at least one issue that we have identified

2    that we are unlikely to come to an agreement on that

3    may come back to the court in the future, but it may be

4    unnecessary for us to bring it back to the court if,

5    after the production of documents, the interrogatory

6    responses, and the depositions we ascertain that we

7    have a sufficient amount of information to proceed in

8    opposing the motion.

9         MR. SMITH:  And I think Ms. Hurst will agree

10   with me here that even if we have that disagreement or

11   others, it's going to be much narrower than the entire

12   universe of the discovery that was propounded, because

13   on much of that we have come to an agreement.

14        THE COURT:  Well, if I were to sign the

15   proposed order, which I think you said would preclude

16   merits-based discovery at this point, --

17        MR. SMITH:  Solely merits-based, Judge.

18        THE COURT:  -- aren't you two going to

19   disagree over what merit-based discovery is?

20        MS. HURST:  Yes, Your Honor, which is why I

21   was unwilling to agree to a stipulation on this.  But

22   frankly, Your Honor, the process of give and take

23   during meet and confer is a much better way to resolve

24   that dispute than some kind of blanket advance

25   pronouncement.

1          THE COURT:  I'll go for that.

2          MS. HURST:  We can work this out, Your Honor.

3          MR. SMITH:  I don't even have a problem with

4    that, Your Honor.  I only filed the motion for

5    protective order because I felt like I was forced to. I

6    was told by Mr. Parker that I was going to be -- that

7    they were insisting on the right to conduct, right then

8    and there, merits-based discovery.

9          THE COURT:  You know, you always have the

10   right if they submit a discovery request that is

11   merits-based, to bring a motion to -- so that you don't

12   have to respond to it.

13         MR. SMITH:  And in retrospect, that's what I

14   should have done.

15         THE COURT:  Yeah, because now we're -- this

16   is very -- this is up in the clouds.  This is like

17   asking for an advisory opinion on something which isn't

18   a real dispute at the moment, apparently.

19         MR. SMITH:  I thought it was a real dispute.

20   I had three different conversations with Mr. Parker

21   about this.

22         THE COURT:  Okay.

23         MR. SMITH:  So, I apologize if I brought the

24   motion prematurely.  I expected to be getting it any

25   moment, merits-based discovery, while the motions to

1    dismiss were pending.

2           THE COURT:  And then I'm going to get a

3    motion.

4           MR. SMITH:  I think it will be a much smaller

5    one.

6           THE COURT:  Well, that's nice, but we've

7    already dealt with this big one.  Are you withdrawing

8    this motion?

9           MR. SMITH:  That part of it.

10          THE COURT:  Fine, then the record will

11   reflect that the defendants have withdrawn the portion

12   of the motion dealing with what the court interpreted

13   to be a dispute over merits-based versus personal

14   jurisdiction discovery.

15          All right, as to the other part of the motion

16   which deals with the defendants' assertion that

17   Facebook should be precluded from using any discovery

18   it obtains here in the US of A in the German action,

19   the German action is an action brought by these

20   defendants in this court against Facebook in Germany,

21   apparently intending to obtain a judgment in Germany

22   saying that whatever they did was perfectly okay.

23          MR. SMITH:  Just for the record, Your Honor,

24   there are now two actions in Germany.  Facebook filed a

25   separate action after this motion was filed.  But

1    otherwise, that is correct.

2            THE COURT:  Okay.  Now, you want me to order

3    Facebook that they cannot use any discovery they obtain

4    in the US of A in Germany?

5            MR. SMITH:  That's correct, Your Honor.

6            THE COURT:  And why would I be doing that?

7    Wouldn't that be the German court's job to determine

8    what discovery it is willing to consider?

9            MR. SMITH:  I think that may be correct if we

10   didn't have the issue of the defendants even being in

11   this case to begin with, Your Honor.  It is our

12   position that the case shouldn't have been filed to

13   begin with, which is why the motions to dismiss are

14   currently pending in front of the District Court.

15           It seems -- maybe I'm missing something, but

16   it seems completely unfair to have had a case that

17   potentially never should have been filed in the first

18   place used to obtain discovery in Germany, especially

19   when all of the information is found in Germany.  That

20   information should be discovered for purposes of being

21   used in the German action pursuant to the German

22   procedure for that.

23           THE COURT:  Well, there's two possibilities.

24   One is, it just happens to be a US action and there is

25   a German action, and I don't know of any rule that

1    would say that the US court should tell the litigant it

2    cannot use any discovery it acquired in the US of A in

3    Germany.  That's up to the German court.

4              The other possibility, and there is a case or

5    two cited about that, is if the lawsuit is brought in

6    the US of A solely for the purpose of getting discovery

7    which they otherwise couldn't get in Germany.  But I

8    don't know that I have any evidence of that.

