# EXHIBIT B

Dockets.Justia.com

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     STUDIVZ LTD.

SET NUMBER:     ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I. GENERAL OBJECTIONS

A.     StudiVZ objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order.

B.     StudiVZ objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.     StudiVZ objects to the Interrogatories to the extent that they would require violation of the privacy rights of its employees and customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.     StudiVZ objects to the Interrogatories on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

representing it acting on its behalf, OR purporting to act on its behalf, including

without limitation, Ehassan Dariani and Dennis Bemman." This is improperly

overbroad generally and is particularly so given that the discovery purports to relate

to personal jurisdiction, since in establishing jurisdiction discovery must be directed

only at the party over whom jurisdiction is being asserted.

E.     StudiVZ objects to the Interrogatories to the extent they seek

information that is protected from disclosure by the attorney-client privilege, the

attorney work product doctrine, the right of privacy and/or any other applicable

privileges, doctrines, or immunity from disclosure.

F.     StudiVZ further objects to the Interrogatories to the extent they

attempt or purport to impose obligations on StudiVZ beyond those set forth in the

Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on

the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

Convention") as interpreted and enforced under German law. All definitions and

instructions will be treated as having no force or effect to the extent they purport to

impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil

Procedure or the Hague Evidence Convention as interpreted and enforced under

German law.

**SPECIAL INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY ALL contacts AND

COMMUNICATIONS YOU have had with PERSONS (including without

limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

formerly residing OR domiciled in California. In doing so, IDENTIFY the

PERSONS contacted, the location AND time where any such contact OR event

occurred, AND the subject matter of the contact OR COMMUNICATION.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

2        StudiVZ hereby incorporates by reference the general objections set forth

3    above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

4    is not entitled to take discovery on personal jurisdiction as a matter of right. In

5    order to do so, Facebook must either make a *prima facie* showing of jurisdiction

6    over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

7    Facebook has done neither. StudiVZ further objects to this interrogatory on the

8    grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects

9    to this interrogatory on the grounds that it is unlimited as to time, and is so

10    overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

11    this interrogatory on the grounds that it is compound. StudiVZ further objects to

12    this interrogatory on the grounds that it seeks information that is not relevant nor

13    reasonably calculated to lead to the discovery of admissible evidence. StudiVZ

14    further objects to this interrogatory on the grounds that it is not limited to contacts

15    or communications that occurred within the authorized course and scope of

16    StudiVZ's business.

17        Notwithstanding the foregoing objections, and pursuant to agreements

18    reached during the parties' "meet and confer," StudiVZ responds as follows:

19        StudiVZ was party to only one negotiated contract with a known California

20    resident or that contained an express California choice of law clause as of July 18,

21    2008. The other party was a company called VMWare Fusion. The contract was a

22    license to use VMWare Fusion's proprietary software to help Windows run on Mac

23    computers. To StudiVZ's knowledge, after engaging in due diligence to determine

24    the answer, the only other contracts that StudiVZ had with any possible residents of

25    California that were in effect as of July 18, 2008 were adhesion contracts, such as

26    form license agreements that one must accept when purchasing software or when

27    software is included with purchased hardware.

28        Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that

1    were owed to StudiVZ by a known California resident.

2        Also, as of July 18, 2008, StudiVZ did not have any accounts payable that

3    were owed by StudiVZ to a known California resident.

4

5    **SPECIAL INTERROGATORY NO. 2:**

6        Describe in detail AND IDENTIFY ALL contacts AND

7    COMMUNICATIONS YOU have had with businesses (including without

8    limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc.,

9    server providers, advertising agencies, advertisers, Internet service providers,

10   computer equipment providers, YOUR licensors AND licensees) currently OR

11   formerly located, licensed, based, OR incorporated in California.  In doing so,

12   IDENTIFY the PERSONS contacted, the location AND time where any such

13   contact OR event occurred, AND the subject matter of the contact OR

14   COMMUNICATION.

15   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

16       StudiVZ hereby incorporates by reference the general objections set forth

17   above.  StudiVZ further objects to this interrogatory on the grounds that a plaintiff

