# EXHIBIT 9

Dockets.Justia.com

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     STUDIVZ LTD.

SET NUMBER:     ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668921.3

# I.  GENERAL OBJECTIONS

A.    StudiVZ objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.    StudiVZ objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    StudiVZ objects to the Interrogatories to the extent that they would require violation of the privacy rights of its employees and customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.    StudiVZ objects to the Interrogatories on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   representing it acting on its behalf, OR purporting to act on its behalf, including

2   without limitation, Ehassan Dariani and Dennis Bemman." This is improperly

3   overbroad generally and is particularly so given that the discovery purports to relate

4   to personal jurisdiction, since in establishing jurisdiction discovery must be directed

5   only at the party over whom jurisdiction is being asserted.

6

7        E.     StudiVZ objects to the Interrogatories to the extent they seek

8   information that is protected from disclosure by the attorney-client privilege, the

9   attorney work product doctrine, the right of privacy and/or any other applicable

10  privileges, doctrines, or immunity from disclosure.

11

12       F.     StudiVZ further objects to the Interrogatories to the extent they

13  attempt or purport to impose obligations on StudiVZ beyond those set forth in the

14  Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on

15  the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

16  Convention") as interpreted and enforced under German law. All definitions and

17  instructions will be treated as having no force or effect to the extent they purport to

18  impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil

19  Procedure or the Hague Evidence Convention as interpreted and enforced under

20  German law.

21

22  **SPECIAL INTERROGATORY NO. 1:**

23       Describe in detail AND IDENTIFY ALL contacts AND

24  COMMUNICATIONS YOU have had with PERSONS (including without

25  limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

26  formerly residing OR domiciled in California. In doing so, IDENTIFY the

27  PERSONS contacted, the location AND time where any such contact OR event

28  occurred, AND the subject matter of the contact OR COMMUNICATION.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it is compound. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of StudiVZ's business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that

1  were owed to StudiVZ by a known California resident.

2       Also, as of July 18, 2008, StudiVZ did not have any accounts payable that

3  were owed by StudiVZ to a known California resident.

4

5  **SPECIAL INTERROGATORY NO. 2:**

6       Describe in detail AND IDENTIFY ALL contacts AND

7  COMMUNICATIONS YOU have had with businesses (including without

8  limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc.,

9  server providers, advertising agencies, advertisers, Internet service providers,

10  computer equipment providers, YOUR licensors AND licensees) currently OR

11  formerly located, licensed, based, OR incorporated in California. In doing so,

12  IDENTIFY the PERSONS contacted, the location AND time where any such

13  contact OR event occurred, AND the subject matter of the contact OR

14  COMMUNICATION.

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

16       StudiVZ hereby incorporates by reference the general objections set forth

17  above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

18  is not entitled to take discovery on personal jurisdiction as a matter of right. In

19  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

20  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

21  Facebook has done neither. StudiVZ further objects to this interrogatory on the

22  grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects

23  to this interrogatory on the grounds that it is unlimited as to time, and is so

24  overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

25  this interrogatory on the grounds that it is compound. StudiVZ further objects to

26  this interrogatory on the grounds that it seeks information that is not relevant nor

27  reasonably calculated to lead to the discovery of admissible evidence. StudiVZ

28  further objects to this interrogatory on the grounds that it is not limited to contacts

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    or communications that occurred within the authorized course and scope of

2    StudiVZ's business.

3       Notwithstanding the foregoing objections, and pursuant to agreements

4    reached during the parties' "meet and confer," StudiVZ responds as follows:

5       StudiVZ was party to only one negotiated contract with a known California

6    resident or that contained an express California choice of law clause as of July 18,

7    2008. The other party was a company called VMWare Fusion. The contract was a

8    license to use VMWare Fusion's proprietary software to help Windows run on Mac

9    computers. To StudiVZ's knowledge, after engaging in due diligence to determine

10   the answer, the only other contracts that StudiVZ had with any possible residents of

11   California that were in effect as of July 18, 2008 were adhesion contracts, such as

12   form license agreements that one must accept when purchasing software or when

13   software is included with purchased hardware.

