# EXHIBIT 10

Dockets.Justia.com

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Honorable Jeremy Fogel |
| v. | **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     STUDIVZ LTD.

SET NUMBER:     ONE

# I.  GENERAL OBJECTIONS

A.  StudiVZ objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.  StudiVZ will not produce evidence absent the protective order it has requested from the Court, requiring the evidence to be used only in this action.

B.  StudiVZ objects to the Requests on the grounds that they seek discovery that goes to the merits and is not confined to disputed jurisdictional issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction.  StudiVZ has filed a motion for a protective order to prevent any discovery on any issue other than material, disputed issues of personal jurisdiction while the motions to dismiss remain pending.

C.  StudiVZ objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in the German Constitution and the German Federal Data Protection Act (BDSG).

D.  StudiVZ objects to the Requests on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  representing it acting on its behalf, OR purporting to act on its behalf, including

2  without limitation, Ehassan Dariani and Dennis Bemman." This is improperly

3  overbroad generally and is particularly so given that the discovery purports to relate

4  to personal jurisdiction, since in establishing jurisdiction discovery must be directed

5  at the party only.

6

7  E.    StudiVZ objects to the Requests on the grounds that their gross

8  overbreadth would require StudiVZ to incur an unreasonable amount of expense

9  and time to search for and then produce the requested documents.

10

11  F.    StudiVZ objects to the Requests to the extent they seek documents that

12  are protected from disclosure by the attorney-client privilege, the attorney work

13  product doctrine, the right of privacy and/or any other applicable privileges,

14  doctrines, or immunity from disclosure.

15

16  G.    StudiVZ further objects to the Requests to the extent they attempt or

17  purport to impose obligations on StudiVZ beyond those set forth in the Federal

18  Rules of Civil Procedure. All definitions and instructions will be treated as having

19  no force or effect to the extent they purport to impose obligations on StudiVZ

20  beyond those set forth in the Federal Rules of Civil Procedure.

21

22  **REQUEST FOR PRODUCTION NO. 1:**

23  All DOCUMENTS that RELATE TO ANY contracts OR agreements

24  between YOU AND ANY business licensed, located, based, OR incorporated in

25  California OR ANY PERSON currently OR formerly residing OR domiciled in

26  California.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

28  StudiVZ hereby incorporates by reference the general objections set

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  forth above. StudiVZ further objects to this request on the grounds that a plaintiff

2  is not entitled to take discovery on personal jurisdiction as a matter of right. In

3  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

4  over StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5  Facebook has done neither. StudiVZ further objects to this request on the grounds

6  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

7  request on the grounds that it is unlimited as to time, and is so overbroad as to be

8  unduly burdensome and harassing. StudiVZ further objects to this request on the

9  grounds that it seeks information that is not relevant nor reasonably calculated to

10  lead to the discovery of admissible evidence. StudiVZ further objects to this

11  request on the grounds that it does not exclude contracts of adhesion, which are

12  irrelevant to any issue of personal jurisdiction or forum non conveniens. StudiVZ

13  further objects to this request on the grounds that it is not limited to contracts

14  StudiVZ knew were with businesses or residents located in California. Subject to

15  and without waiving the foregoing objections, StudiVZ states as follows:

16      After resolution of the issues raised by StudiVZ's general objections and

17  entry of an appropriate protective order, StudiVZ will agree to produce non-

18  confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts)

19  to which it was a party that were in effect as of July 18, 2008, where the party on

20  the other side was known by StudiVZ to be a California resident or where the

21  contract expressly called for application of California law.

22

23  **REQUEST FOR PRODUCTION NO. 2:**

24      All DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing

25  OR domiciled in California, including ALL COMMUNICATIONS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

27      StudiVZ hereby incorporates by reference the general objections set forth

28  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  entitled to take discovery on personal jurisdiction as a matter of right. In order to

2  do so, Facebook must either make a *prima facie* showing of jurisdiction over

3  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

4  Facebook has done neither. StudiVZ further objects to this request on the grounds

5  that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to

6  this request on the grounds that it does not know where its USERS reside or where

7  they are domiciled.

8

9  **REQUEST FOR PRODUCTION NO. 3:**

10      ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between

11  YOU AND FACEBOOK.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13      StudiVZ hereby incorporates by reference the general objections set forth

14  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

15  entitled to take discovery on personal jurisdiction as a matter of right. In order to

16  do so, Facebook must either make a *prima facie* showing of jurisdiction over

17  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

18  Facebook has done neither. StudiVZ further objects to this request on the grounds

19  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

20  request on the grounds that it is unlimited as to time, and is so overbroad as to be

21  unduly burdensome and harassing. StudiVZ further objects to this request on the

22  grounds that it seeks information that is not relevant nor reasonably calculated to

23  lead to the discovery of admissible evidence. StudiVZ further objects to this

24  interrogatory to the extent it calls for documents covered by the Nondisclosure

25  Agreement dated May 9, 2008.

26

27  **REQUEST FOR PRODUCTION NO. 4:**

28      DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  information that is not relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence.   Subject to and without waiving the foregoing objections,

3  StudiVZ states as follows:

4        After resolution of the issues raised by StudiVZ's general objections and

5  entry of an appropriate protective order, StudiVZ will agree to produce documents

6  sufficient to show the number and amount of sales and accounts receivable owed to

7  StudiVZ by California addresses in May, June and July 2008.

8

9  **REQUEST FOR PRODUCTION NO. 12:**

10       DOCUMENTS sufficient to show ALL of YOUR current AND former

11  personal OR real property currently OR previously located in California.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13       StudiVZ hereby incorporates by reference the general objections set forth

14  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

15  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

16  do so, Facebook must either make a *prima facie* showing of jurisdiction over

17  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

18  Facebook has done neither. StudiVZ further objects to this request on the grounds

19  that the definition of "YOU" is grossly overbroad.  Subject to and without waiving

20  the foregoing objections, StudiVZ states as follows:

21       After resolution of the issues raised by StudiVZ's general objections and

22  entry of an appropriate protective order, StudiVZ will agree to produce documents

23  sufficient to show any real or personal property it owns in California.

