

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1994 WL 589487 (N.D.Cal.)
**(Cite as: 1994 WL 589487 (N.D.Cal.))**

Only the Westlaw citation is currently available.
United States District Court, N.D. California.
ASSOCIATED BUSINESS TELEPHONE SYSTEM CORP., Plaintiff,
v.
Ethel L. COHN, et al., Defendants.
**No. C-93-1570-DLJ.**

Oct. 4, 1994.

### ORDER

JENSEN, District Judge.

**\*1** This is an action alleging RICO violations originally brought before the Eastern District of California prior to being transferred to this Court upon defendants' motion. As a result of defendants' numerous motions to dismiss the complaint, plaintiff filed the first amended complaint on July 16, 1993 and the second amended complaint on March 4, 1994. By Order dated May 26, 1994, the Court ordered plaintiff to file and serve a third amended complaint. Plaintiff has failed to comply with that Order. The matter is currently before the Court on defendants' motion to dismiss, or in the alternative, for a more definite statement, and motion for award of attorneys' fees. Plaintiff did not file an opposition. Having considered the submissions, the Court dismisses the complaint with prejudice and awards attorneys' fees in the amount of $78,093.99 against plaintiff Associated Business Telephone System Corporation.

### I. BACKGROUND

This action was originally brought before the Eastern District of California prior to being transferred to this Court upon defendants' motion. At that time, it was labelled as an action for breach of contract, fraud, and conspiracy to commit fraud, arising from unspecified disputes over a telephone service agreement and the enforcement of judgments between plaintiff and three of the defendants. The action appears to be an attempt by plaintiff to pin down the assets of the three defendants in an associated matter by suing the entire family and entities related to one of those three defendants.

Along with their motion to transfer, defendants brought a motion to dismiss for failure to state a claim upon which relief could be granted. Due to the transfer, the court in the Eastern District declined to rule on defendants' motion to dismiss, but gave plaintiff 20 days within which to file an amended complaint. The time allocated by the court expired on April 15, 1993. Defendants then filed a further motion to dismiss on June 3, 1993 for failure to comply with the Eastern District Court Order, failure to comply with federal rules, failure to prosecute, and reiterated their motion to dismiss for failure to state a claim. The motion prompted plaintiff to file its opposition and first amended complaint on July 16, 1993. Accordingly, this Court determined that the second motion to dismiss was moot, as an amended complaint had been filed.

On September 2, 1993, defendant once again renewed their motion to dismiss. That motion was heard in January 1994. By Order dated February 10, 1994, the Court allowed plaintiff further time to amend. However, the Court pointed to the "numerous and obvious shortcomings" in plaintiff's complaint, and cautioned that it would be "skeptical of offering such leave again." Pursuant to that Order, plaintiff filed its second amended complaint.

Defendants again filed a motion to dismiss. However, because plaintiff's counsel, John I. Meeker, withdrew, the Court by Order dated May 26, 1994 gave plaintiff until June 29, 1994 to file and serve a third amended complaint. Plaintiff once again ignored the deadline.

**\*2** Defendants filed the current motion seeking dismissal of the complaint with prejudice and, in light of plaintiff's repeated failure to obey court orders

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 589487 (N.D.Cal.)
**(Cite as: 1994 WL 589487 (N.D.Cal.))**

Page 2

and the alleged meritless action, a monetary sanction for defendants' reasonable expenses incurred in defending the entire action. Defendants Ethel L. Wolff, individually and as special administrator of the Estate of Leslie B. Cohn and as settlor of an inter vivos trust, Susan E. Cohn a.k.a. Susan E. Farkas, Alexandra Cohn, Roxana Cohn, Sabrina Cohn, Alyssa Cohn, Nicole Focken, Alexis Lynn Cohn a.k.a. Alexis Cohn and Lynn Lewin, Dana L. Pierson, Greater Capital Corporation, Condor Investments Corporation, O'Hare Hotel Corporation, Phoenix Hotel Associates, Ltd., O'Hare Hotel Investors, Ltd., Phoenix Hotel Associates, and Salmark Investment Company ("Cohn defendants") seek an award of attorneys' fees in the amount of $78,093.99. Defendants David Roberts, Roberts Hotel Management Corporation, Cal O'Hare, Ltd., Cal O'Hare Limited Partnership, Sheraton O'Hare Limited Partnership, Ronald I. Anson, Cliffwood Management Company, Inc., Roberts-O'Hare, Ltd., and Henry S. Stone ("Roberts defendants") initially requested $10,000.00 in attorneys' fees but have reached an out-of-court settlement with plaintiff.

