

**Stephen S. Smith**
D: 310.785.6895
F: 310.201.2350
SSmith@GreenbergGlusker.com

September 16, 2008

<u>Via E-mail and U.S. Mail</u>

Warrington S. Parker III, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

      Re:    <u>*Facebook, Inc. v. StudiVZ*</u>

Dear Mr. Parker:

    I am responding to your letters of September 10 and 15, 2008, and to follow up on our telephone conversations of yesterday afternoon and this afternoon.

    First, we oppose Facebook's request for expedited discovery with respect to the motion to dismiss filed on behalf of Verlagsgruppe Georg von Holtzbrinck GmBH ("VGH"). Facebook is not entitled to such discovery because it has not even *alleged* facts that give rise to personal jurisdiction over VGH. Indeed, the complaint makes clear that Facebook had no facts upon which to name VGH as a defendant in this action in the first place. Accordingly, Facebook should dismiss VGH.

    Second, for the same reason, we will not stipulate to continue the hearing of VGH's motion to dismiss.

    Third, yesterday when I took the position that your request for a Rule 26 conference was premature, I had not yet seen the Order setting a Case Management Conference for November 7, 2008 and requiring that a Joint Case Management Statement be filed by October 31, 2008. Now that I have seen that Order, I believe that, absent relief from Court, counsel must hold a Rule 16/26 conference prior to October 31, 2008. As we just discussed this afternoon, Facebook is

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610   |   F: 310.553.0687

37106-00002/1656289.1

GreenbergGlusker.com

Dockets.Justia.com

currently considering whether to voluntarily dismiss VGH without prejudice. You and I have agreed to discuss whether to hold a Rule 16/26 conference and, if so, when to hold it once Facebook has decided whether to dismiss VGH. Accordingly, please let me know when you are ready to discuss that issue so that we can ensure our mutual compliance with the Court's Order.

Very truly yours,

Stephen S. Smith