

**Stephen S. Smith**
D: 310.785.6895
F: 310.201.2350
SSmith@GreenbergGlusker.com

October 29, 2008

<u>Via E-mail and U.S. Mail</u>

Warrington S. Parker III, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015

Re: *Facebook, Inc. v. StudiVZ*

Dear Mr. Parker:

  I write to follow up on our meet and confer of October 27, 2008 and to respond to your October 28, 2008 letter.

  In filing this lawsuit, Facebook violated the letter and spirit of Rule 11. Facebook filed this lawsuit because Holtzbrinck Networks GmbH ("Networks") and Holtzbrinck Ventures GmbH ("Ventures") rejected Facebook's bid to buy StudiVZ. Facebook had no basis to believe that a California court could exercise personal jurisdiction over Networks, Ventures, Verlagsgruppe Georg von Holtbrinck ("VGH") or StudiVZ Ltd. ("StudiVZ"). Facebook had no basis to believe that Networks, Ventures or VGH had engaged in *any* of the wrongful acts alleged in the complaint, either directly or indirectly as a "partner, contractor, joint venturer or agent of one or more of the other named Defendants." (Complaint ¶¶ 4-6).

  Facebook also engaged in blatant and inappropriate forum shopping. The wrongful acts alleged and the supposed harm Facebook suffered took place in *Germany*. The documents and witnesses are located in *Germany*. The witnesses' native language is *German*. The documents are written in *German*. Facebook first leveled its accusations in *Germany*, using a *German* law firm, citing *German* law, in demand letters that were written in *German*. Yet, Facebook insisted and continues to insist in bad faith on suing these German companies in California.

  Now, Facebook has the temerity to complain of the inevitable, inconvenient consequences of having done so. You ask us to waive the 7 hour limit on depositions *because many of the witnesses will inevitably need translators because <u>their native tongue is German</u>*. Even though this case is very likely to be dismissed before it is ever at issue, you demand that

**Greenberg Glusker Fields Claman & Machtinger LLP**
1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067
T: 310.553.3610 | F: 310.553.0687

GreenbergGlusker.com

37106-00002/1661886.2

defendants submit to wide-ranging discovery related to the merits of this dispute, for the express purpose of using it in the pending German Action, which is scheduled to go to trial in December 2008. You insist on imposing on defendants the totally unnecessary and, very likely, wasted expense of providing initial disclosures and other discovery into the merits of this dispute even though this case may be dismissed before it is ever at issue.

Facebook's bad faith intent is proven by the manner in which it has litigated this case after it was filed:

1       Facebook asked defendants to agree to waive service pursuant to Rule 4. The waiver was requested by you and drafted by you. By rule, it gave defendants 90 days to respond from the day the waiver was sent. The defendants signed the waiver only to have your colleague, Neel Chatterjee, then insist falsely that defendants had only 20 days from the date we signed the waiver to respond to the complaint. When we pointed out this blatant falsehood, Facebook then insisted that defendants were engaged in a strategy of delay simply because they insisted on the 90-day time period provided in your waiver. Facebook's position was disingenuous.

2.      Just *after* being told by my partner, William Walker, that VGH intended to move to dismiss for lack of personal jurisdiction, Facebook rushed to file a motion for expedited discovery, seeking discovery from VGH that Facebook alleged was related to "personal jurisdiction", but that was really directed to the merits and, even beyond that, to sensitive business, competitive and other information to which Facebook has no conceivable right. That motion was filed *before* Facebook had even seen the motion to dismiss. Even after seeing the motion to dismiss, Facebook refused to dismiss VGH until after defendants were forced to oppose the motion for expedited discovery on VGH's and the other defendants' behalf. Facebook never should have sued VGH in the first place. But it also never should have demanded discovery from VGH before seeing VGH's motion to dismiss.

3.      When Facebook filed its motion for expedited discovery, it also filed a motion for an order shortening time. In violation of the Local Rules, Facebook did not meet and confer about its motion to shorten time. There was also no basis for such a motion, as there were no pending deadlines of any kind that necessitated a shortened notice period on Facebook's motion for expedited discovery. It was yet another reckless filing with no basis and was immediately denied by the Magistrate Judge.

4.      Facebook filed a baseless motion for administrative relief. Defendants were forced to oppose, only to have Facebook then withdraw the motion.

5.      On the eve of the hearing on Facebook's motion for expedited discovery, Facebook decided to withdraw that motion as well, recognizing finally that it too had no basis in law or fact.

In sum, Facebook has repeatedly engaged in bad faith, unsupported tactics that have forced my clients to incur substantial fees but which have accomplished absolutely nothing other than the dismissal of one of the defendants that never should have been sued in the first place.

Before our meet and confer on Monday, I was hopeful that Facebook would finally be willing to engage in constructive dialogue as opposed to continuing to take recalcitrant positions. My hope was in vain.

Three days after withdrawing the motion for expedited discovery, you served defendants with another round of over-reaching discovery requests of the same type that were the subject of the withdrawn motion for expedited discovery. These were, again, served _before_ Facebook had seen the motions to dismiss. As a result, they were not tailored to address the material issues in dispute that were raised by those motions.

