Price v. Facebook, Inc.                                                                                                Doc. 97 Att. 15



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel  +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

November 21, 2008

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

*VIA E-MAIL ATTACHMENT AND FIRST CLASS MAIL*

Stephen S. Smith
Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067-4590

Re:   <u>Facebook v. StudiVZ, et al., Case No. 5:08-cv-03468 JF</u>

Dear Stephen:

I write with respect to various meet and confer topics outstanding between the parties, including Defendants' November 17, 2008 responses to Facebook's written discovery requests. We have scheduled a meet and confer telephone call for tomorrow morning at 9:30 a.m. to discuss the issues addressed herein, as well as other outstanding discovery topics such as the scheduling and location of depositions.

I.   Initial Disclosures

Defendants have obtained no order from the Court excusing compliance with initial disclosures. Defendants concede that discovery is proper on jurisdictional topics. Facebook is therefore plainly entitled to at least some form of disclosures. We need these disclosures so we can identify deponents and schedule depositions necessary for opposing the motion to dismiss. The failure to serve disclosures is prejudicing Facebook. Unless we get a date certain from Defendants for service of their Initial Disclosures in tomorrow's call, Facebook will make a motion to compel compliance and will seek sanctions. We may also file an ex parte application to shorten time for hearing on the motion to compel so that it can be heard on December 16.

II.   Defendants' Written Discovery Responses

   A.   General Objections to Interrogatories & Document Requests

We address four of the "General Objections" common to Defendants interrogatory and document responses below. The others seem to be general boilerplate that we will not address at this point except to say that we expect that Defendants are not narrowing the scope of their investigation or withholding any specific documents on the basis of those objections.


ORRICK

Stephen S. Smith
November 21, 2008
Page 2

First, Defendants object that "Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany . . . [Defendant] will not produce evidence absent the protective order it has requested from the Court, requiring the evidence to be used only in this action." This objection is inconsistent with our agreement to proceed with discovery using the Stipulated [Proposed] Protective Order. That order, by its terms, limits discovery in the fashion requested by Defendants. If Defendants motion for protective order is denied, then we will revise the order to reflect that the Court will not impose the restriction requested by Defendants. In the meantime, discovery should proceed and Facebook will abide by the terms of the agreed order until the Court has resolved this matter. We understood that you agreed to this position when we signed the stipulation, and are mystified by the objection in light of that.

Second, Defendants object generally to the Interrogatories "on the grounds that they seek discovery that goes to the merits and is not confined to disputed jurisdictional issues." In our view, all of the requested discovery is directly pertinent either to jurisdiction or to the convenience of the forum. In our November 21 call, you indicated that Defendants do not take the view that Facebook is precluded from discovery of topics that are relevant to both jurisdiction and the merits simply because such questions also go to the merits. Accordingly, please be prepared to articulate with specificity which interrogatories you contend are propounded on topics that are wholly unrelated to jurisdiction and convenience of the forum.

Third, Defendants object to the Interrogatories "on the grounds that they would require violation of the privacy rights of its employees and customers as embodied in the German Constitution and the German Federal Data Protection Act." Even assuming German law could sustain such an objection in this case, you have not explained the scope and limitations of this objection in any way that Facebook could use to limit its requests, should it be advisable to do so. We expect you will be prepared to provide such information in our call tomorrow.

Fourth, all Defendants raise General Objections to the definition of "YOU," "YOUR," and the individual defendant name, e.g., "STUDIVZ." In the case of the Holtzbrinck defendants responses to Interrogatories, Defendants properly point out that the definitions included an error identifying dismissed defendant Verlagsgruppe Georg Von Holtzbrinck GmbH within the scope of the definition. This was simply a proofreading mistake on our part. This error aside, Defendants claim that "the definition is improperly overbroad generally, and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only." This objection misses the point of the definition entirely. The substance of the discovery is directed only to establishing jurisdiction and venue with respect to the named Defendants, but the materials necessary to do so may be found in a variety of places. We are



properly ensuring that technical corporate distinctions are not used to avoid the obligation to obtain all documents within Defendants' possession, custody or control.

