STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
StudiVZ Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:      HOLTZBRINCK VENTURES GmbH

SET NUMBER:            ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Price v. Facebook, Inc.

37106-00002/1668981.2

# I. **GENERAL OBJECTIONS**

A. Holtzbrinck Ventures GmbH ("Ventures") objects to the Special Interrogatories ("Interrogatories") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order.

B. Ventures objects to the Interrogatories on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C. Networks objects to the Interrogatories to the extent that they would require violation of the privacy rights of its employees and its customers as embodied in the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D. Ventures objects to the Interrogatories on the grounds that "HOLTZBRINCK VENTURES GmbH," "YOU," and "YOUR" is defined as "defendant Verlagsgruppe Georg Von Holtzbrinck GmbH and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   representing it acting on its behalf, OR purporting to act on its behalf, including

2   without limitation Ehassan Dariani and Dennis Bemman." Verlagsgruppe Georg

3   Von Holtzbrinck GmbH has already been dismissed and is no longer a party to this

4   action. Moreover, the definition is overbroad generally and is particularly so given

5   that the discovery purports to relate to personal jurisdiction, since in establishing

6   jurisdiction discovery must be directed only at the party over whom jurisdiction is

7   being asserted.

8

9       E.    Ventures objects to the Interrogatories to the extent they seek

10  information that is protected from disclosure by the attorney-client privilege, the

11  attorney work product doctrine, the right of privacy and/or any other applicable

12  privileges, doctrines, or immunity from disclosure.

13

14      F.    Ventures further objects to the Interrogatories to the extent they

15  attempt or purport to impose obligations on Ventures beyond those set forth in the

16  Federal Rules of Civil Procedure and the Hague Evidence Convention as

17  interpreted and enforced under German law. All definitions and instructions will be

18  treated as having no force or effect to the extent they purport to impose obligations

19  on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the

20  Hague Evidence Convention as interpreted and enforced under German law.

21

22  **SPECIAL INTERROGATORY NO. 1:**

23      Describe in detail AND IDENTIFY ALL contacts AND

24  COMMUNICATIONS YOU have had with PERSONS (including without

25  limitation, USERS OF STUDIVZ AND USERS OF FACEBOOK) currently OR

26  formerly residing OR domiciled in California. In doing so, IDENTIFY the

27  PERSONS contacted, the location AND time where any such contact OR event

28  occurred, AND the subject matter of the contact OR COMMUNICATION.

37106-00002/1668981.2

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it is compound. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

**SPECIAL INTERROGATORY NO. 2:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with businesses (including without limitation, Internet search engines providers such as Google Inc. AND Yahoo!Inc., server providers, advertising agencies, advertisers, Internet service providers, computer equipment providers, YOUR licensors AND licensees) currently OR formerly located, licensed, based, OR incorporated in California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it is compound. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Ventures' business.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008. Also, as of July 18, 2008, Ventures did not have any accounts receivable that were owed by a known California resident.

Also, as of July 18, 2008, Ventures did not have any accounts payable that were owed to a known California resident.

**SPECIAL INTERROGATORY NO. 3:**

Describe in detail AND IDENTIFY ALL contacts AND COMMUNICATIONS YOU have had with universities AND colleges located in California, including without limitation, letters, emails, advertising materials, business solicitations, business contacts, telephonic conversations, facsimile transmissions. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory

6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it is compound. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to contacts or communications that occurred within the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures has never directed any advertising or marketing materials specifically to students, colleges or universities located in California.

**SPECIAL INTERROGATORY NO. 4:**

Describe in detail AND IDENTIFY ALL of YOUR trips to California. In doing so, IDENTIFY the PERSONS contacted, the location AND time where any such contact OR event occurred, AND the subject matter of the contact OR COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory

7

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   on the grounds that it is unlimited as to time, and is so overbroad as to be unduly

2   burdensome and harassing.  Ventures further objects to this interrogatory on the

3   grounds that it is compound.  Ventures further objects to this interrogatory on the

4   grounds that it seeks information that is not relevant nor reasonably calculated to

5   lead to the discovery of admissible evidence.  Ventures further objects to this

6   interrogatory on the grounds that it is not limited to trips, contacts or

7   communications that occurred within the authorized course and scope of Ventures'

8   business.

