STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants studiVZ Ltd.,
Holtzbrinck Networks GmbH, and
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **DECLARATION OF WILLIAM M. WALKER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL AND FOR SANCTIONS** <br><br> [Memoranda of Points and Authorities and Declaration of Stephen S. Smith (with exhibits) filed concurrently] <br><br> Date: March 3, 2009 <br> Time: 10:00 a.m. <br> Dept./Place: Courtroom 2, 5th Floor <br> Hon. Howard R. Lloyd <br><br> Complaint Filed: July 18, 2008 |

37106-00002/1673920.3

WALKER DECLARATION IN OPPOSITION TO FACEBOOK'S MOTIONS TO COMPEL AND FOR SANCTIONS

# DECLARATION OF WILLIAM WALKER

I, William M. Walker, declare:

1. I am an attorney at law duly licensed to practice in the State of California and before the United States District Court for the Northern District of California, and am a partner at Greenberg Glusker Fields Claman & Machtinger LLP, counsel of record for defendants StudiVZ Ltd., Holtzbrinck Networks GmbH, and Holtzbrinck Ventures GmbH ("Defendants"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto under oath. This declaration is submitted in opposition to Facebook's motions to compel and for sanctions.

2. On December 19, 2008, a meet and confer session concerning Facebook's discovery requests was scheduled for December 22, 2008 between me and my colleague Steve Smith on the one hand, and Thomas Gray and Julio Avalos representing Facebook, on the other hand. On December 20, 2008, Mr. Gray cancelled the December 22, 2008 meeting because of a conflict, and it was rescheduled for December 23, 2008. Mr. Smith was unable to attend on December 23 because he was out of town for the holidays that day.

3. The December 23, 2008 meet and confer conference call took place as scheduled. Aaron Bloom and I attended on behalf of Defendants, and Thomas Gray and Julio Avalos attended on behalf of Facebook. The following matters were discussed:

    a. Mr. Gray asked when Defendants would serve their supplemental responses to Facebook's interrogatories. I told him that the responses were done and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   that we were trying to get the verifications by the next day, December 24, 2008, so
2   that the supplemental responses could be served on December 24, 2008.  Ultimately,
3   I received the verifications by December 24, 2008, and the supplemental responses
4   were all served on Mr. Gray by e-mail on December 24, 2008.

6         b.     We then discussed supplemental document responses for
7   defendant StudiVZ and agreed that they would be provided by the first full week of
8   January 2009; they were ultimately served, pursuant to that agreement, by e-mail on
9   January 9, 2009.

11        c.     We discussed Facebook's document request no. 14 to StudiVZ,
12  concerning instances of access of Facebook.  I advised Mr. Gray, who was new to
13  the case, that Mr. Smith and Mr. Gray's colleague, Ms. Hurst, had said that they
14  would each think about how this request could be appropriately limited, and I asked
15  Mr. Gray if he had done so.  Mr. Gray said that he thought there had been
16  discussions about which people accessed Facebook's website in connection with
17  the development of the StudiVZ websites; I advised that StudiVZ believed that,
18  among other things, this request was improper because it was merits-based, overly
19  broad and unduly burdensome.

21        d.     We next discussed Facebook's document request no. 16 to
22  StudiVZ.  This request sought "ALL DOCUMENTS RELATED TO the services
23  provided by www.studivz.net, www.meinvz.net, www.studiqg.fr, www.studiln.it,
24  www.estudiln.net, www.studentix.pl, AND www.schuelervz.net to USERS OF
25  STUDIVZ, including how they are provided."  At the November 26, 2008 meet and
26  confer session, which I also attended, Ms. Hurst agreed that this request was too
27  broad and that she would reconsider what, if anything, plaintiff really needed from
28  it.  To my knowledge, Facebook's counsel never asked for anything in response to

this request until December 23, 2008, when Mr. Gray told me that Facebook was pursuing it and that Facebook wanted all design, development and implementation documents for each of these websites pursuant to this request. I said that was no real limitation and in fact sounded even broader than the original request, which Facebook had agreed was too broad. I thus told Mr. Gray that in the absence of an appropriate limitation to jurisdiction and forum issues, this request did not look salvageable and that we would have to respectfully disagree as to request no. 16.

   e. We also discussed StudiVZ's supplemental response to Facebook's interrogatory no. 5. I told Mr. Gray the numbers that the supplemental answer would contain. As noted above, the next day, December 24, 2008, the supplemental written interrogatory answer was served by e-mail on Mr. Gray.

