I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25,<br><br>        Defendants. | Case No. 5:08-cv-03468 JF<br><br>**DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Date: March 3, 2009<br>Time: 10:00 a.m.<br>Room: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge Howard R. Lloyd,<br>        for Discovery Purposes |

- 1 -

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF
FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION
FOR SANCTIONS

I, Julio C. Avalos, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Motion in Opposition to Defendants' Motion for Sanctions. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On July 18, 2008, Facebook brought the instant suit against StudiVZ Ltd., Holtzbrinck Ventures GmbH and Holtzbrinck Networks GmbH for trade dress infringement, violation of the Computer Fraud and Abuse Act, violation of California Penal Code section 502(c), breach of contract and breach of the covenant of good faith and fair dealing. Facebook's claims are based on Facebook's allegations that Defendant StudiVZ Ltd. ("StudiVZ") illegally accessed Facebook's California-based servers and website in order to steal valuable intellectual property contained thereon. Facebook further alleges that StudiVZ used Facebook's intellectual property in the development of a number of knockoff websites, beginning with the website located at www.studivz.net.

3. On October 31, 2008, Defendants filed a Motion for Protective Order seeking to stay "all discovery that does not relate to disputed material issues raised in Defendants' pending motions to dismiss" and to prevent discovery produced in this matter from being used in any other litigation between the parties.

4. On November 26, 2008, parties' counsel conducted the first substantive meet and confer with respect to Facebook's discovery requests. The meet and confer lasted nearly two hours and the parties went through each discovery request individually. Facebook was represented by Annette Hurst and myself. Stephen S. Smith represented the Defendants. With respect to discovery requests aimed at evidence relating to StudiVZ's accessing and copying of the Facebook website, Mr. Smith stated that he was considering stipulating to the fact that StudiVZ had intentionally accessed the Facebook website and "done what you claim they did." He stated that he would agree to produce the names, Facebook user accounts and other information related to StudiVZ's accessing of Facebook. Specifically, Mr. Smith stated, that he

1 was "willing to give accounts used in the scope of StudiVZ, not all employees who have a Facebook account."

5. Regarding Facebook Request for Production No. 14, Mr. Smith said, "I think it's going to be undisputed that those people that had user accounts and used them in connection with their employment did at least what you claim they did. We'll have a huge fight as to whether that violates the anti-hacking statute. It's going to be undisputed that there were some users who accessed Facebook." Ms. Hurst then said, "Just because you're willing to stipulate to it, doesn't mean that I don't want to conduct jurisdiction discovery on it. I can't examine witnesses without documents." Mr. Smith said, "Let me think about it."

6. On December 2, 2008, the parties engaged in a follow-up meet and confer.

7. Around this time, the parties began negotiating a pair of "personal jurisdiction" depositions. Defendants agreed to produce two witnesses relating to personal jurisdiction, Michael Brehm representing StudiVZ and Martin Weber on behalf of the Holtzbrinck Defendants. These witnesses had previously filed declarations in support of Defendants' respective motions to dismiss for lack of personal jurisdiction and *forum non conveniens*. Defendants advised Facebook that Mr. Brehm would be traveling around the world for three months beginning approximately on or about January 14, 2009. Accordingly the parties agreed to schedule the depositions to take place before Mr. Brehm left. On December 8, 2008, counsel for Facebook confirmed Defendants' offer to hold the depositions on the week of January 12, 2009 in Frankfurt, Germany. At this time, Facebook continued to believe the representations made by Mr. Smith at the November 26, 2008 meet and confer that Defendants would be producing discovery relevant to StudiVZ's accessing of the Facebook website and Facebook's intellectual property.

8. On December 16, 2008, this Court held a hearing on Defendants' Motion for Protective Order. I attended the hearing along with my colleague Annette Hurst. At the hearing, Mr. Smith represented that he felt that Facebook had misunderstood the nature of StudiVZ's motion. Mr. Smith stated that Defendants did not disagree that Facebook was entitled to discovery that involved intertwined issues of personal jurisdiction and the merits of this case.

- 3 - DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

1  When this Court asked Mr. Smith whether he wished to withdraw his request to stay discovery, Mr. Smith answered in the affirmative. Ms. Hurst represented to the Court that the parties had made progress in recent weeks and that she felt confident that the parties would be able to resolve their discovery disputes amicably.

