I. NEEL CHATTERJEE (State Bar No. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH AND DOES 1-25,<br><br>        Defendants. | Case No. 5:08-cv-03468 JF<br><br>**DECLARATION OF THOMAS J. GRAY IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTION**<br><br>Date: March 3, 2009<br>Time: 10:00 a.m.<br>Room: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge Howard R. Lloyd,<br>for Discovery Purposes |

- 1 -

DECL. OF THOMAS J. GRAY ISO FACEBOOK, INC.'S
OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS
CASE NO.: 5:08-cv-03468

I, Thomas J. Gray, declare as follows:

1. I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for Plaintiff Facebook, Inc. I make this Declaration in support of Facebook's Opposition to Defendants' Motion For Sanctions. I am an active member in good standing of the California State Bar. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto.

2. On December 30, 2008, I participated in a meet and confer session with William Walker, Defendants' counsel. On December 31, 2008 I emailed Mr. Smith and Mr. Walker to discuss a number of concerns. With respect to the upcoming depositions, I stated: "In addition, yesterday Bill advised that Messrs Brehm and Weber were being offered as "personal jurisdiction" witnesses. We need to clarify if these witnesses are also being offered to testify as company witnesses regarding the topics set forth in Facebook's 30(b)(6) deposition notices that were served on Defendants in October. If not, we need to iron out what Messrs. Brehm and Weber will be prepared to testify about on Jan 12 and 13 - beyond the statements made in their declarations. Also, if not Messrs. Brehm and Weber, will SVZ offer other witnesses to testify on Jan 14 and/or 15 regarding the topics set forth in the 30(b)(6) notice? Obviously, we want to make the trip to Germany as productive as possible for all concerned."

3. Upon the conclusion of the January 6, 2009 meet and confer session with Defendants' counsel, Mr. Smith and Mr. Walker, I believed that the parties had reached an agreement as to the scope of the deposition testimony of Messrs. Brehm and Weber. Accordingly, on January 6 and 7, 2009, I spent approximately 10 hours preparing for the depositions, which result in fees of approximately $6,000 being billed to Facebook. Fees that could have been avoided had Mr. Smith informed me that he did not believe an agreement had been reached regarding the depositions.

4. I was truly surprised when Mr. Smith emailed me on January 7, 2009 that the parties had not reached an agreement during the January 6, 2009 meet and confer session. After receiving Mr. Smith's email, later on January 7th, I responded, stating that I was surprised by Mr. Smith's message and that he "truly thought we made some progress yesterday and that it made

sense to go forward with the depos. We had lengthy discussions about the Weber and Brehm depos and even discussed questions that you thought were ok. As to Weber, you seemed comfortable with all questions related to access (presumably bc he doesn't know anything about what StudiVZ did). You never stated that the depo testimony was contingent on working out an agreement as to all discovery, including doc requests and rogs. Anyway, if that is your position now, it is news to me." I concluded by stating that "it does not look good for the depositions going forward based on your newly asserted position, we should talk tomorrow morning to see if we can salvage this."

5. On January 8, 2009, Mr. Smith responded, "I just landed in Germany and am on my way to the hotel. I did not sleep well (i.e. at all) on the plane and want to go to bed. I told you that I was flying out Wednesday evening. Why can't this wait until tomorrow?" Only once I received this email did I realize that Mr. Smith had flown to Germany. I responded "I am sorry you did not sleep well on the plane, but at this point it is already Thurs. and we need to resolve this (if possible) ASAP so we all know whether these depos are going forward Mon and Tues. At this point it doesn't look good based on your email last night. I don't think we can wait until tomorrow. If you want to talk later after you have had a chance to rest, let me know."

6. While Facebook remained willing to go forward with the depositions, Mr. Smith never called. Rather, he took the time to write a multi-page email disagreeing with Facebook's version of agreements made as to the scope of the depositions and threatening sanctions against Facebook for costs and fees incurred in flying to Germany. He then apparently went to bed. In light of Mr. Smith's refusal to meet and confer further about the depositions, that same day, January 8, 2009, I confirmed that Facebook counsel would not be flying out to Germany for the January 12 and 13 depositions. Defendants were clearly not going to change their position, that "no questions about access" would be allowed. I needed to cancel the depositions at that point or incur thousands of dollars of charged for the court reporter and videographer.

7. I have reviewed the Declaration of Julio C. Avalos filed in support of Facebook's Opposition to Defendants' Motion for Sanctions. Mr. Avalos's descriptions of the meet and confer sessions and emails in which I participated seem accurate based on my recollection and

- 3 - DECL. OF THOMAS J. GRAY ISO FACEBOOK, INC.'S
OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS
CASE NO.: 5:08-cv-03468

contemporaneous notes.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 10th day of February 2009, at Irvine, California.

/s/ Thomas J. Gray<br>Thomas J. Gray

- 4 -

DECL. OF THOMAS J. GRAY ISO FACEBOOK, INC.'S
OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS
CASE NO.: 5:08-cv-03468

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 10, 2009.

Dated: February 10, 2009          Respectfully submitted,

                                   /s/ Thomas J. Gray
                                   Thomas J. Gray

OHS West:260608479.1

- 5 -    DECL. OF THOMAS J. GRAY ISO FACEBOOK, INC.'S
         OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS
         CASE NO.: 5:08-cv-03468