I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25,<br><br>Defendant. | Case No. 5:08-cv-03468 JF<br><br>**FACEBOOK'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PERSONAL JURISDICTION DISCOVERY**<br><br>Date: March 3, 2009<br>Time: 10:00 a.m.<br>Room: Courtroom 2, 5th Floor<br>Judge: Honorable Magistrate Judge<br>        Howard R. Lloyd<br>        for Discovery Purposes |

OHS West:260611595.1
16069-2005 TG3/V2C

FACEBOOK'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL PERSONAL JURIS. DISCOVERY
CASE NO.: 5:08-CV-03468

Dockets.Justia.com

## I. INTRODUCTION

Defendants have previously agreed that Facebook is entitled to personal jurisdiction discovery, including personal jurisdiction discovery that is also intertwined with the merits of the case. Defendants expressly conceded the issue in front of this Court during the December 16, 2008 hearing on Defendants premature Motion for Protective Order. True to their ways, however, Defendants now attempt to backtrack on that clear and unequivocal statement. Indeed, in their opposition brief Defendants now seemingly argue that Facebook should not get the requested discovery either because Facebook has not established a *prima facie* showing of personal jurisdiction or because of their newly-raised theories regarding German privacy laws. Defendants are wrong on all accounts, both factually and legally. Defendants' opposition is merely more of the same: obfuscation and delay. Enough is enough. Facebook has met and conferred in good faith and has narrowed discovery requests to relate to the personal jurisdiction issues raised by Defendants' motions. Defendants should now be compelled to fully and adequately respond to the discovery requests at issue and immediately provide 30(b)(6) witnesses who will testify completely as to the personal jurisdiction issues – including those that touch upon the merits of this case.

## II. ARGUMENT

### A. Defendants Are Improperly Attempting To Litigate The Issue Of Whether Facebook Is Entitled To Personal Jurisdiction Discovery.

On December 16, 2008, Defendants stood before this Court and conceded that Facebook is entitled to personal jurisdiction discovery. Even more, Defendants stated that Facebook is entitled to discovery in which the merits of the case are intertwined with the personal jurisdiction aspects. Specifically, the Court began the hearing on Defendants' Motion for Protective Order by asking Defendants if they had a "problem" with personal jurisdiction discovery that also touched on merits discovery. Defendants clearly and unequivocally agreed that Facebook was entitled to such discovery and that their motion, which was premature and ultimately withdrawn, was only targeted at purely merits-based discovery.

> THE COURT: As I understand it, the defendants agree that if, in the course of investigating personal jurisdiction, that discovery would

FACEBOOK'S REPLY IN SUPPORT OF ITS MOTION
TO COMPEL PERSONAL JURIS. DISCOVERY
CASE NO.: 5:08-CV-03468

| | |
|---|---|
| 1 | also go to the merits, that that wouldn't be a problem. |
| 2 | Mr. SMITH: That's correct, Your Honor. |
| 3 | THE COURT: Okay. So, your objection is to discovery which is solely, you say, directed at merits at this time? |
| 4 | |
| 5 | MR. SMITH: That's correct, Your Honor. |
| 6 | THE COURT: And that would apply to the depositions, too. In other words, you're not opposed to a deposition - - and I know there were several sought - - that are on personal jurisdiction issues, at this time? |
| 7 | |
| 8 | MR. SMITH: That's correct, Your Honor, two of them are currently scheduled to occur in January. |

*See* Docket No. 90-15, p. 2-3. Unfortunately, as set forth in Facebook's moving papers, after making such statements in open court, and indicating that they would fulfill their discovery obligations, Defendants made an immediate about-face. Within a few days of the hearing, Defendants produced only a handful of documents, none of which relate to the Defendants' design and development of Defendants' infringing websites or Defendants' accessing of Facebook's website and intellectual property. As Facebook has repeatedly explained to Defendants, such issues relate directly to personal jurisdiction under the *Calder* effects test – even though they also may touch upon the merits of Facebook's claims. During the meet and confer process, however, Defendants have seemingly forgotten their statements to the Court that they "had no problem" with producing such discovery. Rather, they have obstinately refused to provide any such "intertwined" discovery.

