# EXHIBIT E

Stephen S. Smith
D 310 785 6895
F 310 201.2350
SSmith@GreenbergGlusker.com
File Number 37106-00002

March 12, 2009

**FILED**

MAR 1 2 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

VIA FACSIMILE (408-535-5410)

Magistrate Judge Howard R. Lloyd
Judge of the United States District Court
Courtroom 2, Fifth Floor
280 South First Street
San Jose, CA 95113-3008

Re: Facebook, Inc. v. StudiVZ Ltd., et al.
U.S. District Court Case No. 5:08-CV-03468 JF

Your Honor:

Pursuant to the March 3, 2009 and the March 6, 2009 Minute Orders, defendants submit this letter regarding their proposal on the issues raised by plaintiff's motion to compel.

In the extra time provided by the Court, Defendants' general counsel was able to discuss the issues with the relevant board members and with local, German counsel. StudiVZ has major concerns with any order granting, even in part, Facebook's motion to compel. Any order requiring electronic searches will be very burdensome and expensive. As reflected in Exhibits X and Y (Docket Nos. 97-25 and 97-26), a search employing 20-30 search terms would cost approximately $1.6 million. This is an even greater concern given the present state of worldwide economic turmoil, which hits especially hard companies like StudiVZ, which cannot afford any unnecessary expenses. Even if the search is limited to a smaller subset of custodians, the expense will remain high because those custodians' documents could potentially be located throughout the majority of the preserved data. In addition, as almost all of the documents will be in German, United States or German defense counsel will be required to spend a tremendous amount of time (and therefore money) translating the documents or having them translated (so that they can be understood by United States counsel) and reviewing them for responsiveness and privilege. These expenses could be avoided if the District Court would dismiss the action based on *forum non conveniens*. StudiVZ is already being forced to finance the defense of two identical litigation proceedings that have been filed by Facebook in California and in Cologne, Germany.

For this reason, by no later than March 19, 2009, defendants will file a Motion for Administrative Relief with the District Court asking it to stay the hearing of the personal jurisdiction portion of StudiVZ's motion to dismiss and to stay any further discovery until after it has ruled on the *forum non conveniens* portion of StudiVZ's motion to dismiss and the motion to dismiss of the Holtzbrinck defendants. If the District Court were to deny that request, then StudiVZ would have to withdraw the personal jurisdiction portion of its motion to dismiss and

Magistrate Judge Howard R. Lloyd
March 12, 2009
Page 2

proceed solely on the portion of the motion that is based on the argument of *forum non conveniens*.

To be clear, StudiVZ believes that it is not subject to personal jurisdiction in California. However, it feels that it has no choice but to withdraw the argument if the District Court will not stay the issue because of the huge expense associated with producing documents in response to these remaining discovery requests, which it cannot afford, especially when there are such compelling reasons to dismiss the action on independent, *forum non conveniens* grounds.

In the District Court's January 28, 2009 Order, the Court continued the hearing on the motions to dismiss only because of the open dispute as to personal jurisdiction discovery directed to StudiVZ. As to *forum non conveniens* as to all defendants and personal jurisdiction as to the two Holtzbrinck defendants, the District Court held that "Facebook has failed to demonstrate any reason to continue the February 13, 2009 hearing." The District Court gave Facebook the opportunity to file a supplemental opposition only as to personal jurisdiction over StudiVZ. Therefore, given that StudiVZ will be filing the Motion for Administrative Relief described above and will be, if necessary, withdrawing altogether the personal jurisdiction portion of its motion to dismiss, there is no need for any ruling on Facebook's motion to compel at this time.

Accordingly, StudiVZ respectfully requests that Facebook's motion be held in abeyance until after the District Court rules on the Motion for Administrative Relief. If the District Court grants that motion, then Facebook's motion to compel should be held in abeyance until the District Court rules on the *forum non conveniens* portion of StudiVZ's motion to dismiss. If the District Court denies the Motion for Administrative Relief, which will cause StudiVZ to then withdraw the personal jurisdiction portion of its motion, then the motion to compel should be denied as moot.

Finally, the motion to compel as to the Holtzbrinck defendants should be denied for the reasons already stated in the papers and in the District Court's January 28, 2009 Order.

Respectfully,

Stephen S. Smith

SSS/nll

cc: Gary Evan Weiss, Esq. (by email)
    Thomas Gray, Esq. (by email)

37106-00003/1679897.1