STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　　Defendant. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**STUDIVZ'S *PARTIAL* OPPOSITION TO FACEBOOK'S MOTION TO STAY HEARING OF MOTIONS TO DISMISS**<br><br>[Declarations of Stephen S. Smith and Dr. Anton G. Maurer Filed Concurrently Herewith]<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1681202.7

StudiVZ's *Partial* Opposition to Facebook's Motion to Stay Hearing

## I. INTRODUCTION

StudiVZ opposes Facebook's Motion to Stay Hearing <u>only in part</u>. StudiVZ's Motion for Administrative Relief anticipated much of Facebook's Motion to Stay. StudiVZ asked in its motion that only the personal jurisdiction portion of its Motion to Dismiss, and the discovery associated with it, be stayed. (Docket No. 119). Thus, StudiVZ does not oppose the corresponding portion of Facebook's Motion to Stay. But there is no reason to further delay the hearing of the *forum non conveniens* portion of StudiVZ's motion to dismiss, which has been pending for five months.

StudiVZ will try not to repeat here what it wrote in its Motion for Administrative Relief, but instead simply incorporates those arguments by reference. That being said, some of Facebook's arguments were not fully anticipated and must be answered here.

## II. FACEBOOK'S MOTION TO STAY HEARING IS A MOTION FOR RECONSIDERATION WHICH SHOULD BE DENIED.

In its January 23, 2009 Motion to Enlarge Time, Facebook asked the Court to allow it to file "supplemental opposition papers" to "Defendants motions." (Docket No. 77:1-3). This request was not limited to one Motion to Dismiss versus the other. It was not limited to one issue versus another. Defendants filed separate oppositions to Facebook's Motion to Enlarge Time, arguing that the motion should be denied entirely as to the Holtzbrinck defendants and in part as to StudiVZ. (Docket Nos. 80 and 81).

On January 28, 2009, the Court ruled that Facebook "failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens* . . . ." The Court ruled that Facebook was "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material." The Court continued the entirety of the hearing because of judicial economy and because it believed there would be no prejudice to either party. (Docket No. 92, at 2:15-22).

Facebook now asks the Court for the same relief it sought, but was denied, before. It asks for permission to file supplemental oppositions to both Motions to Dismiss, as to personal jurisdiction and *forum non conveniens*. This constitutes a motion to reconsider.

Yet, there is no new fact or justification for doing so. Facebook admits (in its opposition to

the Motion for Administrative Relief) that the dispute today "remains the same" as it was on January 28, 2009. (Docket No. 124 at 1:11). Facebook admits that it continues to seek today "essentially the same categories of discovery" as it did then. (Id. at 3:6). StudiVZ agrees. The discovery dispute that exists today is the same dispute that existed on January 28, 2009. Thus, there is no reason for the Court to reconsider its January 28, 2009 ruling. See Civ. L.R. 7-9(b).[1]

### III. THE DISCOVERY DOES NOT RELATE TO *FORUM NON CONVENIENS*.

Facebook argues in support of its Motion to Stay that some of the personal jurisdiction discovery may also relate to *forum non conveniens*. Facebook argues that (i) there may be form "adhesion" contracts with California entities that might establish venue, "especially if Defendants have agreed to forum selection clauses that allow for venue over disputes in California or other states," and (ii) the discovery might reveal third party witnesses in the United States."[2]

Facebook's arguments are meritless because those issues are irrelevant to *forum non conveniens*. First, defendants produced any contracts they had with any California entity as of this case's filing date, other than pure adhesion contracts (such as end user license agreements that an employee may have accepted when downloading a software program). Facebook nowhere explains how such contracts relate to *forum non conveniens*; i.e., the appropriateness of the forum as between these parties. Second, Facebook's musing that jurisdictional discovery might reveal a U.S. or California witness takes fishing expeditions to new heights. By that standard, any discovery related to anything may also relate to *forum non conveniens*. The potential existence of a single (or a few) U.S. third party witnesses is of little relevance as compared to the location in Germany of nearly all directly relevant witnesses, as Facebook's claims all focus entirely on StudiVZ's actions.

Facebook also argues that it is entitled to written discovery to test the venue declarations of Defendants' witnesses. (Opp. at 5:8-9). StudiVZ does not disagree. But Facebook served such

---

[1] On the other hand, StudiVZ's Motion for Administrative Relief is not a motion for reconsideration. StudiVZ clearly stated in footnote 1 of its Motion for Administrative Relief that it is agreeable to leaving the January 28, 2009 Order entirely unchanged. If the Court wishes to hear all issues in both Motions to Dismiss on April 10, 2009, StudiVZ has no objection. StudiVZ is agreeable to a stay of the hearing of the personal jurisdiction portion of its Motion to Dismiss only because it believes that is only fair. But if Facebook or the Court wants to leave the January 28, 2009 Order unchanged, that is fine with StudiVZ.

[2] Facebook also notes that StudiVZ has "tens of thousands of California and U.S. users." (Opp. 4:9-10). It reaches no particular conclusion from that, and StudiVZ does not see how that helps Facebook since it is undisputed that the numbers involved are less than one tenth of one percent (0.094%) of StudiVZ's total users. (Docket No. 47 ¶ 17).

37106-00002/1681202.7

discovery in October 2008, and StudiVZ answered it. Defendants also made their declarants in support of the Motions to Dismiss available for deposition on January 12 and 13, only to have Facebook cancel the depositions after defense counsel had flown to Germany to defend them. (And Facebook's reason for cancelling related to personal jurisdiction, not forum.) (See Docket No. 83).

