

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1988 WL 236112 (C.D.Cal.)
**(Cite as: 1988 WL 236112 (C.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court, C.D. California.
Craig John Robertson KEARNEY, a minor, by and through his guardian ad litem, Linda Jane Walker Palmer KEARNEY, Claire Kearney, a minor by and through her guardian ad litem Linda Jane Walker Palmer Kearney and Linda Jane Walker Palmer Kearney, individually, Plaintiffs,
v.
LITTON PRECISION GEAR, a DIVISION OF LITTON SYSTEMS, INC., Litton Industries, Inc., The Boeing Company, a corporation, Boeing Vertol, and DOES 1 through 100, inclusive, Defendants.
**No. CV 87-8335-KN.**

Aug. 5, 1988.

ORDER RE DEFENDANTS' MOTION TO DISMISS

KENYON, District Judge.

**\*1** The Court, having received and considered Defendants' motion for dismissal of Plaintiffs' suit, and the papers related thereto, and having heard oral argument at the June 20, 1988 hearing, HEREBY GRANTS the motion. Upon consideration of the doctrine of forum non conveniens, the Court finds that there is an alternative forum in which this matter can be heard. By dismissing the action under this theory, the Court notes that it does not have to reach the issue of dismissal under Title 46 U.S.C. Section 688(b) [The Jones Act].

The doctrine of forum non conveniens is used to correct venue flaws that would impose a hardship on the Defendant. Courts have broad discretion in resisting imposition on their jurisdiction. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507 (1947). In *Piper Aircraft v. Reyno,* 454 U.S. 235 (1981), the United States Supreme Court applied the *Gulf Oil* test to a suit over a plane crash in Scotland. The Court found that Scotland was a more convenient forum when all elements of the test were balanced. Id., at 235.

The *Gulf Oil* "test" includes three general elements: the availability of an alternative forum; the private factors affecting the decision; and the public factors affecting the decision. *Gulf Oil,* 330 U.S. at 508. In assessing the availability of an alternative forum, the Court should establish that the Plaintiff will not be denied either a remedy or essential fairness. However, a court should not require qualitative equivalence between two potential forums. *Zipfel v. Halliburton Co.,* 820 F.2d 1438, 1445-46 (9th Cir.1987). Neither the imposition of Scottish law, nor the potential unavailability of certain American damage provisions precludes the dismissal of this case. In particular, the possibility that punitive damages for product liability may be unavailable under Scottish law would not be a bar to dismissal. *Jennings v. Boeing, et al.,* 660 F.Supp. 796 (E.D.Pa.1987), aff'd unpub. opin., No. 87-1391 (3rd Cir.1988).

The balance of both public and private factors weighs against Plaintiffs and in favor of dismissal of the action. The ability of the Defendants to implead third parties beyond this Court's jurisdiction would be impaired. It would be unfair to the Defendants to litigate the matter in this Court, only to have the same issues relitigated in England or Scotland. Further, the preponderance of both physical evidence and witnesses remains in the United Kingdom. Both in regard to Scotland's residual interest in "policing" such air crashes occuring within its boundaries and to judicial efficiency, the public factors weigh in favor of dismissal of this action.

The Court recognizes the importance of protecting the Plaintiffs' rights in such a dismissal action. *See Jennings,* 660 F.Supp. at 809. Consequently, the Court orders that the Defendants file a stipulation with this Court, specifying that: Defendants will

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

submit to British or Scottish jurisdiction, Defendants' intent is to not contest liability with the Plaintiffs, Defendants waive any statute of limitations defense that could impede the Plaintiffs' claim, Defendants agree to provide information relevant to establishing liability or damages, and Defendants agree to pay any final judgment of the British or Scottish courts (subject, of course, to rights of appeal).

***2** The Court finds that under the doctrine of forum non conveniens the action brought by the Plaintiffs must be dismissed. Therefore, the Court grants the Defendants' motion for dismissal on this ground.

IT IS SO ORDERED.

C.D.Cal.,1988.
Kearney by and through Kearney v. Litton Precision Gear, Div. of Litton Systems, Inc.
Not Reported in F.Supp., 1988 WL 236112 (C.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.