

C

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
AUTODESK, INC, Plaintiff,
v.
RK MACE ENGINEERING, INC, Defendant.
No. C-03-5128 VRW.

March 11, 2004.

Julie E. Hofer, Eric W. Doney, Lawrence K. Rock-well, Donahue Gallagher Woods LLP, Oakland, CA, for Plaintiff.

Gabrielle B. Handler, Shook, Hardy, & Bacon LLP, San Francisco, CA, for Defendant.

ORDER

WALKER, J.

*1 Defendant RK Mace Engineering, Inc moves the court for dismissal of plaintiff Autodesk, Inc's copyright infringement action on two grounds: (1) lack of subject matter jurisdiction under FRCP 12(b)(2); and (2) improper venue under FRCP 12(b)(3). Because the court finds these matters suitable for determination without oral argument, the hearing scheduled for March 11, 2004, is VACATED. See Civ LR 7-1(b). For the following reasons, defendant's motion to dismiss (Doc # 6) is DENIED in its entirety.

I

Plaintiff Autodesk, Inc is a Delaware corporation whose worldwide and American headquarters is in San Rafael, California. Compl (Doc # 1) at 2 ¶ 1; Decl Gabrielle B Handler (G Handler Decl; Doc # 15) at 1-2 ¶ 2, Exh A. Plaintiff develops and markets computer software programs, which requires a

"substantial investment of time, effort and expense in the design, testing, manufacturing and marketing * * * " of that software. Compl at 3 ¶ 7. Plaintiff alleges that it has complied with the Copyright Act, 17 USC § 101, et seq, to secure exclusive rights and privileges in several of its products, including AutoCAD Land Development Desktop, Release 2 software and Autodesk Civil Design, Release 2 software. Decl Evan Handler (E Handler Decl; Doc # 12) at 1 ¶ 3; Compl, Exhs C, E. Those Autodesk products contain installation media, user instruction manuals and a document entitled "Read This First." E Handler Decl at 1 ¶ 7, Exhs D, E, F. The "Read This First" document states that plaintiff is the manufacturer of the products and is located in San Rafael, California. See id.In the online help documentation installed automatically with the product, a section entitled "Contact Us" lists plaintiff's headquarters in San Rafael, California. Id at 2 ¶ 9, Exh J. In the "Terms of Use" section of that same documentation, plaintiff identifies its "principal place of business" as San Rafael, California. Id at 2 ¶ 10, Exh K.

Plaintiff is concerned that its products are the subject of widespread unauthorized copying and thus maintains a piracy prevention program as part of its operations in San Rafael, California. Decl Evelyn LaHaie (LaHaie Decl; Doc # 13) at 1-2 ¶¶ 7, 9. Plaintiff's piracy prevention program investigates thousands of instances of possible illegal copying of plaintiff's products.Id at 2 ¶ 8. Evelyn LaHaie, one of plaintiff's piracy investigators, believes that the large number of reported instances of illegal copying demonstrates that such unauthorized duplication takes place on a large scale throughout the United States. Id at 2 ¶ 10.The aggregate suggested retail price for one stand-alone license for the Autodesk products at issue is $8,985. Id at 1 ¶ 5. It is reasonable to infer from this fact that plaintiff likely loses a significant amount of money as a result of such illegal copying.

Plaintiff alleges that defendant RK Mace Engineer-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

ing, Inc violated plaintiff's copyrights in some of its software products. See Compl at 4-5 ¶¶ 14-18. Defendant is a Missouri corporation with its sole and principal place of business in Lee's Summit, Missouri. Decl R Kent Mace (Mace Decl; Doc # 7) at 2 ¶ 2. Defendant is registered with the Missouri Board of Architects, Engineers and Land Surveyors and is authorized and licensed to do business only in Missouri. Id at 2 ¶¶ 2, 3. Defendant's sole shareholder and president, Mr R Kent Mace, is a Missouri resident who is a licensed professional engineer and licensed professional surveyor in the state of Missouri. Id at 2 ¶¶ 1, 6, 7. Defendant has never performed work outside the state of Missouri and specifically has never performed work in California. Id at 2 ¶¶ 8, 9. All of defendant's customers are located in Missouri, and defendant has no financial interests outside Missouri. Id at 2 ¶¶ 10, 11.

