I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

THOMAS J. GRAY (STATE BAR NO. 191411)
tgray@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza
Suite 1600
Irvine, CA 92614-2558
Telephone: +1-949-567-6700
Facsimile: 949-567 6710

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, DENNIS BEMMANN, MICHAEL BREHM, AND DOES 1-25, <br><br> Defendants. | Case No. 5:08-cv-03468 JF <br><br> Assigned To: Hon. Jeremy Fogel <br><br> **DECLARATION OF DR. KATHARINA SCHEJA IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS'** *FORUM NON CONVENIENS* **MOTION TO DISMISS** |

OHS West:260639319.2

I, Dr. Katharina Scheja, declare as follows:

1. I am an attorney and partner with the law firm of Heymann & Partner Rechtsanwalte, Taunusanlage 1, Frankfurt, Germany 60329, German counsel for Facebook, Inc. I make this declaration in support of Facebook's Opposition to Defendants' *forum non conveniens* motion pending before this Court, as well as in response to the Declaration of Dr. Anton G. Maurer filed in Support of StudiVZ's *Partial* Opposition to Facebook's Motion to Stay Hearing of Motions to Dismiss. Except as set forth herein, I have personal knowledge of the facts stated herein and if called as a witness, could and would competently testify thereto. With regard to my professional status, I refer to my earlier declaration. See Docket No. 125. With regard to my reputation and ranking in the legal community, I believe this to be equally as strong as Dr. Maurer's – I refer to international and national directories where I am regularly ranked as one of the pre-eminent German IT lawyers and litigators (see under more e.g. in Chambers Global for Germany).

2. In the second paragraph of his declaration Dr. Maurer states that it was not true that the German action pending at the *Landgericht Cologne* (District Court of Cologne) was a creature of StudiVZ's making and a direct response to StudiVZ's filing of a declaratory judgment at the *Landgericht Stuttgart*. See Docket No. 130. To support this declaration in the fourth paragraph Dr. Maurer states that the U.S. complaint of Facebook and the claims filed by StudiVZ in Stuttgart had different motions but the same basic substantive issues. This is not accurate. The Stuttgart and Cologne proceedings include (i) source code theft allegation, (ii) (German) trademark 30663271.3 issues and (iii) design model claims. These claims are very different than the computer trespass and other claims filed in the U.S. case.

3. Also with respect to the Defendants, the U.S. proceedings are broader in scope than in the German proceedings. Specifically, the parties of the German proceedings in Stuttgart and Cologne are only Facebook Inc. and StudiVZ Ltd.. Neither Mr. Bemmann nor Mr. Brehm nor any other Holtzbrinck company except for StudiVZ is Defendant in the German proceedings. Again this constitutes a significant difference in the underlying facts and scope of the matters.

4. In the fifth paragraph of his declaration Dr. Maurer states that I declared that

Facebook "had" to start a new trial in response to the declaratory relief action brought in by StudiVZ. This is not accurate either and is a misleading presentation of my declaration. In paragraphs four and five of my previous declaration, I stated that to bring in a main writ in response to a declaratory relief action is <u>one option</u> for the defendant of a declaratory relief writ. *See* Docket No. 125. Under German law the defendant of such declaratory relief writ can either respond to the declaratory writ (which was done) and bring in his counter claims before the court of the declaratory writ or – if another forum is deemed fit – submit to another competent court. Facebook – legitimately – made use of this discretion. The fact that the main writ in Cologne was brought in response to StudiVZ's declaratory writ is proven by the identity of claims, which StudiVZ triggered in its declaratory writ and which Facebook then dealt with in Cologne but had not (earlier) brought into the U.S. writ filed on July 18th, 2008.

5. As regards the scope of a judgment in the German proceedings jurisdiction of a German court is limited to <u>the territory of the Federal Republic of Germany</u>. This results from the principle of territory *(Territorialprinzip)* applied to all intellectual property rights and unfair competition law under German law. Accordingly, a German court will only order injunctive relief or remuneration for violation of intellectual property rights to the extent of the violation as occurred <u>in Germany</u> *(see Federal Supreme Court (BGH) GRUR 1994, 799; BGH NJW 2004, 1674; Piper/Ohly, Introduction A. ref. 79; Wandtke/Bullinger Introduction § 120 seq. UrhG, ref. 5; Schricker, Introduction § 120 UrhG, ref. 129)*. The sovereignty of other countries and different requirements for application and violation of intellectual property rights has to be respected by German courts which also shall not be burdened to evaluate the laws of other countries *(see Katzenberger, GRUR int. 1992, 571)*.

6. Accordingly an object can be protected in one country and unprotected in another country. German courts may not expand their jurisdiction to other countries to prohibit use of such object in a country where no protection under intellectual property laws is provided for *(Katzenberger, GRUR int. 1992, 585)*. Therefore, an injunction or an order to pay damages in the German proceedings would only cover violations <u>that incur or have incurred in Germany.</u> However, such judgment would not cover StudiVZ's approach towards U.S. citizens via e.g.

"meinVZ" (Defendants' English website) that infringe on Facebook's United States intellectual property rights. The result is that the German litigation will not settle the questions for injunctive relief and damage claims for violations committed in the United States.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of April, in Egypt.

_____
Dr. Katharina Scheja

OHS West:260639319.2

- 3 -

DECLARATION OF DR. KATHARINA SCHEJA IN SUPPORT OF FACEBOOK'S OPPOSITION TO DEFENDANTS' *FORUM NON CONVENIENS* MOTION TO DISMISS
Case No. 5:08-cv-03468

# **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 6, 2009.

Dated: April 6, 2009                                  Respectfully submitted,

                                                        /s/ Thomas J. Gray /s/
                                                          Thomas J. Gray