STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
Holtzbrinck Networks GmbH and Holtzbrinck
Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>　　　　Defendants. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS FOR *FORUM NON CONVENIENS* ON BEHALF OF HOLTZBRINCK NETWORKS GmbH AND HOLTZBRINCK VENTURES GmbH**<br><br>[StudiVZ, Ltd.'s Supplemental Reply Brief, Supplemental Declarations of Dr. Anton G. Maurer and Karsten Butzke Filed Concurrently]<br><br>Date: April 17, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br><br>Complaint Filed: July 18, 2008 |

Again, in its supplemental opposition to the motions to dismiss, Facebook never uses the word "Holtzbrinck." The Holtzbrinck Defendants will not repeat the arguments in StudiVZ's Supplemental Reply, but simply incorporate them here by reference. However, some points apply to the Holtzbrinck Defendants independently, differently or with more force than to StudiVZ, and Facebook fails to answer central arguments the Holtzbrinck Defendants made in their reply. This brief addresses those points.

## I. ALL EVIDENCE RELATING TO THE HOLTZBRINCK DEFENDANTS IS IN GERMANY.

Facebook seeks to hold Holtzbrinck liable for the acts of StudiVZ. Facebook alleges (entirely on information and belief) that the Holtzbrinck Defendants orchestrated StudiVZ's allegedly wrongful conduct after becoming owners of StudiVZ. Per that theory, *all* evidence related to it will be in Germany. Facebook's own witnesses, by definition, have no personal knowledge, and Facebook will have no documents, related to that issue. Similarly, no third party witnesses that Facebook identified could have any knowledge of that issue.

## II. THERE IS NO CLAIM THAT THE HOLTZBRINCK DEFENDANTS OR THEIR EMPLOYEES DID *ANYTHING* IN CALIFORNIA OR THE UNITED STATES.

Facebook claims that California has an "interest" in this dispute because of a very tenuous, entirely speculative claim that StudiVZ's founders were in the United States and/or California in 2005 "hatching their plan" before StudiVZ existed and before any alleged injury occurred. Even assuming that creates some "local interest," which is itself an illogical stretch, it creates *no* connection with the Holtzbrinck Defendants. Facebook does not allege, on information and belief or otherwise, let alone provide any evidence, that the Holtzbrinck Defendants or their employees ever did anything in California or the United States.

## III. FACEBOOK DOES NOT DENY THAT IT SUED THE HOLTZBRINCK DEFENDANTS HERE SOLELY TO TRY TO FORCE A SALE OF STUDIVZ.

In their reply, the Holtzbrinck Defendants showed that Facebook sued them here (but not in Facebook's Cologne, Germany case) because it seeks to use this lawsuit for the improper

37106-00002/1683764.6

1

HOLTZBRINCK'S SUPPLEMENTAL BRIEF RE: *FORUM NON CONVENIENS*

purpose of forcing a sale of StudiVZ to Facebook. Facebook did not dispute that.[1]

IV. **THE CONFLICT OF LAW FACTOR WEIGHS EVEN MORE IN FAVOR OF GERMANY WITH RESPECT TO THE HOLTZBRINCK DEFENDANTS.**

Facebook's supplemental opposition simply assumes without discussion that U.S. and California law apply to its claims. Facebook does not dispute or answer the point on page 14 of the Holtzbrinck Defendants' reply that this case raises complex choice of law issues. Although this factor also weighs heavily in favor of Germany as the appropriate forum with respect to StudiVZ, it weighs even more heavily in favor of Germany with respect to the Holtzbrinck Defendants because Facebook does not allege that they did anything in or from California or the United States. The Holtzbrinck Defendants thus see no reason why anything other than German law applies.

For example, as to Facebook's state law claims, which are most of its claims, California choice of law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487 (1941). California applies the "governmental interest" test to decide each jurisdiction's interest. The jurisdiction with the greater "interest" is the jurisdiction whose law will apply. *McGhee v. Arabian American Oil Co.,* 871 F.2d 1412, 1422 (9th Cir. 1989) (applying California choice-of-law laws). There is no reasonable claim that California has a greater interest in applying its law to the issues relevant to the Holtzbrinck Defendants' alleged liability. Facebook never so argued, and never disputed this point from defendants' replies. German courts are naturally more familiar with German law, and so are better fora for disputes litigated under German law.[2]

This conflict of law issue also impacts Facebook's argument that its claims uniquely

---

[1] Also, despite its continual use of the term "copycat" website, Facebook does not dispute that its own CEO, Mark Zuckerberg, gave an interview two years ago in which he *refused* to call studiVZ Ltd.'s website a "copycat" of Facebook's website, and stated, "I think that they're *different designs* and slightly different products." http://en.sevenload.com/videos/9cMXu4Y-zuck. (emphasis added).

