STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
Networks GmbH, and Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendant. | Case No. 5:08-CV-03468 JF <br> Assigned To: Hon. Jeremy Fogel <br><br> **DECLARATION OF DR ANTON G. MAURER RE STUDIVZ'S SUPPLEMENTAL REPLIES IN SUPPORT OF MOTIONS TO DISMISS FOR *FORUM NON CONVENIENS*** <br><br> [Supplemental Reply Briefs, Declaration of Karsten Butzke Filed Concurrently] <br><br> Date: April 17, 2009 <br> Time: 9:00 a.m. <br> Place: Courtroom 3 <br><br> Complaint Filed: July 18, 2008 |

# DECLARATION OF DR. ANTON G. MAURER

I, Dr. Anton G. Maurer, declare:

1. I am an attorney at law duly licensed to practice law in Germany, and I am in good standing with my local bar, which is the bar of Stuttgart, Germany. I am a partner with CMS Hasche Sigle, the largest German law firm, and my office is located at Schoettlestrasse 8, 70597 Stuttgart, Germany. I am counsel of record for StudiVZ Ltd. in the action pending as case no. 17 O 423/08 in the *Landgericht Stuttgart* (district court Stuttgart) in Stuttgart, Germany that was brought by StudiVZ Ltd. against Facebook, Inc. (the "Stuttgart Action") and I am fully familiar with the pending action that Facebook filed against StudiVZ Ltd. with the *Landgericht Cologne* (case no. 33 O 374/08) ("Cologne Action"). I have been practicing law since 1982 and have represented German and foreign clients in corporate and commercial disputes, among others, in the *Landgericht Stuttgart* and *Oberlandesgericht Stuttgart* (Stuttgart court of appeal). From April 1984 through March 1985, I worked as a foreign lawyer with the law firm of Johnson & Swanson in Dallas, Texas. On May 17, 2009, I will graduate with an LL.M. in U.S. and Global Business Law from Suffolk University, located in Boston, Massachusetts. I am Chair of the International Committee of the International Association of Defense Counsel (IADC) since 2007. I make this declaration in support of Defendants' Supplemental Replies to Facebook's Supplemental Opposition to Defendants' Motion to Dismiss for *Forum non Conveniens* (Docket 145) and the Declaration of Dr. Katharina Scheja of April 6, 2009 (Docket 147). I am fluent in both German and English. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto under oath.

2. Dr. Scheja denies in paragraph 2 of her declaration (Docket. 147) that the Stuttgart and Cologne Actions have the same basic substantive issues and declares that the Cologne Actions is very different from the U.S. case. The declaration is incorrect. The basic substantive issues are the same; in the Cologne Action, Facebook alleges computer trespass, source code

theft, and the violation of unfair competition law, trademark law, and copyright law. Facebook formulates its prayers for relief on the grounds of ceasing and desisting/injunctions, compensation of damages, information on proceeds for a disgorgement claim, and declaration based on competition law, copyright law, and trademark law. The prayers for relief in the California action also demand ceasing and desisting/injunctions, compensation of damages, and disgorgement.

3. Dr. Scheja declares in the third paragraph of her declaration that the U.S. proceeding is broader in scope than the Cologne and Stuttgart Actions because Facebook chose to sue in Germany StudiVZ Ltd. only. However, §§ 59 and 60 of the German Code of Civil Procedure (*Zivilprozessordnung (ZPO)*) permit a plaintiff to join third parties as defendants if it can base its claims on the same or similar factual and legal reasons. Therefore, it is totally in Facebook's discretion to decide whether it wants to join Mr. Bemmann, Mr. Brehm or other parties as defendants in the Cologne Action.

4. Dr. Scheja stipulates in the fourth paragraph of her declaration that the Cologne Action and the Stuttgart Action are identical. This is not true. As declared in paragraph no. 2 above, Facebook prays the court in the Cologne Action to enjoin the defendant from engaging in certain activities, to order the defendant to compensate plaintiff for all losses suffered and to provide information of proceeds generated in order to later formulate a claim for disgorgement. In the Stuttgart Action, StudiVZ prays the court for a judgment declaring that StudiVZ did not violate any copyright, trademark, unfair competition, registered design, and contract laws.

5. Dr. Scheja declares in the fifth paragraph of her declaration that a German court will only order remuneration for violation of intellectual property rights to the extent the violation has occurred in Germany, and that German courts would not evaluate violations of the laws of other countries or award damages for harm suffered in other countries. Dr. Scheja thus concludes that a German court cannot grant Facebook the relief it seeks in its U.S. lawsuit, or award

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 Facebook damages for any harm that Facebook allegedly suffered in the U.S. This is all incorrect;
2 the German courts, including the *Landgericht Cologne*, can do so.

4 To reach that conclusion, Dr. Scheja improperly mixes four different topics: (i) the application of German law of conflicts, (ii) the application of German substantive law, (iii) German international procedural law, and (iv) the recognition and enforcement of German Judgments. She supports her contention by referring to a case of the Federal Supreme Court for Civil Law *((BGH), GRUR 1994, 799 seq.)*. This case deals solely with the question if the heirs of an artist can demand 5 percent of the sales price (§ 26 German Copyright Act *(Urheberrechtsgesetz)* in case a piece of art is sold by or with the participation of an art dealer or auctioneer not in Germany but in London (called a "following right"). The *BGH* held that the artist or his heirs can demand such 5% only if the sale is at least partially performed in Germany. She further refers to case *(BGH NJW 2004, 1674 seq.)*; but this case is inapplicable because it was decided by the German Federal Supreme Court for Criminal Law and only deals with a judgment convicting a German citizen for having violated German copyright law. Neither judgment deals with the question whether German courts can rule on remuneration for violation of foreign intellectual property rights and harm allegedly suffered overseas.

