# EXHIBIT B

Dockets.Justia.com



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1·650·614·7400
fax +1·650·614·7401

WWW.ORRICK.COM

May 7, 2009

Julio C. Avalos
(650) 289·7184
javalos@orrick.com

**VIA HAND DELIVERY**

Registered Agent:
Intetics Co.
Boris L. Kontsevoie
809 Ridge Rd. 205
Wilmette, IL 60091

Re:  <u>*Facebook, Inc. v. StudiVZ Ltd., et al.*, 08-cv-03468 (JF)</u>, United States District Court For The Northern District of California, San Jose Division

Dear Sir/Madam:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation. Enclosed, please find (i) a Subpoena compelling the production of documents by May 22, 2009 and (ii) attached Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to facilitate the prompt production of the documents at issue. Please feel free to contact me at your earliest convenience regarding this Subpoena.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF   ILLINOIS

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Intetics Co.
309 Ridge Road, Suite 205
Wilmette, IL 60091

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Jensen Reporting<br>205 West Randolph Street, 5th Floor, Chicago, Illinois  60606 | DATE AND TIME<br>May 22, 2009 |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  _Attorney For Plaintiff (Facebook)_ | DATE<br>May 8, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

**State of Illinois**

General No.: 508CV03468

**County of USDC CHICAGO**

### AFFIDAVIT OF SERVICE

HEIDI BERNA deposes and says that he/she is a licensed or registered employee of a Private Detective Agency, licensed by the Illinois Department of Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735, Code of Civil Procedure Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause, and that the defendant was served in the following manner:

On 5/12/2009 at 1:28:00 PM by leaving a true and correct copy of the attached SUBPOENA with Intetics Co. as shown below:

Served the wihin named Intetics Co. by delivering a true and correct copy of the SUBPOENA , to Irina Kontsevoie a person authorized to accept service of process as agent.

Said service was effected at 809 Ridge Rd., #205, Wilmette, IL 60091

Description of Person Served Sex:     Height:     Weight:     Race:     Age:

Additional or Other Information:

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

5-12-09
Dated

Heidi Berna
117-000192

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you," "yours" and "Intetics" shall mean Intetics Co. and/or anyone purporting to act on its behalf, including, but not limited to, its agents, employees and/or contractors.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries,

slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively

so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

   a. the name of the person who wrote, sent, or initiated each copy of the document;

   b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

   c. the date of each copy of the document, if any, or an estimate of its date;

   d. a statement of the basis for the claim of privilege; and

   e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ or the StudiVZ websites.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ.

4. All documents relating to Facebook or the Facebook websites.

5. All documents relating to similarities between the Facebook website and the StudiVZ websites.

6. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, whether currently or previously so employed.

7. All documents relating to the commercial relationship between you, StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Verlagsgruppe Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

8. All documents sufficient to establish the nature of the work performed by you for and/or

on behalf of StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

9. All documents evidencing instructions from StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites regarding the nature of the work performed by you for or on the behalf of those persons or entities.



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

May 8, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

*VIA HAND DELIVERY*

Registered Agent:
Shoeboxed.com
Incorporating Services, Ltd.
3500 South Dupont Highway
Dover, DE 19901

Shoeboxed.com
212 W. Main Street, Suite 104
Durham, NC  27701

Re:   Facebook, Inc. v. StudiVZ Ltd., et al., 08-cv-03468 (JF), United States District Court For
      The Northern District of California, San Jose Division

Dear Sir/Madam:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation.  Enclosed,
please find (i) a Subpoena compelling the production of documents by May 22, 2009 and (ii)
attached Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to
facilitate the prompt production of the documents at issue.  Please feel free to contact me at your
earliest convenience regarding this Subpoena.

Very truly yours,

*[signature]*

Julio C. Avalos, Esq.

Enclosures

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Shoeboxed.com
212 W. Main Street, Suite 104
Durham, NC 27701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Huseby & Associates | DATE AND TIME |
|---|---|
| 3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina 27612 | May 22, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney For Plaintiff (Facebook) | DATE   May 8, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

Civil Action No.

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

This subpoena for *(name of individual and title, if any)* SHOEBOXED.COM

was received by me on *(date)* 5/11/09

    ☐ I personally served the subpoena on the individual at *(place)*

_____ on *(date)* _____, or

    ☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there, on

*(date)* _____, and mailed a copy to the individual's last known address; or

    ☒ I served the subpoena on *(name of individual)* SALLY FOULKERSON _____, who is

designated by law to accept service of process on behalf of *(name of organization)* SHOEBOXED.COM

C/O INCORPORATING SERVICES 3500 S. DUPONT HWY DOVER, DE     on *(date)* 5/11/09 _____, or

    ☐ I returned the subpoena unexecuted because _____, or

_____ ☐ Other *(specify):* _____ ACCEPTED BY: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered

to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____

_____

My fees are $ -0- _____ for travel and $ 75.00 _____ for services, or a total of $ 75.00

I declare under penalty of perjury that this information is true.

