# EXHIBIT A

## PART 1

Dockets.Justia.com

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant StudiVZ Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Honorable Jeremy Fogel |
| v. | **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:    FACEBOOK, INC.

RESPONDING PARTY:    STUDIVZ LTD.

SET NUMBER:    ONE

# I.  GENERAL OBJECTIONS

A.  StudiVZ objects to the Requests for Admission ("RFAs") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.  StudiVZ will only produce evidence pursuant to a protective order specifying that the evidence is not specifically authorized to be used in any other court.

B.  StudiVZ objects to the RFAs on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.  StudiVZ objects to the RFAs on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/ED and the E-Commerce Directive 2000/31/EC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

D.     StudiVZ objects to the RFAs on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Ehassan Dariani and Dennis Bemmann." This is improperly overbroad generally and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only.

E.     StudiVZ objects to the RFAs on the grounds that their gross overbreadth would require StudiVZ to incur an unreasonable amount of expense and time to search for documents that may be necessary to answer the RFAs.

F.     StudiVZ objects to the RFAs to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

G.     StudiVZ further objects to the RFAs to the extent they attempt or purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure or the Hague Evidence Convention as interpreted and enforced under German law.

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU accessed the FACEBOOK WEBSITE while designing at least one of the STUDIVZ WEBSITES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of

the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU have accessed or have had access to COMPUTER CODE for the FACEBOOK WEBSITE.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that it is compound. StudiVZ further objects to this RFA on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise,

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

StudiVZ did not oppose Facebook's request to continue the hearing on the personal
jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing
discovery and the disputes related thereto. Had Facebook been upfront with the
Court and StudiVZ and disclosed the fact that Facebook secretly planned to
propound six additional sets of discovery (including more document demands to
StudiVZ than had been propounded before) a few days after the Court issued its
ruling, StudiVZ would have opposed Facebook's request to continue even the
personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ
believes that the Court would have ruled differently and would have denied <u>all</u> of
the relief requested by Facebook. StudiVZ further objects to this RFA on the
grounds that Facebook has failed to explain (1) why this RFA was not propounded
over four months ago (when Facebook propounded its other discovery), and (2) why
StudiVZ should have to respond to an RFA the response to which would have been
due long after the original hearing date of StudiVZ's Motion to Dismiss, which
hearing date was selected in consultation with Facebook so that Facebook would
have many months to take jurisdictional discovery.

## REQUEST FOR ADMISSION NO. 3:

Admit that YOU used FACEBOOK COMPUTER CODE in the design of at
least one of the STUDIVZ WEBSITES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

StudiVZ hereby incorporates by reference the general objections set forth
above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not
entitled to take discovery on personal jurisdiction as a matter of right. In order to
do so, Facebook must either make a *prima facie* showing of jurisdiction over
StudiVZ, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. StudiVZ further objects to this RFA on the grounds
that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  StudiVZ further objects to this RFA on the grounds that it is unlimited as to time,

2  and is so overbroad as to be unduly burdensome and harassing. StudiVZ further

3  objects to this RFA on the grounds that it seeks information that is not relevant nor

4  reasonably calculated to lead to the discovery of admissible evidence.

5  StudiVZ further objects to this RFA on the grounds that, in granting in part

6  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

7  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

8  Court made its decision based upon the then-pending discovery requests. Likewise,

9  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

10  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

11  discovery and the disputes related thereto. Had Facebook been upfront with the

12  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

13  propound six additional sets of discovery (including more document demands to

14  StudiVZ than had been propounded before) a few days after the Court issued its

15  ruling, StudiVZ would have opposed Facebook's request to continue even the

16  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

17  believes that the Court would have ruled differently and would have denied <u>all</u> of

18  the relief requested by Facebook. StudiVZ further objects to this RFA on the

19  grounds that Facebook has failed to explain (1) why this RFA was not propounded

20  over four months ago (when Facebook propounded its other discovery), and (2) why

21  StudiVZ should have to respond to an RFA the response to which would have been

22  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

23  hearing date was selected in consultation with Facebook so that Facebook would

24  have many months to take jurisdictional discovery.