9              MR. SMITH:  No, and I think in all fairness,

10   I would concede I don't think Facebook brought the case

11   solely to get discovery in America for use in Germany,

12   and I don't think we argued that.

13             THE COURT:  No, I don't think you did either.

14             MR. SMITH:  Yeah, but my point is:  If it

15   turns out -- there are motions to dismiss currently

16   pending.  If it turns out that those motions should be

17   granted, and I know we're not here to argue that today,

18   but if it turns out that those motions should be

19   granted and the case never should have been filed

20   against the defendants, and we have had one defendant

21   who has been dismissed already, so it's -- and the

22   motions are well founded.  I don't think anyone is

23   arguing they are intolerable motions.  Then the process

24   in the United States shouldn't have happened at all.

25             And the rules in Germany are quite different.

1   You can get discovery, but it's much more limited.  It

2   usually has to take place in front of the court at the

3   time it is being offered or obtained, and it just

4   doesn't seem right, and I think the 1782 cases that we

5   cited indicate that discovery in that context is not

6   appropriate to be used in a foreign action.

7           Now, I do recognize, and we make this point

8   in our papers, that this is not directly on a 1782

9   situation.

10          THE COURT:  I don't think 1782 has anything

11  to do with this situation.

12          MR. SMITH:  I think it's analogous, but I

13  don't think it's directly on point because in 1782 you

14  don't have a separate already pending civil action in

15  the United States.  You actually go to the United

16  States for discovery.

17          THE COURT:  So you want me to order that if

18  the motions to dismiss get granted and the case is

19  dismissed, then they can't use the discovery in Germany

20  or they can't try to; but if it doesn't get dismissed,

21  then they can try to?

22          MR. SMITH:  That's not how we phrased it, but

23  I would be okay with that because that's my concern

24  about it is -- I agree with you, we shouldn't be going

25  down this road to begin with if we shouldn't have been

1    in the case to begin with.  That's the argument.  If,

2    after we are not dismissed, if we are not dismissed,

3    they want to argue to the German court, we should be

4    allowed to use this, then I don't feel like I need an

5    order from Your Honor that I go to Germany and say "no,

6    Germany, you can't consider that because it has already

7    been decided in the United States."  That's not what

8    the purpose of this motion is for.

9              THE COURT:  I guess I'm not entirely clear on

10   why, if the case is dismissed, and that would somehow

11   invalidate discovery that has been obtained or immunize

12   it from potential use in Germany.

13             MR. SMITH:  Well, what it means is the

14   defendant shouldn't have been sued here and so no

15   discovery should take place.

16             THE COURT:  But so what, the discovery was

17   obtained and while there was, at that point, a viable

18   action.

19             MR. SMITH:  I guess the issue I'm having,

20   Your Honor, is the word "viable action."  If defendants

21   shouldn't have been sued or continuing to be sued prior

22   to their motion to dismiss being heard, is this viable,

23   then yes. But if you have a valid motion to dismiss for

24   lack of personal jurisdiction, I wouldn't call that

25   action viable.

1        THE COURT:  Okay, what do you have to say,

2   Ms. Hurst, briefly?

3        MS. HURST:  Your Honor, the German court is

4   the place to determine whether this evidence would be

5   admissible or not.  It is inefficient, and frankly,

6   unjust.  It does not lie in the mouth of the defendants

7   to assert that there is relevant evidence establishing

8   their liability that we shouldn't be able to go and use

9   elsewhere subject to local rules.

10       It's just -- it's an unseemly contention,

11  Your Honor.  And to the extent that they are arguing --

12       THE COURT:  Unseemly contention, I like that.

13  I'll have to remember that.

14       MS. HURST:  To the extent that they are

15  arguing, Your Honor, that because the discovery would

16  be unavailable in German court, you know, and they're

17  using this kind of back door approach with the 1782

18  cases on this, Your Honor, I would like to point out

19  that that implication has been expressly rejected by

20  the United States Supreme Court under 1782 in the Intel

21  v. AMD case, 542 U.S. 241.

22       In that case, the court said "we're not going

23  to import a categorical foreign discovery rule into

24  1782."  And so, again, saying "it's a matter of local

25  law," and that's the way it should be here, as well,

1    Your Honor.

2              THE COURT:  Okay, the matter is submitted.

3              MS. HURST:  Yes, thank you.

4              MR. SMITH:  Can I briefly respond to the

5    unseemliness just because I felt like that wasn't fair?