18   is not entitled to take discovery on personal jurisdiction as a matter of right.  In

19   order to do so, Facebook must either make a *prima facie* showing of jurisdiction

20   over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

21   Facebook has done neither.  StudiVZ further objects to this interrogatory on the

22   grounds that the definition of "YOU" is grossly overbroad.  StudiVZ further objects

23   to this interrogatory on the grounds that it is unlimited as to time, and is so

24   overbroad as to be unduly burdensome and harassing.  StudiVZ further objects to

25   this interrogatory on the grounds that it is compound.  StudiVZ further objects to

26   this interrogatory on the grounds that it seeks information that is not relevant nor

27   reasonably calculated to lead to the discovery of admissible evidence.  StudiVZ

28   further objects to this interrogatory on the grounds that it is not limited to contacts

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   or communications that occurred within the authorized course and scope of

2   StudiVZ's business.

3         Notwithstanding the foregoing objections, and pursuant to agreements

4   reached during the parties' "meet and confer," StudiVZ responds as follows:

5         StudiVZ was party to only one negotiated contract with a known California

6   resident or that contained an express California choice of law clause as of July 18,

7   2008. The other party was a company called VMWare Fusion. The contract was a

8   license to use VMWare Fusion's proprietary software to help Windows run on Mac

9   computers. To StudiVZ's knowledge, after engaging in due diligence to determine

10  the answer, the only other contracts that StudiVZ had with any possible residents of

11  California that were in effect as of July 18, 2008 were adhesion contracts, such as

12  form license agreements that one must accept when purchasing software or when

13  software is included with purchased hardware.

14        Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that

15  were owed to StudiVZ by a known California resident.

16        Also, as of July 18, 2008, StudiVZ did not have any accounts payable that

17  were owed by StudiVZ to a known California resident.

18

19  **SPECIAL INTERROGATORY NO. 3:**

20        Describe in detail AND IDENTIFY ALL contacts AND

21  COMMUNICATIONS YOU have had with universities AND colleges located in

22  California, including without limitation, letters, emails, advertising materials,

23  business solicitations, business contacts, telephonic conversations, facsimile

24  transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND

25  time where any such contact OR event occurred, AND the subject matter of the

26  contact OR COMMUNICATION.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

28        StudiVZ hereby incorporates by reference the general objections set forth

Dennis Bemmann and Michael Brehm went together to California to negotiate with Facebook and another U.S. company about a proposed purchase of studiVZ. At the end of 2006, Michael Brehm visited Facebook in California one more time, this time by himself, in connection with those same negotiations with Facebook concerning Facebook's proposed purchase of StudiVZ. In 2008, Dennis Bemmann visited California for due diligence purposes during another attempt by Facebook to buy StudiVZ.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

As of July 18, 2008, StudiVZ owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **SPECIAL INTERROGATORY NO. 10:**

2      IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR

3  behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed

4  the website, www.facebook.com OR www.thefacebook.com, AND the purposes of

5  each access, including without limitation, ANY COMMUNICATIONS that

6  RELATE TO ANY of the occurrences AND IDENTIFY the USER OF

7  FACEBOOK OR registrant accounts OR email addresses used to access the

8  facebook.com website.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

10      StudiVZ hereby incorporates by reference the general objections set forth

11  above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

12  is not entitled to take discovery on personal jurisdiction as a matter of right. In

13  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

14  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

15  Facebook has done neither. StudiVZ further objects to this interrogatory on the

16  grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects

17  to this interrogatory on the grounds that it is unlimited as to time, and is so

18  overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

19  this interrogatory on the grounds that it seeks information that is not relevant nor

20  reasonably calculated to lead to the discovery of admissible evidence. StudiVZ

21  further objects to this interrogatory on the grounds that it is not limited to access

22  that occurred within the authorized course and scope of StudiVZ's business.

23

24  **SPECIAL INTERROGATORY NO. 11:**

25      IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to

26  do business in California.

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

28      StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to

1 lead to the discovery of admissible evidence.