14       Also, as of July 18, 2008, StudiVZ did not have any accounts receivable that

15   were owed to StudiVZ by a known California resident.

16       Also, as of July 18, 2008, StudiVZ did not have any accounts payable that

17   were owed by StudiVZ to a known California resident.

18

19   **SPECIAL INTERROGATORY NO. 3:**

20       Describe in detail AND IDENTIFY ALL contacts AND

21   COMMUNICATIONS YOU have had with universities AND colleges located in

22   California, including without limitation, letters, emails, advertising materials,

23   business solicitations, business contacts, telephonic conversations, facsimile

24   transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND

25   time where any such contact OR event occurred, AND the subject matter of the

26   contact OR COMMUNICATION.

27   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

28       StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    is not entitled to take discovery on personal jurisdiction as a matter of right. In

2    order to do so, Facebook must either make a *prima facie* showing of jurisdiction

3    over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

4    Facebook has done neither. StudiVZ further objects to this interrogatory on the

5    grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects

6    to this interrogatory on the grounds that it is unlimited as to time, and is so

7    overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

8    this interrogatory on the grounds that it is compound. StudiVZ further objects to

9    this interrogatory on the grounds that it seeks information that is not relevant nor

10   reasonably calculated to lead to the discovery of admissible evidence. StudiVZ

11   further objects to this interrogatory on the grounds that it is not limited to trips,

12   contacts or communications that occurred within the authorized course and scope of

13   StudiVZ's business.

14        Notwithstanding the foregoing objections, and pursuant to agreements

15   reached during the parties' "meet and confer," StudiVZ responds as follows:

16        The only travel of which StudiVZ is aware that was taken by an officer,

17   director or employee of StudiVZ to California that was related to that officer's,

18   director's or employee's work for StudiVZ is as follows: in 2006 Ehssan Dariani,

19   Dennis Bemmann and Michael Brehm went together to California to negotiate with

20   Facebook and another U.S. company about a proposed purchase of studiVZ. At the

21   end of 2006, Michael Brehm visited Facebook in California one more time, this

22   time by himself, in connection with those same negotiations with Facebook

23   concerning Facebook's proposed purchase of StudiVZ. In 2008, Dennis Bemmann

24   visited California for due diligence purposes during another attempt by Facebook to

25   buy StudiVZ.

26

27   **SPECIAL INTERROGATORY NO. 5:**

28        IDENTIFY, on a monthly basis, how many USERS OF STUDIVZ have been

1   registered at the www.studivz.net website, the www.meinvz.net website, the

2   www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website,

3   the www.studentix.pl website AND the www.schuelervz.net website since October

4   2005, AND how many of those USERS OF STUDIVZ are residents of, OR

5   PERSONS domiciled in, California.

6   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

7        StudiVZ hereby incorporates by reference the general objections set forth

8   above.  StudiVZ further objects to this interrogatory on the grounds that a plaintiff

9   is not entitled to take discovery on personal jurisdiction as a matter of right.  In

10  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

11  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

12  Facebook has done neither.  StudiVZ further objects to this interrogatory on the

13  grounds that it is overbroad as to time.

14       Notwithstanding the foregoing objections, and pursuant to agreements

15  reached during the parties' "meet and confer," StudiVZ responds as follows:

16       StudiVZ cannot go back into time to search its user records to determine on

17  any given date the number of users it has who are residents of California or who

18  have identified some affiliation with a California college or university.  It can only

19  conduct such a search on a then-current basis.  StudiVZ conducted two such

20  searches in October 2008 in connection with its then-anticipated motion to dismiss,

21  which has since been filed.  The first was conducted on or about October 14, 2008.

22  At that time, there were a total of 11,628,863 users of all StudiVZ Websites.  Only

23  10,272 of those users had identified themselves as being affiliated with California

24  or a California-located university.  Specifically, out of the 5,509,971 registered

25  users of the StudiVZ- branded sites, only 8,547 identified themselves as affiliated

26  with universities located in California.  Out of the 4,396,184 registered users of the

27  SchuelerVZ-branded sites, only 122 identified themselves as being located in

28  California.  Out of the 1,722,708 registered users of the MeinVZ-branded sites,

only 1,603 identified themselves as being located in California.