24

25  **REQUEST FOR PRODUCTION NO. 13:**

26       ALL contracts involving YOU in which California law governs.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

28       StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

2    entitled to take discovery on personal jurisdiction as a matter of right. In order to

3    do so, Facebook must either make a *prima facie* showing of jurisdiction over

4    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5    Facebook has done neither. StudiVZ further objects to this request on the grounds

6    that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

7    request on the grounds that it so overbroad as to be unduly burdensome and

8    harassing. StudiVZ further objects to this request on the grounds that it does not

9    exclude contracts of adhesion. StudiVZ further objects to this request on the

10   grounds that it seeks information that is not relevant nor reasonably calculated to

11   lead to the discovery of admissible evidence.   Subject to and without waiving the

12   foregoing objections, StudiVZ states as follows:

13       After resolution of the issues raised by StudiVZ's general objections and

14   entry of an appropriate protective order, StudiVZ will agree to produce non-

15   confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts)

16   to which it was a party that were in effect as of July 18, 2008, where the party on

17   the other side was known by StudiVZ to be a California resident or where the

18   contract expressly called for application of California law.

19

20   **REQUEST FOR PRODUCTION NO. 14:**

21       ALL DOCUMENTS RELATED TO instances when YOU accessed

22   FACEBOOK website, www.facebook.com OR www.thefacebook.com.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24       StudiVZ hereby incorporates by reference the general objections set forth

25   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

26   entitled to take discovery on personal jurisdiction as a matter of right. In order to

27   do so, Facebook must either make a *prima facie* showing of jurisdiction over

28   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

1 │ Facebook has done neither. StudiVZ further objects to this request on the grounds

2 │ that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

3 │ request on the grounds that it so overbroad as to be unduly burdensome and

4 │ harassing. StudiVZ further objects to this request on the grounds that it seeks

5 │ information that is not relevant nor reasonably calculated to lead to the discovery of

6 │ admissible evidence.

7

8 │ **REQUEST FOR PRODUCTION NO. 15:**

9 │ IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to

10 │ do business in California.

11 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

12 │ StudiVZ hereby incorporates by reference the general objections set forth

13 │ above. StudiVZ further objects to this request on the grounds that a plaintiff is not

14 │ entitled to take discovery on personal jurisdiction as a matter of right. In order to

15 │ do so, Facebook must either make a *prima facie* showing of jurisdiction over

16 │ StudiVZ, or it must identify material jurisdictional issues that are in dispute.

17 │ Facebook has done neither. StudiVZ further objects to this request on the grounds

18 │ that the definition of "YOUR" is grossly overbroad. Subject to and without

19 │ waiving the foregoing objections, StudiVZ states as follows:

20 │ After resolution of the issues raised by StudiVZ's general objections and

21 │ entry of an appropriate protective order, StudiVZ will agree to produce any of its

22 │ licenses or registrations to do business in California as of July 18, 2008.

23

24 │ **REQUEST FOR PRODUCTION NO. 16:**

25 │ ALL DOCUMENTS RELATED TO the services provided by

26 │ www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,

27 │ www.estudiln.net, www.studentix.pl, AND www.schuelervz.net to USERS OF

28 │ STUDIVZ, including how they are provided.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS RELATED TO the circumstances surrounding the formation of STUDIVZ as a company, including filings, investments, communications, capitalization, directors, officers, attorneys, investors, AND reasons for the formation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to

1   foregoing objections, StudiVZ states as follows:

2   After resolution of the issues raised by StudiVZ's general objections and

3   entry of an appropriate protective order, StudiVZ will agree to produce documents

4   sufficient to show who owns StudiVZ.

5

6   **REQUEST FOR PRODUCTION NO. 22:**

7   ALL DOCUMENTS RELATED TO universities, colleges, high schools,

8   AND institutes of higher learning located in California at which STUDIVZ

9   provides OR provided services including without limitation access to

10  www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,

11  www.estudiln.net, www.studentix.pl, AND www.schuelervz.net, including without

12  limitation University of California (ALL campuses), California State University

13  (ALL campuses), as well as the USERS OF STUDIVZ using email domains (*e.g.*,

14  name@stanford.edu) from those universities, colleges, high schools, AND institutes

15  of higher learning.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

17  StudiVZ hereby incorporates by reference the general objections set forth

18  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

19  entitled to take discovery on personal jurisdiction as a matter of right. In order to

20  do so, Facebook must either make a *prima facie* showing of jurisdiction over

21  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

22  Facebook has done neither. StudiVZ further objects to this request on the grounds

23  that the definition of "STUDIVZ" is grossly overbroad.

24

25  **REQUEST FOR PRODUCTION NO. 23:**

26  ALL versions of COMPUTER CODE YOU wrote, programmed OR helped

27  develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr,

28  www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:**

A copy of ALL executable versions of COMPUTER CODE YOU use, used, developed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. I In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    grounds that it seeks information that is not relevant nor reasonably calculated to

2    lead to the discovery of admissible evidence.

3

4    **REQUEST FOR PRODUCTION NO. 25:**

5       ALL COMMUNICATIONS that RELATE TO FACEBOOK, its website,

6    OR the servers it uses, used, accesses OR accessed.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8       StudiVZ hereby incorporates by reference the general objections set forth

9    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

10    entitled to take discovery on personal jurisdiction as a matter of right. In order to

11    do so, Facebook must either make a *prima facie* showing of jurisdiction over

12    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

13    Facebook has done neither. StudiVZ further objects to this request on the grounds

14    that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

15    harassing. StudiVZ further objects to this request on the grounds that it seeks

16    information that is not relevant nor reasonably calculated to lead to the discovery of

17    admissible evidence.