## II. DISCUSSION

A. *Legal Standards*

1. *Motion to Dismiss*

The primary objective of the legal system is to obtain a determination on the merits rather than a dismissal based on pleadings. Accordingly, motions to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), are generally viewed with disfavor. The Supreme Court has held that a complaint should not be dismissed unless it appears "beyond doubt" that plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). Thus, the question presented by a motion to dismiss is not whether plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim.

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (citation omitted). Even if the face of the pleadings indicates that the chance of recovery is remote, the Court must allow plaintiff to develop his or her case at this stage of the proceedings. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir.1981).

A pleading should provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A motion to dismiss may be granted where there is an absence of "sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).

2. *Sanctions*

Federal Rule of Civil Procedure 11, as amended effective December 1, 1993, provides in relevant part:

**\*3** (a) ... Every pleading, written motion, and other paper ... [filed with the Court] shall be signed by at least one attorney of record [or the party]....

(b) ... By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation......

Fed.R.Civ.P. 11.

The test imposed by Rule 11 is an objective one. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1994 WL 589487 (N.D.Cal.)  
**(Cite as: 1994 WL 589487 (N.D.Cal.))**

Page 3

(9th Cir.1986). The certification requirements of Rule 11 are violated "if the paper filed ... is frivolous, legally unreasonable, or without factual foundation, even though ... not filed in subjective bad faith." *Id.* (footnote omitted).

Rule 11 "must be read in light of concerns that it will ... chill vigorous advocacy." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986) (citation omitted).

By its terms, sanctions under Rule 11 are limited to misconduct in the filing of "pleadings, motions, or other papers" with the Court. *United Energy Owners Committee, Inc. v. United States Energy Management Sys.,* 837 F.2d 356, 364-65 (9th Cir.1988). Before the amendment of Rule 11, the terms of Rule 11 were mandatory, so that upon the violation of a certification required by Rule 11, a sanction was required to be imposed. *Golden Eagle Distributing,* 801 F.2d at 1536, 1540. The present rule, at Fed.R.Civ.P. 11(c), provides that the decision to impose a sanction is within the discretion of the Court.

Sanctions may be imposed pursuant to other sources. Congress has provided that

Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Such sanctions are appropriate only where counsel has acted in "bad faith." *Soules v. Kauaians for Nukolii Campaign Committee,* 849 F.2d 1176 (9th Cir.1988). "Bad faith" is present when an attorney "knowingly or recklessly" engages in certain conduct. *Estate of Blas v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986).

Federal courts may also impose a sanction pursuant to their inherent powers. Such a sanction may be imposed where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.,* 111 S.Ct. 2123, 2133 (1991) (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974)). In this regard, a sanction may be imposed where a court finds "that fraud has been practiced upon it," as when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers,* 111 S.Ct. at 2133 (citations omitted).

**\*4** The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat [ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'

*Id.* (quoting *Hutto v. Finney,* 437 U.S. 678, 689 n. 14 (1978)). Such a sanction may consist of an award of "attorney's fees for one party and against another." *In re Akros Installations, Inc.,* 834 F.2d 1526, 1532 (9th Cir.1987) (citation omitted).

B. *Analysis of Defendants' Motions*

1. *Motion to Dismiss with Prejudice*

Despite the many opportunities plaintiff has been given to amend, plaintiff has been unable to cure the "numerous and obvious shortcomings" in its complaint. A pleading should provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss may be granted where there is an absence of "sufficient facts alleged under a cognizable legal theory." *Balistreri,* 901 F.2d at 699.