When I telephoned you to discuss an appropriate hearing date for the motions to dismiss, I asked you whether I was going to be forced to respond to the discovery as propounded or whether, instead, you intended to review that discovery to narrow it in light of the motions to dismiss. You responded by telling me that you wanted first to review the motions to dismiss *for the purpose of identifying the specific jurisdiction/forum issues in dispute thereby allowing you to _narrow_ the discovery requests to focus on those issues*. We scheduled another telephone call for Monday, October 27, 2008 to discuss how the requests would be narrowed.

Yet, during the call on Monday you refused to narrow the requests and instead said that Facebook intended to stand by the discovery in exactly the form it had been drafted and served *before* Facebook saw the motions to dismiss. You explicitly refused to explain what relevant matters were in dispute or what discovery you needed in light of the facts and arguments presented in the motions. Indeed, when my partner, Aaron Moss, asked you for the basis upon which Facebook claimed to exercise personal jurisdiction over Ventures or Networks, you simply refused to answer.[1]

Then, on October 28, 2008, I received your letter insisting that defendants provide you with a list of what is and is not acceptable in the discovery by Wednesday, October 29, 2008, *even though defendants' responses are not even due until November 17, 2008.* Needless to say, we are not going to do that.

---

[1] The only modification you offered to make was as to procedure, offering to take the depositions in Germany rather than California as long as defendants agree not to force Facebook to comply with the Hague Evidence Convention. This is yet another example of Facebook complaining about the procedural consequences of having improperly sued German companies in the United States. Although we could insist that Facebook follow the Hague Evidence Convention, we have agreed that the defendants will not insist that Facebook strictly comply with the Hague Evidence Convention so as long as the depositions take place in the country of residence of the witness. That being said, we note that the right to insist on compliance with the Hague Evidence Convention is the right of the individual witness. While we will encourage the witnesses that are affiliated with defendants to not insist on compliance with the Convention, we cannot force them to do so.

A plaintiff *may* be entitled to discovery into personal jurisdiction issues, but only if it either demonstrates a prima facie case of personal jurisdiction or shows that issues related to personal jurisdiction are in dispute. Protrade Sports, Inc. v. Nextrade Holdings, Inc., 2006 U.S. Dist. LEXIS 6631, Case No. C05-04039 MJJ at *9 (N.D. Cal. Feb. 2, 2006); Huang v. Ferrero U.S.A., Inc., 1999 U.S. Dist. LEXIS 5712, Case No. C98-0795 FMS (N.D. Cal. Apr. 15, 1999); Levy v. Norwich Union Ins. Soc'y, 1998 U.S. Dist. LEXIS 13524, Case No. C97-2533 MJJ (N.D. Cal. Aug. 5, 1998). Even Facebook's own authority holds that discovery should be allowed only "where pertinent facts bearing on the question of jurisdiction *are in dispute*." Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D.Cal. 2001).

Facebook has made no attempt to show that it is entitled to any of the discovery it has requested. As to Holtzbrinck Ventures and Holtzbrinck Networks, Facebook has not alleged a basis for such discovery. As to all defendants, you have outright refused to identify any facts related to the motions to dismiss that are in dispute. Instead, you seek to place the onus on me and my clients to *guess* what discovery might be appropriate.

The discovery Facebook has propounded is obviously not targeted to any facts in dispute in the motions because Facebook had not even seen the motions at the time it served the discovery. Moreover, the discovery you propounded is facially overbroad no matter what basis Defendants had to contest personal jurisdiction. Just some examples, which are by no means exhaustive, are as follows:

1. The discovery is directed to a party that has been dismissed;

2. The discovery defines "YOU" to include the defendant's "directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, [and] attorneys," which is antithetical to the concept of discovery related to the *personal jurisdiction* of a defendant;

3. Most of the discovery requests are "fishing expeditions," whereby Facebook casts a wide net looking for any possible contact or communication with anyone or anything in California whether or not it has anything to do with the facts at issue in this case.

4. Facebook seeks discovery into the merits of the dispute or into issues that have nothing to do with this case, let alone issues raised in the motions to dismiss.

This discovery proves that Facebook made no attempt to limit its discovery requests to personal jurisdiction, let alone to the issues actually in dispute (if any) in the motions to dismiss.

We are, and always have been, open to properly-tailored, reasonable-in-scope discovery directed at the issues in the motions *that are in dispute*. But we are not going to do Facebook's work for Facebook. Facebook must identify what issues it believes are in dispute. Only then can we have a discussion about what discovery is appropriate to address those issues. If Facebook

continues to refuse to tell us what issues are in dispute, then we will simply respond to the discovery served on the date our responses are due.[2]

Very truly yours,

Stephen S. Smith

SSS:nll

---

[2] You write in your October 28, 2008 letter that I agreed to send you a letter "identifying [my] objections." I did agree to send you *a* letter, and this is that letter. But I did not agree to provide you with defendants' responses to the propounded discovery before the response date. To the contrary, I urged you to withdraw the discovery that has been served, to identify what issues in the motions were in dispute and then to serve new discovery directed to those issues only.