B. Particular Objections & Responses

1. Prima Facie Objection (All Interrogatories and Requests for Production).

Defendants object to all discovery requests on the ground that Facebook is not "entitled to take discovery on personal jurisdiction as a matter of right" and that in order to take jurisdictional discovery "Facebook must either make a *prima facie* showing of jurisdiction" over the Defendants or "identify material jurisdictional issues that are in dispute." Defendants provide absolutely no supporting authority for this proposition, and it is not the law. If you believe it is a correct statement of the law, then please provide supporting authority immediately. Otherwise, we expect this objection to be withdrawn.

2. "Negotiated Contract" Limitation (SVZ Interrogatory Responses 1, 2, 9; Holtzbrinck Interrogatory Responses 1, 2, 9; Requests for Production 1, 2, 13).

Several Interrogatory and RFP Responses improperly seek to limit the scope of the discovery that Defendants will produce. In particular, Defendants wish to limit requests for discovery relating to "contacts" with California to "negotiated contracts" with known California residents or where California law was called for. *See, e.g.,* Response to Special Interrogatory No. 1 ( Defendants will produce only "negotiated contracts (i.e., not contracts of adhesion) to which it was a party that were in effect as of July 18, 2008 where the party on the other side was a known California resident , or where the contract expressly called for the application of California law, and (2) the number and amounts of accounts payable of [Defendant] owed to California addresses as of July 18, 2008."

This limitation is improper. It is well-established under federal law that all contracts—negotiated, of adhesion, or otherwise—may be brought into a personal jurisdiction analysis. Defendants may argue that an adhesion contract should be given less weight in the jurisdictional analysis, but there is no basis for excluding such a contract from discovery altogether as it is plainly relevant and admissible evidence. Additionally, the limitation to negotiated contracts where the other party was a known California resident or where the contract called for the application of California law would not exhaust the universe of contracts relevant to a personal jurisdiction challenge. Under Rule 4(k)(2), Facebook is entitled to establish jurisdiction based upon nationwide contacts. Please confirm that Defendants will identify and produce all contacts and communications responsive to Facebook's discovery requests.

3. Improper Limitations on Scope of U.S. Contacts (SVZ and Holtzbrinck Defendants Interrogatory Responses 1-4; 6 – 7; 9; RFP Nos. 1, 4, 7, 9, 13, 19 – 20).


ORRICK

Stephen S. Smith
November 21, 2008
Page 4

Defendants otherwise seek to improperly limit their responses to Facebook's discovery requests. For instance, in response to Special Interrogatory No. 7, which asks Defendants to identify all instances where they have traveled to California, Defendants respond that they agree "to identify trips its employees, officers or directors made to California within the authorized course and scope of [Defendants'] business in 2008." There is no reason to limit this to 2008. Clearly, such trips undertaken in previous years would be equally relevant to Defendants' jurisdictional and convenience challenge. Similarly, in response to Special Interrogatory No. 3, which seeks "ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California," Defendants state that they will "identify any advertisements or other marketing materials that it directed specifically to students, colleges or universities located in California." The Interrogatory seeks contacts broader than simply advertisements and marketing materials, and such other communications plainly would be relevant so that there is no basis to exclude them. In response to Special Interrogatory No. 6, Defendants state that they will "agree to identify the number and amounts of account receivable owed to" them, but the Interrogatory also requires the identification of "the goods AND services for which the individual accounts receivable are owed." These limitations are improper.

        4.      Relevance Objections (SVZ and Holtzbrinck Defendants' Interrogatory Responses 1-4, 7-10, 13-19 and 23; RFP Nos. 1, 3, 5-11, 13-14, 16-21, 23-30).