9         Notwithstanding the foregoing objections, and pursuant to agreements

10  reached during the parties "meet and confer," Ventures responds as follows:

11        From March 16-19, 2008, Mr. Martin Weber and Mr. Konstantin

12  Urban made a trip to California in connection with the negotiations by Facebook to

13  buy StudiVZ.

14

15  **SPECIAL INTERROGATORY NO. 5:**

16        IDENTIFY, on a monthly basis, how many USERS OF STUDIVZ have been

17  registered at the www.studivz.net website, the www.meinvz.net website, the

18  www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website,

19  the www.studentix.pl website AND the www.schuelervz.net website since October

20  2005, AND how many of those USERS OF STUDIVZ are residents of, OR

21  PERSONS domiciled in, California.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

23        Ventures hereby incorporates by reference the general objections set forth

24  above.  Ventures further objects to this interrogatory on the grounds that a plaintiff

25  is not entitled to take discovery on personal jurisdiction as a matter of right.  In

26  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

27  over Ventures, or it must identify material jurisdictional issues that are in dispute.

28  Facebook has done neither.  Ventures further objects to this interrogatory on the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   grounds that "STUDIVZ" is undefined.  Ventures further objects to this

2   interrogatory on the grounds that it is overbroad as to time.  Ventures further

3   objects to this interrogatory on the grounds that it does not operate the websites.

4   **SPECIAL INTERROGATORY NO. 6:**

5       IDENTIFY the number AND amount of accounts receivable owed YOU by

6   PERSONS that, OR who are, California residents OR PERSONS domiciled in

7   California.  In doing so, IDENTIFY the goods AND services for which the

8   individual accounts receivable are owed.

9   **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

10      Ventures hereby incorporates by reference the general objections set forth

11  above.  Ventures further objects to this interrogatory on the grounds that a plaintiff

12  is not entitled to take discovery on personal jurisdiction as a matter of right.  In

13  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

14  over Ventures, or it must identify material jurisdictional issues that are in dispute.

15  Facebook has done neither.  Ventures further objects to this interrogatory on the

16  grounds that the definition of "YOU" is grossly overbroad.  Ventures further

17  objects to this interrogatory on the grounds that the definition of "YOU" includes

18  Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

19  and is no longer a party to this action.  Ventures further objects to this interrogatory

20  on the grounds that it is compound.

21      Notwithstanding the foregoing objections, and pursuant to agreements

22  reached during the parties "meet and confer," Ventures responds as follows:

23      As of July 18, 2008, Ventures did not have any accounts receivable that were

24  owed by a known California resident.

25

26  **SPECIAL INTERROGATORY NO. 7:**

27      IDENTIFY ALL instances in which YOU have been in California, including

28  without limitation, business trips OR recreational trips; living, residing OR

domiciling in California; AND flying OR driving to OR through California. In
doing so, IDENTIFY the dates of ALL occurrences AND the length of the stay in
California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Ventures hereby incorporates by reference the general objections set forth
above. Ventures further objects to this interrogatory on the grounds that a plaintiff
is not entitled to take discovery on personal jurisdiction as a matter of right. In
order to do so, Facebook must either make a *prima facie* showing of jurisdiction
over Ventures, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. Ventures further objects to this interrogatory on the
grounds that the definition of "YOU" is grossly overbroad. Ventures further
objects to this interrogatory on the grounds that the definition of "YOU" includes
Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed
and is no longer a party to this action. Ventures further objects to this interrogatory
on the grounds that it is unlimited as to time, and is so overbroad as to be unduly
burdensome and harassing. Ventures further objects to this interrogatory on the
grounds that it is compound. Ventures further objects to this interrogatory on the
grounds that it seeks information that is not relevant nor reasonably calculated to
lead to the discovery of admissible evidence. Ventures further objects to this
interrogatory on the grounds that it is not limited to instances that occurred within
the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements
reached during the parties "meet and confer," Ventures responds as follows:

From March 16-19, 2008, Mr. Martin Weber and Mr. Konstantin
Urban made a trip to California in connection with the negotiations by Facebook to
buy StudiVZ.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## SPECIAL INTERROGATORY NO. 8:

IDENTIFY ALL of YOUR current AND former personal OR real property currently OR previously located in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 8:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

As of July 18, 2008, Ventures owned no real or personal property located in California.