   f. We also discussed Facebook's document request nos. 23 and 24 to StudiVZ, which are extremely broad requests for computer code and executable code, respectively. I told Mr. Gray that our position on request no. 23 had not changed since the November 26, 2008 meet and confer session, that such discovery was far too overbroad and burdensome and went to the merits of the case rather than jurisdiction or forum, and that I thought that the parties would simply continue to agree to disagree on it. As to request no. 24 (for executable code), Ms. Hurst said during the November 26, 2008 meet and confer session that she did not know why Facebook wanted executable code and that we should "put a pin" in that request, and I told Mr. Gray that she had so agreed. I then added that we had not followed up further with respect to request no. 24 after November 26 because of Ms. Hurst's statement. I told Mr. Gray that we agreed with Ms. Hurst's assessment of request no. 24, and that the request was objectionable, among other reasons, because it was far too overbroad and burdensome and concerned the merits of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  case rather than jurisdiction or forum.  I said that I would confirm with Mr. Smith
2  that our position remained the same, and that I thought it did.

4        g.    We next discussed request no. 27 to StudiVZ, which sought any
5  code written by StudiVZ to extract information from websites, including
6  Facebook's websites.  I advised that we were still following up on that request.
7  Ultimately, StudiVZ's January 9, 2009 supplemental response stated that after a
8  reasonable and diligent search, no responsive documents were found.

10        h.    We next discussed Facebook's request no. 25 to StudiVZ, which
11  requested "ALL COMMUNICATIONS that RELATE TO FACEBOOK, its
12  website, OR the servers it uses, used, accesses OR accessed."  I reminded Mr. Gray
13  of the objections that had been provided before to this request, and that both sides
14  were supposed to think about a way to limit this grossly overbroad request because,
15  among other things, it was a "catch-all" merits-based question, the response to
16  which would be unduly costly.  Facebook suggested that it might be willing to pay
17  the costs of response.  Both sides agreed to think about ways to try to appropriately
18  narrow this request.

20      4.    At the close of the December 23, 2008 meet and confer session, the
21  parties agreed to speak again on December 30, 2008, and did so.  Once again, on
22  December 30, 2008, Aaron Bloom and I attended on behalf of Defendants, and
23  Thomas Gray and Julio Avalos attended on behalf of Facebook, and discussed the
24  following matters:

26        a.    Counsel again talked about document request nos. 14, 16, 23,
27  25, and 27 to StudiVZ, but the same disagreements remained as to request nos. 14,
28  16, 23, and 25.  I asked Mr. Gray if he had given any further thought as to how to

1  narrow some of these requests to focus on jurisdiction and forum, but he advised

2  that "I think our position has been clear" and offered no new alternatives.  Mr. Gray

3  asked if Defendants were "drawing a line in the sand" as to those requests; I

4  advised that the parties had overcome quite a few disagreements and that we were

5  always open to trying to resolve the remaining issues, but that we continued to have

6  the issues with the remaining requests that we had previously discussed.

8       b.    I noted that the remaining disputes all concerned StudiVZ, and I

9  asked whether there was anything outstanding as to the remaining Holtzbrinck

10 defendants (Hotzbrinck Networks GmbH and Holtzbrinck Ventures GmbH) given

11 that they had provided what Facebook had requested during the November 26, 2008

12 meet and confer session.  Mr. Gray stated that at that point he did not have anything

13 in mind but that he would double-check with his colleague, Ms. Hurst, and get back

14 to us.  To my knowledge, Mr. Gray never did get back to us regarding this issue.

16      c.    Mr. Gray asked me whether Messrs. Martin Weber and Michael

17 Brehm were being produced pursuant to Rule 30(b)(6).  Facebook had previously

18 served Rule 30(b)(6) notices, but had voluntarily withdrawn them back in

19 November 2008.  For that reason, I said that the witnesses were not formally being

20 produced under Rule 30(b)(6) (indeed, at that time, there was no formal deposition

21 notice pending as to either individual or as to any of the Defendants), but I added

22 that the witnesses were, in fact, the persons most knowledgeable about personal

23 jurisdiction and forum and would be prepared to testify about those two topics.  The

24 ///

26 ///

28 ///

December 30, 2008 conversation concluded with the parties agreeing to speak again on January 6, 2009.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed in Los Angeles, California on February 10, 2009.

/s William Walker<br>William Walker

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 900674590