9. On December 18, 2008, Defendants produced a set of documents but did not serve supplemental responses to Facebook's interrogatories. Defendant StudiVZ Ltd. produced 198 pages consisting mostly of one contract. Defendant Holtzbrinck Networks produced a total of 9, heavily-redacted pages. The production contained no emails, letters, or communications of any kind. The production also contained no programming or source code. Despite Mr. Smith's November 26 representations regarding forthcoming evidence of StudiVZ's accessing and copying of Facebook's intellectual property, no such discovery was produced. Around this time, it became clear to me that explicit confirmation would be needed regarding the proper scope of testimony for Defendants' two "personal jurisdiction" witnesses.

10. Following this production, the parties again met and conferred on December 23, 2008. Mr. Smith was unable to attend the conference and Defendants were represented by Mr. Smith's colleague, Bill Walker. Mr. Walker admitted to having an imperfect knowledge of certain details of the case and stated that he would try to contact Mr. Smith (who was out on holiday vacation) prior to a follow-up meet and confer scheduled for December 30, 2008.

11. On December 30, 2008, the parties once again met and conferred. Defendants were once again represented by Bill Walker, who represented that in the time since the last meet and confer he had not been able to speak to Mr. Smith or Defendants. Facebook was represented by my colleague Tom Gray and me. At the conference, the parties discussed the upcoming personal jurisdiction depositions of StudiVZ witness Michael Brehm and Holtzbrinck Defendants' witness, Martin Weber. The depositions were scheduled to take place on January 12 and 13, 2009. Defendants had previously stated that Mr. Brehm would be unavailable for a period of three months beginning on January 14, 2009. Mr. Walker clarified that Messrs. Brehm and Weber were not being offered as Rule 30(b)(6) witnesses, but simply as "personal jurisdiction" witnesses. When Mr. Gray asked what topics these witnesses would be prepared to

testify on, Mr. Walker stated that they were knowledgeable of general issues regarding personal jurisdiction. Mr. Walker provided as examples the subjects that Messrs. Brehm and Weber had testified to in their respective Declarations in Support of Defendants Motions to Dismiss For Lack of Personal Jurisdiction and *Forum non conveniens*. Mr. Walker stated that he did not know for sure, but doubted that Defendants' witnesses would testify about Defendants' access of the Facebook website, Facebook's source code or any other Facebook intellectual property.

12. During this meet and confer, my colleague Tom Gray also asked Mr. Walker whether it was Defendants' position that Facebook was not entitled to any discovery that touched simultaneously on jurisdictional and merits-related issues. Mr. Walker stated that this was not Defendants' position, but that neither he nor Defendants was persuaded that discovery relating to the development and implementation of the StudiVZ website was relevant to personal jurisdiction analysis. When Mr. Gray stated that central to Facebook's jurisdictional argument was the notion that StudiVZ had reached out to California, submitted to California law, venue and jurisdiction and then stole intellectual property located in the state, Mr. Walker stated that he was still not persuaded and that in any event we should wait to speak to Mr. Smith.

13. On January 6, 2008, the parties held a final meet and confer. Mr. Smith was in attendance. The conference first touched on the upcoming depositions of the two "personal jurisdiction" witnesses that StudiVZ and the Holtzbrinck defendants had agreed to produce. Given the disagreement as to the scope of what "personal jurisdiction" discovery meant, Mr. Gray sought to clarify the topics that these witnesses would be prepared to testify to. Mr. Smith indicated that the Holtzbrinck witness, Martin Weber, would be able to testify to his knowledge of StudiVZ's accessing of Facebook, which Mr. Smith stated he probably knew nothing about. Mr. Gray stated, "I don't want to fly to Germany and find out that I'm not going to get answers. It sounded from my conversations with Bill [Mr. Walker], that these guys were only going to testify about stuff in their declarations [in support of Defendants' Motions to Dismiss for Lack of Personal Jurisdiction. We want to ask him about his knowledge about Bemmann, Dariani, if they had access to Facebook source code to develop the site, etc." Mr. Smith answered, "Well – I'm willing to allow – No, you know what, I'm willing to allow him to testify about that fully.

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF
FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION
FOR SANCTIONS

Period. I think I'm willing to allow him to testify about that. I could fight you on this, but I don't have any particular reason to." Mr. Smith stated that he doubted that Mr. Weber knew much about StudiVZ's access of Facebook. The parties then segued into a conversation regarding Facebook's outstanding discovery requests.