Worse yet, in their opposition papers Defendants now backtrack even further and claim that Facebook is not entitled to any discovery. *See* StudiVZ's Opposition Brief, pp. 6-8. Defendants for the first time now argue that Facebook should be denied discovery altogether because it has purportedly not established a "*prima facie*" showing that jurisdiction exists and that Facebook should be denied. *Id.* But Defendants have already conceded that Facebook is entitled to personal jurisdiction discovery – even personal jurisdiction discovery that also goes to the merits of the case. Moreover, they specifically stated in their reply brief for the ill-conceived Motion For Protective Order, that "Defendants do not seek to bar Facebook from taking discovery

1 that relates to disputed issues raised by the Motions to Dismiss even if such discovery may also
2 touch on the merits." Defendants' Reply In Support of their Motion for Protective Order (Docket
3 No. 63), p. 7: 6-8. In that brief, Defendants claimed that they were "being accommodating" by
4 allowing Facebook such personal jurisdiction discovery without first requiring Facebook to
5 establish "that it is entitled to such discovery." *Id.*, p. 7:8-p.8:15. Consistent with their
6 unprofessional tactics and gamesmanship, Defendants have changed their position - again. The
7 problem is, they never raised the issue during the December and January meet and confer
8 sessions. Rather, they continued to pay lip service to their previous concessions that they would
9 permit discovery that went to both personal jurisdiction and the merits of the case.[1] Of course,
10 they have refused to provide any such discovery.

11 Defendants' arguments related to a "*prima facie*" or colorable showing are both legally
12 and factually wrong. As Facebook stated in its opening papers, in the Ninth Circuit, Facebook is
13 not required to make a *prima facie* showing of jurisdiction in order to get discovery to establish
14 jurisdiction. Indeed, in the Ninth Circuit, it is an abuse of discretion to refuse discovery regarding
15 personal jurisdiction where jurisdiction has been the subject of an initial challenge by way of
16 motion to dismiss. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,
17 1135 (9th Cir. 2003). Defendants have even conceded that there exists contrary California
18 authority for the arguments they make. *See* Opposition (Docket No. 94), p.7, note 5. Regardless,
19 even if the standards suggested by Defendants are used, Facebook has made a *prima facie* or
20 colorable showing that this Court has jurisdiction over the Defendants.

21 Facebook provides much more than mere speculation regarding Defendants' activities that
22 support personal jurisdiction. Importantly, Defendants do not dispute that their websites are
23 virtual clones of Facebook's widely popular site. Nor could they. As set forth in detail in
24 Facebook's Complaint, many users of both Facebook and Defendants' sites have commented that

---

[1] Incredibly, Defendants even seem to be changing their position that Facebook is entitled to personal jurisdiction discovery that is intertwined with the merits of the case. Specifically, in footnote 5 on page 7 of their opposition brief (Docket No. 94), they claim that "Facebook's remaining discovery requests are improper. . . the requests are overwhelmingly *not* limited to personal jurisdiction." But they have already conceded to the Court and Facebook that the requests do not need to be "limited to personal jurisdiction." Rather, they can go to the merits also.

Defendants' sites are "clones" of Facebook and that with the exception of the colors and the languages, the sites are virtually identical. Complaint (Docket No. 1), ¶¶ 27-39. Others have commented that there are numerous indications that the code for Defendants' sites is based on Facebook's code and the exact names of Facebook's files (written in Englsih) are also seen in Defendants' code for their German language sites. *Id.,* ¶ 35, Exs. 12 and 16.

The undisputed evidence of Defendants' copying of Facebook's site, and concomitant trade dress infringement, is enough to establish a colorable claim of personal jurisdiction over Defendants. *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283-84 (11th Cir. 2008) (holding that the out-of-state Defendant's unauthorized use of the plaintiff's trademark and misappropriation of his name and reputation for commercial gain satisfied the *Calder* effects test). The evidence of Defendants' copying also suggests that Defendants created their clone sites by accessing Facebook's site and servers in order to copy every last detail of Facebook's website - right down to the size of the columns and the number of pixels on the screen. Such activities also support personal jurisdiction over Defendants pursuant to *Calder* and its internet-related progeny. *See* Facebook's Motion to Compel (Docket No. 91), pp. 11:10-13:19. Defendants' use of Facebook's source code to create identical, German-language versions of Facebook's site further establishes personal jurisdiction over Defendants. *Id.* Thus, Facebook is entitled to discovery related to Defendants' design and development of their sites, as well as the accessing of Facebook's site, servers and code – regardless of whether such discovery also touches upon the merits of the case.

### B. Facebook Has Attempted To Narrow Its Requests To Address The Issues Raised By Defendants' Motions To Dismiss.

In their Opposition, Defendants throw around a bunch of numbers and percentages to suggest that they have largely complied with Facebook's discovery requests. Defendants' arguments are misleading and irrelevant. In an effort to narrow the parties' discovery disputes, Facebook selected a handful of interrogatories and document requests that were critical to the issues raised by Defendants' motions to dismiss. The Court should in no way infer that Facebook was completely satisfied with Defendants' other responses, as Defendants suggest. It was not and

still is not.  Facebook has chosen to pick its battles with Defendants in order to streamline this process and conserve judicial resources as much as possible.

In reality, the most important statistic is how Defendants responded to the discovery requests at issue in this motion.  For these discovery requests, Defendants have provided no responses or documents.  Despite their (repeated) concession that Facebook is entitled to personal jurisdiction discovery that also touches on the merits of the case, Defendants have provided no design and development documents related to how they developed their clone of the Facebook site, they have provided no source code, they have provided no documents related to how and when Defendants' employees accessed Facebook for "commercial purposes."  Nor have they provided complete and satisfactory answers to such interrogatories.  Rather, Defendants have attempted to hold such discovery hostage by offering to produce "smoking gun" documents – only if Facebook agreed sight unseen to waive its rights to compel additional documents and discovery from Defendants.  Facebook is entitled to a broader range of discovery than just the documents that establish on their face Defendants' wrongful conduct.  Since Defendants believe they have done nothing wrong through their wholesale copying of the design of Facebook's website, they cannot be entrusted to make the determination as to what narrow subset of documents should be produced.  Discovery, even as to personal jurisdiction issues, is broader than that.

### 1. Defendants Should Be Compelled To Respond Completely To Facebook's Discovery Requests Related to Defendants' Accessing of the Facebook – Interrogatory 10; Requests For Production 14, 28, 29

#### a. Facebook Has Narrowly Tailored the "Access" Discovery Requests Through the Meet and Confer Process.

During the meet and confer sessions, Defendants have repeatedly conceded that Defendants' employees have accessed Facebook for "commercial purposes."  Indeed, it seems highly unlikely, if not impossible, that Defendants could have created and updated their clone sites without regularly accessing Facebook's site and servers.  Facebook has attempted to reduce the burden on Defendants, and avoid the German privacy law issues, by limiting Defendants' responses and documents to situations where Defendants design and development employees

have accessed Facebook for commercial purposes in furtherance of the jobs.  Additionally, with respect to the document requests, Facebook has offered to narrow the requests to a core group of employees (whether it be 10, 20 or 30 employees) who necessarily would have access to such documents and information.  Defendants have steadfastly refused to produce such highly relevant documents and provide no valid basis for withholding them.

Simply put the information requested by Facebook is narrowly tailored to address the personal jurisdiction issues raised by Defendants' motions to dismiss.  Accordingly, Facebook requests that the Court compel Defendants to completely and adequately respond to Interrogatory No. 10 and supply the requested documents in response to Document Requests 14, 28 and 29.

### b. Defendants' Newly-Raised German Privacy Law Argument Is a Red Herring.

Defendants newly-raised arguments related to the German privacy laws and blocking statutes are without merit and yet another improper attempt on the part of Defendants to avoid the discovery they already stated they would supply.   First, the cases cited by Defendants generally allow for discovery under these circumstances. *See, e.g., Graco, Inc. v. Kremlin, Inc.*, 101 F.R.D. 503 (N.D. Ill. 1984).  Second, as set forth above, Facebook seeks only limited information regarding persons who accessed Facebook in furtherance of their jobs for Defendants.  Facebook does not seek personal information, such as their home addresses, personal telephone numbers, financial information, or the content of their personal emails. *Cp. Volkswagen, A.G. v. Valdez*, 909 S.W. 2d 900 (Tex. 1995).  Third, Defendants' arguments fail to establish that the disclosure of such information is strictly prohibited under German blocking statutes.  Fourth, Defendants have already provided some of this information in the form of the organizational charts.  Defendants fail to show how providing a few more names somehow runs afoul of the German blocking statutes.  Fifth, Defendants are in sole possession of this information and Facebook requires the information in order to oppose Defendants' motion to dismiss and litigate the case.  The balance of the competing interests weighs in favor of compelling Defendants to respond.  Sixth, Defendants have suggested no alternatives that would comply with German law and still allow Facebook to receive the information it needs to litigate the case.  Seventh, Defendants have

only recently raised these German privacy law issues as a way to block Facebook's discovery. Indeed, Defendants failed to raise this supposedly compelling issue in their previous Motion for Protective Order. Nor did they raise the issue during the meet and confer process, with the exception of a concern over Defendants' employees' private emails, which Facebook does not want. Defendants' belated arguments concerning German privacy laws should not be permitted to defeat Facebook's long outstanding, and narrowly tailored, discovery requests.

### c. Facebook is Entitled to Know Which of Defendants' Employees Became Facebook Users For Commercial Purposes In Furtherance of Their Jobs.

Additionally, despite Defendants' arguments, information concerning which of Defendants' employees became Facebook users for commercial purposes and are subject to Facebook's Terms of Use is highly relevant to the personal jurisdiction issues. First, Facebook cannot possibly access this information (even if it possessed the ability to do so), since Defendants are withholding the names of such persons. Second, if Defendants directed their employees to register as a Facebook user in order to monitor and copy Facebook's design and features, such employees would have enrolled in Facebook, and violating Facebook's Terms of Use, as agents of Defendants. Such information regarding Defendants' intentional actions aimed at Facebook is highly relevant to the personal jurisdiction issues raised by Defendants. Moreover, such activity on the part of Defendants may give rise to a claim for intentional interference with contractual relationship between the Defendants' employees and Facebook - yet another intentional tort that would support personal jurisdiction over Defendants.

Finally, Defendants' argument that Facebook has somehow waived its jurisdiction/forum clause is baseless. StudiVZ filed a preemptive declaratory judgment case in Germany the same day Facebook filed the current action. Unfortunately, Facebook was required to respond to StudiVZ's German action, and did just that. Facebook did not chose to litigate any of its claims in Germany, but is now required to do so because of Defendants' forum shopping.

## 2. Defendants Should Be Compelled to Respond Completely To Facebook's Discovery Requests Related To The Design And Development Of Defendants' Infringing Websites – Interrogatories 15, 16; Requests For Production 16, 23, 25

As set forth above and in Facebook's moving papers, there is no dispute that Defendants' infringing sites are nearly identical to Facebook. Facebook is entitled to Defendants' design and development documents, which will undoubtedly show that Defendants repeatedly, and improperly, accessed Facebook's site and servers to steal Facebook's design and functionality.

Again, in an effort to narrow the requests, Facebook offered to limit Document Requests 16 and 25 to creation, design and development documents from a core group of custodians who would have authored or received the relevant documents. Defendants, however, tried to improperly limit the production of documents to items that on their face would establish Defendants' wrongdoing. And Defendants would only produce those documents if Facebook agreed to waive its right to compel all other design and development documents. Facebook is entitled to all documents that relate to how Defendants created, designed and developed their infringing, clone websites.

Additionally, in light of the fact that Defendants' websites are virtually identical, and the filenames found in Defendants' code that indicate that Defendants had access to and copied Facebook's code, Defendants should be compelled to produce all major versions of their source code pursuant to Document Request No. 23. StudiVZ is less than four years old. The burden to Defendants related to such a production is minimal. Defendants have offered no valid justification for withholding such relevant documents in light of Facebook's efforts to narrow the discovery requests.

With respect to Interrogatories Nos. 15 and 16, contrary to Defendants' assertions, Facebook never agreed to two partial snapshots of StudiVZ's organizational charts. During the meet and confer process, Facebook clearly requested additional names. In response to Defendants arguments that many of Defendants' employees are involved with the "maintenance" of Defendants' sites, Facebook limited the interrogatories to Defendants' employees who were involved with the creation, design and development of the Defendants' sites. Defendants'

infringing sites were first launched in 2005. StudiVZ is less than four years old. There can be little burden on Defendants to provide the names of all such persons. Defendants' objections and arguments are not well-founded.

### 3. Facebook Is Entitled To Responses Regarding The "Adhesion Contracts."

Without reviewing the discovery responses or documents, Defendants make the unsupported claim that all so-called adhesion contracts only go to general jurisdiction issues. However, without additional information regarding these supposedly numerous contracts, Defendants cannot accurately argue that adhesion contracts do not relate to personal jurisdiction issues in the case. Facebook is not required to rely on Defendants' counsel's pure speculation as the number of such contracts or their relevance as to all Defendants. Defendants should be required to respond to the interrogatories and document requests.

Facebook will take Defendants up on their offer to produce the StudiVZ Terms of Use. However, Facebook believes it is entitled to all versions of StudiVZ's Terms of use from 2005 to present. Accordingly, Defendants should be required to produce such items.

## C. The Court Should Compel Additional Discovery From The Holtzbrinck Defendants.

### 1. Defendants Read Too Much Into The Court's January 28, 2009 Order.

Defendants claim that Facebook's motion to compel as to the Holtzbrinck defendants has been mooted by Judge Fogel's recent Order. Based on the limited record before it, and additional misstatements by Defendants, Judge Fogel ordered that Facebook failed to demonstrate a reason to continue the motion to dismiss hearing as to the Holtzbrinck defendants. However, the Court stopped short of denying Facebook the right to conduct discovery as to all Defendants. Therefore, the current motion is far from moot at this time. The Holtzbrinck Defendants are still parties to this case and should be required to fully respond to the outstanding requests.

### 2. Facebook Properly Met And Conferred Regarding The Holtzbrinck Defendants.

As set forth in Facebook's Motion to Compel, the discovery requests at issue in this motion were served on all Defendants, including the Holtzbrinck Defendants. *See* Docket No. 91, p. 15, note 5. During the meet and confer process, Facebook used the Interrogatories and Document Requests served on Defendant StudiVZ as the exemplars, but specifically commented that the requests were identical to the ones served on the Holtzbrinck Defendants. During the meet and confer process, Facebook discussed the discovery requests as they related to all Defendants. Facebook did not limit the December 2008 or January 2009 meet and confer sessions to StudiVZ's inadequate responses. All Defendants have steadfastly refused to provide any responses or documents related to the discovery requests at issue here. Facebook's motion, as Defendants' recognize, seeks to compel responses from all Defendants, including the Holtzbrinck entities. Defendants' arguments to the contrary are without merit.

### D. The Court Should Order Defendants To Immediately Respond To The Outstanding Discovery.

The Court has re-scheduled the hearing on Defendants' Motion to Dismiss for April 10, 2009. Accordingly, Facebook requests that the Court Order Defendants to immediately produce the requested discovery so that Facebook will have the ability to use such discovery in their opposition to Defendants' Motions to Dismiss. Additionally, Facebook requests that they Defendants immediately make 30(b)(6) witnesses available to testify as to all personal jurisdiction issues.

## III. CONCLUSION

Accordingly, Facebook respectfully requests that the Court grant its Motion to Compel and require Defendants to immediately respond to Facebook's outstanding discovery requests.

Dated: February 17, 2009                ORRICK, HERRINGTON & SUTCLIFFE LLP


                                        /s/ Thomas J. Gray
                                        THOMAS J. GRAY
                                        Attorneys for FACEBOOK, INC.

- 10 -                    FACEBOOK'S REPLY IN SUPPORT OF ITS MOTION
                          TO COMPEL PERSONAL JURIS. DISCOVERY
                          CASE NO.: 5:08-CV-03468

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 17, 2009.

Dated: February 17, 2009.     Respectfully submitted,

                                                      /s/ Thomas J. Gray
                                                    THOMAS J. GRAY