In sum, the argument that this discovery relates to *forum non conveniens* is just as wrong today as it was on January 28, 2009.

## IV. **STUDIVZ HAS NO ULTERIOR OR BAD FAITH MOTIVES**.

Facebook devotes most of its motion to an attack of StudiVZ's motives, arguing that StudiVZ fears discovery because it would supposedly prove StudiVZ's guilt and that StudiVZ has engaged in gamesmanship with respect to the unresolved personal jurisdiction discovery issues. Both charges are false.

First, StudiVZ is not avoiding discovery because of what it would show. Facebook sued StudiVZ in Cologne, Germany in November 2008, in a virtually identical case. (Docket Nos. 69 and 70). StudiVZ already answered Facebook's charges in detail, and filed voluminous percipient and expert evidence, a written expert report, documents and witness lists on the merits in Facebook's German lawsuit, which is scheduled to commence trial on April 28, 2009. The Court can see that StudiVZ is fully able to defend itself against Facebook's claims. (Docket Nos. 120, 120-2, and 120-3). StudiVZ does not fear the merits.

StudiVZ sensibly does not want to incur the time, burden and expense of litigating the exact same case in two different places at the same time. Just the expense associated with having to engage in the wide-ranging discovery that Facebook seeks in connection with personal jurisdiction directed to StudiVZ is huge -- $1.6 million -- due to the need to search electronically for such documents within 11.9 terabytes of data. Then there are the translation costs associated with making the documents at issue understandable to U.S. counsel, not to mention the attendant attorneys' fees. StudiVZ's position is driven solely by the issue of burden and expense.

And, StudiVZ has not engaged in gamesmanship. It answered the vast majority of the discovery Facebook originally served, either exactly as Facebook propounded it or as focused during meet and confer. Facebook's still-pending motion to compel is directed at a distinct

minority of its original discovery requests. All discovery related to *forum non conveniens* has been produced, and all discovery related to any normal, rational indicia of jurisdiction has been produced, including some that is also merits-related. (See Docket Nos. 94 and 97).[3]

The remaining disputes concern <u>how much</u> merits discovery should be allowed in the context of a personal jurisdiction challenge. Facebook claims that it is entitled to wide-ranging merits discovery to prove the "effects test" of <u>Calder v. Jones</u>, 465 U.S. 783 (1984). StudiVZ has disagreed since October 2008 when the discovery was first served. The parties' positions are set forth in the Joint Case Management Statement and the Joint Rule 26(f) report, both filed almost five months ago. (Docket No. 49 at 3:10-14; Docket No. 50 at 1:9-13, 2:6-10, 2:24-3:1).

This issue was raised again in defendants' motion for protective order, which was heard in December 2008. At that hearing, Facebook's counsel accurately described the issue:

"We have largely been able to work out every issue, and there remain, I believe, Your Honor, very few issues that would come back before this Court in the context of further dispute about a burden versus relevance analysis, whether it be for jurisdiction or merits purposes." (Docket No. 78-2, at 4:23-5:4).

StudiVZ has also been consistent with the Magistrate Court. Although StudiVZ in good faith spent hours exploring ways to try to narrow the remaining overbroad requests, those requests were simply unsalvageable. StudiVZ's post-hearing letters to the Magistrate Court honestly and clearly stated that the forced production of the remaining discovery categories was too burdensome and expensive and that StudiVZ would, thus, move the District Court for administrative relief, which StudiVZ then did.

Indeed, StudiVZ's (a) opposition to Facebook's prior Motion to Enlarge Time, (b) Motion for Administrative Relief and (c) this opposition all show StudiVZ's good faith. In each, StudiVZ <u>agreed</u> to postpone or stay the personal jurisdiction portion of its motion to dismiss because of the

---

[3] Facebook falsely says that StudiVZ produced no merits discovery. For example, StudiVZ answered Interrogatory No. 5 and RFP No. 10, which asked for the number of users StudiVZ has that identify a California connection, which Facebook argues shows it was harmed in California. (The answer was 11,013 out of over 11,768,965; i.e., less than .01%.) StudiVZ answered Interrogatory No. 13, which asked StudiVZ to describe the services that its websites provide, which Facebook claims infringe its website. StudiVZ answered RFP No. 27, which asked for documents concerning any program used to extract information from any website, including Facebook.com. The answer was "no documents." (Smith Declaration ¶ 3).

unresolved discovery issue. Although StudiVZ strongly believes that its position on that issue is correct, it has never disputed Facebook's right at least to seek jurisdictional discovery before the hearing on StudiVZ's jurisdiction arguments. So where is the bad faith?

Again, StudiVZ has resisted the discovery only because the burden greatly outweighs any potential relevance in this procedural context. This undue burden is exacerbated by the fact that StudiVZ is concurrently defending itself in two different places at once. Facebook's Cologne, Germany action will commence trial on the merits in <u>one month</u>. It simply does not make any sense to be engaging in wide-ranging discovery here, when the *forum non conveniens* issue is ripe to be decided, especially when the case will be tried on the merits in another forum while this case remains at the pleading stage.

That burden is so great that StudiVZ feels it has no choice but to <u>withdraw</u> the personal jurisdiction argument, an argument it has been asserting vehemently for five months, if necessary to have *forum non conveniens* heard now. Why would it offer to do that? It must believe that the burden is severe and that its *forum non conveniens* argument is strong.

## V. **CONCLUSION**

The Court should hear *forum non conveniens* on April 10, 2009.

DATED: March 24, 2008

Respectfully submitted,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendant StudiVZ Ltd.

37106-00002/1681202.7                                   5
StudiVZ's *Partial* Opposition to Facebook's Motion to Stay Hearing