**\*2** Prior to filing suit against defendant, plaintiff contacted defendant regarding defendant's alleged illegal copying. On July 15, 2003, defendant sent plaintiff a letter, which states that "[w]e would never intentionally violate the software agreement. But, it appears that we may have violated the agreement."E Handler Decl at 1 ¶ 4, Exh B. On July 31, 2003, defendant sent plaintiff a second letter in which it reported that it had installed the software on ten computers, a number that evidently exceeds the number of licenses defendant obtained for the software. Id at 1 ¶ 5, Exh C.

Plaintiff filed the complaint in this matter on November 19, 2003. Doc # 1. On December 29, 2003, defendant filed its motion to dismiss for lack of jurisdiction and improper venue. Doc # 6. The motion was originally noticed for February 26, 2004, but the clerk continued the motion hearing to March 11, 2004. Doc # 10. On February 19, 2004, plaintiff filed its opposition to the motion to dismiss. Doc # 11. Defendant filed a reply memorandum on February 26, 2004. Doc # 17.

The motion thus presents two issues: (1) whether dismissal under Rule 12(b)(2) is appropriate based on lack of personal jurisdiction; and (2) whether

dismissal is appropriate under Rule 12(b)(3) for improper venue. The court addresses each in turn.

II

A

FRCP 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. Plaintiff has the burden of establishing that the court has personal jurisdiction over defendant. *Gator.com Corp. v. LL Bean, Inc.,* 341 F.3d 1072, 1075 (9th Cir.2002); *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001) (citing *Cubbage v. Merchent,* 744 F.2d 665, 667 (9th Cir.1984), cert. denied, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985)). In assessing plaintiff's showing, the court may consider evidence presented in affidavits and other evidence procured through the discovery process. But when the court acts on the motion without holding an evidentiary hearing, plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Unocal,* 248 F.3d at 922;*AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996). When not directly controverted, plaintiff's version of the facts must be taken as true, and conflicts between the facts contained in the parties' affidavits should be resolved in favor of plaintiff. *Unocal,* 248 F.3d at 922;*AT & T,* 94 F.3d at 588.

To exercise personal jurisdiction over a nonresident defendant in a federal question case, the court must first determine that " 'a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process." ' *Unocal,* 921-22 (9th Cir2001), quoting *Go-Video, Inc. v. Akai Electric Co., Ltd.,* 885 F.2d 1406, 1413 (9th Cir.1989). This means that the court may exercise personal jurisdiction over a party when such jurisdiction comports with the law of the state in which the court sits and when such jurisdiction comports with the requirements of due process. *See Lee*

*v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001); *Alexander,* 939 F.2d at 850; see *Unocal,* 248 F.3d at 922. California law permits the court to exercise personal jurisdiction over a party on any basis not inconsistent with the constitutions of California or the United States. Cal Code Civ Proc § 410.10. Thus, California law permits the court to exercise jurisdiction "to the full extent permitted by due process." *Gator.com,* 341 F.3d at 1076 (internal quotations and citation omitted). Due process requires that defendant have certain minimum contacts with the forum state so that maintenance of the suit will not offend "traditional conceptions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Defendant's "conduct and connection with the forum state" must be such that defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

*3 Personal jurisdiction may be either general or specific. General jurisdiction exists if "there are substantial or continuous and systematic contacts with the forum state, even if the cause of action is unrelated to those contacts." *Gator.com,* 341 F.3d at 1076 (internal quotations and citation omitted). The standard for establishing such general jurisdiction is " ' fairly high." ' Id, quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Even if such substantial and continuous contacts exist, the court must also determine that the exercise of jurisdiction is reasonable. *Gator.com,* 341 F.3d at 1077; see *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1125 (9th Cir.2002).

In the absence of general jurisdiction, plaintiff may assert personal jurisdiction over defendant by proving specific jurisdiction. Under this test, plaintiff need not establish substantial and continuous contacts with the forum state-rather, plaintiff need only establish that defendant had *some* contact with the forum state. See *Unocal,* 248 F.3d at 923. The crit-

ical question for specific personal jurisdiction is " 'whether the cause of action arises out of or has a substantial connection with that [contact]." ' *Unocal,* 248 F.3d at 923, quoting *Hanson v. Denckla,* 357 U.S. 235, 250-53, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As with general jurisdiction, the court must also determine that the exercise of jurisdiction is reasonable. *Glencore,* 284 F.3d at 1125;*Alexander,* 939 F.2d at 850.

B

In its motion to dismiss, defendant contends that it is not amenable to either general or specific jurisdiction due to its lack of physical presence in California and lack of significant forum-related activities. Mot Dism (Doc # 6) at 3:11-5:7. Given that the extent of defendant's contacts with California appears to be its use and alleged copying of a California-based company's software, it is reasonable to assume that defendant lacks the kind of substantial and continuous contacts necessary to sustain a finding of general jurisdiction. See *Gator.com,* 341 F.3d at 1076.

Rather than contest the general jurisdictional issue, plaintiff instead contends that specific jurisdiction is proper over defendant in this case. See Opp Mot Dism (Doc # 11) at 4:15-7:25. The Ninth Circuit has developed a three-factor test in evaluating specific jurisdiction: (1) whether defendant has purposefully availed himself of the privileges of conducting activity in the forum; (2) whether the claim arises out of or results from defendant's forum-related activities; and (3) whether the exercise of jurisdiction is reasonable. *Glencore,* 284 F.3d at 1123; *Unocal,* 248 F.3d at 923; *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, (9th Cir.1986).

1

With respect to the first requirement, the court must engage in a " 'qualitative evaluation of the defendant's conduct with the forum state." ' *Core-Vent*

*Corp. v. Nobel Industries, AB,* 11 F.3d 1482, 1485 (9th Cir.1993), quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987). This purposeful availment inquiry "ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l LP v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998)(*Panavision II* ), quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

**\*4** Although defendant does not appear to be physically present in California, plaintiff nevertheless contends that the purposeful availment requirement is met based on the "effects" doctrine. " '[W]ithin the rubric of "purposeful availment" the [Supreme] Court has allowed the exercise of jurisdiction over a defendant whose only conduct with the forum state is the "purposeful direction" of a *foreign* act having *effect* in the forum state." *Core-Vent,* 11 F.3d at 1485 (emphasis in original), quoting *Haisten,* 784 F.2d at 1397. The Supreme Court established the effects doctrine in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), a libel action involving the publication of an article in a magazine that had its largest circulation in the plaintiff's home state. The Ninth Circuit has interpreted *Calder* as establishing a three-part test: (1) defendant must commit an intentional act; (2) defendant must expressly aim the act at a foreign state; and (3) defendant must know the brunt of the harm is likely to be suffered in the forum state. *Core-Vent,* 11 F.3d at 1486.

In following *Calder,* the Ninth Circuit has been cautious in extending this doctrine to situations in which the defendant's contacts with the forum state are more remote than those in *Calder* and has rejected, for example, the notion that the effects doctrine applies in contract disputes. *Core-Vent,* 11 F.3d at 1486; *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 817 (9th Cir.1988). The appellate court has, however, extended the effects doctrine to certain tort actions. See *Panavision II,* 141 F.3d at 1321; *Ziegler v. Indian River County,* 64 F.3d 470, 473

(9th Cir.1995). Numerous cases both within and outside this circuit have applied the doctrine to actions for willful copyright infringement or other torts involving intellectual property. See, e g, *Panavision II,* 141 F.3d at 1322 (finding the effects doctrine applicable in the context of defendant's scheme to register plaintiff's trademarks as domain names on the Internet); *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir.1997) (holding that willful copyright infringement alone was enough to establish purposeful availment), overruled on other grounds by *Feltner v. Columbia Pictures Television,* 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998); *Dakota Industries, Inc. v. Dakota Sportswear,* 946 F.2d 1384, 1390-91 (8th Cir.1991) (utilizing effects test in context of trademark infringement); *MGM Studios, Inc. v. Grokster Ltd.,* 243 F Supp 2d 1073, 1089-90 (C.D.Cal.2003) (Wilson) (applying effects test to intentional copyright infringement claim); *Real Good Toys, Inc. v. XL Machine Ltd.,* 163 F Supp 2d 421, 424-25 (D Ver 2001) (Sessions) (applying effects test to claims for intentional copyright and trade dress infringement); *The 3DO Co v. Poptop Software, Inc,* 1998 U.S. Dist LEXIS 21281, *9-*10 (ND Cal) (Conti) (finding test applicable to claim for misappropriation of trade secrets).

**\*5** Plaintiff alleges that defendant willfully infringed its copyrights. Plaintiff also presents evidence that defendant has admitted infringement of the copyrights and that defendant was in possession of sufficient information that it knew or should have known that the copyrights belonged to a corporation with its primary place of business in California. Opp Mot Dism at 6:14-7:25. Defendant counters that there are not enough facts before the court to establish that it willfully infringed the copyrights or to establish that it knew the effects of any infringement would be felt in California. Reply Mot Dism (Doc # 17) at 3:14-6:11. Although defendant's only entry into California is through this alleged willful infringement, the court agrees with plaintiff that purposeful availment is satisfied for

several reasons.

As a preliminary matter, a number of courts have found that willful infringement of intellectual property is sufficient to meet the requirements of the effects test. It is true that, in some of those cases, the defendant has been found actually to have committed the tort of willful infringement. See *Columbia Pictures,* 106 F.3d at 289. Additionally, some district courts have noted that proof of intentional infringement is not enough without some finding that the intentional conduct was directed toward a plaintiff whom the defendant knew to reside in the forum state. *MGM,* 243 F Supp 2d at 1089. But several district courts, including one from this district, have found plaintiff's allegations of willful infringement alone to be sufficient. *Real Good Toys,* 163 F Supp 2d at 424-25;*3DO,* 1998 U.S. Dist LEXIS 21281 at *10; *Panavision Int'l v. Toeppen,* 938 F.Supp. 616, 621-22 (C.D.Cal.1996) (Pregerson) (*Panavision I* ),aff'd by *Panavision II,* 141 F.3d at 1316. Such a finding would necessarily rest on an assumption that plaintiff's allegations regarding defendant's actions must be assumed to be true. See *Real Good Toys,* 163 F Supp 2d at 424. This assumption seems somewhat at odds with the requirement that plaintiff make a prima facie showing that personal jurisdiction is proper, but it is nevertheless significant to note that several courts have concluded that such allegations are enough.

But the court need not resolve the question whether simple allegations of willful infringement are enough for purposeful availment. To the extent that something more than bare allegations of an intentional tort is required, plaintiff has also presented enough evidence to make a prima facie showing that the effects test is satisfied. First, plaintiff presents adequate evidence that defendant's actions with respect to the software were intentional. Plaintiff presents two letters in which defendant admits that it believes it may have infringed the copyrights and that it made more copies of the software than it was authorized to do. Plaintiff also presents proof that the software was accompanied by a li-

cense agreement that defendant should have read. Although defendant points out that one of the letters states that defendant was "under the impression [the software] were all part of a package for [its] company's use," the court must resolve conflicts in the evidence in favor of plaintiff. *Unocal,* 248 F.3d at 922. For purposes of the showing required to prove personal jurisdiction, plaintiff's evidence of an intentional act is sufficient.

**\*6** Second, plaintiff has presented adequate evidence that defendant's infringing act was expressly aimed at California. Although plaintiff bought its software in Missouri, the software was accompanied by several documents that show that plaintiff's primary place of business is located in San Rafael, California. Based on these notices, defendant should have known that plaintiff is headquartered in northern California. Furthermore, a large portion of the software industry is centered in northern California, a fact of which defendant reasonably should have been aware. Taken together, these two facts demonstrate that defendant's allegedly infringing activities are directed at California in "more than a random, fortuitous, or attenuated way." *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 625 (4th Cir.1997). Thus, those facts are enough to conclude, at least for jurisdictional purposes, that defendant expressly aimed its copying activity toward California. See *Panavision II,* 141 F.3d at 1322 (noting that defendant likely knew his infringing conduct would harm plaintiff, a motion picture company, since the motion picture industry is primarily located in California); *MGM,* 243 F Supp 2d at 1089-90 (finding that defendant should have known that most of the music and video copyrights it infringed were owned by California-based companies).

Third, plaintiff has presented adequate evidence that the brunt of the harm caused by defendant's alleged infringement was suffered in California. As plaintiff points out, courts often presume irreparable injury upon a prima facie showing of copyright infringement. See, e g, *Country Kids 'n City Slicks,*

*Inc. v. Sheen,* 77 F.3d 1280, 1288 (10th Cir.1996); *Universal City Studios, Inc. v. Film Ventures Int'l, Inc.,* 543 F.Supp. 1134, 1139 (C.D.Cal.1982). Defendant's admission that it copied plaintiff's software without permission is thus sufficient for jurisdictional purposes to show that plaintiff has likely suffered substantial harm. Because defendant should have known that plaintiff's business is located in California, defendant should have known that any harm caused by such copying would likely be felt in California. Defendant argues that "a corporation does not suffer harm in a particular geographic location in the same sense that an individual does."Reply Mot Dism at 5:24-25 (citing *Core-Vent,* 11 F.3d at 1486). But as *Core-Vent* itself notes, there is a significant difference between the minimal harm felt at a corporation's place of incorporation and the more pronounced harm felt at a corporation's principal place of business. See 11 F.3d at 1487. Further, several courts in this circuit have been willing to assume that, when a corporation's copyright is infringed, the corporation suffers harm in its primary place of business. See, e g, *Panavision II,* 141 F.3d at 1321; *MGM,* 243 F Supp 2d at 1089-90. Defendant also argues that plaintiff has numerous offices throughout the world and that it is therefore not evident that the harm from copyright infringement would be suffered in California. Reply Mot Dism at 5:15-23. But even defendant's evidence of this fact-a printout of plaintiff's website, listing plaintiff's various offices-describes San Rafael, California as the location of plaintiff's worldwide headquarters and supports the view that the harm from infringement would be suffered primarily in California.

**\*7** Accordingly, the court concludes that plaintiff has met its burden under the effects test and that the purposeful availment requirement has been met.

2

Next, plaintiff must prove that the claim it asserts in this litigation arises out of defendant's forum-related activities. *Glencore,* 284 F.3d at 1123; *Panav-*

*ision II,* 141 F.3d at 1322. This inquiry requires that plaintiff establish that its injury would not have occurred "but for" defendant's conduct directed toward plaintiff in California. *Glencore,* 284 F.3d at 1123; *Panavision II,* 141 F.3d at 1322. In the case at bar, this requirement is easily satisfied. Defendant's allegedly unauthorized copying of plaintiff's software caused plaintiff injury in California, and this particular injury would not have occurred "but for" defendant's allegedly infringing conduct.

3

The final step in the specific jurisdictional inquiry is whether the exercise of jurisdiction is reasonable. *Gator.com,* 341 F.3d at 1077; see *Glencore,* 284 F.3d at 1125. When defendant has been shown purposefully to have directed its activities toward the forum state, " 'there is a *presumption of reasonableness* * * * [that] the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable." ' *Columbia Pictures,* 106 F.3d at 289, quoting *Haisten,* 784 F.2d at 1397. While there is no precise or mechanical method to determine whether the exercise of jurisdiction is reasonable, the Ninth Circuit has instructed that the district court assess the following factors:

1. The extent of defendant's purposeful interjection into the forum state's affairs;

2. The burden on defendant of litigating in the forum;

3. The extent of conflict with the sovereignty of defendant's home state;

4. The forum state's interest in adjudicating the dispute;

5. The most efficient judicial resolution of the controversy;

6. The importance of the forum to plaintiff's interest in convenient and fair relief; and

7. The existence of an alternate forum.

*Glencore,* 284 F.3d at 1125; see also *Olsen v. Gov't of Mexico,* 729 F3d 641, 649-51 (9th Cir1984).

In considering the first factor, which is the extent of defendant's purposeful interjection into California, the court must examine the significance and degree of defendant's purposeful availment of the privileges of California law. *Ziegler,* 64 F.3d at 475. The court's determination that defendant has purposefully directed its activities toward California is sufficient to resolve this factor in favor of jurisdiction. *Haisten,* 784 F.2d at 1400-01; *MGM,* 243 F Supp 2d at 1092.

In connection with the second factor, the burden on defendant in litigating in California, defendant argues that it is a small company with no contacts in California. While it is true that these facts cut against jurisdiction, it is also true that " 'modern advances in communications and transportation" ' have significantly reduced the burden of litigating outside one's home state. *MGM,* 243 F Supp 2d at 1093, quoting *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1198-99 (9th Cir.1991); see also *Panavision II,* 141 F.3d at 1323. This is especially true given that defendant is a resident of the United States, as opposed to a resident of a foreign country. This factor thus presents a weak basis for declining jurisdiction.

*8 The third factor is the potential for conflicts with the sovereignty of another state. Unlike a situation in which the defendant is from a foreign nation, the sovereignty barrier is not particularly high when the defendant is merely from another state. Cf *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 851 (9th Cir.1993). Forcing a Missouri resident such as defendant to litigate in California, especially on a federal claim, poses little threat to Missouri's sovereignty. See *Panavision II,* 141 F.3d at 1323 (noting that "the federal analysis would be the same in either Illinois or California").

With respect to the fourth factor, "California main-

tains a strong interest in providing an effective means of redress for its residents who are tortuously injured." *Core-Vent,* 11 F.3d at 1489. Because plaintiff's primary place of business is in California, California has a strong interest in providing redress for the injuries plaintiff has suffered as a result of defendant's alleged willful copyright infringement.

The fifth factor, which is judicial efficiency, requires the court to evaluate where the witnesses and evidence are likely to be located. See *Core-Vent,* 11 F.3d at 1489. The court may also compare the relative efficiency of alternative forums. It is likely that witnesses and evidence will be located both in California and Missouri, given that witnesses and evidence regarding plaintiff's software and defendant's copying activities are likely relevant to resolving this case. This factor is therefore neutral and favors neither side.

The sixth factor is convenient and effective relief for plaintiff. California is a convenient forum for plaintiff, since plaintiff's principal place of business is located here. And given the frequency with which California courts are faced with intellectual property claims involving software, California is certainly well-suited to providing plaintiff with appropriate relief for its injuries, should such relief be warranted. Moreover, plaintiff has presented evidence that, because it is faced with widespread infringement of its software products, litigating outside California and in all the states in which the alleged infringers live would be highly inconvenient. This factor thus strongly favors jurisdiction.

The final factor regarding the existence of an alternative forum also fails to cut in plaintiffs' favor. Plaintiff bears the burden of proving the unavailability of an alternative forum. *Core-Vent,* 1 F3d at 853; see *Panavision II,* 141 F.3d at 1324. Plaintiff has not demonstrated the unavailability of an alternative forum, such as defendant's home state of Missouri. Indeed, it is unlikely that plaintiff could demonstrate Missouri's unavailability, since the same federal copyright statute applies in Missouri

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

as applies in California. Plaintiff's failure to meet this factor, however, would be significant only if other factors weighed against jurisdiction. *MGM, 243 F Supp 2d at 1094* (citing, for example, *Corporate Inv. Business Brokers v. Melcher, 824 F.2d 786, 791 (9th Cir.1987).* Given that none of the other factors tilt significantly in defendant's favor, the availability of Missouri is not of much consequence in this case.

**\*9** In sum, the court finds that defendant has failed to make a compelling showing that jurisdiction would not be reasonable in this case. Accordingly, the court concludes that personal jurisdiction over defendant is appropriate and reasonable and thus DENIES defendant's motion to dismiss pursuant to Rule 12(b)(2) (Doc # 6).

### III

Defendant also argues that venue is improper in this district and that the case should therefore be dismissed pursuant to Rule 12(b)(3). The copyright venue provision specifies that an action may only be brought in a district in which "the defendant or his agent resides or may be found."28 USC § 1400(a). Defendant bases its improper venue argument on two grounds: (1) defendant can only be considered a resident of Missouri, the state of its incorporation; and (2) defendant cannot be "found" in the Northern District of California because it is not amenable to personal jurisdiction here. Mot Dism at 5:9-20; Reply Mot Dism at 7:19-24.

The copyright venue provision should be read in light of the general venue statute, which provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."28 USC § 1391(c). The Federal Circuit has determined that the patent venue provision (which is a subsection of the same statute as the copyright venue provision) should be read in light of the general venue statute because the general venue statute applies to the title and chapter en-

compassing the patent venue provision. *VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1580 (Fed.Cir.1990).* As the copyright venue provision is also a part of that same title and chapter, § 1391(c) applies to the copyright provision as well. This means that venue is proper in any district in which there is personal jurisdiction over the defendant. *VE Holding, 917 F.2d at 1583;* see *MGM, 243 F Supp 2d at 1095* (applying § 1391(c) in a copyright infringement case).

Under §§ 1391(c) and 1400(a), therefore, venue is proper in this case. The court has determined above that personal jurisdiction over defendant is proper in California. Further, the basis for personal jurisdiction is the effects of defendant's actions on plaintiff in San Rafael, California-a city located within this district. The court thus has determined that defendant's allegedly infringing actions were purposefully directed toward a resident of this district and that the effects of such actions were primarily felt in this district. Accordingly, venue in this district is proper, and the court must DENY defendant's Rule 12(b)(3) motion to dismiss as well.

### IV

For the foregoing reasons, the court DENIES defendant's motion to dismiss for lack of personal jurisdiction and improper venue (Doc # 6). The court also VACATES the March 11, 2004, hearing on these motions.

IT IS SO ORDERED.

N.D.Cal.,2004.
Autodesk, Inc. v. RK Mace Engineering, Inc.
Not Reported in F.Supp.2d, 2004 WL 603382 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.