[2] Facebook similarly argues there is greater "local interest", in part because Facebook's claims are "novel" issues of "first impression." (Brief 4:18). Even if true, the Holtzbrinck Defendants do not see how that creates greater local interest. To the contrary, it further illustrates that there will be complicated choice of law issues because Facebook seeks to apply its legal theories to conduct that occurred entirely in Germany. Anyway, Facebook's one case, *Blue Nile, Inc. v. Ice.Com, Inc.,* 478 F.Supp.2d 1240, 1243, fn. 8 (N.D.Cal. 2007), does not support its argument. That was not even a *forum non conveniens* case. It involved a Rule 12(b)(6) motion that argued that the plaintiff's trade dress claim was preempted by the Copyright Act, and has nothing to do with the issues before the Court.

require applying only U.S. and California law, and that Germany is thus an inappropriate forum. (Brief 1:19-2:1).[3] Facebook simply concludes with no discussion that U.S. and California law apply to its claims and does not even respond to defendants' contention that it does not (or even that this requires a highly complex analysis). (Dk. 132 at 14:1-5).[4]

It must be remembered that Facebook is ultimately seeking redress for alleged competitive harm that it has suffered *in Germany*. When the German harm is removed from the analysis, the harm that remains, if any, is minimal. For that reason, California has little "governmental interest" and the public interest factor of "familiarity with governing law" will weigh heavily in favor of Germany as the only appropriate forum, all the more so for the Holtzbrinck Defendants.

## V. THE HOLTZBRINCK DEFENDANTS ARE NOT ALLEGED TO BE PARTIES TO, OR THIRD PARTY BENEFICIARIES OF, FACEBOOK'S TERMS OF USE.

StudiVZ and the Holtzbrinck Defendants previously made numerous arguments against Facebook's attempt to enforce its terms of use, most of which Facebook never even tried to answer. StudiVZ's supplemental reply responds directly to Facebook's single argument from its supplemental opposition on this issue, which the Holtzbrinck Defendants will not repeat here.

But there are additional reasons why the terms of use do not apply to the Holtzbrinck Defendants specifically. First, although Facebook alleges on information and belief that StudiVZ

---

[3] The StudiVZ supplemental reply addresses this argument in terms of whether Germany is an adequate forum, which argument is incorporated here. The instant argument by the Holtzbrinck defendants addresses the issue in the context of the public interest factor of "governing law."

[4] Also, Facebook's cases do not support its arguments. *See, e.g., Weisel Partners LLC v. BNP Paribas*, 2008 WL 3977887 at 9 (N.D. Cal. 2008) ("Since defendants have not presented evidence to rebut plaintiffs' convincing proof that delays in the Mumbai Bench would essentially provide 'no remedy at all,' the court concludes that India is an inadequate forum." India was inadequate due to "extreme delays" in Mumbai courts, where judges on average had 6,000 cases -- "more than ten times the average caseload per judge for the Northern District of California" -- and where resolution of case would take 15-20 years; unlike here, where Facebook's complaint seeks the same relief under many German statutes, defendant failed to "identif[y] any Indian law that would be analogous or comparable" to CFAA); *Bermudez & Co. v. Bermudez International*, 2000 WL 1225792 at 4, (S.D.N.Y. 2000) (unlike here, U.S.-issued trademarks and registrations in dispute; Dominican Republic inadequate because, unlike here, its courts did not have jurisdiction over all defendants, and its courts were "not able to order the redaction of the [U.S.] Trademark Register"); *Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*, 2008 WL 5412431 at 2, 6-7 (C.D. Cal. 2008) (unlike here, plaintiff filed no lawsuit in the alternative forum, defendant "made no showing whatsoever" why balancing private and public factors favored alternative forum, 60% -- 6,734 of 11,245 -- of hits on defendant's website were from U.S. users, and case concerned alleged infringement of U.S. registered trademarks and related dispute over dueling U.S. patents and U.S. trademark registration applications before the U.S. Patent and Trademark Office).

employees accessed Facebook's website, Facebook never alleges that anyone at the Holtzbrinck Defendants did. Second, although Facebook argues that its terms of use are enforceable against StudiVZ as a party and third party beneficiary, it makes no such argument about the Holtzbrinck Defendants.[5]

DATED: April 10, 2009

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s Stephen S. Smith
STEPHEN S. SMITH
Attorneys for Defendants HOLTZBRINCK NETWORKS GmbH and HOLTZBRINCK VENTURES GmbH

---

[5] Anyway, the argument has no merit. The case Facebook cites, *Gambra v. Int'l Lease Finance Corp.*, 377 F.Supp.2d 810, 822 (C.D.Cal. 2005), noted that only clauses that are "*expressly* for the benefit of a third party" may bind that third party. *Id.* (emphasis added). There is no allegation that either StudiVZ or the Holtzbrinck Defendants are express beneficiaries of the terms of use. Indeed, that is impossible as it would require alteration of the terms of use by the user. And one must assume that if StudiVZ or either Holtzbrinck Defendant were named expressly as a "user" of Facebook's website, Facebook could find proof of that by searching its own records.