19 In contrast to Dr. Scheja's assertions, the *BGH* has held many times that German courts are competent to decide matters applying foreign substantive law if there is personal jurisdiction in Germany under German international procedural law. The jurisdiction issue is totally independent from the application of foreign substantive law. German courts have personal jurisdiction based on residence, domicile, or seat of the defendant, tort (place of action or place damage suffered), real estate location, etc. (§§ 12-37 ZPO).

26 The German Federal Supreme Court for Civil Law *(BGH)*, for example, decided a claim based on the violation of foreign copyright law filed by a Swiss plaintiff against a German defendant *(BGH, judgment of October 02, 1997, case no. I ZR 88/95, BGHZ 136, 380 seq. =*

*GRUR 1999, 152 seq;* many more judgments could be cited). The defendant was a German company; therefore, German courts had personal jurisdiction. The court of appeals of Munich *(Oberlandesgericht Munich)* had applied German copyright law. The German Supreme Court for Civil Law held that this was incorrect since foreign law (the law of the Principality of Luxembourg) was applicable and should have been applied in the case. The court also held that the courts must examine potentially applicable foreign law ex officio and referred to § 293 *ZPO* which stipulates:

> "The law which is in force in another state, customary law, and by-laws require proof only to such extent as they are unknown to the court. In the establishment of any legal norms, the court is not limited to the evidence brought forward by the parties; it is empowered to make use of other sources of knowledge and to order whatever is necessary for the purpose of such utilization." (*www.iuscomp.org/gla/literature/foreignlaw.htm*)

German courts thus must ascertain applicable foreign law *ex officio*. This case, and many other reported German case decisions, demonstrate that German courts will apply foreign law whenever (i) they have personal jurisdiction over the defendant, and (ii) when the German rules on conflict of laws require applying foreign substantive law. German judgments have effect in Germany based on the territoriality principle; German judgments, including German copyright judgments, can be enforced in a foreign country, including the United States, if the laws and courts of the foreign country permit enforcement of German judgments. *See, e.g.,* Wandtke/Bullinger – von Welser, Praxiskommentar zum Urheberrecht ("Practice Commentary on Copyright Law"), 3rd Ed., Munich 2009, Vor §§ 120 seq. UrhG, marginal numbers 2, 4, 6, and 7, pp. 1787 - 1789. German commentaries also confirm that German courts can apply foreign, including U.S., copyright law if the German courts have personal jurisdiction over the defendant. *Id.*, marginal numbers 26 and 32, pp. 1796 - 1800; Schricker - Katzenberger, Urheberrecht („Copyright Law"), 3rd Ed., Munich 2006, Vor §§ 120 seq., marginal number 145, p. 2131).

6. Dr. Scheja declares in paragraph 6 that "an order to pay damages in German proceedings would cover only violations that incur or have incurred in Germany". The declaration is incorrect; such an order can also include damages suffered outside of Germany, whether in the U.S. or elsewhere. Dr. Scheja refers in her declaration in sentences 1 and 2 to a legal opinion of Mr. Katzenberger; but this legal opinion is related to the rights of an artist or his heirs to 5% of sales proceeds if a specific piece of art were sold abroad by or with participation of an art dealer or an auctioneer (see paragraph no. 5 above). The legal opinion does not relate to the violation of copyrights because the art sale did not violate a copyright; instead, the sale created a participation right in the sale of the piece of art. The legal opinion says that German law on the "following right" of the artist or his heirs in case of a sale of a piece of art by or with participation of an art dealer or an auctioneer is not applicable if the transactions happens abroad. The conclusion of Dr. Scheja in sentence 3 *(German courts may not expand jurisdiction under § 26 UrhG to sales of art in England; "therefore, an injunction or an order to pay damages in the German proceedings would only cover violations that incur or have incurred in Germany")* that this opinion can be stretched to encompass the violation of domestic or foreign copyright laws is inconsistent with the BGH's opinion in that case, and is also not based on or supported by the treatise of Dr. Katzenberger. In fact, the opposite is true (see: Schricker - Katzenberger, Urheberrecht, 3rd Ed., Munich 2006, Vor §§ 120 seq., marginal number 131, p. 2125: violations of foreign copyrights have to be decided by applying the relevant foreign laws).

7. Section I.B. of Facebook's Supplemental Opposition states that Facebook would be burdened by litigating in Germany because Facebook would have to translate documents from English into German. That statement is incorrect for two reasons: (i) Facebook filed, and has vigorously pursued, a lengthy and comprehensive lawsuit in the *Landgericht Cologne* against StudiVZ; therefore, Facebook accepted the alleged burden it now complains about; and (ii) Facebook submitted to the *Landgericht Cologne*, among other things, the following exhibits solely in English and without German translations: exhibits K 1 (including Facebook's Privacy Policy and Terms of Use), K 11 (private expert report of Assistant Professor Clifford Lampe (49

pages long)), and K 17 (letter of Orrick law firm to Holtzbrinck of July 09, 2008). I have attended several trials where German courts accepted into evidence and considered English documents without translation, or where the German judges took the testimony of English speaking witnesses in English and without translation into German if the parties did not object to it; this practice is not uncommon in Germany nowadays.

I declare under the penalty of perjury of the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed this 9th day of April, 2009, at Stuttgart, Germany.

Dr. Anton G. Maurer