Date: 5/11/09 _____

                        *Server's signature*

            GRANVILLE MORRIS

            *Printed name and title*

        **BRANDYWINE PROCESS SERVERS, LTD**
        **PO BOX 1360 WILMINGTON, DE 19899**
          *Server's address*

Additional information regarding attempted service, etc.:

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you" and "yours" shall mean Shoeboxed, Inc. and/or anyone purporting to act on its behalf, including, but not limited to, its agents, employees and/or contractors.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries,

slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively

so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

   a. the name of the person who wrote, sent, or initiated each copy of the document;

   b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

   c. the date of each copy of the document, if any, or an estimate of its date;

   d. a statement of the basis for the claim of privilege; and

   e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ.

4. All documents relating to Facebook.

5. All documents relating to your internship and/or employ at StudiVZ.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

8. All documents relating to the commercial relationship between you, StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Verlagsgruppe Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or

the StudiVZ websites.

9. All documents sufficient to establish the nature of the work performed by you for and/or on behalf of StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

10. All documents sufficient to establish the identity and contact information of StudiVZ interns or employees, former or otherwise, who currently reside, at least in part, in the United States.



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

May 8, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

***VIA HAND DELIVERY***

Registered Agent:
Spreadshirt, Inc.
The Incorporators Ltd.
2979 Barley Mill Road
Yorklyn, DE 19736

Spreadshirt, Inc.
1572 Roseytown Road
Greensburg, PA 15601

Re:  <u>Facebook, Inc. v. StudiVZ Ltd., et al., 08-cv-03468 (JF), United States District Court For The Northern District of California, San Jose Division</u>

Dear Sir/Madam:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation.  Enclosed, please find (i) a Subpoena compelling the production of documents by May 22, 2009 and (ii) attached Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to facilitate the prompt production of the documents at issue.  Please feel free to contact me at your earliest convenience regarding this Subpoena.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN   DISTRICT OF   PENNSYLVANIA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Spreadshirt, Inc.
1572 Roseytown Road
Greensburg, PA 15601

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   AKF Reporting<br>436 Boulevard of the Allies, Pittsburgh, Pennsylvania  15219 | DATE AND TIME<br>May 22, 2009 |
| --- | --- |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_[signature]_   Attorneys for Plaintiff (Facebook) | DATE<br>May 8, 2009 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

Civil Action No.

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* SPREADSHIRT, INC _____

was received by me on *(date)* 5/11/09 _____

    ☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____, or

    ☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there, on

*(date)* _____, and mailed a copy to the individual's last known address; or

    ☒ I served the subpoena on *(name of individual)* KATHLY HUNDLEY _____, who is

designated by law to accept service of process on behalf of *(name of organization)* SPREADSHIRT, INC _____

C/O THE INCORPORATORS 2979 BARLEY MILL RD. YORKLYN, DE _____ on *(date)* 5/11/09 _____, or

    ☐ I returned the subpoena unexecuted because _____, or

_____ ☐ Other *(specify):* _____ ACCEPTED BY: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered

to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____

_____

My fees are $ -0- for travel and $ 75.00 for services, or a total of $ 75.00

I declare under penalty of perjury that this information is true.

Date: 5/11/09 _____      _____

                         *Server's signature*

           KEVIN S. DUNN _____

                     *Printed name and title*

           **BRANDYWINE PROCESS SERVERS, LTD**
           **PO BOX 1360  WILMINGTON, DE 19899**
                     *Server's address*

Additional information regarding attempted service, etc.:

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you," "yours" and "Spreadshirt" shall mean Spreadshirt Inc. and/or anyone purporting to act on its behalf, including, but not limited to, its agents, employees and/or contractors.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or

listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries, slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

   a. the name of the person who wrote, sent, or initiated each copy of the document;

   b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

   c. the date of each copy of the document, if any, or an estimate of its date;

   d. a statement of the basis for the claim of privilege; and

   e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ or the StudiVZ websites.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ Ltd., Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

4. All documents relating to Facebook or the Facebook websites.

5. All documents relating to the internship and/or employ of Ehssan Dariani at Spreadshirt.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and Ehssan Dariani.

8. All documents relating to or created by Ehssan Dariani.

9. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other

entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

10. All documents necessary to establish the scope of responsibilities given to Ehssan Dariani while he interned or worked for Spreadshirt.

11. All documents sufficient to establish the duration of Ehssan Dariani's internship with Spreadshirt.

12. All documents sufficient to establish the purpose of Ehssan Dariani's internship with Spreadshirt.

13. All documents relating to Ehssan Dariani's internship and/or employ with Spreadshirt, including, but not limited to, the nature of Spreadshirt's internship program, the method of contact, initial or otherwise, between Mr. Dariani and Spreadshirt, and any communications establishing the hiring of and/or extension of an internship offer to Mr. Dariani.

14. All documents sufficient to show the identity of Ehssan Dariani's Spreadshirt co-workers and/or co-interns while Mr. Dariani was an intern and/or employee at Spreadshirt.



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

May 7, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

*VIA HAND DELIVERY*

Registered Agent
Xilinx, Inc.
Scott Hover-Smoot
2100 Logic Dr.
San Jose, CA 95124

Re:     *Facebook, Inc. v. StudiVZ Ltd., et al.*, 08-cv-03468 (JF), United States District Court For The Northern District of California, San Jose Division

Dear Sir/Madam:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation. Enclosed, please find (i) a Subpoena compelling the production of documents by May 22, 2009 and (ii) attached Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to facilitate the prompt production of the documents at issue. Please feel free to contact me at your earliest convenience regarding this Subpoena.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

### Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Xilinx, Inc.
2100 Logic Drive
San Jose, CA 95124-3400

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE  Orrick, Herrington & Sutcliffe LLP | DATE AND TIME |
|---|---|
| 1000 Marsh Road, Menlo Park, CA 94025-1015 | May 22, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff (Facebook) | DATE  May 8, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

| Attorney Or Party Without Attorney (Name and Address) | | Telephone: | FOR COURT USE ONLY |
|---|---|---|---|
| ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | | (650) 614-7400 | |
| Attorneys for: | | Ref. No. Or File No.<br>356783 | |

Insert name of court, judicial district and branch court, if any:

UNITED STATES COURT-SAN JOSE
280 SOUTH 1ST STREET, RM. 2112

Plaintiff:

FACEBOOK, INC.

Defendant:

STUDIVZ LTD., ET AL

| | Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|
| **PROOF OF SERVICE** | | | | 5:08CV03468-JF |

I, Katrina Andersson, Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, a Citizen of the United States, over the age of eighteen, and not a
party to the within action;

I served the: LETTER DATED 5/07/09; SUBPOENA

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Witness        :  XILINX, INC.

By Serving    :  JILL SULLIVAN/ADMINISTRATION

Address       :  2100 LOGIC DR. , San Jose, CA 95124
Date & Time   :  Friday, May 8, 2009 @ 4:05pm
Witness fees were :  Not demanded or paid.

Person serving:
Katrina Andersson
**Pacific Research & Retrieval, Inc.**
P.O. Box 461, San Jose, CA 95103
408-295-6800    Fax 408-295-6895

a. Fee for service: $72.50
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 1192
   (3) County: Santa Clara
   (4) Expires: 7/18/2010

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: May 11, 2009

Signature: _Katrina Andersson_____
                Katrina Andersson



Printed on recycled paper

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1.  The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2.  The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3.  The terms "you" and "yours" shall mean Xilinx Corporation and/or anyone purporting to act on its behalf, including, but not limited to, its agents, employees and/or contractors.

4.  The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries,

slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively

so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

    a. the name of the person who wrote, sent, or initiated each copy of the document;

    b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

    c. the date of each copy of the document, if any, or an estimate of its date;

    d. a statement of the basis for the claim of privilege; and

    e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ or the StudiVZ websites.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

4. All documents relating to Facebook or the Facebook websites.

5. All documents relating to the internship and/or employ of Dennis Bemmann at Xilinx.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and Dennis Bemmann.

8. All documents relating to and/or created by Dennis Bemmann.

9. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other

entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

10. All documents necessary to establish the scope of responsibilities given to Dennis Bemmann while he interned or worked for Xilinx.

11. All documents sufficient to establish the duration of Dennis Bemmann's internship with Xilinx.

12. All documents relating to Dennis Bemmann's internship and/or employ with Xilinx, including, but not limited to, the nature of Xilinx's internship program, the method of contact, initial or otherwise, between Mr. Bemmann and Xilinx, and any communications establishing the hiring of and/or extension of an internship offer to Mr. Bemmann.

13. All documents sufficient to show the identity of Dennis Bemmann's Xilinx co-workers and/or co-interns while Mr. Bemmann was an intern and/or employee at Xilinx.

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
JULIO C. AVALOS (STATE BAR NO. 255350)
javalos@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

ANNETTE L. HURST (STATE BAR NO. 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

Attorneys for Plaintiff
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-cv-03468 JF |
| Plaintiff, | |
| v. | |
| STUDIVZ LTD., HOTLZBRINCK NETWORKS GmBH, HOLTZBRINCK VENTURES GmBH, and DOES 1-25, | **PROOF OF SERVICE** |
| Defendant. | |

1                                    **PROOF OF SERVICE**

2           I am a resident of the State of California and over the age of eighteen years, and

3 not a party to the within action.  On May 8, 2009, I served the within document(s):

4       **1.**       **SUBPOENA IN A CIVIL CASE [SPREADSHIRT, INC.]**

5       **2.**       **SUBPOENA IN A CIVIL CASE [INTETICS CO.]**

6       **3.**       **SUBPOENA IN A CIVIL CASE [XILINX, INC.]**

      **4.**       **SUBPOENA IN A CIVIL CASE [GORDON BREBNER]**

7       **5.**       **SUBPOENA IN A CIVIL CASE [PHIL JAMES-ROXBY]**

8       **6.**       **SUBPOENA IN A CIVIL CASE [SHOEBOXED.COM]**

9       **7.**       **SUBPOENA IN A CIVIL CASE [TAYLOR MINGOS]**

      **8.**       **SUBPOENA IN A CIVIL CASE [TOBIAS WALTER]**

10

| | |
|---|---|
| **X** | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on May 8, 2009. |
| | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on May 8, 2009. |
| | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| | By e-mailing, as agreed to by the parties, electronic copies of the document to the e-mail addresses listed below for counsel to defendants on **May 8, 2009**. |

21 Stephen S. Smith
   William Mielke Walker
22 **GREENBERG GLUSKER FIELDS**
   **CLAMAN & MACHTINGER LLP**
23 1900 Avenue of the Stars
   Los Angeles , CA 90067
24 Tel: 310-553-3610
   Fax: 310-553-0687
25 email: ssmith@greenbergglusker.com
   email: wwalker@greenbergglusker.com
26 **Attorney for Defendants**
   **STUDIVZ LTD., HOLTZBRINCK**
27 **NETWORKS GmBH, HOTZBRINCK**
   **VENTURES GmBH**

28

Executed on May 8, 2009, at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

ABBY AKO-NAI



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

May 12, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

**VIA HAND DELIVERY**

Phil James-Roxby
1224 Columbia Dr.
Longmont, CO 80503-2167

Re:  *Facebook, Inc. v. StudiVZ Ltd., et al.,* 08-cv-03468 (JF), United States District Court For The Northern District of California, San Jose Division

Dear Mr. James-Roxby:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation.  Enclosed, please find (i) a Subpoena compelling the production of documents by May 26, 2009 and (ii) attached Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to facilitate the prompt production of the documents at issue.  Please feel free to contact me at your earliest convenience regarding this Subpoena.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF   COLORADO

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

## SUBPOENA IN A CIVIL CASE

Case Number: [1]  5:08-cv-03468-JF
USDC Northern District of
California

TO: Phil James-Roxby
1224 Columbia Dr.
Longmont, CO 80503-2167

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Agren Blando, 216-16th Street, Attn: Carrie Prins<br>Suite 650, Denver, Co 80202 | DATE AND TIME<br>May 26, 2009 |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Facebook, Inc. | DATE<br>May 12, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

# Return of Service

State of Colorado, County of Boulder

I declare under oath that I served this: Subpoena

in Boulder county on May 12th, 2009, at 5:35 am/pm,
at the following location: Residence: 1224 Columbia Dr
Longmont, Colo 80501
by the following manner of service: hand delivered pkg. to Amanda
James-Roxby, wife of Phil James-Roxby

I am over the age of 18 years and am not interested in nor a party to this case.

Date: May 13th 2009

Sign: Gina Nix

Print: Gina Nix

(x)    Private Process Server

Fee: _____

Signed under oath before me on _____ MAY 13th _____, 2009.

Notary Public

My commission expires on 08/15/12

JOSHUA E. FORTENBAUGH
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 08/15/2012

## <u>SCHEDULE A</u>

## <u>DEFINITIONS AND INSTRUCTIONS</u>

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you" and "yours" shall mean Phil James-Roxby and/or anyone purporting to act on his behalf, including, but not limited to, his agents, employees and/or contractors.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries,

slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively

so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

    a.   the name of the person who wrote, sent, or initiated each copy of the document;

    b.   the name of the recipient, addressee, or person to whom any copy of the document was sent;

    c.   the date of each copy of the document, if any, or an estimate of its date;

    d.   a statement of the basis for the claim of privilege; and

    e.   a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

20. The term "Xilinx" shall mean Xilinx Corporation and any person or entity acting on its behalf, including, but not limited to, its employees, agents and/or contractors.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ or the StudiVZ websites.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

4. All documents relating to Facebook or the Facebook websites.

5. All documents relating to the internship and/or employ of Dennis Bemmann at Xilinx.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and Dennis Bemmann.

8. All documents relating to and/or created by Dennis Bemmann.

9. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH,

Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

10. All documents relating to Dennis Bemmann's internship and/or employ with Xilinx, including, but not limited to, the nature of Xilinx's internship program, the method of contact, initial or otherwise, between Mr. Bemmann and Xilinx, and any communications establishing the hiring of and/or extension of an internship offer to Mr. Bemmann.

11. All documents necessary to establish the scope of responsibilities given to Dennis Bemmann while he interned or worked for Xilinx.

12. All documents sufficient to establish the duration of Dennis Bemmann's internship with Xilinx.

13. All documents sufficient to show the identity of Dennis Bemmann's Xilinx co-workers and/or co-interns while Mr. Bemmann was an intern and/or employee at Xilinx.

1    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
     nchatterjee@orrick.com
2    JULIO C. AVALOS (STATE BAR NO. 255350)
     javalos@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA 94025
     Telephone:   +1-650-614-7400
5    Facsimile:    +1-650-614-7401

6    ANNETTE L. HURST (STATE BAR NO. 148738)
     ahurst@orrick.com
7    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
8    405 Howard Street
     San Francisco, CA 94105-2669
9    Telephone:   +1-415-773-5700
     Facsimile:    +1-415-773-5759
10

    Attorneys for Plaintiff
11   FACEBOOK, INC.

12

13                 UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16

17   FACEBOOK, INC.,                Case No. 5:08-cv-03468 JF

18            Plaintiff,

19       v.

20   STUDIVZ LTD., HOTLZBRINCK       **PROOF OF SERVICE**
    NETWORKS GmBH, HOLTZBRINCK
21   VENTURES GmBH, and DOES 1-25,

22           Defendant.

23

24

25

26

27

28

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. On May 12, 2009, I served the within document(s):

**1.    SUBPOENA IN A CIVIL CASE [PHIL JAMES-ROXBY]**

| | |
|---|---|
| **X** | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on **May 12, 2009**. |
| | By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below before 5:00 p.m. on May 12, 2009. |
| | By causing personal delivery by WESTERN MESSENGER of the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| | By placing a true and correct copy of the document(s) in a Federal Express envelope addressed as set forth below and then sealing the envelope, affixing a pre-paid Federal Express air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| | By e-mailing, as agreed to by the parties, electronic copies of the document to the e-mail addresses listed below for counsel to defendants on May 12, 2009. |

Stephen S. Smith
William Mielke Walker
**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars
Los Angeles , CA 90067
Tel: 310-553-3610
Fax: 310-553-0687
email: ssmith@greenbergglusker.com
email: wwalker@greenbergglusker.com
**Attorney for Defendants
STUDIVZ LTD., HOLTZBRINCK
NETWORKS GmBH, HOTZBRINCK
VENTURES GmBH**

Executed on May 12, 2009, at Menlo Park, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

ABBY AKO-NAI



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

May 19, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

**VIA HAND DELIVERY**

Taylor Mingos
212 W. Main Street, Suite 104
Durham, NC 27701

Re:  Facebook, Inc. v. StudiVZ Ltd., et al., 08-cv-03468 (JF), United States District Court For
     The Northern District of California, San Jose Division

Dear Mr. Mingos:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation.  Enclosed, please find (i) a Subpoena compelling the production of documents by June 3, 2009 (ii) attached Schedule A, listing the categories of documents you are required to produce; (iii) a second Subpoena compelling your attendance at a deposition to be held on June 22, 2009; and (iv) a check tendering the fees for 1 day's attendance at the deposition and the mileage compensation allowed by law.

The deposition will take place at 9:00 a.m. at the offices of Huseby & Associates located at 3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina 27612.  Please take notice that the deposition will be video and/or audio-recorded.

Because Facebook views this matter with some urgency, I look forward to working with you to facilitate the prompt production of the documents at issue as well an efficient and productive deposition.  Please feel free to contact me at your earliest convenience regarding these Subpoenas.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF  NORTH CAROLINA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Taylor Mingos
212 W. Main Street, Suite 104
Durham, NC  27701

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Huseby & Associates | DATE AND TIME |
|---|---|
| 3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina  27612 | June 3, 2009 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff Facebook, Inc. | DATE   May 19, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|------|

| SERVED BY (PRINT NAME) | TITLE |
|------|------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                        SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you" and "yours" shall mean the individual named Taylor Mingos and/or anyone purporting to act on his behalf, including, but not limited to, Mr. Mingos's agents or employees.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or

listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries, slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

    a. the name of the person who wrote, sent, or initiated each copy of the document;

    b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

    c. the date of each copy of the document, if any, or an estimate of its date;

    d. a statement of the basis for the claim of privilege; and

    e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

20. The term "Defendants" shall mean StudiVZ Ltd., Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Dennis Bemmann and Michael Brehm.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ.

4. All documents relating to Facebook.

5. All documents relating to your internship and/or employ at StudiVZ.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

8. All documents relating to the commercial relationship between you, StudiVZ,

Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Verlagsgruppe Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

9. All documents sufficient to establish the nature of the work performed by you for and/or on behalf of StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

10. All documents sufficient to show the identity of your co-workers and/or co-interns while you were an intern and/or employee at StudiVZ.

11. All documents sufficient to establish the identity and contact information of StudiVZ interns or employees, former or otherwise, who currently reside, at least in part, in the United States.

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Taylor Mingos
212 W. Main Street, Suite 104
Durham, NC 27701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Huseby & Associates 3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina 27612 - Video Recorded Deposition | DATE AND TIME June 22, 2009, 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff Facebook, Inc. | DATE May 19, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Esq. - Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED:

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

May 19, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

*VIA HAND DELIVERY*

Tobias Walter
212 W. Main Street, Suite 104
Durham, NC 27701

Re:     Facebook, Inc. v. StudiVZ Ltd., et al., 08-cv-03468 (JF), United States District Court For
        The Northern District of California, San Jose Division

Dear Mr. Walter:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation. Enclosed,
please find (i) a Subpoena compelling the production of documents by June 3, 2009 (ii) attached
Schedule A, listing the categories of documents you are required to produce; (iii) a second Subpoena
compelling your attendance at a deposition to be held on June 23, 2009; and (iv) a check tendering
the fees for 1 day's attendance at the deposition and the mileage compensation allowed by law.

The deposition will take place at 9:00 a.m. at the offices of Huseby & Associates located at 3737
Glenwood Avenue, Suite 100, Raleigh, North Carolina 27612. Please take notice that the
deposition will be video and/or audio-recorded.

Because Facebook views this matter with some urgency, I look forward to working with you to
facilitate the prompt production of the documents at issue as well an efficient and productive
deposition. Please feel free to contact me at your earliest convenience regarding these Subpoenas.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Tobias Walter
212 W. Main Street, Suite 104
Durham, NC 27701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE Huseby & Associates | DATE AND TIME |
|---|---|
| 3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina 27612 | June 3, 2009 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Facebook, Inc. | May 19, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP     (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

# PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED:

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you" and "yours" shall mean the individual named Tobias Walter and/or anyone purporting to act on his behalf, including, but not limited to, Mr. Walter's agents or employees.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or

listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries, slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

OHS West:260656436.1
16069-2005 J6A/J6A

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

    a. the name of the person who wrote, sent, or initiated each copy of the document;

    b. the name of the recipient, addressee, or person to whom any copy of the document was sent;

    c. the date of each copy of the document, if any, or an estimate of its date;

    d. a statement of the basis for the claim of privilege; and

    e. a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

OHS West:260656436.1
16069-2005 J6A/J6A

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

20. The term "Defendants" shall mean StudiVZ Ltd., Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Dennis Bemmann and Michael Brehm.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ.

4. All documents relating to Facebook.

5. All documents relating to your internship and/or employment at StudiVZ.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and any person or persons employed by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

8. All documents relating to the commercial relationship between you, StudiVZ,

Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Verlagsgruppe Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

9. All documents sufficient to establish the nature of the work performed by you for and/or on behalf of StudiVZ, Holtzbrinck Networks GmBH, Holtzbrinck Ventures GmBH, Georg Von Holtzbrinck GmBH and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

10. All documents sufficient to show the identity of your co-workers and/or co-interns while you were an intern and/or employee at StudiVZ.

11. All documents sufficient to establish the identity and contact information of StudiVZ interns or employees, former or otherwise, who currently reside, at least in part, in the United States.

OHS West:260656436.1
16069-2005 J6A/J6A

## Issued by the

# UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF  NORTH CAROLINA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Tobias Walter
212 W. Main Street, Suite 104
Durham, NC  27701

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Huseby & Associates  3737 Glenwood Avenue, Suite 100, Raleigh, North Carolina  27612 - Video Recorded Deposition | DATE AND TIME  June 23, 2009, 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff Facebook, Inc. | DATE  May 19, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| | | |
|---|---|---|
| DATE | | PLACE |
| SERVED: | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

1    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
      nchatterjee@orrick.com
2    JULIO C. AVALOS (STATE BAR NO. 255350)
      javalos@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
      1000 Marsh Road
4    Menlo Park, CA 94025
      Telephone:     +1-650-614-7400
5    Facsimile:     +1-650-614-7401

6    ANNETTE L. HURST (STATE BAR NO. 148738)
      ahurst@orrick.com
7    ORRICK, HERRINGTON & SUTCLIFFE LLP
      The Orrick Building
8    405 Howard Street
      San Francisco, CA 94105-2669
9    Telephone:     +1-415-773-5700
      Facsimile:     +1-415-773-5759

10

      Attorneys for Plaintiff
11    FACEBOOK, INC.

12

13                UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

14

                   SAN JOSE DIVISION

15

16    FACEBOOK, INC.,            Case No. 5:08-cv-03468 JF

17            Plaintiff,

18       v.

19    STUDIVZ LTD., HOTLZBRINCK      **PROOF OF SERVICE**
      NETWORKS GmBH, HOLTZBRINCK
20    VENTURES GmBH, and DOES 1-25,

21           Defendant.

22

23

24

25

26

27

28

# PROOF OF PERSONAL SERVICE

I am more than eighteen years old and not a party to this action. My business

address is *1511 W. Beverly Los Angeles, CA · 90036*

On May 19, 2009, I personally served the following document(s):

1. **SUBPOENA IN A CIVIL CASE [TAYLOR MINGOS]**

2. **SECOND AMENDED NOTICE OF DEPOSITION [TAYLOR MINGOS]**

3. **SUBPOENA IN A CIVIL CASE [TOBIAS WALTER]**

4. **SECOND AMENDED NOTICE OF DEPOSITION [TOBIAS WALTER]**

by delivering copies thereof to the following address(es):

Stephen S. Smith
William Mielke Walker
**GREENBERG GLUSKER FIELDS**
**CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars
Los Angeles , CA 90067
Tel: 310-553-3610
Fax: 310-553-0687
email: ssmith@greenbergglusker.com
email: wwalker@greenbergglusker.com
**Attorney for Defendants**
**STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH,**
**HOTZBRINCK VENTURES GmBH**

☒ On the date indicated above, I left the document(s) with a clerk, receptionist or other person in charge of receiving documents for the office.

☐ Because there was no person in the office with whom the document(s) could be left, on the date indicated above I left the document(s) in a conspicuous place in the office(s) of the addressee(s) between the hours of 9:00 a.m. and 5 p.m.

☐ On the date indicated above, I personally delivered the document(s) to the addressee(s) by handing the document(s) directly to the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct.
Executed on May 19, 2009, at San Francisco, California.

*Ben Brown*
Ben Brown

- 1 -



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

*tel* +1-650-614-7400
*fax* +1-650-614-7401

WWW.ORRICK.COM

May 20, 2009

Julio C. Avalos
(650) 289-7184
javalos@orrick.com

*VIA HAND DELIVERY*

Gordon Brebner
1875 Arroyo Seco Dr.
San Jose, CA 95125-5602

Re: <u>*Facebook, Inc. v. StudiVZ Ltd., et al.*, 08-cv-03468 (JF), United States District Court For The
Northern District of California, San Jose Division</u>

Dear Mr. Brebner:

Our law firm represents Facebook, Inc. ("Facebook") in the above-referenced litigation. Enclosed,
please find (i) a Subpoena compelling the production of documents by June 4, 2009 and (ii) attached
Schedule A, listing the categories of documents you are required to produce.

Because Facebook views this matter with some urgency, I look forward to working with you to
facilitate the prompt production of the documents at issue. Please feel free to contact me at your
earliest convenience regarding this Subpoena.

Very truly yours,

Julio C. Avalos, Esq.

Enclosures

### Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF  CALIFORNIA

FACEBOOK, INC.

V.

STUDIVZ LTD., et al

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 5:08-cv-03468-JF
USDC Northern District of
California

TO: Gordon Brebner
1875 Arroyo Seco Dr.
San Jose, CA  95125-5602

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ATTACHMENT A

| PLACE   Orrick, Herrington & Sutcliffe LLP | DATE AND TIME |
|---|---|
| 1000 Marsh Road, Menlo Park, CA  94025-1015 | June 4, 2009 |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Plaintiff Facebook, Inc. | DATE<br><br>May 20, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Julio C. Avalos, Counsel for Plaintiffs
Orrick, Herrington & Sutcliffe LLP          (Tel: 650.289.7184)
1000 Marsh Road, Menlo Park, CA 94025-1021

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED: | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The terms defined below have the following meanings:

1. The terms "Plaintiff" or "Facebook" shall mean Facebook, Inc. and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

2. The term "StudiVZ," shall mean StudiVZ Ltd., a limited liability corporation formed under the laws of Great Britain and headquartered in Berlin, Germany, and/or any of its officers, directors, shareholders, members, managers, partners, employees, agents, representatives, attorneys, accountants, advisors, contractors, consultants, experts, corporate parents, subsidiaries or affiliates, and all persons acting or purporting to act on its behalf.

3. The terms "you" and "yours" shall mean Gordon Brebner and/or anyone purporting to act on his behalf, including, but not limited to, his agents, employees and/or contractors.

4. The term "documents" shall be given the broadest interpretation permissible and shall include, without limitation, any and all printed, written, drawn, graphic, taped, recorded, digitalized, computerized or otherwise electronically or mechanically created writings, images, representations or data of any kind, from whatever source, whether originals, drafts, duplicates, reproductions, facsimiles or copies, whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced, reproduced, stored or depicted, whether sent or received or neither, whether printed out on paper or electronically stored, including, but not limited to, any and all correspondence, notes, letters, memoranda, binders, telegrams, cables, telecopies, faxes, emails, electronic transmissions, data compilations, diaries, logs, calendars, chronological records or listings, minutes, records, books, charts, graphs, reports, statements, studies, summaries,

slides, PowerPoint or other presentations, drawings, sketches, pictures, diagrams, guidelines, analyses, projections, work papers, financial statements, audits, accountings, reconciliations, accounting records, spreadsheets, tax returns, bills, ledgers, invoices, purchase orders, receipts, checks, applications, offers, contracts, agreements, proposals, questionnaires, mortgages, loans, trusts, licenses, notices, advertisements, brochures, schedules, pamphlets, flyers, forms, policies, computer data, files, printouts, programs, disks, drums, tapes, and any taped, recorded or otherwise electronically or mechanically created sound or visual reproductions, including, but not limited to, cassettes, compact disks, digital recordings, disks, tape recordings, voice mails, film, microfilm, microfiche, photographs, video, and motion pictures.

5. "All documents" shall mean any and all documents that can be located, discovered or obtained by reasonably diligent efforts, including, but not limited to, all documents possessed by you, your attorneys or accountants and any other person from whom You can obtain such documents by request or by demand. This term shall be deemed to call for the production of non-identical copies, drafts or versions of a document, whether they differ by reason of any revisions, notations or otherwise.

6. The term "communication" means any written, oral, electronic, mechanical or symbolic transmittal of information of any sort.

7. The term "evidenced", "evidence," or "evidencing" means referring to, mentioning, regarding, describing, reflecting, pertaining to, comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing, analyzing, discussing, memorializing, commenting upon or embodying.

8. The term "person," as used throughout these Definitions shall be interpreted broadly and shall mean any natural person or any business, legal or governmental entity, organization, department, division, unit or association.

9. The terms "all" and "each" shall be construed as all and each.

10. The connectives "and" and "or" shall be interpreted either conjunctively or disjunctively

so as to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11. The spelling of a word in a particular combination of upper and/or lower case letters shall be interpreted to include that word in any other combination of upper and/or lower case letters.

12. A reference to documents or a particular type of document shall be construed to include any draft or marked version of the documents and any other version of the documents that differs from the final version, if any.

13. The use of the singular form of any word includes the plural and vice versa.

14. The requested documents include all attachments to a requested document, all envelopes, explanatory notes or memoranda, and any other material that accompanied the document(s). If the specific document elicited a response, that response is also to be produced. If the document is itself a response, the document to which it responded is also to be produced.

15. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

    a.  the name of the person who wrote, sent, or initiated each copy of the document;

    b.  the name of the recipient, addressee, or person to whom any copy of the document was sent;

    c.  the date of each copy of the document, if any, or an estimate of its date;

    d.  a statement of the basis for the claim of privilege; and

    e.  a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

16. If a requested document is unavailable because it has been destroyed, identify that document and state further the identity of the person who ordered them destroyed and the reason for their destruction.

18. The term "Facebook website" shall mean the Internet website located at http://www.facebook and formerly located at http://www.thefacebook.com.

19. The term "StudiVZ websites" shall mean the Internet websites located at http://www.studivz.net, http://www.studivz.de, http://www.meinvz.net, http://www.schuelervz.net, http://www.schulervz.net, http://www.estudiln.net, http://www.studiqg.fr, http://www.studiln.it, and/or http://www.studentix.pl.

20. The term "Xilinx" shall mean Xilinx Corporation and any person or entity acting on its behalf, including, but not limited to, its employees, agents, contractors and/or assigns.

## DOCUMENT REQUESTS

1. All documents relating to StudiVZ or the StudiVZ websites.

2. All documents relating to any litigations or lawsuits, whether pending, ongoing, or otherwise, between Facebook, StudiVZ and/or the other Defendants to this matter.

3. All communications between you and StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites.

4. All documents relating to Facebook or the Facebook websites.

5. All documents relating to the internship and/or employ of Dennis Bemmann at Xilinx.

6. All documents relating to similarities between the Facebook website and the StudiVZ websites.

7. All documents and/or communications between you and Dennis Bemmann.

8. All documents relating to and/or created by Dennis Bemmann.

9. All documents and/or communications between you and any person or persons employed

by, representing, or otherwise associated with StudiVZ, Holtzbrinck Ventures GmbH, Holtzbrinck Networks GmbH, Verlagsgruppe Georg von Holtzbrinck and/or any other entity or persons reasonably related to StudiVZ or the StudiVZ websites whether currently or previously so employed.

10. All documents relating to Dennis Bemmann's internship and/or employ with Xilinx, including, but not limited to, the nature of Xilinx's internship program, the method of contact, initial or otherwise, between Mr. Bemmann and Xilinx, and any communications establishing the hiring of and/or extension of an internship offer to Mr. Bemmann.

11. All documents necessary to establish the scope of responsibilities given to Dennis Bemmann while he interned or worked for Xilinx.

12. All documents sufficient to establish the duration of Dennis Bemmann's internship with Xilinx.

13. All documents sufficient to show the identity of Dennis Bemmann's Xilinx co-workers and/or co-interns while Mr. Bemmann was an intern and/or employee at Xilinx.

1    I. NEEL CHATTERJEE (STATE BAR NO. 173985)
     nchatterjee@orrick.com
2    JULIO C. AVALOS (STATE BAR NO. 255350)
     javalos@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     1000 Marsh Road
4    Menlo Park, CA 94025
     Telephone:    +1-650-614-7400
5    Facsimile:    +1-650-614-7401

6    ANNETTE L. HURST (STATE BAR NO. 148738)
     ahurst@orrick.com
7    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
8    405 Howard Street
     San Francisco, CA 94105-2669
9    Telephone:    +1-415-773-5700
     Facsimile:    +1-415-773-5759
10
     Attorneys for Plaintiff
11   FACEBOOK, INC.

12                        UNITED STATES DISTRICT COURT

13                       NORTHERN DISTRICT OF CALIFORNIA

14                              SAN JOSE DIVISION

15

16   FACEBOOK, INC.,                         Case No.  5:08-cv-03468 JF

17                   Plaintiff,

18          v.

19   STUDIVZ LTD., HOTLZBRINCK              **PROOF OF SERVICE**
     NETWORKS GmBH, HOLTZBRINCK
20   VENTURES GmBH, and DOES 1-25,

21                   Defendant.

22

23

24

25

26

27

28

## PROOF OF PERSONAL SERVICE

I am more than eighteen years old and not a party to this action. My business address is <u>1511 W. Beverly Blvd Los Angeles CA</u>

On May 20, 2009, I personally served the following document(s):

**1.  SUBPOENA IN A CIVIL CASE [GORDON BREBNER]**

by delivering copies thereof to the following address(es):

Stephen S. Smith
William Mielke Walker
**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars
Los Angeles , CA 90067
Tel: 310-553-3610
Fax: 310-553-0687
email: ssmith@greenbergglusker.com
email: wwalker@greenbergglusker.com
**Attorney for Defendants
STUDIVZ LTD., HOLTZBRINCK NETWORKS GmBH,
HOTZBRINCK VENTURES GmBH**

☒ On the date indicated above, I left the document(s) with a clerk, receptionist or other person in charge of receiving documents for the office.

☐ Because there was no person in the office with whom the document(s) could be left, on the date indicated above I left the document(s) in a conspicuous place in the office(s) of the addressee(s) between the hours of 9:00 a.m. and 5 p.m.

☐ On the date indicated above, I personally delivered the document(s) to the addressee(s) by handing the document(s) directly to the addressee(s).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2009, at Los Angeles, California.

GUSTAVO BARBA