25

26  **REQUEST FOR ADMISSION NO. 4:**

27  Admit that YOU intentionally designed at least one of the STUDIVZ

28  WEBSITES to look like the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  StudiVZ should have to respond to an RFA the response to which would have been

2  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

3  hearing date was selected in consultation with Facebook so that Facebook would

4  have many months to take jurisdictional discovery.

6  **REQUEST FOR ADMISSION NO. 5:**

7      Admit that YOU accessed the FACEBOOK WEBSITE for the purpose of

8  copying ANY design elements of the site.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

10      StudiVZ hereby incorporates by reference the general objections set forth

11  above.  StudiVZ further objects to this RFA on the grounds that a plaintiff is not

12  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

13  do so, Facebook must either make a *prima facie* showing of jurisdiction over

14  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

15  Facebook has done neither.  StudiVZ further objects to this RFA on the grounds

16  that the definition of "YOU" is grossly overbroad.  StudiVZ further objects to this

17  RFA on the grounds that the phrase "design elements" is vague and ambiguous.

18  StudiVZ further objects to this RFA on the grounds that it is unlimited as to time,

19  and is so overbroad as to be unduly burdensome and harassing.  StudiVZ further

20  objects to this RFA on the grounds that it seeks information that is not relevant nor

21  reasonably calculated to lead to the discovery of admissible evidence.

22      StudiVZ further objects to this RFA on the grounds that, in granting in part

23  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

24  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

25  Court made its decision based upon the then-pending discovery requests.  Likewise,

26  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

27  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

28  discovery and the disputes related thereto.  Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

## REQUEST FOR ADMISSION NO. 6:

Admit that YOU conceived of the idea for at least one of the STUDIVZ WEBSITES while in the United States.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

## REQUEST FOR ADMISSION NO. 7:

Admit that YOU accessed the FCEBOOK WEBSITE while in the United States in order to develop at least one of the STUDIVZ WEBSITES or their predecessors.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    StudiVZ should have to respond to an RFA the response to which would have been

2    due long after the original hearing date of StudiVZ's Motion to Dismiss, which

3    hearing date was selected in consultation with Facebook so that Facebook would

4    have many months to take jurisdictional discovery.

5

6    **REQUEST FOR ADMISSION NO. 8:**

7    Admit that STUDIVZ founder Ehssan Dariani accessed the FACEBOOK

8    WEBSITE in order to develop at least one of the STUDIVZ WEBSITES or their

9    predecessors.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

11   StudiVZ hereby incorporates by reference the general objections set forth

12   above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

13   entitled to take discovery on personal jurisdiction as a matter of right. In order to

14   do so, Facebook must either make a *prima facie* showing of jurisdiction over

15   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

16   Facebook has done neither. StudiVZ further objects to this RFA on the grounds

17   that the definition of "STUDIVZ WEBSITES" is grossly overbroad. StudiVZ

18   further objects to this RFA on the grounds that it is unlimited as to time, and is so

19   overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

20   this RFA on the grounds that it seeks information that is not relevant nor reasonably

21   calculated to lead to the discovery of admissible evidence.

22   StudiVZ further objects to this RFA on the grounds that, in granting in part

23   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

24   Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

25   Court made its decision based upon the then-pending discovery requests. Likewise,

26   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

27   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

28   discovery and the disputes related thereto. Had Facebook been upfront with the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied all of

the relief requested by Facebook. StudiVZ further objects to this RFA on the

grounds that Facebook has failed to explain (1) why this RFA was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to an RFA the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 9:**

Admit that STUDIVZ founder Dennis Demmann accessed the FACEBOOK

WEBSITE in order to develop at least one of the STUDIVZ WEBSITES or their

predecessors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this RFA on the grounds

that the definition of "STUDIVZ WEBSITES" is grossly overbroad. StudiVZ

further objects to this RFA on the grounds that it is unlimited as to time, and is so

overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  this RFA on the grounds that it seeks information that is not relevant nor reasonably

2  calculated to lead to the discovery of admissible evidence.

3       StudiVZ further objects to this RFA on the grounds that, in granting in part

4  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

5  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

6  Court made its decision based upon the then-pending discovery requests. Likewise,

7  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

8  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

9  discovery and the disputes related thereto. Had Facebook been upfront with the

10 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

11 propound six additional sets of discovery (including more document demands to

12 StudiVZ than had been propounded before) a few days after the Court issued its

13 ruling, StudiVZ would have opposed Facebook's request to continue even the

14 personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

15 believes that the Court would have ruled differently and would have denied <u>all</u> of

16 the relief requested by Facebook. StudiVZ further objects to this RFA on the

17 grounds that Facebook has failed to explain (1) why this RFA was not propounded

18 over four months ago (when Facebook propounded its other discovery), and (2) why

19 StudiVZ should have to respond to an RFA the response to which would have been

20 due long after the original hearing date of StudiVZ's Motion to Dismiss, which

21 hearing date was selected in consultation with Facebook so that Facebook would

22 have many months to take jurisdictional discovery.

23

24 **<u>REQUEST FOR ADMISSION NO. 10</u>:**

25       Admit that SUTDIVZ founder Ehssan Dariani accessed the FACEBOOK

26 WEBSITE to copy the layout of the FACEBOOK WEBSITE.

27

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

2  hearing date was selected in consultation with Facebook so that Facebook would

3  have many months to take jurisdictional discovery.

4

5  **REQUEST FOR ADMISSION NO. 11:**

6     Admit that STUDIVZ founder Dennis Bemmann accessed the FACEBOOK

7  WEBSITE to copy the layout of the FACEBOOK WEBSITE.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

9     StudiVZ hereby incorporates by reference the general objections set forth

10 above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

11 entitled to take discovery on personal jurisdiction as a matter of right. In order to

12 do so, Facebook must either make a *prima facie* showing of jurisdiction over

13 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

14 Facebook has done neither. StudiVZ further objects to this RFA on the grounds

15 that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

16 harassing. StudiVZ further objects to this RFA on the grounds that it seeks

17 information that is not relevant nor reasonably calculated to lead to the discovery of

18 admissible evidence.

19    StudiVZ further objects to this RFA on the grounds that, in granting in part

20 Facebook's request for a continuance on the hearing for StudiVZ's Motion to

21 Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

22 Court made its decision based upon the then-pending discovery requests. Likewise,

23 StudiVZ did not oppose Facebook's request to continue the hearing on the personal

24 jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

25 discovery and the disputes related thereto. Had Facebook been upfront with the

26 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

27 propound six additional sets of discovery (including more document demands to

28 StudiVZ than had been propounded before) a few days after the Court issued its

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  ruling, StudiVZ would have opposed Facebook's request to continue even the

2  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

3  believes that the Court would have ruled differently and would have denied <u>all</u> of

4  the relief requested by Facebook. StudiVZ further objects to this RFA on the

5  grounds that Facebook has failed to explain (1) why this RFA was not propounded

6  over four months ago (when Facebook propounded its other discovery), and (2) why

7  StudiVZ should have to respond to an RFA the response to which would have been

8  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

9  hearing date was selected in consultation with Facebook so that Facebook would

10  have many months to take jurisdictional discovery.

11

12  **REQUEST FOR ADMISSION NO. 12:**

13      Admit that YOU accessed the FACEBOOK WEBSITE to copy the layout of

14  the FACEBOOK WEBSITE.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

16      StudiVZ hereby incorporates by reference the general objections set forth

17  above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

18  entitled to take discovery on personal jurisdiction as a matter of right. In order to

19  do so, Facebook must either make a *prima facie* showing of jurisdiction over

20  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

21  Facebook has done neither. StudiVZ further objects to this RFA on the grounds

22  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

23  RFA on the grounds that it is unlimited as to time, and is so overbroad as to be

24  unduly burdensome and harassing. StudiVZ further objects to this RFA on the

25  grounds that it seeks information that is not relevant nor reasonably calculated to

26  lead to the discovery of admissible evidence.

27      StudiVZ further objects to this RFA on the grounds that, in granting in part

28  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 13:**

Admit that STUDIVZ founder Ehssan Dariani accessed the FACEBOOK WEBSITE to copy the functions of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK WEBSITE "Poke" or "Wall" features.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the term "functions" is vague and ambiguous. StudiVZ further objects to this RFA on the grounds that it is compound. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 14:**

Admit that STUDIVZ founder Dennis Bemmann accessed the FACEBOOK WEBSITE to copy the functions of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK WEBSITE "Poke" or "Wall" features.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the term "functions" is vague and ambiguous. StudiVZ further objects to this RFA on the grounds that it is compound. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied all of

the relief requested by Facebook. StudiVZ further objects to this RFA on the

grounds that Facebook has failed to explain (1) why this RFA was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to an RFA the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU accessed the FACEBOOK WEBSITE to copy the functions

of the FACEBOOK WEBSITE, including, but not limited to, the FACEBOOK

WEBSITE "Poke" or "Wall" features..

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this RFA on the grounds

that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

RFA on the grounds that the term "functions" is vague and ambiguous. StudiVZ

further objects to this RFA on the grounds that it is compound. StudiVZ further

objects to this RFA on the grounds that it is unlimited as to time, and is so

overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

this RFA on the grounds that it seeks information that is not relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    StudiVZ further objects to this RFA on the grounds that, in granting in part

2    Facebook's request for a continuance on the hearing for StudiVZ's Motion to

3    Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

4    Court made its decision based upon the then-pending discovery requests. Likewise,

5    StudiVZ did not oppose Facebook's request to continue the hearing on the personal

6    jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

7    discovery and the disputes related thereto. Had Facebook been upfront with the

8    Court and StudiVZ and disclosed the fact that Facebook secretly planned to

9    propound six additional sets of discovery (including more document demands to

10   StudiVZ than had been propounded before) a few days after the Court issued its

11   ruling, StudiVZ would have opposed Facebook's request to continue even the

12   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

13   believes that the Court would have ruled differently and would have denied <u>all</u> of

14   the relief requested by Facebook. StudiVZ further objects to this RFA on the

15   grounds that Facebook has failed to explain (1) why this RFA was not propounded

16   over four months ago (when Facebook propounded its other discovery), and (2) why

17   StudiVZ should have to respond to an RFA the response to which would have been

18   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

19   hearing date was selected in consultation with Facebook so that Facebook would

20   have many months to take jurisdictional discovery.

21

22   **REQUEST FOR ADMISSION NO. 16:**

23       Admit that all USERS OF STUDIVZ are required to agree to a terms of use

24   agreement prior to receiving full access to the STUDIVZ WEBSITES, their

25   networks or their features.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

27       StudiVZ hereby incorporates by reference the general objections set forth

28   above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "USERS OF STUDIVZ" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is compound. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 17:**

Admit that since October 2005, COMPUTER CODE for at least one of the
STUDIVZ WEBSITES was or has been altered to account for USERS OF
STUDIVZ residing in the United States, including, but not limited to, the state of
California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

StudiVZ hereby incorporates by reference the general objections set forth
above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not
entitled to take discovery on personal jurisdiction as a matter of right. In order to
do so, Facebook must either make a *prima facie* showing of jurisdiction over
StudiVZ, or it must identify material jurisdictional issues that are in dispute.
Facebook has done neither. StudiVZ further objects to this RFA on the grounds
that the definitions of ""STUDIVZ WEBSITES" and "USERS OF STUDIVZ" are
grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is
unlimited as to time, and is so overbroad as to be unduly burdensome and
harassing. StudiVZ further objects to this RFA on the grounds that it seeks
information that is not relevant nor reasonably calculated to lead to the discovery of
admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part
Facebook's request for a continuance on the hearing for StudiVZ's Motion to
Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District
Court made its decision based upon the then-pending discovery requests. Likewise,
StudiVZ did not oppose Facebook's request to continue the hearing on the personal
jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing
discovery and the disputes related thereto. Had Facebook been upfront with the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 18:**

Admit that STUDIVZ's business, income, revenue or profit models rely, at least in part, on income from advertising, including, but not limited to, advertisements and advertisement banners placed on the STUDIVZ WEBSITES.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "STUDIVZ" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is compound. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the number of USERS OF STUDIVZ is a factor taken into account by YOU when negotiating the cost of advertising on at least one of the STUDIVZ WEBSITES.

## RESPONSE TO REQUEST FOR ADMISSION NO. 19:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definitions of "USERS OF STUDIVZ," "YOU" and "STUDIVZ WEBSITES" are grossly overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to an RFA the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR ADMISSION NO. 20:**

Admit that STUDIVZ's revenue is based, at least in part, on the total number

of USERS OF STUDIVZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this RFA on the grounds

that the definitions of "STUDIVZ" and "USERS OF STUDIVZ" are grossly

overbroad. StudiVZ further objects to this RFA on the grounds that it is unlimited

as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ

further objects to this RFA on the grounds that it seeks information that is not

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

## REQUEST FOR ADMISSION NO. 21:

Admit that at least one of the STUDIVZ WEBSITES was modeled after the FACEBOOK WEBSITE.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definition of "STUDIVZ WEBSITES" is grossly overbroad. StudiVZ further objects to this RFA on the grounds that the term "modeled" is vague and ambiguous. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ

37106-00002/1678020.2

30

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   further objects to this RFA on the grounds that it seeks information that is not

2   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3       StudiVZ further objects to this RFA on the grounds that, in granting in part

4   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

5   Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

6   Court made its decision based upon the then-pending discovery requests. Likewise,

7   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

8   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

9   discovery and the disputes related thereto. Had Facebook been upfront with the

10  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

11  propound six additional sets of discovery (including more document demands to

12  StudiVZ than had been propounded before) a few days after the Court issued its

13  ruling, StudiVZ would have opposed Facebook's request to continue even the

14  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

15  believes that the Court would have ruled differently and would have denied all of

16  the relief requested by Facebook. StudiVZ further objects to this RFA on the

17  grounds that Facebook has failed to explain (1) why this RFA was not propounded

18  over four months ago (when Facebook propounded its other discovery), and (2) why

19  StudiVZ should have to respond to an RFA the response to which would have been

20  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

21  hearing date was selected in consultation with Facebook so that Facebook would

22  have many months to take jurisdictional discovery.

23

24  **REQUEST FOR ADMISSION NO. 22:**

25      Admit that YOU have accessed the FACEBOOK WEBSITE for commercial

26  purposes.

27

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this RFA on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this RFA on the grounds that the phrase "commercial purposes" is vague and ambiguous. StudiVZ further objects to this RFA on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this RFA on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this RFA on the grounds that Facebook has failed to explain (1) why this RFA was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to an RFA the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant StudiVZ Ltd.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** on the interested parties in this action

☒        by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**                    Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.  **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025

**BY U.S. MAIL:**

☒        As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐        I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Aaron B. Bloom_____                    _____
                                                                        SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21ˢᵗ Floor
Los Angeles, California 90067-4590

---

**PROOF OF SERVICE**

37106-00002/1664763.1

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Holtzbrinck Networks GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK NETWORKS GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     HOLTZBRINCK NETWORKS GmbH

SET NUMBER:     ONE

A.    Holtzbrinck Networks GmbH ("Networks") objects to the Requests for Admission ("RFAs") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order.

B.    Networks objects to the RFAs on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    Networks objects to the RFAs to the extent that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.    Networks objects to the RFAs on the grounds that "HOLTZBRINCK NETWORKS or HNG" is defined as "defendant Holtzbrinck Networks GmBH and its directors, officers, subsidiaries, predecessors, successors, assigns, agents,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf." This definition is improperly overbroad generally, and is particularly so given that the discovery purports to relate personal jurisdiction, since in establishing jurisdiction discovery must be directed only at the party over whom jurisdiction is being asserted.

E.     Networks objects to the RFAs to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

F.     Networks further objects to the RFAs to the extent they attempt or purport to impose obligations on Networks beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on Networks beyond those set forth in the Federal Rules of Civil Procedure and the Hague Evidence Convention as interpreted and enforced under German law.

**REQUEST FOR ADMISSION NO. 1:**

Admit that at the time YOU acquired an interest in STUDIVZ you were aware of accusations by FACEBOOK that STUDIVZ was infringing FACEBOOK'S legal rights, including, but not limited to, intellectual property rights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this RFA on the grounds that a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this RFA on the grounds that there is no definition of "YOU" despite plaintiff writing the word in all capital letters. Networks further objects to this RFA on the grounds that, to the extent that the RFA is directed to Holtzbrinck Networks GmbH, the definition of "HOLTZBRINCK NETWORKS or HNG" is overly broad and unduly burdensome. Networks further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to the timeframe of any accusations by Facebook.

Networks further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Networks' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to _both_ StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for commercial purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this RFA on the grounds that there is no definition of "YOU" despite plaintiff writing the word in all capital letters. Networks further objects to this RFA on the grounds that, to the extent that the RFA is directed to Holtzbrinck Networks GmbH, the definition of "HOLTZBRINCK NETWORKS or HNG" is overly broad and unduly burdensome. Networks further objects to this RFA on the grounds that the phrase "commercial purposes" is vague and ambiguous, and on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. Networks further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Networks further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Networks' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a

2  supplemental brief with respect to either of the Holtzbrinck defendants.  (Order at

3  2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a

4  supplemental opposition with respect to whether this Court has personal jurisdiction

5  over StudiVZ in light of any newly discovered material").

6

7  **REQUEST FOR ADMISSION NO. 3:**

8      Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK

9  WEBSITE for the purpose of modeling at least one of the STUDIVZ WEBSITES

10  after the FACEBOOK WEBSITE.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

12      Networks hereby incorporates by reference the general objections set forth

13  above.  Networks further objects to this RFA on the grounds that a plaintiff is not

14  entitled to take discovery on personal jurisdiction as a matter of right.  In order to do

15  so, Facebook must either make a *prima facie* showing of jurisdiction over Networks,

16  or it must identify material jurisdictional issues that are in dispute.  Facebook has

17  done neither.  Networks further objects to this RFA on the grounds that there is no

18  definition of "YOU" despite plaintiff writing the word in all capital letters.  Networks

19  further objects to this RFA on the grounds that, to the extent that the RFA is directed

20  to Holtzbrinck Networks GmbH, the definition of "HOLTZBRINCK NETWORKS

21  or HNG" is overly broad and unduly burdensome.  Networks further objects to this

22  RFA on the grounds that it is vague and ambiguous, and not limited, with respect to

23  timeframe.  Networks further objects to this RFA on the grounds that it seeks

24  information that is not relevant nor reasonably calculated to lead to the discovery of

25  admissible evidence.

26      Networks further objects to this RFA on the grounds that it is moot.  Namely,

27  Facebook has already filed its opposition to Networks' motion to dismiss for lack of

28  personal jurisdiction and *forum non conveniens*, and these RFAs are specifically

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   identified as being "relating to personal jurisdiction." In its request to continue the

2   hearings on that and other motions, Facebook asked the District Court to allow it to

3   file supplemental opposition papers with respect to *both* StudiVZ's Motion to

4   Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at

5   1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed

6   to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants

7   (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a

8   supplemental brief with respect to either of the Holtzbrinck defendants. (Order at

9   2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a

10  supplemental opposition with respect to whether this Court has personal jurisdiction

11  over StudiVZ in light of any newly discovered material").

12

13  **REQUEST FOR ADMISSION NO. 4:**

14       Admit that YOU have knowledge of similarities between the FACEBOOK

15  WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual

16  similarities, functional similarities, feature similarities, and layout similarities.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

18       Networks hereby incorporates by reference the general objections set forth

19  above. Networks further objects to this RFA on the grounds that a plaintiff is not

20  entitled to take discovery on personal jurisdiction as a matter of right. In order to do

21  so, Facebook must either make a *prima facie* showing of jurisdiction over Networks,

22  or it must identify material jurisdictional issues that are in dispute. Facebook has

23  done neither. Networks further objects to this RFA on the grounds that there is no

24  definition of "YOU" despite plaintiff writing the word in all capital letters. Networks

25  further objects to this RFA on the grounds that, to the extent that the RFA is directed

26  to Holtzbrinck Networks GmbH, the definition of "HOLTZBRINCK NETWORKS

27  or HNG" is overly broad and unduly burdensome. Networks further objects to this

28  RFA on the grounds that it is compound. Networks further objects to this RFA on

the grounds that the term "similarities" is vague and ambiguous, especially in the

context of social networking websites, which all have some level of similarity to one

another. Networks further objects to this RFA on the grounds that it is vague and

ambiguous, and not limited, with respect to timeframe. Networks further objects to

this RFA on the grounds that it seeks information that is not relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

Networks further objects to this RFA on the grounds that it is moot. Namely,

Facebook has already filed its opposition to Networks' motion to dismiss for lack of

personal jurisdiction and *forum non conveniens*, and these RFAs are specifically

identified as being "relating to personal jurisdiction." In its request to continue the

hearings on that and other motions, Facebook asked the District Court to allow it to

file supplemental opposition papers with respect to _both_ StudiVZ's Motion to

Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at

1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed

to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants

(Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a

supplemental brief with respect to either of the Holtzbrinck defendants. (Order at

2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a

supplemental opposition with respect to whether this Court has personal jurisdiction

over StudiVZ in light of any newly discovered material").

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time YOU acquired an interest in STUDIVZ you were

aware of similarities between the FACEBOOK WEBSITE and the STUDIVZ

WEBSITES, including, but not limited to, visual similarities, functional similarities,

feature similarities, and layout similarities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Networks hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. Networks further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this RFA on the grounds that there is no definition of "YOU" despite plaintiff writing the word in all capital letters. Networks further objects to this RFA on the grounds that, to the extent that the RFA is directed to Holtzbrinck Networks GmbH, the definition of "HOLTZBRINCK NETWORKS or HNG" is overly broad and unduly burdensome. Networks further objects to this RFA on the grounds that it is compound. Networks further objects to this RFA on the grounds that the term "similarities" is vague and ambiguous, especially in the context of social networking websites, which all have some level of similarity to one another. Networks further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. Networks further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Networks further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to the timeframe of any alleged similarities.

Networks further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Networks' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to _both_ StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a

supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant Holtzbrinck
Networks GmbH

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as HOLTZBRINCK NETWORKS GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION on the interested parties in this action

☒    by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.   **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

## BY U.S. MAIL:

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

## BY PERSONAL SERVICE:

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Aaron B. Bloom_____                    _____
                                                          SIGNATURE

37106-00002/1664763.1

---

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
Holtzbrinck Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK VENTURES GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** <br><br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:     FACEBOOK, INC.

RESPONDING PARTY:     HOLTZBRINCK VENTURES GmbH

SET NUMBER:     ONE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## I.   GENERAL OBJECTIONS

A.   Holtzbrinck Ventures GmbH ("Ventures") objects to the Requests for Admission ("RFAs") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action").  It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here.  It is also inconsistent with the District Court's form protective order.

B.   Ventures objects to the RFAs on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.   Ventures objects to the RFAs to the extent  that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution and the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/EC and the E-Commerce Directive 2000/31/EC.

D.   Ventures objects to the RFAs on the grounds that "HOLTZBRINCK VENTURES, HVG, YOU or YOUR" is defined as "defendant Holtzbrinck Ventures GmBH and its directors, officers, subsidiaries, predecessors, successors,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf." This definition is improperly overbroad generally, and is particularly so given that the discovery purports to relate personal jurisdiction, since in establishing jurisdiction discovery must be directed only at the party over whom jurisdiction is being asserted.

E.     Ventures objects to the RFAs to the extent they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

F.     Ventures further objects to the RFAs to the extent they attempt or purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the Hague Evidence Convention as interpreted and enforced under German law.

**REQUEST FOR ADMISSION NO. 1:**

Admit that at the time YOU acquired an interest in STUDIVZ you were aware of accusations by FACEBOOK that STUDIVZ was infringing FACEBOOK'S legal rights, including, but not limited to, intellectual property rights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this RFA on the grounds that a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

entitled to take discovery on personal jurisdiction as a matter of right.  In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute.  Facebook has done neither.  Ventures further objects to this RFA on the grounds that the definition of "YOU" is overly broad and unduly burdensome.  Ventures further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Ventures further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to the timeframe of any accusations by Facebook.

Ventures further objects to this RFA on the grounds that it is moot.  Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction."  In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2).  Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for commercial purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this RFA on the grounds that the definition of "YOU" is overly broad and unduly burdensome. Ventures further objects to this RFA on the grounds that the phrase "commercial purposes" is vague and ambiguous, and on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. Ventures further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ventures further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have knowledge that STUDIVZ accessed the FACEBOOK WEBSITE for the purpose of modeling at least one of the STUDIVZ WEBSITES after the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this RFA on the grounds that the definition of "YOU" is overly broad and unduly burdensome. Ventures further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. Ventures further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ventures further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have knowledge of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this RFA on the grounds that the definition of "YOU" is overly broad and unduly burdensome. Ventures further objects to this RFA on the grounds that it is compound. Ventures further objects to this RFA on the grounds that the term "similarities" is vague and ambiguous, especially in the context of social networking websites, which all have some level of similarity to one another. Ventures further objects to this RFA on the grounds that it is vague and ambiguous, and not limited, with respect to timeframe. Ventures further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ventures further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to

Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time YOU acquired an interest in STUDIVZ you were aware of similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, visual similarities, functional similarities, feature similarities, and layout similarities.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Ventures hereby incorporates by reference the general objections set forth above. Ventures further objects to this RFA on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Ventures, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Ventures further objects to this RFA on the grounds that the definition of "YOU" is overly broad and unduly burdensome. Ventures further objects to this RFA on the grounds that it is compound. Ventures further objects to this RFA on the grounds that the term "similarities" is vague and ambiguous, especially in the context of social networking websites, which all have some level of similarity to one another. Ventures further objects to this RFA on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Ventures further objects to this RFA on the grounds that it is vague and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

ambiguous, and not limited, with respect to the timeframe of any alleged similarities.

Ventures further objects to this RFA on the grounds that it is moot. Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these RFAs are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant Holtzbrinck
Ventures GmbH

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as HOLTZBRINCK VENTURES GmbH'S RESPONSES TO FACEBOOK, INC.'S FIRST SET OF REQUESTS FOR ADMISSION on the interested parties in this action

☒     by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**          Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.   **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY U.S. MAIL:**

☒     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐     I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

\_\_\_\_Aaron B. Bloom\_\_\_\_          _____
                                                      SIGNATURE

**PROOF OF SERVICE**

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590