6    There are rules in the United States about privilege,

7    for example.

8              THE COURT:  There was a bit of hyperbole

9    there.

10             MR. SMITH:  This isn't -- we're not trying to

11   do anything unseemly.  If the United States has a rule,

12   for example, about attorney-client privilege, that

13   sometimes will cover relevant information.  I don't

14   know what Germany's rule about attorney-client

15   privilege is, I'm just saying that the German rule

16   ought to apply to the stuff that's going to be used

17   there.

18             Otherwise, submit Your Honor.

19             THE COURT:  All right, thank you, counsel.

20             MS. HURST:  Your Honor, I have a proposed

21   form of protective order that allows the use in all

22   pending proceedings between the parties.  It has been

23   shared with Mr. Smith in advance of the hearing.  It is

24   the same as the stipulated form of order that we

25   previously submitted to the court, with the exception

1    of resolving this issue in the plaintiff's favor.  I

2    could hand it up or submit it electronically to the

3    court after the hearing.

4              THE COURT:  Is it a stipulated order?

5              MS. HURST:  There was a stipulated form of

6    order that we filed to have in place pending resolution

7    of this dispute.

8              THE COURT:  Right, I remember that, and we

9    were thinking "well, if we issued an order today, then

10   we wouldn't need that one."  But you've withdrawn that

11   part of it.

12             MR. SMITH:  No, it's the German issue.

13             THE COURT:  The German issue.

14             MS. HURST:  On the German issue.

15             MR. SMITH:  I agree with Ms. Hurst here.  She

16   did give me the language yesterday.  Let me see if I

17   can state it, the District Court's form order, which is

18   basically what we've used so far.

19             THE COURT:  Right.

20             MR. SMITH:  Says you can only use

21   confidential information in this action.  If I

22   basically lose the second half of my motion for

23   protective order, --

24             THE COURT:  Yeah.

25             MR. SMITH:  -- they want to say "expand it so

1    it can be used in this action or other litigation

2    pending between the parties."

3           THE COURT:  Suppose it's silent on it.  See,

4    I'm inclined, on the second part of your motion, I'm

5    inclined to simply say that I'm not precluding the

6    plaintiff from using it.  That's all.

7           MR. SMITH:  Right, I think that there is a

8    distinction there, Your Honor, because you don't want

9    to necessarily have an order giving them the right to

10   use it and then you're going to deny my request

11   prohibiting it.

12          THE COURT:  Not precluding it.

13          MS. HURST:  I think that is what our proposed

14   form of order accomplishes, Your Honor.

15          THE COURT:  Good.  Well, it doesn't sound

16   like you two have quite worked that out, so I don't

17   want to see it right now.

18          MR. SMITH:  I do respectfully disagree with

19   that. I think it makes it sound like in the way, and

20   I'll go back and look at it, but it sounds to me like

21   it says -- gives explicit permission for them to use

22   it.

23          MS. HURST:  Well, in accordance with local

24   law, sure, certainly.

25          MR. SMITH:  I would rather it be silent.

1          THE COURT:  Go work that out, please.

2          MS. HURST:  Thank you, Your Honor.

3          MR. SMITH:  Thank you, Your Honor.

4             (Hearing adjourned 10:52 a.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  STATE OF COLORADO       )

2                          )  ss.      CERTIFICATE

3  COUNTY OF DENVER        )

4

5          I, Christopher Boone, Certified Electronic

6  Court Reporter and Notary Public within and for the

7  State of Colorado, certify that the foregoing is a

8  correct transcription from the digital recording of

9  the proceedings in the above-entitled matter.

10

11         I further certify that I am neither counsel

12 for, related to, nor employed by any of the parties

13 to the action in which this hearing was taken, and

14 further that I am not financially or otherwise

15 interested in the outcome of the action.

16

17         In witness whereof, I have affixed my

18 signature and seal this 11th day of January, 2009.

19

20

My commission expires August 16, 2010.

21

22

23 _____

24 Christopher Boone,

25 AAERT Certified Electronic Court Reporter

**A**

**AAERT** 22:25
**able** 3:12 4:24 17:8
**above-entitled** 22:9
**above-styled** 1:12
**accomplishes** 20:14
**acquired** 14:2
**action** 2:14 12:18,19,19,25
  13:21,24,25 15:6,14 16:18,20
  16:25 19:21 20:1 22:13,15
**actions** 12:24
**adjourned** 21:4
**admissible** 17:5
**advance** 10:24 18:23
**advisory** 11:17
**affixed** 22:17
**afraid** 7:21
**agree** 2:17 3:9 7:3,5,12 9:3 10:9
  10:21 15:24 19:15
**agreement** 6:13 7:17,18 8:6 10:2
  10:13
**allowed** 16:4
**allows** 18:21
**allusion** 5:18
**AMD** 17:21
**America** 14:11
**amount** 6:17 8:7 10:7
**analogous** 15:12
**analysis** 5:3
**Angeles** 1:25
**Annette** 1:19 2:4
**answer** 9:23
**answered** 6:1
**anymore** 7:16
**apologize** 11:23
**apparently** 11:18 12:21
**APPEARANCES** 1:16
**apply** 3:1 18:16
**approach** 3:24 17:17
**appropriate** 15:6
**argue** 14:17 16:3
**argued** 14:12
**arguing** 14:23 17:11,15
**argument** 16:1
**ascertain** 9:10 10:6
**asked** 4:7 6:23 9:7
**asking** 11:17
**asks** 4:13
**assert** 17:7
**assertion** 12:16
**assess** 8:9
**attorney-client** 18:12,14
**August** 22:20
**Avenue** 1:24
**a.m** 1:12 21:4

**B**

**back** 5:1 10:3,4 17:17 20:20
**based** 8:10
**basically** 19:18,22
**basis** 9:15
**behalf** 1:18,22 2:7
**believe** 4:25 7:18
**better** 10:23
**big** 12:7
**bit** 18:8
**blanket** 4:13 9:12 10:24
**Boone** 22:5,24
**briefed** 5:16,16
**briefly** 17:2 18:4
**bring** 10:4 11:11
**brought** 11:23 12:19 14:5,10
**bunch** 2:3
**burden** 5:2

**C**

**CA** 1:20,25
**calendar** 7:24
**CALIFORNIA** 1:1
**call** 16:24
**called** 7:15
**case** 1:4 8:19 13:11,12,16 14:4
  14:10,19 15:18 16:1,10 17:21
  17:22
**cases** 15:4 17:18
**categorical** 17:23
**cause** 1:12
**certain** 8:24
**certainly** 3:14 5:20 20:24
**CERTIFICATE** 22:2
**Certified** 22:5,25
**certify** 22:7,11
**Christopher** 22:5,24
**cited** 14:5 15:5
**civil** 15:14
**CLAMAN** 1:23
**clear** 22:7,11
**CLERK** 2:1
**clouds** 11:16
**collapses** 3:17
**colleague** 6:24
**Colorado** 22:1,7
**come** 5:1 10:2,3,13
**commission** 22:20
**compel** 9:2,21
**completely** 13:16
**concede** 14:10
**concern** 15:23
**conduct** 3:16 11:7
**conducted** 3:21 4:19 9:13
**confer** 4:21 5:21 6:4,18 8:5
  10:23
**conference** 8:19
**conferred** 9:19

**conferring** 6:18
**confidential** 19:21
**confused** 7:8
**consider** 13:8 16:6
**contend** 4:2
**contention** 17:10,12
**context** 5:1,22 15:5
**continue** 5:21
**continued** 5:17
**continuing** 16:21
**conversations** 11:20
**correct** 2:21,25 3:6 13:1,5,9 22:8
**counsel** 2:9 6:23 18:19 22:11
**COUNTY** 22:3
**course** 2:18
**court** 1:1 2:9,22 3:1,8 4:6,12,16
  5:1,9,15 6:7 7:7,12,25 8:8,20
  9:6,15,20 10:3,4,14,18 11:1,9
  11:15,22 12:2,6,10,12,20 13:2
  13:6,14,23 14:1,3,13 15:2,10
  15:17 16:3,9,16 17:1,3,12,16
  17:20,22 18:2,8,19,25 19:3,4,8
  19:13,19,24 20:3,12,15 21:1
  22:6,25
**Courtroom** 1:13
**court's** 13:7 19:17
**cover** 18:13
**covered** 4:4
**current** 3:18
**currently** 3:7 13:14 14:15

**D**

**damages** 3:22 4:20
**day** 22:18
**deal** 4:8,9
**dealing** 12:12
**deals** 3:10 12:16
**dealt** 12:7
**December** 1:12
**decide** 6:9 9:7
**decided** 16:7
**declarations** 4:4
**defendant** 14:20 16:14
**defendants** 1:10,22 2:9,17 5:23
  12:11,16,20 13:10 14:20 16:20
  17:6
**denied** 6:5
**DENVER** 22:3
**deny** 20:10
**deposition** 3:3 6:2
**depositions** 3:2 10:6
**determine** 13:7 17:4
**difference** 3:25
**different** 11:20 14:25
**digital** 22:8
**directed** 2:23 6:15 8:16,17,21,21
  8:23

**directly** 15:8,13
**disagree** 3:14 6:15 10:19 20:18
**disagreement** 10:10
**discovered** 13:20
**discovery** 2:11,14,19,23 3:10,16
   3:21,22 4:7,15,19,21,22 5:22
   6:10,20 7:1,11,19,20 8:16,17
   8:18,21,24 9:1,4,12,13 10:12
   10:16,19 11:8,10,25 12:14,17
   13:3,8,18 14:2,6,11 15:1,5,16
   15:19 16:11,15,16 17:15,23
**dismiss** 2:12 4:15 7:20 9:5 12:1
   13:13 14:15 15:18 16:22,23
**dismissed** 14:21 15:19,20 16:2
   16:2,10
**dispute** 4:14 5:2 10:24 11:18,19
   12:13 19:7
**distinction** 20:8
**District** 1:1,1 13:14 19:17
**DIVISION** 1:2
**document** 6:8 8:1 9:25
**documents** 5:24 10:5
**doing** 13:6
**door** 17:17
**dragged** 4:2,6
**drawing** 9:12
**due** 6:16,21

---

### E

**either** 14:13
**Electronic** 22:5,25
**electronically** 19:2
**employed** 22:12
**engage** 7:10
**engaged** 4:21
**entire** 10:11
**entirely** 16:9
**entities** 2:3
**entitled** 7:10
**especially** 13:18
**establishing** 17:7
**evaluating** 3:17
**evidence** 14:8 17:4,7
**example** 3:22 18:7,12
**exception** 18:25
**exclusively** 6:10
**expand** 19:25
**expected** 11:24
**expires** 22:20
**explicit** 20:21
**expressly** 17:19
**extent** 17:11,14

---

### F

**Facebook** 1:4 2:1,2,5,14 6:23
   12:17,20,24 13:3 14:10
**facie** 3:15

**fact** 4:11 8:14 9:16
**fair** 18:5
**fairness** 14:9
**far** 19:18
**favor** 19:1
**feel** 16:4
**felt** 11:5 18:5
**FIELDS** 1:23
**Fifth** 1:13
**fight** 7:16
**file** 7:2,4
**filed** 4:5,23 5:16 6:22 7:6,15
   8:15 11:4 12:24,25 13:12,17
   14:19 19:6
**filing** 6:25
**financially** 22:14
**Fine** 12:10
**first** 2:16,16 13:17
**Floor** 1:13
**forced** 11:5
**foregoing** 22:7
**foreign** 15:6 17:23
**form** 18:21,24 19:5,17 20:14
**forth** 5:13
**found** 13:19
**founded** 14:22
**framing** 3:25
**frankly** 4:19 10:22 17:5
**front** 13:14 15:2
**further** 4:21 5:2 9:21 22:11,14
**future** 10:3

---

### G

**German** 2:3,14 12:18,19 13:7,21
   13:21,25 14:3 16:3 17:3,16
   18:15 19:12,13,14
**Germany** 12:20,21,24 13:4,18
   13:19 14:3,7,11,25 15:19 16:5
   16:6,12
**Germany's** 18:14
**getting** 11:24 14:6
**give** 10:22 19:16
**gives** 20:21
**giving** 20:9
**Glusker** 1:23 2:7
**GMBH** 1:7,8
**go** 2:19 6:9 9:15 11:1 15:15 16:5
   17:8 20:20 21:1
**goes** 6:22
**going** 4:16 6:9,25 7:2 8:25 9:20
   10:11,18 11:6 12:2 15:24
   17:22 18:16 20:10
**Good** 2:4,6 20:15
**gotten** 9:22
**granted** 14:17,19 15:18
**Greenberg** 1:23 2:7
**ground** 6:5

**guess** 16:9,19

---

### H

**half** 19:22
**hand** 19:2
**happened** 14:24
**happens** 3:11 13:24
**heard** 7:23 16:22
**hearing** 1:12 18:23 19:3 21:4
   22:13
**Hello** 2:9
**HERRINGTON** 1:19
**Holtzbrinck** 2:8,8
**HOLTZBRINK** 1:7,8
**Honor** 2:4,6,21,25 3:6,14,23
   4:11,18,25 5:5,12,20 6:3,14
   7:14 8:3,13 9:8,23 10:20,22
   11:2,4 12:23 13:5,11 16:5,20
   17:3,11,15,18 18:1,18,20 20:8
   20:14 21:2,3
**Honorable** 1:12
**Howard** 1:13
**Hurst** 1:19 2:4,5 3:14 4:11,17
   5:12,20 6:16 7:15 8:4 9:7,8,23
   10:9,20 11:2 17:2,3,14 18:3,20
   19:5,14,15 20:13,23 21:2
**Hurst's** 6:23
**hyperbole** 18:8

---

### I

**identified** 10:1
**immunize** 16:11
**implication** 17:19
**import** 17:23
**improper** 3:19
**inadequate** 6:4
**inclined** 20:4,5
**indicate** 15:5
**inefficient** 17:5
**information** 10:7 13:19,20 18:13
   19:21
**inquiry** 3:18
**insist** 7:1
**insistence** 8:17
**insisting** 11:7
**instant** 2:15
**Intel** 17:20
**intending** 12:21
**interested** 22:15
**interesting** 9:6
**interpreted** 12:12
**interrogatories** 5:25 9:22
**interrogatory** 10:5
**intolerable** 14:23
**invalidate** 16:11
**investigating** 2:18
**issue** 4:12,14,24 10:1 13:10

---

16:19 19:1,12,13,14
**issued** 19:9
**issues** 2:12 3:4 4:1,25
**item-by-item** 9:15

---
**J**

**January** 3:7 22:18
**JF** 1:4
**job** 13:7
**JOSE** 1:2
**Judge** 1:13 10:17
**judgment** 12:21
**jurisdiction** 2:11,19 3:4,11,16
3:18 4:1,3,9 5:3 6:11 8:10
12:14 16:24

---
**K**

**kind** 7:22 9:11 10:24 17:17
**know** 3:3 11:9 13:25 14:8,17
17:16 18:14

---
**L**

**L** 1:19
**lack** 16:24
**language** 19:16
**largely** 4:24
**law** 17:25 20:24
**lawsuit** 2:15 14:5
**Let's** 2:1
**liability** 17:8
**lie** 17:6
**limited** 3:10 15:1
**line** 9:12
**litigant** 14:1
**litigation** 20:1
**Lloyd** 1:13
**LLP** 1:19,23
**local** 17:9,24 20:23
**look** 9:9 20:20
**looking** 7:7,9 8:9
**lord** 7:22
**Los** 1:25
**lose** 19:22

---
**M**

**MACHTINGER** 1:23
**Magistrate** 1:13
**management** 8:19
**Marsh** 1:20
**material** 4:14
**matter** 3:20 17:24 18:2 22:9
**means** 7:13 16:13
**meet** 4:21 5:21 6:4,17 8:5 10:23
**meeting** 6:18
**meets** 9:10
**Menlo** 1:20
**merit** 3:17 8:11

**merits** 2:20,23 3:12,22 4:10,20
5:4
**merits-based** 6:10 7:1,10,11,19
7:20 9:4 10:16,17 11:8,11,25
12:13
**merit-based** 10:19
**met** 3:15 9:19
**minute** 5:9
**misguided** 5:6
**missing** 13:15
**moment** 11:18,25
**months** 6:19
**morning** 2:4,6
**motion** 3:18 4:5,11,15,23 5:5,13
6:5,14,21,25 7:2,4,6 8:15,16
9:2,11,17,20 10:8 11:4,11,24
12:3,8,12,15,25 16:8,22,23
19:22 20:4
**motions** 2:12,13 7:20 9:4 11:25
13:13 14:15,16,18,22,23 15:18
**mouth** 17:6
**move** 2:10

---
**N**

**narrower** 10:11
**necessarily** 20:9
**necessary** 4:18 7:16
**need** 16:4 19:10
**needs** 9:2
**neither** 22:11
**Networks** 1:7 2:8
**never** 13:17 14:19
**nice** 12:6
**Normally** 8:25
**NORTHERN** 1:1
**Notary** 22:6

---
**O**

**object** 8:25 9:1
**objected** 9:16
**objection** 2:22
**obtain** 12:21 13:3,18
**obtained** 2:15 15:3 16:11,17
**obtains** 12:18
**occur** 3:7
**occurring** 8:25
**offered** 15:3
**Oh** 4:16
**okay** 2:22 9:6 11:22 12:22 13:2
15:23 17:1 18:2
**opinion** 11:17
**opposed** 3:2
**opposing** 10:8
**opposition** 5:13 6:3 7:15
**order** 2:10 3:16 4:13,18 6:15,21
7:3,5,6,9,22 8:24 9:3,9 10:15
11:5 13:2 15:17 16:5 18:21,24

19:4,6,9,17,23 20:9,14
**Orrick** 1:19 2:5
**ought** 18:16
**outcome** 22:15
**overlap** 3:11

---
**P**

**papers** 15:8
**Park** 1:20
**Parker** 6:24 9:3 11:6,20
**parse** 4:8
**part** 6:2 12:9,15 19:11 20:4
**parties** 3:25 18:22 20:2 22:12
**pending** 7:21 9:5 12:1 13:14
14:16 15:14 18:22 19:6 20:2
**perfectly** 12:22
**permission** 20:21
**personal** 2:11,18 3:4,10,16,18
4:1,3,9 5:3 6:11 8:10 12:13
16:24
**phrased** 15:22
**place** 13:18 15:2 16:15 17:4 19:6
**plaintiff** 1:5,18 2:5 20:6
**plaintiff's** 19:1
**please** 21:1
**point** 10:16 14:14 15:7,13 16:17
17:18
**portion** 12:11
**position** 13:12
**possibilities** 13:23
**possibility** 14:4
**possible** 9:25
**potential** 16:12
**potentially** 13:17
**practical** 3:20,24
**preclude** 2:13 10:15
**precluded** 12:17
**precluding** 20:5,12
**premature** 5:14 9:18
**prematurely** 11:24
**presented** 4:12
**prevent** 8:24
**previously** 18:25
**prima** 3:15
**prior** 6:24 16:21
**privilege** 18:6,12,15
**probably** 2:2
**problem** 2:20 11:3
**procedure** 4:17 9:17 13:22
**proceed** 10:7
**proceedings** 18:22 22:9
**process** 10:22 14:23
**produced** 5:25 6:1
**production** 6:8 8:1 9:25 10:5
**productive** 8:5
**progress** 8:7
**prohibiting** 20:11

**pronounce** 2:2
**pronouncement** 10:25
**proper** 4:17
**properly** 4:12
**proposed** 4:13 9:9 10:15 18:20
   20:13
**propounded** 3:23 9:1 10:12
**protective** 2:10 4:18 6:15,21 7:3
   7:4,6 8:24 9:3 11:5 18:21
   19:23
**Public** 22:6
**purpose** 14:6 16:8
**purposes** 5:4 13:20
**pursuant** 13:21

**Q**

**quagmire** 4:2,7
**question** 9:24
**quite** 4:18 14:25 20:16

**R**

**R** 1:13
**raised** 2:12 4:14
**real** 11:18,19
**really** 7:8 9:9
**reason** 3:13 6:2 7:6
**reasons** 9:16
**received** 5:23
**recognize** 15:7
**record** 12:10,23
**recording** 22:8
**reference** 7:25
**reflect** 12:11
**refused** 7:5
**regarding** 5:21
**rejected** 17:19
**related** 3:21 4:3,20 8:10 22:12
**relevance** 5:2
**relevant** 17:7 18:13
**remain** 4:25
**remember** 17:13 19:8
**repeatedly** 6:24
**Reporter** 22:6,25
**request** 9:11 11:10 20:10
**requesting** 9:14
**requests** 4:8,22 6:7 8:1 9:19
**resolution** 19:6
**resolve** 10:23
**resolved** 2:13
**resolving** 19:1
**respect** 6:4,16
**respectfully** 5:5 9:8 20:18
**respond** 5:8 11:12 18:4
**responded** 8:2 9:18
**response** 8:15
**responses** 5:23 6:20 9:21,22,25
   10:6

**retrospect** 11:13
**RFPs** 9:21
**right** 2:2 7:1 11:7,7,10 12:15
   15:4 18:19 19:8,19 20:7,9,17
**road** 1:20 9:10 15:25
**rubber** 9:10
**rule** 4:7 8:18 13:25 17:23 18:11
   18:14,15
**rules** 14:25 17:9 18:6

**S**

**S** 1:23
**SAN** 1:2
**saying** 6:25 12:22 17:24 18:15
**says** 19:20 20:21
**scheduled** 3:7
**scope** 4:13
**seal** 22:18
**second** 19:22 20:4
**see** 2:1 19:16 20:3,17
**seeking** 9:2
**separate** 12:25 15:14
**serve** 9:4
**served** 5:22
**set** 5:13
**shared** 18:23
**side** 9:2
**sign** 4:16 10:14
**signature** 22:18
**significant** 3:24
**silent** 20:3,25
**simply** 4:3,13 8:10 20:5
**situation** 15:9,11
**smaller** 12:4
**Smith** 1:23 2:6,7,21,25 3:6 5:8
   6:13 7:9,14 8:3,13,23 10:9,17
   11:3,13,19,23 12:4,9,23 13:5,9
   14:9,14 15:12,22 16:13,19
   18:4,10,23 19:12,15,20,25
   20:7,18,25 21:3
**solely** 2:23 3:21 4:20 7:11,19
   10:17 14:6,11
**sought** 3:3
**sound** 20:15,19
**sounds** 20:20
**specific** 4:22 5:21 9:19
**spent** 5:11 8:8,11
**ss** 22:2
**staff** 6:9
**standard** 3:15,17
**standards** 5:7
**Stars** 1:24
**state** 19:17 22:1,7
**statement** 8:19,19
**States** 1:1,13 14:24 15:15,16
   16:7 17:20 18:6,11
**stay** 2:10

**Stephen** 1:23 2:6
**stipulated** 18:24 19:4,5
**stipulation** 7:18,22 10:21
**StudiVZ** 1:7 2:1,7
**stuff** 18:16
**subject** 17:9
**submit** 11:10 18:18 19:2
**submitted** 18:2,25
**substantial** 8:6
**substantive** 5:7
**sued** 16:14,21,21
**sufficient** 5:24 10:7
**Suite** 1:24
**supplemental** 9:24
**support** 4:5
**Suppose** 20:3
**Supreme** 17:20
**sure** 20:24
**SUTCLIFFE** 1:19

**T**

**take** 4:15 7:1 10:22 15:2 16:15
**taken** 3:23 22:13
**talk** 2:15 5:17
**talking** 5:15
**tell** 14:1
**telling** 5:10
**terms** 3:25 5:6
**thank** 18:3,19 21:2,3
**thing** 6:22
**things** 6:16
**think** 3:8 6:13 8:1,4,5,7 9:7 10:9
   10:15 12:4 13:9 14:9,10,12,13
   14:22 15:4,10,12,13 20:7,13
   20:19
**thinking** 19:9
**thought** 9:17 11:19
**three** 11:20
**time** 2:24 3:5 4:23 5:11 8:8,11
   8:14 15:3
**tinge** 6:11
**today** 9:24 14:17 19:9
**told** 11:6
**total** 8:6
**transcription** 22:8
**tremendous** 6:17
**try** 9:9 15:20,21
**trying** 8:9,11 18:10
**turns** 14:15,16,18
**two** 3:6 6:16 7:12 10:18 12:24
   13:23 14:5 20:16

**U**

**unavailable** 17:16
**understand** 2:17 8:12 9:14
**understood** 6:8 9:11
**unfair** 13:16

**United** 1:1,13 14:24 15:15,15
  16:7 17:20 18:6,11
**universe** 10:12
**unjust** 17:6
**unnecessary** 5:6,14 10:4
**unrelated** 2:11
**unseemliness** 18:5
**unseemly** 17:10,12 18:11
**unwilling** 10:21
**use** 7:17 13:3 14:2,11 15:19 16:4
  16:12 17:8 18:21 19:20 20:10
  20:21
**usually** 15:2
**U.S** 17:21

---
            **V**
---

**v** 1:6 17:21
**valid** 16:23
**Ventures** 1:8 2:8
**versus** 5:2 12:13
**viable** 16:17,20,22,25
**view** 5:12 6:3

---
            **W**
---

**want** 2:10,13 3:13 4:1 13:2
  15:17 16:3 19:25 20:8,17
**Warrington** 6:24
**wasn't** 18:5
**wasted** 5:11
**way** 3:9 10:23 17:25 20:19
**weeks** 4:22 5:16
**we'll** 2:15
**we're** 6:13 7:9 8:5 11:15 14:17
  17:22 18:10
**we've** 5:18 6:18 12:6 19:18
**whereof** 22:17
**willing** 13:8
**withdrawing** 12:7
**withdrawn** 12:11 19:10
**witness** 22:17
**witnesses** 6:1
**word** 7:18 16:20
**words** 3:2
**work** 4:24 11:2 21:1
**worked** 5:10,18 20:16
**wouldn't** 2:20 13:7 16:24 19:10

---
            **Y**
---

**yeah** 5:9 11:15 14:14 19:24
**yesterday** 19:16

---
            **1**
---

**1-25** 1:8
**10:31** 1:12
**10:52** 21:4
**1000** 1:20
**11th** 22:18

**16** 1:12 22:20
**1782** 15:4,8,10,13 17:17,20,24
**1900** 1:24

---
            **2**
---

**2** 1:13
**2008** 1:12
**2009** 22:18
**2010** 22:20
**2100** 1:24
**241** 17:21
**26(f)** 8:18

---
            **3**
---

**30** 6:7 8:2

---
            **5**
---

**5:08-CV-03468** 1:4
**542** 17:21

---
            **9**
---

**90067** 1:25
**94043** 1:20