2 Notwithstanding the foregoing objections, and pursuant to agreements

3 reached during the parties' "meet and confer," StudiVZ responds as follows:

4 StudiVZ is concurrently producing to Facebook two partial organizational

5 charts, showing the employees who were the heads of the company departments in

6 charge of design, programming, operations and marketing as of July 18, 2008 and

7 January 1, 2009. Those charts are attached hereto and incorporated herein as

8 Exhibit "A."

9

10 **SPECIAL INTERROGATORY NO. 16:**

11 IDENTIFY ALL PERSONS responsible in any manner for the design,

12 programming and maintenance of the www.studivz.net website, the

13 www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website,

14 the www.estudiln.net website, the www.studentix.pl website AND the

15 www.schuelervz.net website, including without limitation, the location of the

16 PERSON, job descriptions, authorities, dates in these positions, duties, AND

17 responsibilities.

18 **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

19 StudiVZ hereby incorporates by reference the general objections set forth

20 above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

21 is not entitled to take discovery on personal jurisdiction as a matter of right. In

22 order to do so, Facebook must either make a *prima facie* showing of jurisdiction

23 over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

24 Facebook has done neither. StudiVZ further objects to this interrogatory on the

25 grounds that it is unlimited as to time, and is so overbroad as to be unduly

26 burdensome and harassing. StudiVZ further objects to this interrogatory on the

27 grounds that it seeks information that is not relevant nor reasonably calculated to

28 lead to the discovery of admissible evidence.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Notwithstanding the foregoing objections, and pursuant to agreements

2   reached during the parties' "meet and confer," StudiVZ responds as follows:

3       StudiVZ is concurrently producing to Facebook two partial organizational

4   charts, showing the employees who were the heads of the company departments in

5   charge of design, programming, operations and marketing as of July 18, 2008 and

6   January 1, 2009.  Those charts are attached hereto and incorporated herein as

7   Exhibit "A."

8

9   **SPECIAL INTERROGATORY NO. 17:**

10      IDENTIFY current AND former directors, officers, employees, AND agents

11  of STUDIVZ, including without limitation, dates in these positions, duties, job

12  descriptions, authorities, AND responsibilities.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

14      StudiVZ hereby incorporates by reference the general objections set forth

15  above.  StudiVZ further objects to this interrogatory on the grounds that a plaintiff

16  is not entitled to take discovery on personal jurisdiction as a matter of right.  In

17  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

18  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

19  Facebook has done neither.  StudiVZ further objects to this interrogatory on the

20  grounds that the definition of "STUDIVZ" is grossly overbroad.  StudiVZ further

21  objects to this interrogatory on the grounds that it is unlimited as to time, and is so

22  overbroad as to be unduly burdensome and harassing.  StudiVZ further objects to

23  this interrogatory on the grounds that it seeks information that is not relevant nor

24  reasonably calculated to lead to the discovery of admissible evidence.

25      Notwithstanding the foregoing objections, and pursuant to agreements

26  reached during the parties' "meet and confer," StudiVZ responds as follows:

27      StudiVZ is concurrently producing to Facebook two partial organizational

28  charts, showing the employees who were the heads of the company departments in

on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ's websites are accessible from any and all colleges, universities and institutions of higher learning that provide internet access all over the world, including California. But StudiVZ does not specifically target its activities at colleges, universities or institutes of higher learning in California.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH
WILLIAM M. WALKER
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2

## VERIFICATION

3        I, Michael Brehm, declare as follows:

4        I have read the foregoing "STUDIVZ LTD.'S SUPPLEMENTAL

5 RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL

6 INTERROGATORIES" and know the contents therein.  I am the Chief Operating

7 Officer of StudiVZ, Ltd.  The matters stated therein are either true of my own

8 knowledge or I am informed and believe them to be true.

9

10        I declare under penalty of perjury under the laws of the United States of

11 America that the foregoing is true and correct.

12

13        Executed at Berlin, Germany on December 2 4, 2008.

14

15                                            Michael Brehm

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒   by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**       Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐      I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ **(Fed)**      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____            _____
                                               SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

---

**PROOF OF SERVICE**

PAGE INTENTIONALLY BLANK

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:      FACEBOOK, INC.

RESPONDING PARTY:       HOLTZBRINCK VENTURES GmbH

SET NUMBER:             ONE

# I.   GENERAL OBJECTIONS

A.   Holtzbrinck Ventures GmbH ("Ventures") objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.   Ventures objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.   Networks objects to the Interrogatories to the extent  that they would require violation of the privacy rights of its employees and its customers as embodied in the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.   Ventures objects to the Interrogatories on the grounds that "HOLTZBRINCK VENTURES GmbH," "YOU," and "YOUR" is defined as "defendant Verlagsgruppe Georg Von Holtzbrinck GmbH and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    representing it acting on its behalf, OR purporting to act on its behalf, including

2    without limitation Ehassan Dariani and Dennis Bemman." Verlagsgruppe Georg

3    Von Holtzbrinck GmbH has already been dismissed and is no longer a party to this

4    action. Moreover, the definition is overbroad generally and is particularly so given

5    that the discovery purports to relate to personal jurisdiction, since in establishing

6    jurisdiction discovery must be directed only at the party over whom jurisdiction is

7    being asserted.

8

9    E.    Ventures objects to the Interrogatories to the extent they seek

10   information that is protected from disclosure by the attorney-client privilege, the

11   attorney work product doctrine, the right of privacy and/or any other applicable

12   privileges, doctrines, or immunity from disclosure.

13

14   F.    Ventures further objects to the Interrogatories to the extent they

15   attempt or purport to impose obligations on Ventures beyond those set forth in the

16   Federal Rules of Civil Procedure and the Hague Evidence Convention as

17   interpreted and enforced under German law. All definitions and instructions will be

18   treated as having no force or effect to the extent they purport to impose obligations

19   on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the

20   Hague Evidence Convention as interpreted and enforced under German law.

21

22   **SPECIAL INTERROGATORY NO. 1:**

23   Describe in detail AND IDENTIFY ALL contacts AND

24   COMMUNICATIONS YOU have had with PERSONS (including without

25   limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

26   formerly residing OR domiciled in California. In doing so, IDENTIFY the

27   PERSONS contacted, the location AND time where any such contact OR event

28   occurred, AND the subject matter of the contact OR COMMUNICATION.

3

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it is compound. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **SPECIAL INTERROGATORY NO. 2:**

2          Describe in detail AND IDENTIFY ALL contacts AND

3    COMMUNICATIONS YOU have had with businesses (including without

4    limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc.,

5    server providers, advertising agencies, advertisers, Internet service providers,

6    computer equipment providers, YOUR licensors AND licensees) currently OR

7    formerly located, licensed, based, OR incorporated in California.  In doing so,

8    IDENTIFY the PERSONS contacted, the location AND time where any such

9    contact OR event occurred, AND the subject matter of the contact OR

10   COMMUNICATION.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

12         Ventures hereby incorporates by reference the general objections set forth

13   above.  Ventures further objects to this interrogatory on the grounds that a plaintiff

14   is not entitled to take discovery on personal jurisdiction as a matter of right.  In

15   order to do so, Facebook must either make a *prima facie* showing of jurisdiction

16   over Ventures, or it must identify material jurisdictional issues that are in dispute.

17   Facebook has done neither.  Ventures further objects to this interrogatory on the

18   grounds that the definition of "YOU" is grossly overbroad.  Ventures further

19   objects to this interrogatory on the grounds that the definition of "YOU" includes

20   Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

21   and is no longer a party to this action.  Ventures further objects to this interrogatory

22   on the grounds that it is unlimited as to time, and is so overbroad as to be unduly

23   burdensome and harassing.  Ventures further objects to this interrogatory on the

24   grounds that it is compound.  Ventures further objects to this interrogatory on the

25   grounds that it seeks information that is not relevant nor reasonably calculated to

26   lead to the discovery of admissible evidence.  Ventures further objects to this

27   interrogatory on the grounds that it is not limited to contacts or communications

28   that occurred within the authorized course and scope of Ventures' business.

37106-00002/1668981.2

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

**SPECIAL INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

As of July 18, 2008, Ventures owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Ventures hereby incorporates by reference the general objections set forth

11

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008.

## SPECIAL INTERROGATORY NO. 10:

IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed the website, www.facebook.com OR www.thefacebook.com, AND the purposes of each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

37106-00002/1668981.2

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of Ventures' business.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the

13

order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16

interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website, including without limitation, the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY current AND former directors, officers, employees, AND agents of STUDIVZ, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights. Ventures further objects to this interrogatory on the grounds that it seeks information about StudiVZ, not Ventures.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

30

**VERIFICATION**

I, Martin Weber, declare as follows:

I have read the foregoing "HOLTZBRINCK VENTURES GmbH'S
SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF
SPECIAL INTERROGATORIES" and know the contents therein. I am a
managing director of Holtzbrinck Ventures Gmbh. The matters stated therein are
either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

Executed at Stuttgart, Germany on December 24, 2008.

Martin Weber

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

31

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒      by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**      Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐      I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____         _____
                                             SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**PROOF OF SERVICE**

37106-00002/1664763.1

PAGE INTENTIONALLY BLANK

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:   FACEBOOK, INC.

RESPONDING PARTY:   HOLTZBRINCK NETWORKS GmbH

SET NUMBER:   ONE

# I.  GENERAL OBJECTIONS

A.    Holtzbrinck Networks GmbH ("Networks") objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.    Networks objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    Networks objects to the Interrogatories to the extent  that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.    Networks objects to the Interrogatories on the grounds that "HOLTZBRINCK NETWORKS GmbH," "YOU," and "YOUR" is defined as "defendant Verlagsgruppe Georg Von Holtzbrinck GmbH and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   employees, investigators, attorneys, AND ALL other persons and entities

2   representing it acting on its behalf, OR purporting to act on its behalf, including

3   without limitation Ehassan Dariani and Dennis Bemman." Verlagsgruppe Georg

4   Von Holtzbrinck GmbH has already been dismissed and is no longer a party to this

5   action. Moreover, the definition is improperly overbroad generally, and is

6   particularly so given that the discovery purports to relate personal jurisdiction, since

7   in establishing jurisdiction discovery must be directed only at the party over whom

8   jurisdiction is being asserted.

9

10      E.    Networks objects to the Interrogatories to the extent they seek

11   information that is protected from disclosure by the attorney-client privilege, the

12   attorney work product doctrine, the right of privacy and/or any other applicable

13   privileges, doctrines, or immunity from disclosure.

14

15      F.    Networks further objects to the Interrogatories to the extent they

16   attempt or purport to impose obligations on Networks beyond those set forth in the

17   Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on

18   the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

19   Convention") as interpreted and enforced under German law. All definitions and

20   instructions will be treated as having no force or effect to the extent they purport to

21   impose obligations on Networks beyond those set forth in the Federal Rules of

22   Civil Procedure and the Hague Evidence Convention as interpreted and enforced

23   under German law.

24

25   **SPECIAL INTERROGATORY NO. 1:**

26      Describe in detail AND IDENTIFY ALL contacts AND

27   COMMUNICATIONS YOU have had with PERSONS (including without

28   limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

formerly residing OR domiciled in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it is compound. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Networks' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," Networks responds as follows:

Networks was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Networks did not have any accounts receivable that were owed by a known California resident.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Also, as of July 18, 2008, Networks did not have any accounts payable that were owed to a known California resident.

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with businesses (including without limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc., server providers, advertising agencies, advertisers, Internet service providers, computer equipment providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it is compound. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Networks' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," Networks responds as follows:

Networks was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Networks did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Networks did not have any accounts payable that were owed to a known California resident.

## SPECIAL INTERROGATORY NO. 3:

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

## RESPONSE TO SPECIAL INTERROGATORY NO. 3:

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the

reached during the parties' "meet and confer," Networks responds as follows:

From March 16-19, 2008, Mr. Martin Weber and Mr. Konstantin Urban made a trip to California in connection with the negotiations by Facebook to buy StudiVZ.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," Networks responds as follows:

As of July 18, 2008, Networks owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1　California law governs AND/OR in which the parties to the contract OR agreement

2　agreed as to the jurisdiction of California state courts AND/OR United States

3　federal courts located in California.

4　**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

5　　　Networks hereby incorporates by reference the general objections set forth

6　above. Networks further objects to this interrogatory on the grounds that a plaintiff

7　is not entitled to take discovery on personal jurisdiction as a matter of right. In

8　order to do so, Facebook must either make a *prima facie* showing of jurisdiction

9　over Networks, or it must identify material jurisdictional issues that are in dispute.

10　Facebook has done neither. Networks further objects to this interrogatory on the

11　grounds that the definition of "YOU" is grossly overbroad. Networks further

12　objects to this interrogatory on the grounds that the definition of "YOU" includes

13　Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

14　and is no longer a party to this action. Networks further objects to this

15　interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to

16　be unduly burdensome and harassing. Networks further objects to this

17　interrogatory on the grounds that it seeks information that is not relevant nor

18　reasonably calculated to lead to the discovery of admissible evidence.

19　　　Notwithstanding the foregoing objections, and pursuant to agreements

20　reached during the parties' "meet and confer," Networks responds as follows:

21　　　Networks was not a party to any negotiated contracts with a known

22　California resident or that contained an express California choice of law clause as

23　of July 18, 2008.

24

25　**SPECIAL INTERROGATORY NO. 10:**

26　　　IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR

27　behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed

28　the website, www.facebook.com OR www.thefacebook.com, AND the purposes of

each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

## RESPONSE TO SPECIAL INTERROGATORY NO. 10:

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of Networks' business.

## SPECIAL INTERROGATORY NO. 11:

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 11:

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

2      Networks hereby incorporates by reference the general objections set forth

3  above. Networks further objects to this interrogatory on the grounds that a plaintiff

4  is not entitled to take discovery on personal jurisdiction as a matter of right. In

5  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

6  over Networks, or it must identify material jurisdictional issues that are in dispute.

7  Facebook has done neither. Networks further objects to this interrogatory on the

8  grounds that the definition of "YOU" is grossly overbroad. Networks further

9  objects to this interrogatory on the grounds that the definition of "YOU" includes

10 Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

11 and is no longer a party to this action. Networks further objects to this

12 interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to

13 be unduly burdensome and harassing. Networks further objects to this

14 interrogatory on the grounds that it seeks information that is not relevant nor

15 reasonably calculated to lead to the discovery of admissible evidence. Networks

16 further objects to this interrogatory on the grounds that it infringes on the privacy

17 rights of the users.

18

19 **SPECIAL INTERROGATORY NO. 15:**

20     IDENTIFY ALL PERSONS responsible in any manner for the design,

21 programming and maintenance of the www.studivz.net website, including without

22 limitation the location of the PERSON, job descriptions, authorities, dates in these

23 positions, duties, AND responsibilities.

24 **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

25     Networks hereby incorporates by reference the general objections set forth

26 above. Networks further objects to this interrogatory on the grounds that a plaintiff

27 is not entitled to take discovery on personal jurisdiction as a matter of right. In

28 order to do so, Facebook must either make a *prima facie* showing of jurisdiction

over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website, including without limitation, the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## RESPONSE TO SPECIAL INTERROGATORY NO. 23:

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that "STUDIVZ" is undefined. Networks further objects to this interrogatory on the grounds that it is compound and exceeds Facebook's 30 allowed interrogatories. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights. Networks further objects to this interrogatory on the grounds that it seeks information about StudiVZ, not Networks.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

## **VERIFICATION**

I, Martin Weber, declare as follows:

I have read the foregoing "HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein. I am a managing director of Holtzbrinck Networks Gmbh. The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Stuttgart, Germany on December 24th, 2008.

Martin Weber

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668960.3

31

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES on the interested parties in this action

☒    by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.   **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

## BOTH BY E-MAIL AND U.S. MAIL:

☒    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

## BY PERSONAL SERVICE:

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nancy L. Luis                          _____
                                                    SIGNATURE

---

**PROOF OF SERVICE**