The second search was done on or about October 22, 2008. At that time, there were a total of 11,768,965 users of all StudiVZ Websites. Only 11,013 of those users had identified themselves as being affiliated with California or a California-located university. Specifically, out of the 5,534,300 registered users of the StudiVZ-branded sites, only 9,144 had identified themselves as affiliated with universities located in California. Out of the 4,443,708 registered users of the SchuelerVZ-branded sites, only 122 identified themselves as being located in California. Out of the 1,790,957 registered users of the MeinVZ-branded sites, only 1,747 identified themselves as being located in California.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY the number AND amount of accounts receivable owed YOU by PERSONS that, OR who are, California residents OR PERSONS domiciled in California. In doing so, IDENTIFY the goods AND services for which the individual accounts receivable are owed.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is compound.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

As of July 18, 2008, StudiVZ did not have any accounts receivable that were

Dennis Bemmann and Michael Brehm went together to California to negotiate with Facebook and another U.S. company about a proposed purchase of studiVZ. At the end of 2006, Michael Brehm visited Facebook in California one more time, this time by himself, in connection with those same negotiations with Facebook concerning Facebook's proposed purchase of StudiVZ. In 2008, Dennis Bemmann visited California for due diligence purposes during another attempt by Facebook to buy StudiVZ.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

As of July 18, 2008, StudiVZ owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ was party to only one negotiated contract with a known California resident or that contained an express California choice of law clause as of July 18, 2008. The other party was a company called VMWare Fusion. The contract was a license to use VMWare Fusion's proprietary software to help Windows run on Mac computers. To StudiVZ's knowledge, after engaging in due diligence to determine the answer, the only other contracts that StudiVZ had with any possible residents of California that were in effect as of July 18, 2008 were adhesion contracts, such as form license agreements that one must accept when purchasing software or when software is included with purchased hardware.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed the website, www.facebook.com OR www.thefacebook.com, AND the purposes of each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of StudiVZ's business.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ had no licenses or registrations to do business in California as of July 18, 2008.

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY the first date YOU knew OR believed that FACEBOOK, its servers, facilities, officers, OR personnel were located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

On information and belief, Ehssan Dariani, StudiVZ's then CEO, and Dennis Bemmann knew that Facebook was a California company sometime in 2005.

37106-00002/1668921.3

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  lead to the discovery of admissible evidence.

2      Notwithstanding the foregoing objections, and pursuant to agreements

3  reached during the parties' "meet and confer," StudiVZ responds as follows:

4      StudiVZ is concurrently producing to Facebook two partial organizational

5  charts, showing the employees who were the heads of the company departments in

6  charge of design, programming, operations and marketing as of July 18, 2008 and

7  January 1, 2009. Those charts are attached hereto and incorporated herein as

8  Exhibit "A."

9

10  **SPECIAL INTERROGATORY NO. 16:**

11      IDENTIFY ALL PERSONS responsible in any manner for the design,

12  programming and maintenance of the www.studivz.net website, the

13  www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website,

14  the www.estudiln.net website, the www.studentix.pl website AND the

15  www.schuelervz.net website, including without limitation, the location of the

16  PERSON, job descriptions, authorities, dates in these positions, duties, AND

17  responsibilities.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

19      StudiVZ hereby incorporates by reference the general objections set forth

20  above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff

21  is not entitled to take discovery on personal jurisdiction as a matter of right. In

22  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

23  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

24  Facebook has done neither. StudiVZ further objects to this interrogatory on the

25  grounds that it is unlimited as to time, and is so overbroad as to be unduly

26  burdensome and harassing. StudiVZ further objects to this interrogatory on the

27  grounds that it seeks information that is not relevant nor reasonably calculated to

28  lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ is concurrently producing to Facebook two partial organizational charts, showing the employees who were the heads of the company departments in charge of design, programming, operations and marketing as of July 18, 2008 and January 1, 2009. Those charts are attached hereto and incorporated herein as Exhibit "A."

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY current AND former directors, officers, employees, AND agents of STUDIVZ, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this interrogatory on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ is concurrently producing to Facebook two partial organizational charts, showing the employees who were the heads of the company departments in

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," StudiVZ responds as follows:

StudiVZ's websites are accessible from any and all colleges, universities and institutions of higher learning that provide internet access all over the world, including California. But StudiVZ does not specifically target its activities at colleges, universities or institutes of higher learning in California.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH
WILLIAM M. WALKER
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## VERIFICATION

I, Michael Brehm, declare as follows:

I have read the foregoing "STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein.  I am the Chief Operating Officer of StudiVZ, Ltd.  The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Berlin, Germany on December 24, 2008.

Michael Brehm

33

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **STUDIVZ LTD.'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒ by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐ I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____

_Nancy L. Luis_
SIGNATURE

**PROOF OF SERVICE**

37106-00002/1664763.1

PAGE INTENTIONALLY BLANK

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>        Defendants. | Case No. 5:08-CV-03468 JF<br><br>Assigned To: Honorable Jeremy Fogel<br><br>**HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES**<br><br>Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:    FACEBOOK, INC.

RESPONDING PARTY:    HOLTZBRINCK VENTURES GmbH

SET NUMBER:    ONE

# I.   GENERAL OBJECTIONS

A.   Holtzbrinck Ventures GmbH ("Ventures") objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.   Ventures objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.   Networks objects to the Interrogatories to the extent  that they would require violation of the privacy rights of its employees and its customers as embodied in the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.   Ventures objects to the Interrogatories on the grounds that "HOLTZBRINCK VENTURES GmbH," "YOU," and "YOUR" is defined as "defendant Verlagsgruppe Georg Von Holtzbrinck GmbH and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

representing it acting on its behalf, OR purporting to act on its behalf, including without limitation Ehassan Dariani and Dennis Bemman." Verlagsgruppe Georg Von Holtzbrinck GmbH has already been dismissed and is no longer a party to this action. Moreover, the definition is overbroad generally and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed only at the party over whom jurisdiction is being asserted.

E. Ventures objects to the Interrogatories to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

F. Ventures further objects to the Interrogatories to the extent they attempt or purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the Hague Evidence Convention as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the Hague Evidence Convention as interpreted and enforced under German law.

**SPECIAL INTERROGATORY NO. 1:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with PERSONS (including without limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR formerly residing OR domiciled in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668981.2

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it is compound. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY ALL contacts AND
COMMUNICATIONS YOU have had with businesses (including without
limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc.,
server providers, advertising agencies, advertisers, Internet service providers,
computer equipment providers, YOUR licensors AND licensees) currently OR
formerly located, licensed, based, OR incorporated in California. In doing so,
IDENTIFY the PERSONS contacted, the location AND time where any such
contact OR event occurred, AND the subject matter of the contact OR
COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Ventures hereby incorporates by reference the general objections set forth
above. Ventures further objects to this interrogatory on the grounds that a plaintiff
is not entitled to take discovery on personal jurisdiction as a matter of right. In
order to do so, Facebook must either make a *prima facie* showing of jurisdiction
over Ventures, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. Ventures further objects to this interrogatory on the
grounds that the definition of "YOU" is grossly overbroad. Ventures further
objects to this interrogatory on the grounds that the definition of "YOU" includes
Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed
and is no longer a party to this action. Ventures further objects to this interrogatory
on the grounds that it is unlimited as to time, and is so overbroad as to be unduly
burdensome and harassing. Ventures further objects to this interrogatory on the
grounds that it is compound. Ventures further objects to this interrogatory on the
grounds that it seeks information that is not relevant nor reasonably calculated to
lead to the discovery of admissible evidence. Ventures further objects to this
interrogatory on the grounds that it is not limited to contacts or communications
that occurred within the authorized course and scope of Ventures' business.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668981.2

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

**SPECIAL INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory

6

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

As of July 18, 2008, Ventures owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Ventures hereby incorporates by reference the general objections set forth

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 | above. Ventures further objects to this interrogatory on the grounds that a plaintiff
2 | is not entitled to take discovery on personal jurisdiction as a matter of right. In
3 | order to do so, Facebook must either make a *prima facie* showing of jurisdiction
4 | over Ventures, or it must identify material jurisdictional issues that are in dispute.
5 | Facebook has done neither. Ventures further objects to this interrogatory on the
6 | grounds that the definition of "YOU" is grossly overbroad. Ventures further
7 | objects to this interrogatory on the grounds that the definition of "YOU" includes
8 | Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed
9 | and is no longer a party to this action. Ventures further objects to this interrogatory
10 | on the grounds that it is unlimited as to time, and is so overbroad as to be unduly
11 | burdensome and harassing. Ventures further objects to this interrogatory on the
12 | grounds that it seeks information that is not relevant nor reasonably calculated to
13 | lead to the discovery of admissible evidence.

14 | Notwithstanding the foregoing objections, and pursuant to agreements
15 | reached during the parties "meet and confer," Ventures responds as follows:

16 | Ventures was not a party to any negotiated contracts with a known California
17 | resident or that contained an express California choice of law clause as of July 18,
18 | 2008.

19 |

20 | **SPECIAL INTERROGATORY NO. 10:**

21 | IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR
22 | behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed
23 | the website, www.facebook.com OR www.thefacebook.com, AND the purposes of
24 | each access, including without limitation, ANY COMMUNICATIONS that
25 | RELATE TO ANY of the occurrences AND IDENTIFY the USER OF
26 | FACEBOOK OR registrant accounts OR email addresses used to access the
27 | facebook.com website.

28 |

12

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## RESPONSE TO SPECIAL INTERROGATORY NO. 10:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of Ventures' business.

## SPECIAL INTERROGATORY NO. 11:

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 11:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the

13

order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIAL INTERROGATORY NO. 15:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website, including without limitation, the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY current AND former directors, officers, employees, AND agents of STUDIVZ, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights. Ventures further objects to this interrogatory on the grounds that it seeks information about StudiVZ, not Ventures.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## VERIFICATION

I, Martin Weber, declare as follows:

I have read the foregoing "HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein.  I am a managing director of Holtzbrinck Ventures Gmbh.  The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Stuttgart, Germany on December 24th, 2008.

Martin Weber

37106-00002/1668981.2

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒    by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**                     Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.  **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____                     _____
                                                          SIGNATURE

**PROOF OF SERVICE**

37106-00002/1664763.1



PAGE INTENTIONALLY BLANK

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　Defendants. | Case No. 5:08-CV-03468 JF<br><br>Assigned To: Honorable Jeremy Fogel<br><br>**HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES**<br><br>Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:　　FACEBOOK, INC.

RESPONDING PARTY:　　HOLTZBRINCK NETWORKS GmbH

SET NUMBER:　　ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I. GENERAL OBJECTIONS

A.    Holtzbrinck Networks GmbH ("Networks") objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.    Networks objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    Networks objects to the Interrogatories to the extent  that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.    Networks objects to the Interrogatories on the grounds that "HOLTZBRINCK NETWORKS GmbH," "YOU," and "YOUR" is defined as "defendant Verlagsgruppe Georg Von Holtzbrinck GmbH and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   employees, investigators, attorneys, AND ALL other persons and entities

2   representing it acting on its behalf, OR purporting to act on its behalf, including

3   without limitation Ehassan Dariani and Dennis Bemman." Verlagsgruppe Georg

4   Von Holtzbrinck GmbH has already been dismissed and is no longer a party to this

5   action. Moreover, the definition is improperly overbroad generally, and is

6   particularly so given that the discovery purports to relate personal jurisdiction, since

7   in establishing jurisdiction discovery must be directed only at the party over whom

8   jurisdiction is being asserted.

9

10      E.      Networks objects to the Interrogatories to the extent they seek

11  information that is protected from disclosure by the attorney-client privilege, the

12  attorney work product doctrine, the right of privacy and/or any other applicable

13  privileges, doctrines, or immunity from disclosure.

14

15      F.      Networks further objects to the Interrogatories to the extent they

16  attempt or purport to impose obligations on Networks beyond those set forth in the

17  Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on

18  the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

19  Convention") as interpreted and enforced under German law. All definitions and

20  instructions will be treated as having no force or effect to the extent they purport to

21  impose obligations on Networks beyond those set forth in the Federal Rules of

22  Civil Procedure and the Hague Evidence Convention as interpreted and enforced

23  under German law.

24

25  **SPECIAL INTERROGATORY NO. 1:**

26      Describe in detail AND IDENTIFY ALL contacts AND

27  COMMUNICATIONS YOU have had with PERSONS (including without

28  limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

formerly residing OR domiciled in California. In doing so, IDENTIFY the
PERSONS contacted, the location AND time where any such contact OR event
occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Networks hereby incorporates by reference the general objections set forth
above. Networks further objects to this interrogatory on the grounds that a plaintiff
is not entitled to take discovery on personal jurisdiction as a matter of right. In
order to do so, Facebook must either make a *prima facie* showing of jurisdiction
over Networks, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. Networks further objects to this interrogatory on the
grounds that the definition of "YOU" is grossly overbroad. Networks further
objects to this interrogatory on the grounds that the definition of "YOU" includes
Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed
and is no longer a party to this action. Networks further objects to this
interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to
be unduly burdensome and harassing. Networks further objects to this
interrogatory on the grounds that it is compound. Networks further objects to this
interrogatory on the grounds that it seeks information that is not relevant nor
reasonably calculated to lead to the discovery of admissible evidence. Networks
further objects to this interrogatory on the grounds that it is not limited to contacts
or communications that occurred within the authorized course and scope of
Networks' business.

Notwithstanding the foregoing objections, and pursuant to agreements
reached during the parties' "meet and confer," Networks responds as follows:

Networks was not a party to any negotiated contracts with a known
California resident or that contained an express California choice of law clause as
of July 18, 2008. Also, as of July 18, 2008, Networks did not have any accounts
receivable that were owed by a known California resident.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Also, as of July 18, 2008, Networks did not have any accounts payable that were owed to a known California resident.

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with businesses (including without limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc., server providers, advertising agencies, advertisers, Internet service providers, computer equipment providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it is compound. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    reasonably calculated to lead to the discovery of admissible evidence. Networks

2    further objects to this interrogatory on the grounds that it is not limited to contacts

3    or communications that occurred within the authorized course and scope of

4    Networks' business.

5    Notwithstanding the foregoing objections, and pursuant to agreements

6    reached during the parties' "meet and confer," Networks responds as follows:

7    Networks was not a party to any negotiated contracts with a known

8    California resident or that contained an express California choice of law clause as

9    of July 18, 2008. Also, as of July 18, 2008, Networks did not have any accounts

10   receivable that were owed by a known California resident.

11   Also, as of July 18, 2008, Networks did not have any accounts payable that

12   were owed to a known California resident.

13

14   **SPECIAL INTERROGATORY NO. 3:**

15   Describe in detail AND IDENTIFY ALL contacts AND

16   COMMUNICATIONS YOU have had with universities AND colleges located in

17   California, including without limitation, letters, emails, advertising materials,

18   business solicitations, business contacts, telephonic conversations, facsimile

19   transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND

20   time where any such contact OR event occurred, AND the subject matter of the

21   contact OR COMMUNICATION.

22   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

23   Networks hereby incorporates by reference the general objections set forth

24   above. Networks further objects to this interrogatory on the grounds that a plaintiff

25   is not entitled to take discovery on personal jurisdiction as a matter of right. In

26   order to do so, Facebook must either make a *prima facie* showing of jurisdiction

27   over Networks, or it must identify material jurisdictional issues that are in dispute.

28   Facebook has done neither. Networks further objects to this interrogatory on the

reached during the parties' "meet and confer," Networks responds as follows:

From March 16-19, 2008, Mr. Martin Weber and Mr. Konstantin Urban made a trip to California in connection with the negotiations by Facebook to buy StudiVZ.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," Networks responds as follows:

As of July 18, 2008, Networks owned no real or personal property located in California.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY ALL contracts AND agreements involving YOU in which

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties' "meet and confer," Networks responds as follows:

Networks was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed the website, www.facebook.com OR www.thefacebook.com, AND the purposes of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of Networks' business.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff

37106-00002/1668960.3

13

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

2  　　　Networks hereby incorporates by reference the general objections set forth

3  above. Networks further objects to this interrogatory on the grounds that a plaintiff

4  is not entitled to take discovery on personal jurisdiction as a matter of right. In

5  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

6  over Networks, or it must identify material jurisdictional issues that are in dispute.

7  Facebook has done neither. Networks further objects to this interrogatory on the

8  grounds that the definition of "YOU" is grossly overbroad. Networks further

9  objects to this interrogatory on the grounds that the definition of "YOU" includes

10 Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

11 and is no longer a party to this action. Networks further objects to this

12 interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to

13 be unduly burdensome and harassing. Networks further objects to this

14 interrogatory on the grounds that it seeks information that is not relevant nor

15 reasonably calculated to lead to the discovery of admissible evidence. Networks

16 further objects to this interrogatory on the grounds that it infringes on the privacy

17 rights of the users.

18

19 **SPECIAL INTERROGATORY NO. 15:**

20 　　　IDENTIFY ALL PERSONS responsible in any manner for the design,

21 programming and maintenance of the www.studivz.net website, including without

22 limitation the location of the PERSON, job descriptions, authorities, dates in these

23 positions, duties, AND responsibilities.

24 **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

25 　　　Networks hereby incorporates by reference the general objections set forth

26 above. Networks further objects to this interrogatory on the grounds that a plaintiff

27 is not entitled to take discovery on personal jurisdiction as a matter of right. In

28 order to do so, Facebook must either make a *prima facie* showing of jurisdiction

over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website, including without limitation, the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

2      Networks hereby incorporates by reference the general objections set forth

3  above. Networks further objects to this interrogatory on the grounds that a plaintiff

4  is not entitled to take discovery on personal jurisdiction as a matter of right. In

5  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

6  over Networks, or it must identify material jurisdictional issues that are in dispute.

7  Facebook has done neither. Networks further objects to this interrogatory on the

8  grounds that "STUDIVZ" is undefined. Networks further objects to this

9  interrogatory on the grounds that it is compound and exceeds Facebook's 30

10  allowed interrogatories. Networks further objects to this interrogatory on the

11  grounds that it is unlimited as to time, and is so overbroad as to be unduly

12  burdensome and harassing. Networks further objects to this interrogatory on the

13  grounds that it seeks information that is not relevant nor reasonably calculated to

14  lead to the discovery of admissible evidence. Networks further objects to the

15  interrogatory on the grounds that it infringes upon the users' privacy rights.

16  Networks further objects to this interrogatory on the grounds that it seeks

17  information about StudiVZ, not Networks.

18  DATED: December 24, 2008        GREENBERG GLUSKER FIELDS
19                                  CLAMAN & MACHTINGER LLP

20

21                                  By: _____
22                                      STEPHEN S. SMITH (SBN 166539)
                                        Attorneys for Defendants StudiVZ
23                                      Ltd., Holtzbrinck Networks GmbH,
                                        and Holtzbrinck Ventures GmbH

24

25

26

27

28

## **VERIFICATION**

I, Martin Weber, declare as follows:

I have read the foregoing "HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein. I am a managing director of Holtzbrinck Networks Gmbh. The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Stuttgart, Germany on December 24th, 2008.

Martin Weber

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668960.3

31

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **HOLTZBRINCK NETWORKS GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒     by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**      Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐     I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nancy L. Luis               _Nancy L. Luis_
                                      SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**PROOF OF SERVICE**