18

19    **REQUEST FOR PRODUCTION NO. 26:**

20       ALL COMMUNICATIONS that RELATE TO OR REFER TO

21    FACEBOOK.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23       StudiVZ hereby incorporates by reference the general objections set forth

24    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

25    entitled to take discovery on personal jurisdiction as a matter of right. In order to

26    do so, Facebook must either make a *prima facie* showing of jurisdiction over

27    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

28    Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. StudiVZ further objects to this request on the grounds that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of

admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

A copy of ALL versions of COMPUTER CODE (including, without

limitation, source code, object code and scripts) YOU wrote, which YOU used OR

use, OR for which YOU paid that was designed to extract information from any

website, including thefacebook.com OR facebook.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

request on the grounds that it is unlimited as to time, and is so overbroad as to be

unduly burdensome and harassing. StudiVZ further objects to this request on the

grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS related to any account YOU created to access any

FACEBOOK website, including thefacebook.com AND facebook.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

2   entitled to take discovery on personal jurisdiction as a matter of right. In order to

3   do so, Facebook must either make a *prima facie* showing of jurisdiction over

4   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5   Facebook has done neither. StudiVZ further objects to this request on the grounds

6   that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

7   request on the grounds that it is unlimited as to time, and is so overbroad as to be

8   unduly burdensome and harassing. StudiVZ further objects to this request on the

9   grounds that it seeks information that is not relevant nor reasonably calculated to

10  lead to the discovery of admissible evidence.

11

12  **REQUEST FOR PRODUCTION NO. 29:**

13     ALL COMMUNICATIONS OR DOCUMENTS concerning or that

14  RELATE TO the use of any server, including proxy server, to access

15  FACEBOOK's server(s) OR website(s).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

17     StudiVZ hereby incorporates by reference the general objections set forth

18  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

19  entitled to take discovery on personal jurisdiction as a matter of right. In order to

20  do so, Facebook must either make a *prima facie* showing of jurisdiction over

21  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

22  Facebook has done neither. StudiVZ further objects to this request on the grounds

23  that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

24  harassing. StudiVZ further objects to this request on the grounds that it seeks

25  information that is not relevant nor reasonably calculated to lead to the discovery of

26  admissible evidence.

27

28

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO any of YOUR responses to Interrogatories in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, StudiVZ states as follows:

After resolution of the issues raised by StudiVZ's general objections and entry of an appropriate protective order, StudiVZ will agree to produce the specific documents identified in its interrogatory responses.


DATED: November  17 , 2008          GREENBERG GLUSKER FIELDS
                                     CLAMAN & MACHTINGER LLP


                                     By: _____
                                     STEPHEN S. SMITH (SBN 166539)
                                     Attorneys for Defendants StudiVZ
                                     Ltd., Holtzbrinck Networks GmbH,
                                     and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California  90067-4590.

On November 17, 2008, I served the foregoing document described as **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action

☒  by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Warrington S. Parker, Esq.  **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
wparker@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669

Gary E. Weiss, Esq.  **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒      As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  A true and correct copy of the document was also e-mailed to Warrington S. Parker, Esq. at wparker@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on November 17, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐      I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
Nancy L. Luis                                              SIGNATURE

**PROOF OF SERVICE**

37106-00002/1664763.1

PAGE INTENTIONALLY BLANK

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK VENTURES GmBH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:       HOLTZBRINCK VENTURES GMBH

SET NUMBER:                  ONE

1

2             **I.**     **GENERAL OBJECTIONS**

3

4       A.    Holtzbrinck Ventures GmbH ("Ventures") objects to the Requests for

5 Production ("Requests") on the grounds that Facebook seeks the right to use

6 evidence obtained in this action in the action pending between Facebook and

7 StudiVZ in Germany (the "German Action"). It is improper under established law

8 to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign

9 case when that evidence is located outside the United States, as it is here. It is also

10 inconsistent with the District Court's form protective order. Ventures will not

11 produce evidence absent the protective order it has requested from the Court,

12 requiring the evidence to be used only in this action.

13

14       B.    Ventures objects to the Notice on the grounds that it seeks discovery

15 that goes to the merits and is not confined to disputed jurisdictional issues, which is

16 improper given that there are currently pending motions to dismiss all defendants

17 for lack of personal jurisdiction. Ventures has filed a motion for a protective order

18 to prevent any discovery on any issue other than material, disputed issues of

19 personal jurisdiction while the motions to dismiss remain pending.

20

21       C.    Ventures objects to the Requests on the grounds that they would

22 require violation of the privacy rights of its employees and its customers as

23 embodied in the German Constitution and the German Federal Data Protection Act

24 (BDSG).

25

26       D.    Ventures objects to the Requests on the grounds that the definition of

27 "HOLTZBRINCK VENTURES GmbH," "YOU" and "YOUR" includes

28 HOLTZBRINCK VENTURES GmbH's "directors, officers, parents, subsidiaries,

predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf." Ventures further objects to the Requests on the grounds that the definition of "STUDIVZ" includes StudiVZ's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Ehassan Dariani and Dennis Bemman." These definitions are improperly overbroad generally and are particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only.

E. Ventures objects to the Requests on the grounds that their gross overbreadth would require Ventures to incur an unreasonable amount of expense and time to search for and then produce the requested documents.

F. Ventures objects to the Requests to the extent they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

G. Ventures further objects to the Requests to the extent they attempt or purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that RELATE TO ANY contracts OR agreements between YOU AND ANY business licensed, located, based, OR incorporated in California OR ANY PERSON currently OR formerly residing OR domiciled in California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this request on the grounds that it does not exclude contracts of adhesion, which are irrelevant to any issue of personal jurisdiction or forum non conveniens. Ventures further objects to this request on the grounds that it is not limited to contracts Ventures knew were with businesses or residents located in California. Subject to and without waiving the foregoing objections, Ventures states as follows:

After resolution of the issues raised by Ventures' general objections and entry of an appropriate protective order, Ventures will agree to produce non-confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts) to which it was a party that were in effect as of July 18, 2008, where the party on the other side was known by Ventures to be a California resident or where the contract expressly called for application of California law.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing OR domiciled in California, including ALL COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. Ventures further objects to this request on the grounds that it does not know where StudiVZ's USERS reside or where they are domiciled.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to

37106-00002/1663447.1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

lead to the discovery of admissible evidence. Ventures further objects to this
request to the extent it calls for documents covered by the Nondisclosure
Agreement dated May 9, 2008.

4

**REQUEST FOR PRODUCTION NO. 4:**

6    DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of
7  goods AND services sold OR provided by YOU to current OR former California
8  residents, including PERSONS, businesses, AND USERS OF STUDIVZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10    Ventures hereby incorporates by reference the general objections set forth
11  above. Ventures further objects to this request on the grounds that a plaintiff is not
12  entitled to take discovery on personal jurisdiction as a matter of right. In order to
13  do so, Facebook must either make a *prima facie* showing of jurisdiction over
14  Ventures, or it must identify material jurisdictional issues that are in dispute.
15  Facebook has done neither. Ventures further objects to this request on the grounds
16  that the definition of "YOU" is grossly overbroad. Ventures further objects to this
17  request on the grounds that it is unlimited as to time, and is so overbroad as to be
18  unduly burdensome and harassing. Subject to and without waiving the foregoing
19  objections, Ventures states as follows:

20    After resolution of the issues raised by Ventures' general objections and
21  entry of an appropriate protective order, Ventures will agree to produce documents
22  sufficient to show the number and amount of sales and accounts receivable owed to
23  Ventures by California addresses in May, June and July 2008.

24

**REQUEST FOR PRODUCTION NO. 5:**

26    DOCUMENTS THAT RELATE TO the relationship of VERLAGSGRUPPE
27  GEORG VON HOLTZBRINCK GmBH, HOLTZBRINCK NETWORKS GmBH,
28  AND HOLTZBRINCK VENTURES GmBH to OR with STUDIVZ, including

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1     After resolution of the issues raised by Ventures' general objections and

2  entry of an appropriate protective order, Ventures will agree to produce documents

3  sufficient to show the number and amount of sales and accounts receivable owed to

4  Ventures by California addresses in May, June and July 2008.

5

6  **REQUEST FOR PRODUCTION NO. 12:**

7     DOCUMENTS sufficient to show ALL of YOUR current AND former

8  personal OR real property currently OR previously located in California.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10    Ventures hereby incorporates by reference the general objections set forth

11  above. Ventures further objects to this request on the grounds that a plaintiff is not

12  entitled to take discovery on personal jurisdiction as a matter of right. In order to

13  do so, Facebook must either make a *prima facie* showing of jurisdiction over

14  Ventures, or it must identify material jurisdictional issues that are in dispute.

15  Facebook has done neither. Ventures further objects to this request on the grounds

16  that the definition of "YOUR" is grossly overbroad. Subject to and without

17  waiving the foregoing objections, Ventures states as follows:

18    After resolution of the issues raised by Ventures' general objections and

19  entry of an appropriate protective order, Ventures will agree to produce documents

20  sufficient to show any real or personal property it owns in California.

21

22  **REQUEST FOR PRODUCTION NO. 13:**

23    ALL contracts involving YOU in which California law governs.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25    Ventures hereby incorporates by reference the general objections set forth

26  above. Ventures further objects to this request on the grounds that a plaintiff is not

27  entitled to take discovery on personal jurisdiction as a matter of right. In order to

28  do so, Facebook must either make a *prima facie* showing of jurisdiction over

1   Ventures, or it must identify material jurisdictional issues that are in dispute.

2   Facebook has done neither. Ventures further objects to this request on the grounds

3   that the definition of "YOU" is grossly overbroad. Ventures further objects to this

4   request on the grounds that it so overbroad as to be unduly burdensome and

5   harassing. Ventures further objects to this request on the grounds that it does not

6   exclude contracts of adhesion. Ventures further objects to this request on the

7   grounds that it seeks information that is not relevant nor reasonably calculated to

8   lead to the discovery of admissible evidence. Subject to and without waiving the

9   foregoing objections, Ventures states as follows:

10          After resolution of the issues raised by Ventures' general objections and

11  entry of an appropriate protective order, Ventures will agree to produce non-

12  confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts)

13  to which it was a party that were in effect as of July 18, 2008, where the party on

14  the other side was known by Ventures to be a California resident or where the

15  contract expressly called for application of California law.

16

17  **REQUEST FOR PRODUCTION NO. 14:**

18          ALL DOCUMENTS RELATED TO instances when YOU accessed

19  FACEBOOK website, www.facebook.com OR www.thefacebook.com.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

21          Ventures hereby incorporates by reference the general objections set forth

22  above. Ventures further objects to this request on the grounds that a plaintiff is not

23  entitled to take discovery on personal jurisdiction as a matter of right. In order to do

24  so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures,

25  or it must identify material jurisdictional issues that are in dispute. Facebook has

26  done neither. Ventures further objects to this request on the grounds that the

27  definition of "YOU" is grossly overbroad. Ventures further objects to this request

28  on the grounds that it so overbroad as to be unduly burdensome and harassing.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    Ventures further objects to this request on the grounds that it seeks information that

2    is not relevant nor reasonably calculated to lead to the discovery of admissible

3    evidence.

4

5    **REQUEST FOR PRODUCTION NO. 15:**

6         IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to

7    do business in California.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9         Ventures hereby incorporates by reference the general objections set forth

10   above.  Ventures further objects to this request on the grounds that a plaintiff is not

11   entitled to take discovery on personal jurisdiction as a matter of right.  In order to

12   do so, Facebook must either make a *prima facie* showing of jurisdiction over

13   Ventures, or it must identify material jurisdictional issues that are in dispute.

14   Facebook has done neither.  Ventures further objects to this request on the grounds

15   that the definition of "YOUR" is grossly overbroad.  Subject to and without

16   waiving the foregoing objections, Ventures states as follows:

17        After resolution of the issues raised by Ventures' general objections and

18   entry of an appropriate protective order, Ventures will agree to produce any of its

19   licenses or registrations to do business in California as of July 18, 2008.

20

21   **REQUEST FOR PRODUCTION NO. 16:**

22        ALL DOCUMENTS RELATED TO the services provided by

23   www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,

24   www.estudiln.net, www.studentix.pl, AND www.schuelervz.net to USERS OF

25   STUDIVZ, including how they are provided.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27        Ventures hereby incorporates by reference the general objections set forth

28   above.  Ventures further objects to this request on the grounds that a plaintiff is not

37106-00002/1663447.1                          14

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS RELATED TO universities, colleges, high schools, AND institutes of higher learning located in California at which STUDIVZ provides OR provided services including without limitation access to www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net, including without limitation University of California (ALL campuses), California State University (ALL campuses), as well as the USERS OF STUDIVZ using email domains (*e.g.*, name@stanford.edu) from those universities, colleges, high schools, AND institutes of higher learning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this request on the grounds that it seeks information about StudiVZ, not Ventures. Ventures further objects to this request on the grounds that Facebook has made no alter ego allegations.

**REQUEST FOR PRODUCTION NO. 23:**

ALL versions of COMPUTER CODE YOU wrote, programmed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2  Ventures hereby incorporates by reference the general objections set forth

3  above. Ventures further objects to this request on the grounds that a plaintiff is not

4  entitled to take discovery on personal jurisdiction as a matter of right. In order to do

5  so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures,

6  or it must identify material jurisdictional issues that are in dispute. Facebook has

7  done neither. Ventures further objects to this request on the grounds that the

8  definition of "YOU" is grossly overbroad. Ventures further objects to this request

9  on the grounds that it is unlimited as to time, and is so overbroad as to be unduly

10  burdensome and harassing. Ventures further objects to this request on the grounds

11  that it seeks information that is not relevant nor reasonably calculated to lead to the

12  discovery of admissible evidence. Ventures further objects to this request on the

13  grounds that it does not operate the websites in question.

14

15  **REQUEST FOR PRODUCTION NO. 24:**

16  A copy of ALL executable versions of COMPUTER CODE YOU use, used,

17  developed OR helped develop that RELATES TO www.studivz.net,

18  www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net,

19  www.studentix.pl, AND www.schuelervz.net.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

21  Ventures hereby incorporates by reference the general objections set forth

22  above. Ventures further objects to this request on the grounds that a plaintiff is not

23  entitled to take discovery on personal jurisdiction as a matter of right. In order to

24  do so, Facebook must either make a *prima facie* showing of jurisdiction over

25  Ventures, or it must identify material jurisdictional issues that are in dispute.

26  Facebook has done neither. Ventures further objects to this request on the grounds

27  that the definition of "YOU" is grossly overbroad. Ventures further objects to this

28  request on the grounds that it is unlimited as to time, and is so overbroad as to be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    unduly burdensome and harassing. Ventures further objects to this request on the

2    grounds that it seeks information that is not relevant nor reasonably calculated to

3    lead to the discovery of admissible evidence. Ventures further objects to this

4    request on the grounds that it does not operate the websites in question.

5

6    **REQUEST FOR PRODUCTION NO. 25:**

7        ALL COMMUNICATIONS that RELATE TO FACEBOOK, its website,

8    OR the servers it uses, used, accesses OR accessed.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

10       Ventures hereby incorporates by reference the general objections set forth

11   above. Ventures further objects to this request on the grounds that a plaintiff is not

12   entitled to take discovery on personal jurisdiction as a matter of right. In order to

13   do so, Facebook must either make a *prima facie* showing of jurisdiction over

14   Ventures, or it must identify material jurisdictional issues that are in dispute.

15   Facebook has done neither. Ventures further objects to this request on the grounds

16   that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

17   harassing. Ventures further objects to this request on the grounds that it seeks

18   information that is not relevant nor reasonably calculated to lead to the discovery of

19   admissible evidence.

20

21   **REQUEST FOR PRODUCTION NO. 26:**

22       ALL COMMUNICATIONS that RELATE TO OR REFER TO

23   FACEBOOK.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25       Ventures hereby incorporates by reference the general objections set forth

26   above. Ventures further objects to this request on the grounds that a plaintiff is not

27   entitled to take discovery on personal jurisdiction as a matter of right. In order to

28   do so, Facebook must either make a *prima facie* showing of jurisdiction over

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 Ventures, or it must identify material jurisdictional issues that are in dispute.

2 Facebook has done neither. Ventures further objects to this request on the grounds

3 that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

4 harassing. Ventures further objects to this request on the grounds that it seeks

5 information that is not relevant nor reasonably calculated to lead to the discovery of

6 admissible evidence.

7

8 **REQUEST FOR PRODUCTION NO. 27:**

9 A copy of ALL versions of COMPUTER CODE (including, without

10 limitation, source code, object code and scripts) YOU wrote, which YOU used OR

11 use, OR for which YOU paid that was designed to extract information from any

12 website, including thefacebook.com OR facebook.com.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

14 Ventures hereby incorporates by reference the general objections set forth

15 above. Ventures further objects to this request on the grounds that a plaintiff is not

16 entitled to take discovery on personal jurisdiction as a matter of right. In order to

17 do so, Facebook must either make a *prima facie* showing of jurisdiction over

18 Ventures, or it must identify material jurisdictional issues that are in dispute.

19 Facebook has done neither. Ventures further objects to this request on the grounds

20 that the definition of "YOU" is grossly overbroad. Ventures further objects to this

21 request on the grounds that it is unlimited as to time, and is so overbroad as to be

22 unduly burdensome and harassing. Ventures further objects to this request on the

23 grounds that it seeks information that is not relevant nor reasonably calculated to

24 lead to the discovery of admissible evidence.

25

26 **REQUEST FOR PRODUCTION NO. 28:**

27 ALL DOCUMENTS related to any account YOU created to access any

28 FACEBOOK website, including thefacebook.com AND facebook.com.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2      Ventures hereby incorporates by reference the general objections set forth

3   above. Ventures further objects to this request on the grounds that a plaintiff is not

4   entitled to take discovery on personal jurisdiction as a matter of right. In order to

5   do so, Facebook must either make a *prima facie* showing of jurisdiction over

6   Ventures, or it must identify material jurisdictional issues that are in dispute.

7   Facebook has done neither. Ventures further objects to this request on the grounds

8   that the definition of "YOU" is grossly overbroad. Ventures further objects to this

9   request on the grounds that it is unlimited as to time, and is so overbroad as to be

10   unduly burdensome and harassing. Ventures further objects to this request on the

11   grounds that it seeks information that is not relevant nor reasonably calculated to

12   lead to the discovery of admissible evidence.

13

14   **REQUEST FOR PRODUCTION NO. 29:**

15      ALL COMMUNICATIONS OR DOCUMENTS concerning or that

16   RELATE TO the use of any server, including proxy server, to access

17   FACEBOOK's server(s) OR website(s).

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

19      Ventures hereby incorporates by reference the general objections set forth

20   above. Ventures further objects to this request on the grounds that a plaintiff is not

21   entitled to take discovery on personal jurisdiction as a matter of right. In order to

22   do so, Facebook must either make a *prima facie* showing of jurisdiction over

23   Ventures, or it must identify material jurisdictional issues that are in dispute.

24   Facebook has done neither. Ventures further objects to this request on the grounds

25   that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

26   harassing. Ventures further objects to this request on the grounds that it seeks

27   information that is not relevant nor reasonably calculated to lead to the discovery of

28   admissible evidence.

1   DATED:  November 17, 2008          GREENBERG GLUSKER FIELDS
2                                       CLAMAN & MACHTINGER LLP

3                                       By: _____
4                                           STEPHEN S. SMITH (SBN 166539)
5                                           Attorneys for Defendants StudiVZ
                                            Ltd., Holtzbrinck Networks GmbH,
6                                           and Holtzbrinck Ventures GmbH

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On November 17, 2008, I served the foregoing document described as **HOLTZBRINCK VENTURES GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action

☒ by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Warrington S. Parker, Esq. **(ORIGINAL)**      Attorneys for Plaintiff Facebook, Inc.
wparker@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Warrington S. Parker, Esq. at wparker@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on November 17, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐     I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nancy L. Luis _____

_Nancy L. Luis_ (signature)
SIGNATURE

**PROOF OF SERVICE**

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



PAGE INTENTIONALLY BLANK

1　STEPHEN S. SMITH (SBN 166539)
　　SSmith@GreenbergGlusker.com
2　WILLIAM M. WALKER (SBN 145559)
　　WWalker@GreenbergGlusker.com
3　AARON J. MOSS (SBN 190625)
　　AMoss@GreenbergGlusker.com
4　GREENBERG GLUSKER FIELDS
　　CLAMAN & MACHTINGER LLP
5　1900 Avenue of the Stars, 21st Floor
　　Los Angeles, California 90067-4590
6　Telephone: 310.553.3610
　　Fax: 310.553.0687

7

8　Attorneys for Defendants
　　StudiVZ Ltd., Holtzbrinck Networks GmbH,
　　and Holtzbrinck Ventures GmbH

9

10　　　　　　　UNITED STATES DISTRICT COURT

11　　　　　　NORTHERN DISTRICT OF CALIFORNIA

12　　　　　　　　　　SAN JOSE DIVISION

13

| | |
|---|---|
| 14　FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| 15　　　　　　Plaintiff, | Assigned To: Honorable Jeremy Fogel |
| 16　v. | **HOLTZBRINCK NETWORKS** |
| 17　STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, | **GmBH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF** |
| 18　HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | **REQUESTS FOR PRODUCTION** |
| 19　　　　　　Defendants. | |
| 20 | Complaint Filed: July 18, 2008 |
| 21 | |

22

23　PROPOUNDING PARTY:　　FACEBOOK, INC.

24　RESPONDING PARTY:　　　HOLTZBRINCK NETWORKS GmBH

25　SET NUMBER:　　　　　　ONE

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1663430.1

# I. GENERAL OBJECTIONS

A.    Holtzbrinck Networks GmbH ("Networks") objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order. Networks will not produce evidence absent the protective order it has requested from the Court, requiring the evidence to be used only in this action.

B.    Networks objects to the Notice on the grounds that it seeks discovery that goes to the merits and is not confined to disputed jurisdictional issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction. Networks has filed a motion for a protective order to prevent any discovery on any issue other than material, disputed issues of personal jurisdiction while the motions to dismiss remain pending.

C.    Networks objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in the German Constitution and the German Federal Data Protection Act (BDSG).

D.    Networks objects to the Requests on the grounds that the definition of "HOLTZBRINCK NETWORKS GmbH," "YOU," and "YOUR" includes Networks' "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   persons and entities representing it acting on its behalf, OR purporting to act on its

2   behalf." Networks further objects to the Requests on the grounds that the definition

3   of "STUDIVZ" includes StudiVZ's "directors, officers, parents, subsidiaries,

4   predecessors, successors, assigns, agents, servants, employees, investigators,

5   attorneys, AND ALL other persons and entities representing it acting on its behalf,

6   OR purporting to act on its behalf, including without limitation, Ehassan Dariani

7   and Dennis Bemman." These definitions are improperly overbroad generally and

8   are particularly so given that the discovery purports to relate to personal

9   jurisdiction, since in establishing jurisdiction discovery must be directed at the

10  party only.

11

12          E.      Networks objects to the Requests on the grounds that their gross

13  overbreadth would require Networks to incur an unreasonable amount of expense

14  and time to search for and then produce the requested documents.

15

16          F.      Networks objects to the Requests to the extent they seek documents

17  that are protected from disclosure by the attorney-client privilege, the attorney work

18  product doctrine, the right of privacy and/or any other applicable privileges,

19  doctrines, or immunity from disclosure.

20

21          G.      Networks further objects to the Requests to the extent they attempt or

22  purport to impose obligations on Networks beyond those set forth in the Federal

23  Rules of Civil Procedure. All definitions and instructions will be treated as having

24  no force or effect to the extent they purport to impose obligations on Networks

25  beyond those set forth in the Federal Rules of Civil Procedure.

26

27  **REQUEST FOR PRODUCTION NO. 1:**

28          All DOCUMENTS that RELATE TO ANY contracts OR agreements

37106-00002/1663430.1                           3

1  between YOU AND ANY business licensed, located, based, OR incorporated in

2  California OR ANY PERSON currently OR formerly residing OR domiciled in

3  California.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

5       Networks hereby incorporates by reference the general objections set forth

6  above. Networks further objects to this request on the grounds that a plaintiff is not

7  entitled to take discovery on personal jurisdiction as a matter of right. In order to

8  do so, Facebook must either make a *prima facie* showing of jurisdiction over

9  Networks, or it must identify material jurisdictional issues that are in dispute.

10 Facebook has done neither. Networks further objects to this request on the grounds

11 that the definition of "YOU" is grossly overbroad. Networks further objects to this

12 request on the grounds that it is unlimited as to time, and is so overbroad as to be

13 unduly burdensome and harassing. Networks further objects to this request on the

14 grounds that it seeks information that is not relevant nor reasonably calculated to

15 lead to the discovery of admissible evidence. Networks further objects to this

16 request on the grounds that it does not exclude contracts of adhesion, which are

17 irrelevant to any issue of personal jurisdiction or forum non conveniens. Networks

18 further objects to this request on the grounds that it is not limited to contracts

19 Networks knew were with businesses or residents located in California. Subject to

20 and without waiving the foregoing objections, Networks states as follows:

21      After resolution of the issues raised by Networks' general objections and

22 entry of an appropriate protective order, Networks will agree to produce non-

23 confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts)

24 to which it was a party that were in effect as of July 18, 2008, where the party on

25 the other side was known by Networks to be a California resident or where the

26 contract expressly called for application of California law.

27

28

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing OR domiciled in California, including ALL COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. Networks further objects to this request on the grounds that it does not know where StudiVZ's USERS reside or where they are domiciled.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that RELATE TO ANY COMMUNICATION between YOU AND FACEBOOK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to

1    lead to the discovery of admissible evidence. Networks further objects to the extent
2    that it calls for documents covered by the Nondisclosure Agreement dated May 9,
3    2008.
4
5    **REQUEST FOR PRODUCTION NO. 4:**
6    DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of
7    goods AND services sold OR provided by YOU to current OR former California
8    residents, including PERSONS, businesses, AND USERS OF STUDIVZ.
9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
10   Networks hereby incorporates by reference the general objections set forth
11   above. Networks further objects to this request on the grounds that a plaintiff is not
12   entitled to take discovery on personal jurisdiction as a matter of right. In order to
13   do so, Facebook must either make a *prima facie* showing of jurisdiction over
14   Networks, or it must identify material jurisdictional issues that are in dispute.
15   Facebook has done neither. Networks further objects to this request on the grounds
16   that the definition of "YOU" is grossly overbroad. Networks further objects to this
17   request on the grounds that it is unlimited as to time, and is so overbroad as to be
18   unduly burdensome and harassing. Subject to and without waiving the foregoing
19   objections, Networks states as follows:
20   After resolution of the issues raised by Networks' general objections and
21   entry of an appropriate protective order, Networks will agree to produce documents
22   sufficient to show the number and amount of sales and accounts receivable owed to
23   Networks by California addresses in May, June and July 2008.
24
25   **REQUEST FOR PRODUCTION NO. 5:**
26   DOCUMENTS THAT RELATE TO the relationship of VERLAGSGRUPPE
27   GEORG VON HOLTZBRINCK GmBH, HOLTZBRINCK NETWORKS GmBH,
28   AND HOLTZBRINCK VENTURES GmBH to OR with STUDIVZ, including

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  information that is not relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence. Subject to and without waiving the foregoing objections,

3  Networks states as follows:

4      After resolution of the issues raised by Networks' general objections and

5  entry of an appropriate protective order, Networks will agree to produce documents

6  sufficient to show the number and amount of sales and accounts receivable owed to

7  Networks by California addresses in May, June and July 2008.

8

9  **REQUEST FOR PRODUCTION NO. 12:**

10     DOCUMENTS sufficient to show ALL of YOUR current AND former

11  personal OR real property currently OR previously located in California.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

13     Networks hereby incorporates by reference the general objections set forth

14  above. Networks further objects to this request on the grounds that a plaintiff is not

15  entitled to take discovery on personal jurisdiction as a matter of right. In order to

16  do so, Facebook must either make a *prima facie* showing of jurisdiction over

17  Networks, or it must identify material jurisdictional issues that are in dispute.

18  Facebook has done neither. Networks further objects to this request on the grounds

19  that the definition of "YOUR" is grossly overbroad. Subject to and without

20  waiving the foregoing objections, Networks states as follows:

21     After resolution of the issues raised by Networks' general objections and

22  entry of an appropriate protective order, Networks will agree to produce documents

23  sufficient to show any real or personal property it owns in California.

24

25  **REQUEST FOR PRODUCTION NO. 13:**

26     ALL contracts involving YOU in which California law governs.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

28     Networks hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. Networks further objects to this request on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

Networks, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. Networks further objects to this request on the

grounds that the definition of "YOU" is grossly overbroad. Networks further

objects to this request on the grounds that it so overbroad as to be unduly

burdensome and harassing. Networks further objects to this request on the grounds

that it does not exclude contracts of adhesion. Networks further objects to this

request on the grounds that it seeks information that is not relevant nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing objections, Networks states as follows:

After resolution of the issues raised by Networks' general objections and

entry of an appropriate protective order, Networks will agree to produce non-

confidential portions, if any, of the negotiated contracts (i.e. not adhesion contracts)

to which it was a party that were in effect as of July 18, 2008, where the party on

the other side was known by Networks to be a California resident or where the

contract expressly called for application of California law.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS RELATED TO instances when YOU accessed

FACEBOOK website, www.facebook.com OR www.thefacebook.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Networks hereby incorporates by reference the general objections set forth

above. Networks further objects to this request on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to do

so, Facebook must either make a *prima facie* showing of jurisdiction over

Networks, or it must identify material jurisdictional issues that are in dispute.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Facebook has done neither. Networks further objects to this request on the grounds

2  that the definition of "YOU" is grossly overbroad. Networks further objects to this

3  request on the grounds that it so overbroad as to be unduly burdensome and

4  harassing. Networks further objects to this request on the grounds that it seeks

5  information that is not relevant nor reasonably calculated to lead to the discovery of

6  admissible evidence.

7

8  **REQUEST FOR PRODUCTION NO. 15:**

9      IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to

10  do business in California.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

12      Networks hereby incorporates by reference the general objections set forth

13  above. Networks further objects to this request on the grounds that a plaintiff is not

14  entitled to take discovery on personal jurisdiction as a matter of right. In order to

15  do so, Facebook must either make a *prima facie* showing of jurisdiction over

16  Networks, or it must identify material jurisdictional issues that are in dispute.

17  Facebook has done neither. Networks further objects to this request on the grounds

18  that the definition of "YOUR" is grossly overbroad. Subject to and without

19  waiving the foregoing objections, Networks states as follows:

20      After resolution of the issues raised by Networks' general objections and

21  entry of an appropriate protective order, Networks will agree to produce any of its

22  licenses or registrations to do business in California as of July 18, 2008.

23

24  **REQUEST FOR PRODUCTION NO. 16:**

25      ALL DOCUMENTS RELATED TO the services provided by

26  www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,

27  www.estudiln.net, www.studentix.pl, AND www.schuelervz.net to USERS OF

28  STUDIVZ, including how they are provided.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this request on the grounds that it does not operate the websites in question.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS RELATED TO ANY transaction OR transactions whereby HOLTZBRINCK NETWORKS GmBH invested in, gave money to, OR obtained an interest in STUDIVZ, including filings AND communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "HOLTZBRINCK NETWORKS GmBH" is grossly overbroad. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS RELATED TO universities, colleges, high schools, AND institutes of higher learning located in California at which STUDIVZ provides OR provided services including without limitation access to www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net, including without limitation University of California (ALL campuses), California State University (ALL campuses), as well as the USERS OF STUDIVZ using email domains (*e.g.*, name@stanford.edu) from those universities, colleges, high schools, AND institutes of higher learning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this request on the grounds that it seeks information about StudiVZ, not Networks. Networks further objects to this request on the grounds that Facebook has made no alter ego allegations.

**REQUEST FOR PRODUCTION NO. 23:**

ALL versions of COMPUTER CODE YOU wrote, programmed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this request on the grounds that it does not operate the websites in question.

**REQUEST FOR PRODUCTION NO. 24:**

A copy of ALL executable versions of COMPUTER CODE YOU use, used, developed OR helped develop that RELATES TO www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND www.schuelervz.net.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  unduly burdensome and harassing.  Networks further objects to this request on the

2  grounds that it seeks information that is not relevant nor reasonably calculated to

3  lead to the discovery of admissible evidence.  Networks further objects to this

4  request on the grounds that it does not operate the websites in question.

5

6  **REQUEST FOR PRODUCTION NO. 25:**

7      ALL COMMUNICATIONS that RELATE TO FACEBOOK, its website,

8  OR the servers it uses, used, accesses OR accessed.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

10      Networks hereby incorporates by reference the general objections set forth

11  above.  Networks further objects to this request on the grounds that a plaintiff is not

12  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

13  do so, Facebook must either make a *prima facie* showing of jurisdiction over

14  Networks, or it must identify material jurisdictional issues that are in dispute.

15  Facebook has done neither.  Networks further objects to this request on the grounds

16  that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

17  harassing.  Networks further objects to this request on the grounds that it seeks

18  information that is not relevant nor reasonably calculated to lead to the discovery of

19  admissible evidence.

20

21  **REQUEST FOR PRODUCTION NO. 26:**

22      ALL COMMUNICATIONS that RELATE TO OR REFER TO

23  FACEBOOK.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25      Networks hereby incorporates by reference the general objections set forth

26  above.  Networks further objects to this request on the grounds that a plaintiff is not

27  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

28  do so, Facebook must either make a *prima facie* showing of jurisdiction over

Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 27:**

A copy of ALL versions of COMPUTER CODE (including, without limitation, source code, object code and scripts) YOU wrote, which YOU used OR use, OR for which YOU paid that was designed to extract information from any website, including thefacebook.com OR facebook.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS related to any account YOU created to access any FACEBOOK website, including thefacebook.com AND facebook.com.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2          Networks hereby incorporates by reference the general objections set forth

3    above. Networks further objects to this request on the grounds that a plaintiff is not

4    entitled to take discovery on personal jurisdiction as a matter of right. In order to

5    do so, Facebook must either make a *prima facie* showing of jurisdiction over

6    Networks, or it must identify material jurisdictional issues that are in dispute.

7    Facebook has done neither. Networks further objects to this request on the grounds

8    that the definition of "YOU" is grossly overbroad. Networks further objects to this

9    request on the grounds that it is unlimited as to time, and is so overbroad as to be

10   unduly burdensome and harassing. Networks further objects to this request on the

11   grounds that it seeks information that is not relevant nor reasonably calculated to

12   lead to the discovery of admissible evidence.

13

14   **REQUEST FOR PRODUCTION NO. 29:**

15         ALL COMMUNICATIONS OR DOCUMENTS concerning or that

16   RELATE TO the use of any server, including proxy server, to access

17   FACEBOOK's server(s) OR website(s).

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

19         Networks hereby incorporates by reference the general objections set forth

20   above. Networks further objects to this request on the grounds that a plaintiff is not

21   entitled to take discovery on personal jurisdiction as a matter of right. In order to

22   do so, Facebook must either make a *prima facie* showing of jurisdiction over

23   Networks, or it must identify material jurisdictional issues that are in dispute.

24   Facebook has done neither. Networks further objects to this request on the grounds

25   that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

26   harassing. Networks further objects to this request on the grounds that it seeks

27   information that is not relevant nor reasonably calculated to lead to the discovery of

28   admissible evidence.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS reflecting, associated with, OR that RELATE TO any of YOUR responses to Interrogatories in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Networks states as follows:

After resolution of the issues raised by Networks' general objections and entry of an appropriate protective order, Networks will agree to produce the specific documents identified in its interrogatory responses.


DATED: November _17_, 2008          GREENBERG GLUSKER FIELDS
                                                          CLAMAN & MACHTINGER LLP


By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On November 17, 2008, I served the foregoing document described as **HOLTZBRINCK NETWORKS GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action

☒ by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Warrington S. Parker, Esq. **(ORIGINAL)**    Attorneys for Plaintiff Facebook, Inc.
wparker@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BOTH BY E-MAIL AND U.S. MAIL:**

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Warrington S. Parker, Esq. at wparker@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on November 17, 2008, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nancy L. Luis _____



SIGNATURE

**PROOF OF SERVICE**

37106-00002/1664763.1