Plaintiff's complaint still does not allege the elements required by RICO. To establish an enterprise

Not Reported in F.Supp.
Not Reported in F.Supp., 1994 WL 589487 (N.D.Cal.)
**(Cite as: 1994 WL 589487 (N.D.Cal.))**

Page 4

under RICO, plaintiff must show (1) that an enterprise exists which is separate and apart from the pattern of activity in which it engages; (2) that members of a group share a common purpose of engaging in a course of conduct; (3) that there is evidence of an ongoing organization; and (4) that the various members of the group function as a continuing unit. *United States v. Turkette,* 452 U.S. 576, 583 (1981). To establish a pattern of racketeering, there must be at least two acts of racketeering activity. The combination of continuity and relationship can produce a pattern. *H.J. Inc. v. Northwestern Bell Telephone Co.,* 109 S.Ct. 2893, 2901-03 (1989).

Plaintiff has not alleged the existence of an enterprise, or facts establishing participation, pattern, or predicate acts of racketeering activity. Moreover, most of the alleged acts are outside the four-year statute of limitations applicable in RICO civil enforcement actions such as the present action. *See Agency Holding Corp. v. Malley-Duff & Assos., Inc.,* 483 U.S. 143, 156 (1987). Therefore, plaintiff's complaint should be dismissed under Rule 12(b)(6) and Rule 8(a).

The dismissal should be with prejudice. A district court does not abuse its discretion in dismissing a claim with prejudice after a claim has been dismissed without prejudice and plaintiff was informed that he could file an amended complaint but failed to do so. *Toyota Landscape v. Building Material & Dump Truck,* 726 F.2d 525, 528 (9th Cir.), *cert. denied,* 469 U.S. 825 (1984). Here, plaintiff failed to comply with the Court's Order to file and serve a third amended complaint. Accordingly, dismissal of the complaint with prejudice is warranted.

2. *Motion for Sanctions*

**\*5** Plaintiff has repeatedly ignored the Court's Orders and filed papers quite late. In its February 10, 1994 Order, the Court noted plaintiff's shortcoming but denied defendants' request for sanctions. After plaintiff's counsel withdrew in May 1994, plaintiff was given time extension to file and serve a third amended complaint. Plaintiff once again ignored the deadline. It is apparent that plaintiff's action is not well grounded in fact.

While defendants urge the Court to find a violation of Rule 11, the Court finds it more appropriate to sanction plaintiff's conduct pursuant to 28 U.S.C. § 1927 and the inherent powers of the Court. Sanction is appropriate when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers,* 111 S.Ct. at 2133. A court may assess attorneys' fees under its inherent power for the willful disobedience of a court order or bad faith conduct. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258 (1975) (citations omitted). Repeatedly disobeying Court Orders by late filing constitutes behavior sanctionable under 28 U.S.C. § 1927 and the inherent powers of the Court.

Sanctions will not be imposed on plaintiff's counsel, Mr. Meeker, since it has not been shown that he has knowingly and recklessly engaged in bad faith conduct. *See Soules,* 849 F.2d at 1185-86. Mr. Meeker has cooperated with the Court throughout the course of this action. After withdrawing from this case, Mr. Meeker has remained liaison between the Court and plaintiff to help move the case along. In contrast, plaintiff is responsible for the shortcomings of its complaint and repeated noncompliance with the Court's Orders. On analysis, the Court finds that the attorneys' fees incurred in this entire action are reasonably attributable to plaintiff's sanctionable behavior. Accordingly, the Court imposes sanctions against plaintiff Associated Business Telephone System Corporation in the amount of $78,093.99 in favor of the Cohn defendants for reasonable attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, the Court orders the following:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

2. Sanction against plaintiff Associated Business Telephone System Corp. for attorneys' fees in the amount of $78,093.99 is awarded to defendants Ethel L. Wolff, individually and as special administrator of the Estate of Leslie B. Cohn and as settlor of an inter vivos trust, Susan E. Cohn a.k.a. Susan E. Farkas, Alexandra Cohn, Roxana Cohn, Sabrina Cohn, Alyssa Cohn, Nicole Focken, Alexis Lynn Cohn a.k.a. Alexis Cohn and Lynn Lewin, Dana L. Pierson, Greater Capital Corporation, Condor Investments Corporation, O'Hare Hotel Corporation, Phoenix Hotel Associates, Ltd., O'Hare Hotel Investors, Ltd., Phoenix Hotel Associates, and Salmark Investment Company.

3. The Clerk of the Court shall close the file.

IT IS SO ORDERED.

N.D.Cal.,1994.
Associated Business Telephone System Corp. v. Cohn
Not Reported in F.Supp., 1994 WL 589487 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.