Defendants object to several discovery requests on the grounds that they "seek information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence." This objection is leveled at, among others, Interrogatories requesting Defendants to identify California universities at which StudiVZ provides or provided services (No. 23), to identify advertising, promotional and other marketing efforts aimed at California (No. 18) and to identify all persons responsible for the design, programming and maintenance of the StudiVZ websites (No. 16). Responses to these Interrogatories would clearly be relevant to jurisdiction. This objection is specious.

        5.      Objections to Time Limitations and Burden (SVZ and Holtzbrinck Defendants' Interrogatory Responses 1-4; 7; 9 – 10; 13 – 19; 23; RFP Responses Nos. 1, 3-11, 13-21, 23-30).

Defendants object to various discovery requests on the grounds that they are "unlimited as to time" and/or are otherwise "so overbroad as to be unduly burdensome and harassing." The time objection is spurious. By the nature of the events at issue, the relevant time period is no more than three to four years. That is not overly burdensome. With regard to overbreadth, let us defer that until our discussion tomorrow of each specific request.


ORRICK

Stephen S. Smith
November 21, 2008
Page 5

      6.      Objections to Interrogatories Exceeding 30 Requests (SVZ and Holtzbrinck Interrogatory Responses 23).

Defendants object that Facebook has exceeded 30 interrogatories. Facebook's First Set of Special Interrogatories included only 23 interrogatories per Defendant, and all are fully compliant with the single subject rule. This objection borders on the frivolous.

      7.      Objections to Lack of Alter Ego Allegations (Holtzbrinck Defendants' Responses to Facebook's RFP Nos. 21, 22).

The Holtzbrinck Defendants object that Facebook has made no alter ego allegations. There are multiple theories of joint and several liability encompassed by the Complaint, and you and I have several times discussed theories of contributory and vicarious liability as well as alter ego liability. Moreover, your papers in support of the motion to dismiss recite facts concerning some of the requested information regarding corporate status, ownership and investment. The requested documents must be produced.

      8.      "Not Us" Objections (Holtzbrinck Defendants' Responses to Facebook's RFP Nos. 2, 10, 16, 23-24).

The Holtzbrinck Defendants object to various RFPs on the grounds that they do not "operate the websites in question." Even assuming the truth of this statement, it would not shield Defendants from producing responsive documents in its possession. Either the Holtzbrinck Defendants have responsive documents or they do not. Please confirm that the Holtzbrinck Defendants will conduct a reasonable investigation, and produce responsive documents.

Sincerely yours,


Annette L. Hurst

## Smith, Steve

**From:** Hurst, Annette [ahurst@orrick.com]
**Sent:** Tuesday, November 25, 2008 1:50 PM
**To:** Smith, Steve
**Subject:** RE: Your letter

Typo. My fault. Someone else gave me an initial draft and I just assumed that it had an auto-updating date field on it and obviously it didn't.

**From:** Smith, Steve [mailto:ssmith@ggfirm.com]
**Sent:** Tuesday, November 25, 2008 1:38 PM
**To:** Hurst, Annette
**Subject:** Your letter

You sent me your meet and confer letter today, but it is dated November 21, 2008. Is that a typo or did you intend to send it on the 21st. I did not see it on the 21st.



GREENBERG GLUSKER

**Stephen S. Smith**
Attorney at Law

O: 310.553.3610
D: 310.785.6895
F: 310.201.2350
SSmith@greenbergglusker.com

1900 Avenue of the Stars, 21st Floor, Los Angeles, California 90067

**IRS Circular 230 Disclosure**
**To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax related penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.**
This message is intended solely for the use of the addressee(s) and is intended to be privileged and confidential within the attorney client privilege. If you have received this message in error, please immediately notify the sender at Greenberg Glusker and delete all copies of this email message along with all attachments. Thank you.


"EMF <orrick.com>" made the following annotations.
------------------------------------------------------------------------
========================================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under

2/10/2009

the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

================================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
================================================================
================================================================