## SPECIAL INTERROGATORY NO. 9:

IDENTIFY ALL contracts AND agreements involving YOU in which California law governs AND/OR in which the parties to the contract OR agreement agreed as to the jurisdiction of California state courts AND/OR United States federal courts located in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Ventures hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures was not a party to any negotiated contracts with a known California resident or that contained an express California choice of law clause as of July 18, 2008.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY occurrences when YOU AND/OR ANY PERSON on YOUR behalf, including without limitation, Ehssan Dariani and Dennis Bemman, accessed the website, www.facebook.com OR www.thefacebook.com, AND the purposes of each access, including without limitation, ANY COMMUNICATIONS that RELATE TO ANY of the occurrences AND IDENTIFY the USER OF FACEBOOK OR registrant accounts OR email addresses used to access the facebook.com website.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## RESPONSE TO SPECIAL INTERROGATORY NO. 10:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to access that occurred within the authorized course and scope of Ventures' business.

## SPECIAL INTERROGATORY NO. 11:

IDENTIFY ALL of YOUR licenses OR registrations regarding the ability to do business in California.

## RESPONSE TO SPECIAL INTERROGATORY NO. 11:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the

13

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  grounds that the definition of "YOUR" is grossly overbroad. Ventures further

2  objects to this interrogatory on the grounds that the definition of "YOUR" includes

3  Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

4  and is no longer a party to this action.

5      Notwithstanding the foregoing objections, and pursuant to agreements

6  reached during the parties "meet and confer," Ventures responds as follows:

7      As of July 18, 2008, Ventures did not have any license or registration to do

8  business in California.

9

10  **SPECIAL INTERROGATORY NO. 12:**

11      IDENTIFY the first date YOU knew OR believed that FACEBOOK, its

12  servers, facilities, officers, OR personnel were located in California.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

14      Ventures hereby incorporates by reference the general objections set forth

15  above. Ventures further objects to this interrogatory on the grounds that a plaintiff

16  is not entitled to take discovery on personal jurisdiction as a matter of right. In

17  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

18  over Ventures, or it must identify material jurisdictional issues that are in dispute.

19  Facebook has done neither. Ventures further objects to this interrogatory on the

20  grounds that the definition of "YOU" is grossly overbroad. Ventures further

21  objects to this interrogatory on the grounds that the definition of "YOU" includes

22  Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

23  and is no longer a party to this action.

24      Notwithstanding the foregoing objections, and pursuant to agreements

25  reached during the parties "meet and confer," Ventures responds as follows:

26      Ventures knew by some time in 2007 that Facebook was located in

27  California.

28

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **SPECIAL INTERROGATORY NO. 13:**

2      IDENTIFY the services provided through the www.studivz.net website, the

3  www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website,

4  the www.estudiln.net website, the www.studentix.pl website AND the

5  www.schuelervz.net website to USERS OF STUDIVZ, including without

6  limitation, how the services are provided.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

8      Ventures hereby incorporates by reference the general objections set forth

9  above. Ventures further objects to this interrogatory on the grounds that a plaintiff

10  is not entitled to take discovery on personal jurisdiction as a matter of right. In

11  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

12  over Ventures, or it must identify material jurisdictional issues that are in dispute.

13  Facebook has done neither. Ventures further objects to this interrogatory on the

14  grounds that it is so overbroad as to be unduly burdensome and harassing.

15  Ventures further objects to this interrogatory on the grounds that it seeks

16  information that is not relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence. Ventures further objects to this interrogatory on the grounds

18  that it does not operate the websites.

19

20  **SPECIAL INTERROGATORY NO. 14:**

21      IDENTIFY ALL USERS OF FACEBOOK employed by OR formerly

22  employed by YOU, including without limitation, any PERSONS who are OR were

23  full-time or part-time employees, independent contractors or agents of YOU, AND

24  their respective email addresses.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

26      Ventures hereby incorporates by reference the general objections set forth

27  above. Ventures further objects to this interrogatory on the grounds that a plaintiff

28  is not entitled to take discovery on personal jurisdiction as a matter of right. In

order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOU" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## SPECIAL INTERROGATORY NO. 15:

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, including without limitation the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

## RESPONSE TO SPECIAL INTERROGATORY NO. 15:

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this

16

interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 16:**

IDENTIFY ALL PERSONS responsible in any manner for the design, programming and maintenance of the www.studivz.net website, the www.meinvz.net website, the www.studiqg.fr website, the www.studiln.it website, the www.estudiln.net website, the www.studentix.pl website AND the www.schuelervz.net website, including without limitation, the location of the PERSON, job descriptions, authorities, dates in these positions, duties, AND responsibilities.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it does not design, program, maintain or operate the websites.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY current AND former directors, officers, employees, AND agents of STUDIVZ, including without limitation, dates in these positions, duties, job descriptions, authorities, AND responsibilities.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the grounds that the definition of "STUDIVZ" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

The current directors of StudiVZ are as follows: the Managing Directors are Clemens Riedl, Michael Brehm and Dennis Bemmann, and the Non-Executive Directors Konstantin Urban, Michael Weber and Claas van Delden.

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY ALL of YOUR advertising, promotions, AND marketing activities directed, at least in part, at California residents.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this interrogatory on the

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

grounds that the definition of "YOUR" is grossly overbroad. Ventures further objects to this interrogatory on the grounds that the definition of "YOUR" includes Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer a party to this action. Ventures further objects to this interrogatory on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this interrogatory on the grounds that it is not limited to activities that occurred within the authorized course and scope of Ventures' business.

Notwithstanding the foregoing objections, and pursuant to agreements reached during the parties "meet and confer," Ventures responds as follows:

Ventures has never directed any advertisements or other marketing materials specifically to students, colleges or universities located in California or other people who reside in California.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY ALL of YOUR business relationships with, OR financial interests in, businesses currently OR formerly incorporated, licensed, located, based, OR with facilities OR offices located in California, including without limitation, the nature of each relationship, the IDENTIFY of each business, AND whether each business is incorporated, licensed, located, based OR has facilities OR offices located in California.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this interrogatory on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

2  over Ventures, or it must identify material jurisdictional issues that are in dispute.

3  Facebook has done neither. Ventures further objects to this interrogatory on the

4  grounds that the definition of "YOUR" is grossly overbroad. Ventures further

5  objects to this interrogatory on the grounds that the definition of "YOUR" includes

6  Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

7  and is no longer a party to this action. Ventures further objects to this interrogatory

8  on the grounds that it is vague and ambiguous as to the term "business

9  relationships." Ventures further objects to this interrogatory on the grounds that it

10  is unlimited as to time, and is so overbroad as to be unduly burdensome and

11  harassing. Ventures further objects to this interrogatory on the grounds that it seeks

12  information that is not relevant nor reasonably calculated to lead to the discovery of

13  admissible evidence. Ventures further objects to this interrogatory on the grounds

14  that it is not limited to activities that occurred within the authorized course and

15  scope of Ventures' business.

16

17  **SPECIAL INTERROGATORY NO. 20:**

18      IDENTIFY ALL reasons why defending this lawsuit in California would

19  burden YOU.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

21      Ventures hereby incorporates by reference the general objections set forth

22  above. Ventures further objects to this interrogatory on the grounds that a plaintiff

23  is not entitled to take discovery on personal jurisdiction as a matter of right. In

24  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

25  over Ventures, or it must identify material jurisdictional issues that are in dispute.

26  Facebook has done neither. Ventures further objects to this interrogatory on the

27  grounds that the definition of "YOU" is grossly overbroad. Ventures further

28  objects to this interrogatory on the grounds that the definition of "YOU" includes

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

2   and is no longer a party to this action.

3       Notwithstanding the foregoing objections, and pursuant to agreements

4   reached during the parties "meet and confer," Ventures responds as follows:

5       Ventures is a limited liability company (Gesellschaft mit beschränkter

6   Haftung (GmbH)) organized under German law. It functions as a "holding

7   company," whose corporate purpose is to administer its assets (principally media-

8   related companies) for financial purposes.

9       Ventures owns an 15% equity interest in defendant StudiVZ. Ventures first

10  became an equity holder of StudiVZ in August 2006. Ventures is not qualified to

11  do business in California. It does not have any officers, directors, employees or

12  independent contractors based in California. It does not have a California agent for

13  service of process. It does not direct any advertising toward California residents.

14      Ventures has offices in Germany, but no offices or facilities in California, nor

15  does it have any telephone or facsimile listings or mailing addresses in California.

16      Ventures does not maintain any books or records in California. It has no

17  bank accounts or tangible personal or real property in California. It has no sales in

18  California, has had no California income and has not paid any California income

19  tax.

20      None of Ventures' officers, directors or employees reside or are domiciled in

21  California. No meetings of Ventures' management boards or equity holders have

22  been held in California.

23      While Ventures and Holtzbrinck Networks GmbH ("Networks") monitor

24  StudiVZ's financial performance (as they would any investment), they do not

25  exercise any type of day-to-day control over StudiVZ – either operational control or

26  control over strategic decisions. The two managing directors of Networks and

27  Ventures, Konstantin Urban and Martin Weber, are also company directors of

28

37106-00002/1668981.2

StudiVZ. However, they merely function in a supervisory capacity, not as officers who are responsible for the day-to-day activities of StudiVZ.

StudiVZ has its own management team, offices and bank accounts, and is separately (and sufficiently) capitalized on its own and apart from Ventures and Networks. StudiVZ also does not act as a general agent of either Networks or Ventures. Networks and Ventures simply hold shares in StudiVZ as an investment. StudiVZ is only one of many media-related assets held as an investment by Networks and Ventures.

All of Ventures' and Networks' employees, officers and directors reside in Germany and speak German (or, in a few cases, another European language other than English) as their native language, and all speak German as their every-day language. Ventures and Networks perform their business almost exclusively in the German language. As a result, almost all of Ventures' and Networks' business documents are located in Germany and are written in the German language (and would have to be translated, at huge expense).

Further, this action arises out of the alleged actions of StudiVZ. StudiVZ's operations are located in Germany, and its single office and headquarters are in Berlin, Germany. The first of the StudiVZ websites, studivz.net, was formed in Berlin, Germany in 2005 by two young German citizens. Its target group was, and remains, university students in Germany, Austria and Switzerland. StudiVZ. has never at any time engaged in any type of marketing or advertising in, or that is directed to, the United States or other English speaking countries in general or to California in particular. None of StudiVZ's websites target either users in the United States in general or California in particular. None of the StudiVZ-branded websites is available in English. StudiVZ has also formed, in Germany, the social networking site "SchuelerVZ." This site, at schuelervz.net, targets pupils and teenagers before they begin attending a university, and focuses solely on Germany. SchuelerVZ has also never engaged in any marketing or advertising in, or that is

22

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    directed to, either the United States in general or California in particular.

2    SchuelerVZ is also not available in English.

3        In 2008, StudiVZ launched its third social networking site, MeinVZ, at

4    meinvz.net. MeinVZ is a social networking site for adults, including those who

5    have graduated from a university. MeinVZ has also never engaged in

6    any marketing or advertising in, or that is directed to, either the United States in

7    general or California in particular. All but one of MeinVZ's sites are in non-

8    English languages. The one English language site was launched in February 2008

9    and represents less than 1% of MeinVZ's total user traffic. That site was created in

10   order to provide a platform for users who speak *different, non-English* languages to

11   network with each other using a secondary language that is commonly understood

12   between them. Because English is the most commonly understood, non-native

13   language in continental Europe, it serves as a "lingua franca" for people of diverse

14   speech. The English-language site was not created to attract native English

15   speakers, let alone Americans or Californians. The English used is British English,

16   not American English, and the consultant who was hired to translate MeinVZ's

17   German site into English is a British citizen living in Berlin.

18       Like most other internet sites on the "World Wide Web," the StudiVZ

19   Websites may be accessed by California residents, just as they may be accessed by

20   residents of Iceland, New Zealand or Japan. But the sites are not directed at or

21   marketed to North America, let alone California.

22       As of October 22, 2008, there were a total of 11,768,965 current users of all

23   of the StudiVZ Websites. Only 11,013 of those users, or *less than a tenth of one*

24   *percent* (0.094%), have identified themselves as being affiliated with California or a

25   California-located university. Specifically, out of the 5,534,300 registered users of

26   the StudiVZ- branded sites, only 9,144 – 0.1652% – have identified themselves as

27   affiliated with universities located in California. Out of the 4,443,708 registered

28   users of the SchuelerVZ-branded sites, only 122 – 0.0027% – identify themselves

23

as being located in California. Out of the 1,790,957 registered users of the MeinVZ-branded sites, only 1,747 – 0.098% – identify themselves as being located in California.

StudiVZ does not direct its activities to California residents. It is not registered or qualified to do business in California. It does not have any officers, directors, employees or independent contractors based in California. It does not have a California agent for service of process.

StudiVZ has a single office in Berlin, Germany. It has no offices or facilities in California, nor does it have any telephone or facsimile listings or mailing addresses in California.

None of StudiVZ's officers, directors or employees reside or are domiciled in California. No meetings of its management board or equity holders have been held in California.

StudiVZ does not maintain any books or records in California. It has no bank accounts or other tangible personal or real property in California. It has no sales in California, has had no California income and has not paid any California income taxes.

Germany is an adequate, available alternative forum and, indeed, is a much better forum than California. Most obviously, all of the conduct allegedly engaged in by StudiVZ was engaged in from Germany, by German residents. Those actors communicated predominantly in German. German is their native language and all of the written documents related to this action are in German.

Facebook has known since June 2006 that German law recognizes and provides remedies for its claims. Facebook's German counsel researched the law applicable to Facebook's claims and then, on June 8, 2006, sent a demand letter in German asserting claims exclusively under German law to StudiVZ in Germany. Then, again, on January 3, 2007, Facebook's German lawyers sent another demand letter in German to StudiVZ in Germany, again raising claims exclusively under

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

German law.

Because those letters threatened litigation, including injunctive relief, StudiVZ filed "Schutzschriften" (precautionary defense/opposition briefs, evidence and offers of proof) in the district courts of Berlin and Hamburg on June 21, 2006 in response to Facebook's June 8, 2006 demand letter, and on January 12, 2007 in the district courts of Berlin, Hamburg and Stuttgart in response to Facebook's January 3, 2007 demand letter. The "Schutzschriften" are essentially oppositions to potential/anticipated complaints and motions seeking injunctive relief, and include evidence, and offers of additional proof such as the testimony of specific witnesses. The Schutzschriften are only "triggered", however, if the plaintiff actually initiates actions in German court seeking such relief. Although Facebook did not initiate any such actions at the time, the Schutzschriften/oppositions to the motions that Facebook threatened to file were formally filed in court in Germany long ago.

The claims raised by Facebook's German lawyers in the June 8, 2006 and January 3, 2007 demand letters were raised pursuant to German law, but were based on the same facts that Facebook now alleges give rise to the claims raised in the instant lawsuit – that StudiVZ committed wrongs by copying the look and feel of Facebook's website.

After Ventures and Networks became equity holders in StudiVZ in August 2006 and October 2007, Facebook sought to negotiate to purchase Ventures' and Networks' ownership interests in StudiVZ. Those negotiations took place in the Spring of 2008.

Just after those negotiations broke down, on July 9, 2008, Facebook wrote a demand letter to Networks and Ventures, threatening to sue based on the exact same types of claims that Facebook had raised in *Germany* in June 2006 and January 2007.

Because Germany is clearly the more appropriate forum for the resolutions of such disputes, on July 18, 2008, StudiVZ filed a declaratory relief action against

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Facebook in Stuttgart, Germany (the "Stuttgart Action"). In the Stuttgart Action, StudiVZ seeks a declaratory judgment that it has not engaged in the wrongful conduct alleged by Facebook in its three prior demand letters. On that same day, Facebook filed the present action, alleging the same claims that it asserted in June 2006, January 2007 and July 2008.

Germany is the principal if not exclusive location of the acts alleged by Facebook in its complaint. The conduct allegedly engaged in by StudizVZ is alleged to have taken place in Germany and Europe. Facebook affirmatively alleges that the harm it has supposedly suffered has been suffered in Germany and other parts of Europe. All of the people who could have possibly engaged in the conduct alleged by Facebook are located in Germany. Those witnesses speak German as their native language. Most would require translators to testify in a United States legal proceeding. Nearly all of the documents related to the claims alleged by Facebook are located in Germany. The vast majority of those documents are written in the German language, thus requiring huge translation costs to be used in a United States legal proceeding.

Facebook has appeared in the Stuttgart Action. The first trial hearing in the German Action took place on December 16, 2008.

At the same time that Facebook filed its response in the Stuttgart Action it also initiated its own, affirmative action against StudiVZ in Cologne, Germany (the "Cologne Action"). The complaint in the Cologne Action includes within it all of the facts alleged in this U.S. action, plus additional facts related to Facebook's claims. Although the law cited is different than in this action (i.e., German law instead of U.S. law), the acts and injuries complained of are the same.

The Cologne action was expressly incorporated into Facebook's response in the Stuttgart action. Thus, there are now pending in Germany two separate actions that encompass within them everything that is alleged in the instant action, plus additional alleged facts and injuries. The German courts are fully empowered to

26

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    decide the issues alleged in those two German actions under German law and

2    United States and California law.  Given that 99% of the conduct alleged and harm

3    allegedly suffered took place in Germany, that all of the alleged bad actors are

4    residents of Germany, that all of the documents in the allegedly bad actor's

5    possessions are located in Germany and are written in German, it makes much more

6    sense and would be much more convenient for everyone involved to have all issues

7    in dispute litigated in Germany than in California or the United States.

8         It is also the case that personal jurisdiction cannot be maintained over

9    StudiVZ (and the other defendants) in the United States, whereas there is no dispute

10   that all parties are subject to personal jurisdiction in Germany.

11        Finally, the parties should not be forced to litigate the exact same dispute and

12   issues in two different, parallel proceedings at the same time.  It is terribly

13   inefficient and expensive, wastes judicial resources and leads to the distinct

14   possibility of conflicting orders, judgments, etc.  Ventures must retain two sets of

15   lawyers -- one in the United States and one in Germany.  It must pay for the

16   translation of all its documents, either by literally translating them or by spending a

17   tremendous amount of billable time explaining what each document means to its

18   American, non-German-speaking counsel.  The depositions of the defense

19   witnesses will all take place in Germany, necessitating huge amounts of travel

20   expenses and travel time billed by the lawyers.  The depositions will take longer

21   than would otherwise be necessary because of the need for interpreters whenever

22   the witness is unable to testify in English, which will be the case to varying degrees

23   for each defense witness.  As to every relevant consideration, this U.S. action is by

24   far the more inconvenient forum.

25

26   **SPECIAL INTERROGATORY NO. 21:**

27        IDENTIFY the ownership of HOLTZBRINCK VENTURES GmbH,

28   including without limitation, PERSON'S names, amounts they contributed OR

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

invested, AND their percent ownership OR control (including without limitation,
Capital Contributions, Percent Interest, Equity Units, Non-equity Units, Voting
Units) on a by-PERSON basis.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Ventures hereby incorporates by reference the general objections set forth
above. Ventures further objects to this interrogatory on the grounds that a plaintiff
is not entitled to take discovery on personal jurisdiction as a matter of right. In
order to do so, Facebook must either make a *prima facie* showing of jurisdiction
over Ventures, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. Ventures further objects to this interrogatory on the
grounds that the definition of "HOLTZBRINCK VENTURES GmbH" is grossly
overbroad. Ventures further objects to this interrogatory on the grounds that the
definition of "HOLTZBRINCK VENTURES GmbH" includes Verlagsgruppe
Georg Von Holtzbrinck GmbH, which has already been dismissed and is no longer
a party to this action.

**SPECIAL INTERROGATORY NO. 22:**

IDENTIFY the location of YOUR offices, facilities, server/equipment
locations.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Ventures hereby incorporates by reference the general objections set forth
above. Ventures further objects to this interrogatory on the grounds that a plaintiff
is not entitled to take discovery on personal jurisdiction as a matter of right. In
order to do so, Facebook must either make a *prima facie* showing of jurisdiction
over Ventures, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. Ventures further objects to this interrogatory on the
grounds that the definition of "YOUR" is grossly overbroad. Ventures further
objects to this interrogatory on the grounds that the definition of "YOUR" includes

37106-00002/1668981.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Verlagsgruppe Georg Von Holtzbrinck GmbH, which has already been dismissed

2  and is no longer a party to this action.

3      Notwithstanding the foregoing objections, and pursuant to agreements

4  reached during the parties "meet and confer," Ventures responds as follows:

5      Ventures has main office and headquarters in Germany. It has no offices or

6  facilities in California, nor does it have any telephone or facsimile listings or

7  mailing addresses in California.

8

9  **SPECIAL INTERROGATORY NO. 23:**

10     IDENTIFY ALL universities, colleges AND institutes of higher learning

11  located in California at which STUDIVZ provides OR provided services including

12  without limitation, access to the www.studivz.net website, the www.meinvz.net

13  website, the www.studiqg.fr website, the www.studiln.it website, the

14  www.estudiln.net website, the www.studentix.pl website AND the

15  www.schuelervz.net website, including without limitation University of California

16  (all campuses), California State University (all campuses), as well as the USERS

17  OF STUDIVZ using email domains (*e.g.*, name@stanford.edu) from those

18  universities, colleges, high schools AND institutes of higher learning.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

20     Ventures hereby incorporates by reference the general objections set forth

21  above. Ventures further objects to this interrogatory on the grounds that a plaintiff

22  is not entitled to take discovery on personal jurisdiction as a matter of right. In

23  order to do so, Facebook must either make a *prima facie* showing of jurisdiction

24  over Ventures, or it must identify material jurisdictional issues that are in dispute.

25  Facebook has done neither. Ventures further objects to this interrogatory on the

26  grounds that "STUDIVZ" is undefined. Ventures further objects to this

27  interrogatory on the grounds that it is compound and exceeds Facebook's 30

28  allowed interrogatories. Ventures further objects to this interrogatory on the

37106-00002/1668981.2

grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Ventures further objects to this interrogatory on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to the interrogatory on the grounds that it infringes upon the users' privacy rights. Ventures further objects to this interrogatory on the grounds that it seeks information about StudiVZ, not Ventures.

DATED: December 24, 2008

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendants StudiVZ
Ltd., Holtzbrinck Networks GmbH,
and Holtzbrinck Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1668981.2

## VERIFICATION

I, Martin Weber, declare as follows:

I have read the foregoing "HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES" and know the contents therein. I am a managing director of Holtzbrinck Ventures Gmbh. The matters stated therein are either true of my own knowledge or I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Stuttgart, Germany on December 24th, 2008.

Martin Weber

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars 21st Floor
Los Angeles, California 90067-4590

31

37106-00002/1668981 2

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On December 24, 2008, I served the foregoing document described as **HOLTZBRINCK VENTURES GmbH'S SUPPLEMENTAL RESPONSES TO FACEBOOK, INC.'S FIRST SET OF SPECIAL INTERROGATORIES** on the interested parties in this action

☒   by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**       Attorneys for Plaintiff Facebook, Inc.
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

### BOTH BY E-MAIL AND U.S. MAIL:

☒      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. A true and correct copy of the document was also e-mailed to Thomas Gray, Esq., tgray@orrick.com, and to Gary E. Weiss, Esq. at gweiss@orrick.com.

Executed on December 24, 2008, at Los Angeles, California.

### BY PERSONAL SERVICE:

☐      I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Nancy L. Luis_____          *Nancy L. Luis*
                             SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**PROOF OF SERVICE**

37106-00002/1664763.1