14. Mr. Smith stated that although he agreed that Facebook was entitled to discovery that touched on both merits-based and jurisdictional issues, he now felt that Facebook was required to show that the personal jurisdiction discovery was somehow "tied" to allegations in Facebook's complaint. In other words, Mr. Smith stated, discovery relating to StudiVZ's accessing of Facebook—even if that access was made within the course and conduct of StudiVZ business—would not be produced unless that discovery also contained evidence of some additional "predicate act" related to Facebook's Complaint. Mr. Smith stated that evidence of "copying" would suffice as a predicate act relating to Facebook's Complaint. Facebook restated its position that any discovery relating to the commercial accessing of Facebook should be produced, regardless of whether the discovery also contained some "smoking gun" regarding copying. Facebook also restated its position that discovery relating to the creation and development of StudiVZ should also be produced, as it might contain evidence of copied Facebook intellectual property that would in turn prove intentional conduct aimed at the state of California. Mr. Smith stated that he disagreed. Mr. Gray argued that access and development documents were relevant to Facebook's *Calder* effects argument. Mr. Smith agreed in principle, but stated that the discovery would be withheld barring an agreement as to future discovery and the understanding that no documents that did not evidence the additional predicate act such as "copying" would be produced.

15. Mr. Smith also stated that he would withhold any discovery unless the parties could come to some agreement regarding future discovery. Specifically, Mr. Smith stated that he did not wish to produce responsive documents just to have Facebook turn around and compel additional discovery. Mr. Gray stated that Facebook was not obligated to waive its right to compel in order to receive discovery to which it was entitled. Mr. Smith said that the parties were at an impasse and that Facebook should move to compel.

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

16. The parties then turned back to the topic of the upcoming depositions in Germany, specifically that of StudiVZ witness, Michael Brehm, a "co-founder" of StudiVZ. The parties discussed the scope of Mr. Brehm's testimony. Again, Mr. Smith refused to allow Mr. Brehm to generally testify as to his knowledge of StudiVZ's access of Facebook's site and intellectual property during the design and development of the StudiVZ sites. Mr. Smith stated that he might try to limit any testimony regarding the accessing of Facebook to "copying," but that "I'm using a broad definition of copying. I'm not going to slice it that thinly." I believed that the parties reached an agreement as to the scope of Mr. Brehm's testimony.

17. The following day, January 7, 2009, my colleague Mr. Gray sent an email to Mr. Smith regarding the upcoming personal jurisdiction depositions.[1] The email stated, in relevant part, "I might add that I was concerned that we might not go forward with the depositions based on the meet and confer that I had with Bill Walker last week. Based on Bill's statements, it seemed like you were only going to allow Messrs. Brehm and Weber to testify about the issues raised in their declarations filed in support of the defendants' motion. It makes sense to go forward with the depositions, however, based on your comments yesterday that you would allow the witnesses to testify about whether StudiVZ's [sic] accessed the Facebook site or IP in order to copy (to be loosely defined) the Facebook site or in furtherance of the other claims alleged by Facebook in the complaint. I appreciate your clarification regarding that issue."

18. Mr. Smith then responded, "You are again mischaracterizing what I offered to do as an 'agreement.' I do not know how many more times I could have possibly repeated the point – I was willing to agree to a limitation on scope along the lines of what you describe below <u>if and only if</u> you also agreed. I am not and have never been willing to agree, only to have you not agree and move to compel anyway . . . So at the moment, there is no agreement on questions related to access." I was surprised by Mr. Smith's email and position.

---

[1] Facebook has refrained from attaching inter-attorney communications as evidentiary exhibits pursuant to the Court's Standing Order discouraging the practice. Defendants have consistently ignored the Standing Order. Facebook will produce genuine copies of these communications should the Court request them.

DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

19. Because we believed that the parties reached an agreement as to the scope of the deposition testimony of Messrs. Brehm and Weber, Mr. Gray and I started to prepare to take the depositions. I spent approximately 3.75 hours on January 6 and 7, 2009, doing so which resulted in approximately $1,400 in fees being billed to Facebook.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 10th day of February, at Menlo Park, California.

                                                    /s/ Julio C. Avalos /s/
                                                      Julio C. Avalos

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 10, 2009.

Dated: February 10, 2009            Respectfully submitted,

                                             /s/ Thomas J. Gray
                                             Thomas J. Gray

OHS West:260608576.1

- 1 -    DECLARATION OF JULIO C. AVALOS IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS