# EXHIBIT A

## PART 2

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant StudiVZ Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Honorable Jeremy Fogel |
| v. | **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | |
| Defendants. | Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:      FACEBOOK, INC.

RESPONDING PARTY:      STUDIVZ LTD.

SET NUMBER:      TWO

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I. GENERAL OBJECTIONS

A.      StudiVZ objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order. StudiVZ will only produce evidence pursuant to a protective order specifying that the evidence is not specifically authorized to be used in any other court.

B.      StudiVZ objects to the Requests on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.      StudiVZ objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/ED and the E-Commerce Directive 2000/31/EC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

D.     StudiVZ objects to the Requests on the grounds that the definition of "STUDIVZ," "YOU," and "YOUR" includes StudiVZ's "directors, officers, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it acting on its behalf, OR purporting to act on its behalf, including without limitation, Ehassan Dariani and Dennis Bemmann." This is improperly overbroad generally and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only.

E.     StudiVZ objects to the Requests on the grounds that their gross overbreadth would require StudiVZ to incur an unreasonable amount of expense and time to search for and then produce the requested documents.

F.     StudiVZ objects to the Requests to the extent they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

G.     StudiVZ further objects to the Requests to the extent they attempt or purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on StudiVZ beyond those set forth in the Federal Rules of Civil Procedure or the Hague Evidence Convention as interpreted and enforced under German law.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that RELATE TO ANY contracts OR agreements between YOU AND ANY business licensed, located, based, OR incorporated in the UNITED STATES OR ANY PERSON currently OR formerly residing OR domiciled in the UNITED STATES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this request on the grounds that it does not exclude contracts of adhesion, which are irrelevant to any issue of personal jurisdiction or *forum non conveniens*. StudiVZ further objects to this request on the grounds that it is not limited to contracts StudiVZ knew were with businesses or residents located in the United States.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

2  propound six additional sets of discovery (including more document demands to

3  StudiVZ than had been propounded before) a few days after the Court issued its

4  ruling, StudiVZ would have opposed Facebook's request to continue even the

5  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

6  believes that the Court would have ruled differently and would have denied all of

7  the relief requested by Facebook.  StudiVZ further objects to this request on the

8  grounds that Facebook has failed to explain (1) why this request was not propounded

9  over four months ago (when Facebook propounded its other discovery), and (2) why

10  StudiVZ should have to respond to a request the response to which would have been

11  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

12  hearing date was selected in consultation with Facebook so that Facebook would

13  have many months to take jurisdictional discovery.

14

15  **REQUEST FOR PRODUCTION NO. 32:**

16      All DOCUMENTS that RELATE TO ANY USER OF STUDIVZ residing

17  OR domiciled in the UNITED STATES, including ALL COMMUNICATIONS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

19      StudiVZ hereby incorporates by reference the general objections set forth

20  above.  StudiVZ further objects to this request on the grounds that a plaintiff is not

21  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

22  do so, Facebook must either make a *prima facie* showing of jurisdiction over

23  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

24  Facebook has done neither.  StudiVZ further objects to this request on the grounds

25  that the definition of "STUDIVZ" is grossly overbroad.  StudiVZ further objects to

26  this request on the grounds that it does not know where its USERS reside or where

27  they are domiciled.  StudiVZ further objects to this request on the grounds that it

28  seeks information that is not relevant nor reasonably calculated to lead to the

discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to IDENTIFY the number AND amount of sales of goods AND services sold OR provided by YOU to current OR former UNITED STATES residents, including PERSONS, businesses, AND USERS OF STUDIVZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   above. StudiVZ further objects to this request on the grounds that a plaintiff is not

2   entitled to take discovery on personal jurisdiction as a matter of right. In order to

3   do so, Facebook must either make a *prima facie* showing of jurisdiction over

4   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5   Facebook has done neither. StudiVZ further objects to this request on the grounds

6   that the definitions of "YOU" and "STUDIVZ" are grossly overbroad. StudiVZ

7   further objects to this request on the grounds that it is unlimited as to time, and is so

8   overbroad as to be unduly burdensome and harassing.

9       StudiVZ further objects to this request on the grounds that, in granting in part

10  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

11  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

12  Court made its decision based upon the then-pending discovery requests. Likewise,

13  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

14  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

15  discovery and the disputes related thereto. Had Facebook been upfront with the

16  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

17  propound six additional sets of discovery (including more document demands to

18  StudiVZ than had been propounded before) a few days after the Court issued its

19  ruling, StudiVZ would have opposed Facebook's request to continue even the

20  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

21  believes that the Court would have ruled differently and would have denied <u>all</u> of

22  the relief requested by Facebook. StudiVZ further objects to this request on the

23  grounds that Facebook has failed to explain (1) why this request was not propounded

24  over four months ago (when Facebook propounded its other discovery), and (2) why

25  StudiVZ should have to respond to a request the response to which would have been

26  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

27  hearing date was selected in consultation with Facebook so that Facebook would

28  have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 34:**

DOCUMENTS that RELATE TO ANY contacts OR COMMUNICATIONS YOU have had, in the scope of STUDIVZ business, with PERSONS currently OR formerly residing OR domiciled in the UNITED STATES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that the definitions of "YOU" and "STUDIVZ" are grossly overbroad. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

2   believes that the Court would have ruled differently and would have denied <u>all</u> of

3   the relief requested by Facebook.  StudiVZ further objects to this request on the

4   grounds that Facebook has failed to explain (1) why this request was not propounded

5   over four months ago (when Facebook propounded its other discovery), and (2) why

6   StudiVZ should have to respond to a request the response to which would have been

7   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

8   hearing date was selected in consultation with Facebook so that Facebook would

9   have many months to take jurisdictional discovery.

10

11  **REQUEST FOR PRODUCTION NO. 35:**

12          DOCUMENTS sufficient to show, on a monthly basis, how many USERS

13  OF STUDIVZ have been registered on www.studivz.net, www.meinvz.net,

14  www.studiqg.fr, www.studiln.it, www.estudiln.net, www.studentix.pl, AND

15  www.schuelervz.net since October 2005, AND how many of those USERS OF

16  STUDIVZ are residents of the UNITED STATES.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

18          StudiVZ hereby incorporates by reference the general objections set forth

19  above.  StudiVZ further objects to this request on the grounds that a plaintiff is not

20  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

21  do so, Facebook must either make a *prima facie* showing of jurisdiction over

22  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

23  Facebook has done neither.  StudiVZ further objects to this request on the grounds

24  that the definition of "STUDIVZ" is grossly overbroad.  StudiVZ further objects to

25  this request on the grounds that it so overbroad as to be unduly burdensome and

26  harassing.  StudiVZ further objects to this request on the grounds that it seeks

27  information that is not relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied <u>all</u> of

the relief requested by Facebook. StudiVZ further objects to this request on the

grounds that Facebook has failed to explain (1) why this request was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to a request the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to show the number AND amount of accounts

receivable owed YOU by UNITED STATES residents, including PERSONS AND

entities, as well as the goods AND services for which the individual accounts

receivable are owed to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    above. StudiVZ further objects to this request on the grounds that a plaintiff is not

2    entitled to take discovery on personal jurisdiction as a matter of right. In order to

3    do so, Facebook must either make a *prima facie* showing of jurisdiction over

4    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5    Facebook has done neither. StudiVZ further objects to this request on the grounds

6    that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

7    request on the grounds that it so overbroad as to be unduly burdensome and

8    harassing. StudiVZ further objects to this request on the grounds that it seeks

9    information that is not relevant nor reasonably calculated to lead to the discovery of

10   admissible evidence.

11          StudiVZ further objects to this request on the grounds that, in granting in part

12   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

13   Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

14   Court made its decision based upon the then-pending discovery requests. Likewise,

15   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

16   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

17   discovery and the disputes related thereto. Had Facebook been upfront with the

18   Court and StudiVZ and disclosed the fact that Facebook secretly planned to

19   propound six additional sets of discovery (including more document demands to

20   StudiVZ than had been propounded before) a few days after the Court issued its

21   ruling, StudiVZ would have opposed Facebook's request to continue even the

22   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

23   believes that the Court would have ruled differently and would have denied <u>all</u> of

24   the relief requested by Facebook. StudiVZ further objects to this request on the

25   grounds that Facebook has failed to explain (1) why this request was not propounded

26   over four months ago (when Facebook propounded its other discovery), and (2) why

27   StudiVZ should have to respond to a request the response to which would have been

28   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to show ALL of YOUR current AND former

personal OR real property currently OR previously located in the UNITED STATES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that the definition of "YOUR" is grossly overbroad.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied <u>all</u> of

the relief requested by Facebook. StudiVZ further objects to this request on the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   grounds that Facebook has failed to explain (1) why this request was not propounded

2   over four months ago (when Facebook propounded its other discovery), and (2) why

3   StudiVZ should have to respond to a request the response to which would have been

4   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

5   hearing date was selected in consultation with Facebook so that Facebook would

6   have many months to take jurisdictional discovery.

7

8   **REQUEST FOR PRODUCTION NO. 38:**

9   ALL contracts involving YOU in which UNITED STATES law governs.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

11  StudiVZ hereby incorporates by reference the general objections set forth

12  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

13  entitled to take discovery on personal jurisdiction as a matter of right. In order to

14  do so, Facebook must either make a *prima facie* showing of jurisdiction over

15  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

16  Facebook has done neither. StudiVZ further objects to this request on the grounds

17  that the definition of "YOU" is grossly overbroad. StudiVZ further objects to this

18  request on the grounds that the phrase "UNITED STATES law" is vague and

19  ambiguous. StudiVZ further objects to this request on the grounds that it so

20  overbroad as to be unduly burdensome and harassing. StudiVZ further objects to

21  this request on the grounds that it does not exclude contracts of adhesion. StudiVZ

22  further objects to this request on the grounds that it seeks information that is not

23  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24  StudiVZ further objects to this request on the grounds that, in granting in part

25  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

26  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

27  Court made its decision based upon the then-pending discovery requests. Likewise,

28  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

2 discovery and the disputes related thereto. Had Facebook been upfront with the

3 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

4 propound six additional sets of discovery (including more document demands to

5 StudiVZ than had been propounded before) a few days after the Court issued its

6 ruling, StudiVZ would have opposed Facebook's request to continue even the

7 personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

8 believes that the Court would have ruled differently and would have denied <u>all</u> of

9 the relief requested by Facebook. StudiVZ further objects to this request on the

10 grounds that Facebook has failed to explain (1) why this request was not propounded

11 over four months ago (when Facebook propounded its other discovery), and (2) why

12 StudiVZ should have to respond to a request the response to which would have been

13 due long after the original hearing date of StudiVZ's Motion to Dismiss, which

14 hearing date was selected in consultation with Facebook so that Facebook would

15 have many months to take jurisdictional discovery.

16

17 **REQUEST FOR PRODUCTION NO. 39:**

18 ALL DOCUMENTS RELATED TO instances when YOU accessed the

19 FACEBOOK website, www.facebook.com OR www.thefacebook.com in

20 furtherance of STUDIVZ business or interests.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

22 StudiVZ hereby incorporates by reference the general objections set forth

23 above. StudiVZ further objects to this request on the grounds that it is not

24 reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

25 entitled to take discovery on personal jurisdiction as a matter of right. In order to

26 do so, Facebook must either make a *prima facie* showing of jurisdiction over

27 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

28 Facebook has done neither. StudiVZ further objects to this request on the grounds

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  that the definitions of "YOU" and "STUDIVZ" are grossly overbroad. StudiVZ

2  further objects to this request on the grounds that it so overbroad as to be unduly

3  burdensome and harassing. StudiVZ further objects to this request on the grounds

4  that it seeks information that is not relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence.

6       StudiVZ further objects to this request on the grounds that, in granting in part

7  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

8  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

9  Court made its decision based upon the then-pending discovery requests. Likewise,

10  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

11  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

12  discovery and the disputes related thereto. Had Facebook been upfront with the

13  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

14  propound six additional sets of discovery (including more document demands to

15  StudiVZ than had been propounded before) a few days after the Court issued its

16  ruling, StudiVZ would have opposed Facebook's request to continue even the

17  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

18  believes that the Court would have ruled differently and would have denied all of

19  the relief requested by Facebook. StudiVZ further objects to this request on the

20  grounds that Facebook has failed to explain (1) why this request was not propounded

21  over four months ago (when Facebook propounded its other discovery), and (2) why

22  StudiVZ should have to respond to a request the response to which would have been

23  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

24  hearing date was selected in consultation with Facebook so that Facebook would

25  have many months to take jurisdictional discovery.

26

27  **REQUEST FOR PRODUCTION NO. 40:**

28       ALL DOCUMENTS RELATED TO YOUR promotions AND marketing

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  activities directed, at least in part, at UNITED STATES residents, including

2  advertising or marketing done in print media or over the Internet, including without

3  limitation banner advertising, participation in Google's AdSense program, or any

4  other Internet-based advertising.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6  StudiVZ hereby incorporates by reference the general objections set forth

7  above. StudiVZ further objects to this request on the grounds that a plaintiff is not

8  entitled to take discovery on personal jurisdiction as a matter of right. In order to

9  do so, Facebook must either make a *prima facie* showing of jurisdiction over

10 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

11 Facebook has done neither. StudiVZ further objects to this request on the grounds

12 that the definition of "YOUR" is grossly overbroad. StudiVZ further objects to this

13 request on the grounds that it is unlimited as to time, and is so overbroad as to be

14 unduly burdensome and harassing. StudiVZ further objects to this request on the

15 grounds that it seeks information that is not relevant nor reasonably calculated to

16 lead to the discovery of admissible evidence.

17 StudiVZ further objects to this request on the grounds that, in granting in part

18 Facebook's request for a continuance on the hearing for StudiVZ's Motion to

19 Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

20 Court made its decision based upon the then-pending discovery requests. Likewise,

21 StudiVZ did not oppose Facebook's request to continue the hearing on the personal

22 jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

23 discovery and the disputes related thereto. Had Facebook been upfront with the

24 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

25 propound six additional sets of discovery (including more document demands to

26 StudiVZ than had been propounded before) a few days after the Court issued its

27 ruling, StudiVZ would have opposed Facebook's request to continue even the

28 personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   believes that the Court would have ruled differently and would have denied <u>all</u> of

2   the relief requested by Facebook.  StudiVZ further objects to this request on the

3   grounds that Facebook has failed to explain (1) why this request was not propounded

4   over four months ago (when Facebook propounded its other discovery), and (2) why

5   StudiVZ should have to respond to a request the response to which would have been

6   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

7   hearing date was selected in consultation with Facebook so that Facebook would

8   have many months to take jurisdictional discovery.

9

10  **REQUEST FOR PRODUCTION NO. 41:**

11      DOCUMENTS sufficient to identify ALL of YOUR business relationships

12  with, OR financial interests in, businesses incorporated, located, based, OR with

13  facilities OR offices located in the UNITED STATES, including, but not limited to,

14  the nature of each relationship, the name of each business, whether each business is

15  incorporated, located, based OR has facilities OR offices located in the UNITED

16  STATES, AND ANY goods OR services provided by those businesses.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

18      StudiVZ hereby incorporates by reference the general objections set forth

19  above.  StudiVZ further objects to this request on the grounds that a plaintiff is not

20  entitled to take discovery on personal jurisdiction as a matter of right.  In order to

21  do so, Facebook must either make a *prima facie* showing of jurisdiction over

22  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

23  Facebook has done neither.   StudiVZ further objects to this request on the grounds

24  that the definition of "YOUR" is grossly overbroad.  StudiVZ further objects to this

25  request on the grounds that it is unlimited as to time, and is so overbroad as to be

26  unduly burdensome and harassing.  StudiVZ further objects to this request on the

27  grounds that it seeks information that is not relevant nor reasonably calculated to

28  lead to the discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part

2 Facebook's request for a continuance on the hearing for StudiVZ's Motion to

3 Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

4 Court made its decision based upon the then-pending discovery requests. Likewise,

5 StudiVZ did not oppose Facebook's request to continue the hearing on the personal

6 jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

7 discovery and the disputes related thereto. Had Facebook been upfront with the

8 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

9 propound six additional sets of discovery (including more document demands to

10 StudiVZ than had been propounded before) a few days after the Court issued its

11 ruling, StudiVZ would have opposed Facebook's request to continue even the

12 personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

13 believes that the Court would have ruled differently and would have denied all of

14 the relief requested by Facebook. StudiVZ further objects to this request on the

15 grounds that Facebook has failed to explain (1) why this request was not propounded

16 over four months ago (when Facebook propounded its other discovery), and (2) why

17 StudiVZ should have to respond to a request the response to which would have been

18 due long after the original hearing date of StudiVZ's Motion to Dismiss, which

19 hearing date was selected in consultation with Facebook so that Facebook would

20 have many months to take jurisdictional discovery.

21

22 **REQUEST FOR PRODUCTION NO. 42:**

23      ALL DOCUMENTS RELATING TO the conception, design, and

24 development of STUDIVZ and STUDIVZ'S WEBSITES, including but not limited

25 to notes, journals, notebooks, and diaries RELATING TO the conception, design

26 and development of STUDIVZ and STUDIVZ'S WEBSITES.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

28      StudiVZ hereby incorporates by reference the general objections set forth

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

above. StudiVZ further objects to this request on the grounds that it is not

reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is compound. StudiVZ further objects to this request on the grounds that the

definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this

request on the grounds that it is unlimited as to time, and is so overbroad as to be

unduly burdensome and harassing. StudiVZ further objects to this request on the

grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence. StudiVZ further objects to this

request on the grounds that it seeks discovery of StudiVZ's trade secrets.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied <u>all</u> of

the relief requested by Facebook. StudiVZ further objects to this request on the

grounds that Facebook has failed to explain (1) why this request was not propounded

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   over four months ago (when Facebook propounded its other discovery), and (2) why

2   StudiVZ should have to respond to a request the response to which would have been

3   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

4   hearing date was selected in consultation with Facebook so that Facebook would

5   have many months to take jurisdictional discovery.

6

7   **REQUEST FOR PRODUCTION NO. 43:**

8        ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS by YOU

9   to ANY media or media outlets regarding STUDIVZ, STUDIVZ's WEBSITES,

10  FACEBOOK, or this lawsuit, including but not limited to correspondence, web

11  blogs, news articles, video footage, audio recordings and press releases.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13       StudiVZ hereby incorporates by reference the general objections set forth

14  above. StudiVZ further objects to this request on the grounds that it is not

15  reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

16  entitled to take discovery on personal jurisdiction as a matter of right. In order to

17  do so, Facebook must either make a *prima facie* showing of jurisdiction over

18  StudiVZ, or it must identify material jurisdictional issues that are in dispute.

19  Facebook has done neither. StudiVZ further objects to this request on the grounds

20  that it is compound. StudiVZ further objects to this request on the grounds that it is

21  unlimited as to time, and is so overbroad as to be unduly burdensome and

22  harassing. StudiVZ further objects to this request on the grounds that the definition

23  of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

24  grounds that it seeks information that is not relevant nor reasonably calculated to

25  lead to the discovery of admissible evidence. StudiVZ further objects to this

26  request on the grounds to the extent that it seeks discovery of publicly available

27  information.

28       StudiVZ further objects to this request on the grounds that, in granting in part

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

2   Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

3   Court made its decision based upon the then-pending discovery requests.  Likewise,

4   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

5   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

6   discovery and the disputes related thereto.  Had Facebook been upfront with the

7   Court and StudiVZ and disclosed the fact that Facebook secretly planned to

8   propound six additional sets of discovery (including more document demands to

9   StudiVZ than had been propounded before) a few days after the Court issued its

10   ruling, StudiVZ would have opposed Facebook's request to continue even the

11   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

12   believes that the Court would have ruled differently and would have denied <u>all</u> of

13   the relief requested by Facebook.  StudiVZ further objects to this request on the

14   grounds that Facebook has failed to explain (1) why this request was not propounded

15   over four months ago (when Facebook propounded its other discovery), and (2) why

16   StudiVZ should have to respond to a request the response to which would have been

17   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

18   hearing date was selected in consultation with Facebook so that Facebook would

19   have many months to take jurisdictional discovery.

21   **REQUEST FOR PRODUCTION NO. 44:**

22       ALL DOCUMENTS that summarize, describe, REFER TO, or constitute

23   EVIDENCE of STUDIVZ'S business management information and procedures,

24   including descriptions of STUDIVZ'S WEBSITES' business model, various

25   functionality and content concepts, and the type of information – personal,

26   demographic or otherwise – that would be collected from users.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

28       StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that it is not

reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is compound. StudiVZ further objects to this request on the grounds that it is

unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. StudiVZ further objects to this request on the grounds that the definition

of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence. StudiVZ further objects to this

request on the grounds that it seeks discovery of StudiVZ's trade secrets.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied all of

the relief requested by Facebook. StudiVZ further objects to this request on the

grounds that Facebook has failed to explain (1) why this request was not propounded

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to a request the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS reflecting COMMUNICATIONS between members of

STUDIVZ and ANY developer of the software and COMPUTER CODE used to

create, run, operate STUDIVZ'S WEBSITES, including all copies and versions of

the software and COMPUTER CODE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that it is not

reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is compound. StudiVZ further objects to this request on the grounds that it is

unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. StudiVZ further objects to this request on the grounds that the definition

of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence. StudiVZ further objects to this

request on the grounds that it seeks discovery of StudiVZ's trade secrets.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 46:**

ALL DOCUMENTS RELATING TO the research and development of STUDIVZ and STUDIVZ'S WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this request on the grounds that it seeks discovery of StudiVZ's trade secrets.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 47:**

An electronic image of the entire computer hard drive(s) or other computer memory devices controlled and used by ANY member, agent, employee, or assignee, or consultant of STUDIVZ, to the extent that computer was used to communicate regarding or reflects the creation or development of STUDIVZ or STUDIVZ'S WEBSITES, or any software reflecting the creation, development and operation of STUDIVZ or STUDIVZ'S WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this request on the grounds that it seeks discovery of StudiVZ's trade secrets.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

2   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

3   discovery and the disputes related thereto.  Had Facebook been upfront with the

4   Court and StudiVZ and disclosed the fact that Facebook secretly planned to

5   propound six additional sets of discovery (including more document demands to

6   StudiVZ than had been propounded before) a few days after the Court issued its

7   ruling, StudiVZ would have opposed Facebook's request to continue even the

8   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

9   believes that the Court would have ruled differently and would have denied all of

10  the relief requested by Facebook.  StudiVZ further objects to this request on the

11  grounds that Facebook has failed to explain (1) why this request was not propounded

12  over four months ago (when Facebook propounded its other discovery), and (2) why

13  StudiVZ should have to respond to a request the response to which would have been

14  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

15  hearing date was selected in consultation with Facebook so that Facebook would

16  have many months to take jurisdictional discovery.

17

18  **REQUEST FOR PRODUCTION NO. 48:**

19      ALL DOCUMENTS REFERRING TO or EVIDENCING the use by any

20  employee, agent, consultant, or assignee of STUDIVZ or ANY other

21  DEFENDANT of the FACEBOOK website, including, but not limited to,

22  DOCUMENTS REFERRING TO or EVIDENCING access to the FACEBOOK

23  WEBSITE, DOCUMENTS IDENTIFYING the profile, user name, and ALL

24  FACEBOOK activity of each PERSON that accessed the FACEBOOK WEBSITE.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

26      StudiVZ hereby incorporates by reference the general objections set forth

27  above.  StudiVZ further objects to this request on the grounds that it is not

28  reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   entitled to take discovery on personal jurisdiction as a matter of right. In order to

2   do so, Facebook must either make a *prima facie* showing of jurisdiction over

3   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

4   Facebook has done neither.   StudiVZ further objects to this request on the grounds

5   that it is compound. StudiVZ further objects to this request on the grounds that it is

6   unlimited as to time, and is so overbroad as to be unduly burdensome and

7   harassing. StudiVZ further objects to this request on the grounds that the definition

8   of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

9   grounds that it is vague and ambiguous given that the term "the FACEBOOK

10  WEBSITE" is defined and the term "the FACEBOOK website" is not defined.

11  StudiVZ further objects to this request on the grounds that it seeks information that

12  is not relevant nor reasonably calculated to lead to the discovery of admissible

13  evidence.

14       StudiVZ further objects to this request on the grounds that, in granting in part

15  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

16  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

17  Court made its decision based upon the then-pending discovery requests.  Likewise,

18  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

19  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

20  discovery and the disputes related thereto.  Had Facebook been upfront with the

21  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

22  propound six additional sets of discovery (including more document demands to

23  StudiVZ than had been propounded before) a few days after the Court issued its

24  ruling, StudiVZ would have opposed Facebook's request to continue even the

25  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

26  believes that the Court would have ruled differently and would have denied all of

27  the relief requested by Facebook.  StudiVZ further objects to this request on the

28  grounds that Facebook has failed to explain (1) why this request was not propounded

over four months ago (when Facebook propounded its other discovery), and (2) why

StudiVZ should have to respond to a request the response to which would have been

due long after the original hearing date of StudiVZ's Motion to Dismiss, which

hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 49:**

ALL DOCUMENTS that IDENTIFY or EVIDENCE each user account to

used to access the FACEBOOK WEBSITE by ANY agent, employee, assignee, or

consultant of STUDIVZ in furtherance of STUDIVZ business or interests,

including, but not limited to, the development, design, continued development,

continued design, maintenance and implementation of the STUDIVZ WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that it is not

reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is compound. StudiVZ further objects to this request on the grounds that it is

unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. StudiVZ further objects to this request on the grounds that the definition

of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

grounds that it seeks information that is not relevant nor reasonably calculated to

lead to the discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

2  Court made its decision based upon the then-pending discovery requests. Likewise,

3  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

4  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

5  discovery and the disputes related thereto. Had Facebook been upfront with the

6  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

7  propound six additional sets of discovery (including more document demands to

8  StudiVZ than had been propounded before) a few days after the Court issued its

9  ruling, StudiVZ would have opposed Facebook's request to continue even the

10  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

11  believes that the Court would have ruled differently and would have denied <u>all</u> of

12  the relief requested by Facebook. StudiVZ further objects to this request on the

13  grounds that Facebook has failed to explain (1) why this request was not propounded

14  over four months ago (when Facebook propounded its other discovery), and (2) why

15  StudiVZ should have to respond to a request the response to which would have been

16  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

17  hearing date was selected in consultation with Facebook so that Facebook would

18  have many months to take jurisdictional discovery.

19

20  **REQUEST FOR PRODUCTION NO. 50:**

21      ALL DOCUMENTS in possession, custody or control of STUDIVZ that

22  RELATE in ANY way to the subject matter of this lawsuit.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

24      StudiVZ hereby incorporates by reference the general objections set forth

25  above. StudiVZ further objects to this request on the grounds that it is not

26  reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

27  entitled to take discovery on personal jurisdiction as a matter of right. In order to

28  do so, Facebook must either make a *prima facie* showing of jurisdiction over

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither.  StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing.  StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad.  StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests.  Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto.  Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook.  StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    **REQUEST FOR PRODUCTION NO. 51:**

2       ALL DOCUMENTS RELATING TO YOUR efforts to IDENTIFY and

3    locate ANY and ALL computers in YOUR possession, custody, control that could

4    reasonably contain any version of STUDIVZ COMPUTER CODE or

5    DOCUMENTS EVIDENCING STUDIVZ'S software, including but not limited to

6    any deleted or corrupted information present, stored, or residing on, or deleted from

7    ANY and ALL computers in possession, custody or control of STUDIVZ or ANY

8    members, agents, employees, or assignees, or consultants of STUDIVZ.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

10       StudiVZ hereby incorporates by reference the general objections set forth

11    above. StudiVZ further objects to this request on the grounds that it is not

12    reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

13    entitled to take discovery on personal jurisdiction as a matter of right. In order to

14    do so, Facebook must either make a *prima facie* showing of jurisdiction over

15    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

16    Facebook has done neither. StudiVZ further objects to this request on the grounds

17    that it is compound. StudiVZ further objects to this request on the grounds that it is

18    unlimited as to time, and is so overbroad as to be unduly burdensome and

19    harassing. StudiVZ further objects to this request on the grounds that the definition

20    of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

21    grounds that it seeks information that is not relevant nor reasonably calculated to

22    lead to the discovery of admissible evidence.

23       StudiVZ further objects to this request on the grounds that, in granting in part

24    Facebook's request for a continuance on the hearing for StudiVZ's Motion to

25    Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

26    Court made its decision based upon the then-pending discovery requests. Likewise,

27    StudiVZ did not oppose Facebook's request to continue the hearing on the personal

28    jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied <u>all</u> of the relief requested by Facebook. StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 52:**

ALL DOCUMENTS RELATING TO YOUR efforts to locate, retrieve and/or recovery any COMMUNICATIONS, DOCUMENTS, content, COMPUTER CODE, or software that might relate to the subject matter of this lawsuit, including but not limited to any deleted or corrupted information present, stored, or residing on, or deleted from ANY and ALL computers in possession, custody or control of STUDIVZ or ANY members, agents, employees, or assignees, or consultants of STUDIVZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this request on the grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 53:**

ALL DOCUMENTS REFERRING TO or RELATING TO or comprising the memorialization of every investment in STUDIVZ and/or COMMUNICATIONS or negotiations with any actual or potential investor, and the terms of such investment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. StudiVZ further objects to this request on the grounds that it seeks discovery of StudiVZ's trade secrets. StudiVZ further objects to this request on the grounds that it seeks documents that are protected by the right to financial privacy.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    StudiVZ did not oppose Facebook's request to continue the hearing on the personal

2    jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

3    discovery and the disputes related thereto. Had Facebook been upfront with the

4    Court and StudiVZ and disclosed the fact that Facebook secretly planned to

5    propound six additional sets of discovery (including more document demands to

6    StudiVZ than had been propounded before) a few days after the Court issued its

7    ruling, StudiVZ would have opposed Facebook's request to continue even the

8    personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

9    believes that the Court would have ruled differently and would have denied all of

10   the relief requested by Facebook. StudiVZ further objects to this request on the

11   grounds that Facebook has failed to explain (1) why this request was not propounded

12   over four months ago (when Facebook propounded its other discovery), and (2) why

13   StudiVZ should have to respond to a request the response to which would have been

14   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

15   hearing date was selected in consultation with Facebook so that Facebook would

16   have many months to take jurisdictional discovery.

17

18   **REQUEST FOR PRODUCTION NO. 54:**

19       ALL DOCUMENTS summarizing, describing, REFERRING TO,

20   RELATING TO, or EVIDENCING information YOU downloaded, copied or

21   obtained from the FACEBOOK WEBSITE.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

23       StudiVZ hereby incorporates by reference the general objections set forth

24   above. StudiVZ further objects to this request on the grounds that it is not

25   reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

26   entitled to take discovery on personal jurisdiction as a matter of right. In order to

27   do so, Facebook must either make a *prima facie* showing of jurisdiction over

28   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    Facebook has done neither.   StudiVZ further objects to this request on the grounds

2    that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

3    harassing.  StudiVZ further objects to this request on the grounds that the definition

4    of "YOU" is grossly overbroad.

5         StudiVZ further objects to this request on the grounds that, in granting in part

6    Facebook's request for a continuance on the hearing for StudiVZ's Motion to

7    Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

8    Court made its decision based upon the then-pending discovery requests.  Likewise,

9    StudiVZ did not oppose Facebook's request to continue the hearing on the personal

10   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

11   discovery and the disputes related thereto.  Had Facebook been upfront with the

12   Court and StudiVZ and disclosed the fact that Facebook secretly planned to

13   propound six additional sets of discovery (including more document demands to

14   StudiVZ than had been propounded before) a few days after the Court issued its

15   ruling, StudiVZ would have opposed Facebook's request to continue even the

16   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

17   believes that the Court would have ruled differently and would have denied all of

18   the relief requested by Facebook.  StudiVZ further objects to this request on the

19   grounds that Facebook has failed to explain (1) why this request was not propounded

20   over four months ago (when Facebook propounded its other discovery), and (2) why

21   StudiVZ should have to respond to a request the response to which would have been

22   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

23   hearing date was selected in consultation with Facebook so that Facebook would

24   have many months to take jurisdictional discovery.

25

26   **REQUEST FOR PRODUCTION NO. 55:**

27        ALL DOCUMENTS summarizing, describing, REFERRING TO,

28   RELATING TO, or EVIDENCING the reasons for accessing the FACEBOOK

WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Though it is unclear about whose alleged access of the FACEBOOK WEBSITE this request is related, to the extent that it is directed at "STUDIVZ," StudiVZ objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its ruling, StudiVZ would have opposed Facebook's request to continue even the personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ believes that the Court would have ruled differently and would have denied all of the relief requested by Facebook. StudiVZ further objects to this request on the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

grounds that Facebook has failed to explain (1) why this request was not propounded over four months ago (when Facebook propounded its other discovery), and (2) why StudiVZ should have to respond to a request the response to which would have been due long after the original hearing date of StudiVZ's Motion to Dismiss, which hearing date was selected in consultation with Facebook so that Facebook would have many months to take jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 56:**

ALL DOCUMENTS summarizing, describing, REFERRING TO, RELATING TO, or EVIDENCING the reasons for downloading, copying or obtaining information from the FACEBOOK WEBSITE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Though it is unclear about whose alleged access of the FACEBOOK WEBSITE this request is related, to the extent that it is directed at "STUDIVZ," StudiVZ objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 Court made its decision based upon the then-pending discovery requests. Likewise,

2 StudiVZ did not oppose Facebook's request to continue the hearing on the personal

3 jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

4 discovery and the disputes related thereto. Had Facebook been upfront with the

5 Court and StudiVZ and disclosed the fact that Facebook secretly planned to

6 propound six additional sets of discovery (including more document demands to

7 StudiVZ than had been propounded before) a few days after the Court issued its

8 ruling, StudiVZ would have opposed Facebook's request to continue even the

9 personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

10 believes that the Court would have ruled differently and would have denied all of

11 the relief requested by Facebook. StudiVZ further objects to this request on the

12 grounds that Facebook has failed to explain (1) why this request was not propounded

13 over four months ago (when Facebook propounded its other discovery), and (2) why

14 StudiVZ should have to respond to a request the response to which would have been

15 due long after the original hearing date of StudiVZ's Motion to Dismiss, which

16 hearing date was selected in consultation with Facebook so that Facebook would

17 have many months to take jurisdictional discovery.

18

19 **REQUEST FOR PRODUCTION NO. 57:**

20    ALL DOCUMENTS summarizing, describing, REFERRING TO,

21 RELATING TO, or EVIDENCING ANY business plan for STUDIVZ.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

23    StudiVZ hereby incorporates by reference the general objections set forth

24 above. StudiVZ further objects to this request on the grounds that it is not

25 reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

26 entitled to take discovery on personal jurisdiction as a matter of right. In order to

27 do so, Facebook must either make a *prima facie* showing of jurisdiction over

28 StudiVZ, or it must identify material jurisdictional issues that are in dispute.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   Facebook has done neither.  StudiVZ further objects to this request on the grounds

2   that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

3   harassing.  StudiVZ further objects to this request on the grounds that the definition

4   of "STUDIVZ" is grossly overbroad.  StudiVZ further objects to this request on the

5   grounds that it seeks information that is not relevant nor reasonably calculated to

6   lead to the discovery of admissible evidence.  StudiVZ further objects to this

7   request on the grounds that it seeks discovery of StudiVZ's trade secrets.

8        StudiVZ further objects to this request on the grounds that, in granting in part

9   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

10  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

11  Court made its decision based upon the then-pending discovery requests.  Likewise,

12  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

13  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

14  discovery and the disputes related thereto.  Had Facebook been upfront with the

15  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

16  propound six additional sets of discovery (including more document demands to

17  StudiVZ than had been propounded before) a few days after the Court issued its

18  ruling, StudiVZ would have opposed Facebook's request to continue even the

19  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

20  believes that the Court would have ruled differently and would have denied all of

21  the relief requested by Facebook.  StudiVZ further objects to this request on the

22  grounds that Facebook has failed to explain (1) why this request was not propounded

23  over four months ago (when Facebook propounded its other discovery), and (2) why

24  StudiVZ should have to respond to a request the response to which would have been

25  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

26  hearing date was selected in consultation with Facebook so that Facebook would

27  have many months to take jurisdictional discovery.

28

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS sufficient to IDENTIFY ANY PERSON involved in

any way in the development of STUDIVZ or STUDIVZ'S WEBSITES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

StudiVZ hereby incorporates by reference the general objections set forth

above. StudiVZ further objects to this request on the grounds that it is not

reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

StudiVZ, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. StudiVZ further objects to this request on the grounds

that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. StudiVZ further objects to this request on the grounds that the definition

of "STUDIVZ" is grossly overbroad.

StudiVZ further objects to this request on the grounds that, in granting in part

Facebook's request for a continuance on the hearing for StudiVZ's Motion to

Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

Court made its decision based upon the then-pending discovery requests. Likewise,

StudiVZ did not oppose Facebook's request to continue the hearing on the personal

jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

discovery and the disputes related thereto. Had Facebook been upfront with the

Court and StudiVZ and disclosed the fact that Facebook secretly planned to

propound six additional sets of discovery (including more document demands to

StudiVZ than had been propounded before) a few days after the Court issued its

ruling, StudiVZ would have opposed Facebook's request to continue even the

personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

believes that the Court would have ruled differently and would have denied <u>all</u> of

the relief requested by Facebook. StudiVZ further objects to this request on the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    grounds that Facebook has failed to explain (1) why this request was not propounded

2    over four months ago (when Facebook propounded its other discovery), and (2) why

3    StudiVZ should have to respond to a request the response to which would have been

4    due long after the original hearing date of StudiVZ's Motion to Dismiss, which

5    hearing date was selected in consultation with Facebook so that Facebook would

6    have many months to take jurisdictional discovery.

7

8    **REQUEST FOR PRODUCTION NO. 59:**

9        ALL DOCUMENTS IDENTIFYING ANY investors, potential investors,

10   loans, investments, gifts, contributions, offers to purchase, or other forms of

11   financing contributed to or received by STUDIVZ.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

13       StudiVZ hereby incorporates by reference the general objections set forth

14   above. StudiVZ further objects to this request on the grounds that it is not

15   reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

16   entitled to take discovery on personal jurisdiction as a matter of right. In order to

17   do so, Facebook must either make a *prima facie* showing of jurisdiction over

18   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

19   Facebook has done neither. StudiVZ further objects to this request on the grounds

20   that it is compound. StudiVZ further objects to this request on the grounds that it is

21   unlimited as to time, and is so overbroad as to be unduly burdensome and

22   harassing. StudiVZ further objects to this request on the grounds that the definition

23   of "STUDIVZ" is grossly overbroad. StudiVZ further objects to this request on the

24   grounds that it seeks information that is not relevant nor reasonably calculated to

25   lead to the discovery of admissible evidence. StudiVZ further objects to this

26   request on the grounds that it seeks discovery of StudiVZ's trade secrets. StudiVZ

27   further objects to this request on the grounds that it seeks documents that are

28   protected by the right to financial privacy.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    StudiVZ further objects to this request on the grounds that, in granting in part

2    Facebook's request for a continuance on the hearing for StudiVZ's Motion to

3    Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

4    Court made its decision based upon the then-pending discovery requests. Likewise,

5    StudiVZ did not oppose Facebook's request to continue the hearing on the personal

6    jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

7    discovery and the disputes related thereto. Had Facebook been upfront with the

8    Court and StudiVZ and disclosed the fact that Facebook secretly planned to

9    propound six additional sets of discovery (including more document demands to

10   StudiVZ than had been propounded before) a few days after the Court issued its

11   ruling, StudiVZ would have opposed Facebook's request to continue even the

12   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

13   believes that the Court would have ruled differently and would have denied <u>all</u> of

14   the relief requested by Facebook. StudiVZ further objects to this request on the

15   grounds that Facebook has failed to explain (1) why this request was not propounded

16   over four months ago (when Facebook propounded its other discovery), and (2) why

17   StudiVZ should have to respond to a request the response to which would have been

18   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

19   hearing date was selected in consultation with Facebook so that Facebook would

20   have many months to take jurisdictional discovery.

21

22   **REQUEST FOR PRODUCTION NO. 60:**

23       ALL DOCUMENTS AND COMMUNICATIONS that relate to the

24   STUDIVZ WEBSITES being modeled after or inspired by the FACEBOOK

25   WEBSITE.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

27       StudiVZ hereby incorporates by reference the general objections set forth

28   above. StudiVZ further objects to this request on the grounds that it is not

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

2   entitled to take discovery on personal jurisdiction as a matter of right.  In order to

3   do so, Facebook must either make a *prima facie* showing of jurisdiction over

4   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

5   Facebook has done neither.   StudiVZ further objects to this request on the grounds

6   that it is compound.  StudiVZ further objects to this request on the grounds that it is

7   unlimited as to time, and is so overbroad as to be unduly burdensome and

8   harassing.  StudiVZ further objects to this request on the grounds that the definition

9   of "STUDIVZ" is grossly overbroad.

10      StudiVZ further objects to this request on the grounds that, in granting in part

11  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

12  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

13  Court made its decision based upon the then-pending discovery requests.  Likewise,

14  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

15  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

16  discovery and the disputes related thereto.  Had Facebook been upfront with the

17  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

18  propound six additional sets of discovery (including more document demands to

19  StudiVZ than had been propounded before) a few days after the Court issued its

20  ruling, StudiVZ would have opposed Facebook's request to continue even the

21  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

22  believes that the Court would have ruled differently and would have denied all of

23  the relief requested by Facebook.  StudiVZ further objects to this request on the

24  grounds that Facebook has failed to explain (1) why this request was not propounded

25  over four months ago (when Facebook propounded its other discovery), and (2) why

26  StudiVZ should have to respond to a request the response to which would have been

27  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

28  hearing date was selected in consultation with Facebook so that Facebook would

have many months to take jurisdictional discovery.

## REQUEST FOR PRODUCTION NO. 61:

ALL DOCUMENTS AND COMMUNICATIONS that relate to the STUDIVZ WEBSITES' layout being modeled after or inspired by the FACEBOOK WEBSITE.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

StudiVZ hereby incorporates by reference the general objections set forth above. StudiVZ further objects to this request on the grounds that it is not reasonably related to personal jurisdiction and, even if it were, a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over StudiVZ, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. StudiVZ further objects to this request on the grounds that it is compound. StudiVZ further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. StudiVZ further objects to this request on the grounds that the definition of "STUDIVZ" is grossly overbroad.

StudiVZ further objects to this request on the grounds that, in granting in part Facebook's request for a continuance on the hearing for StudiVZ's Motion to Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District Court made its decision based upon the then-pending discovery requests. Likewise, StudiVZ did not oppose Facebook's request to continue the hearing on the personal jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing discovery and the disputes related thereto. Had Facebook been upfront with the Court and StudiVZ and disclosed the fact that Facebook secretly planned to propound six additional sets of discovery (including more document demands to StudiVZ than had been propounded before) a few days after the Court issued its

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    ruling, StudiVZ would have opposed Facebook's request to continue even the

2    personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

3    believes that the Court would have ruled differently and would have denied all of

4    the relief requested by Facebook. StudiVZ further objects to this request on the

5    grounds that Facebook has failed to explain (1) why this request was not propounded

6    over four months ago (when Facebook propounded its other discovery), and (2) why

7    StudiVZ should have to respond to a request the response to which would have been

8    due long after the original hearing date of StudiVZ's Motion to Dismiss, which

9    hearing date was selected in consultation with Facebook so that Facebook would

10   have many months to take jurisdictional discovery.

11

12   **REQUEST FOR PRODUCTION NO. 62:**

13        ALL DOCUMENTS AND COMMUNICATIONS that relate to the

14   STUDIVZ WEBSITES' functionality or features being modeled after or inspired by

15   the FACEBOOK WEBSITE.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

17        StudiVZ hereby incorporates by reference the general objections set forth

18   above. StudiVZ further objects to this request on the grounds that it is not

19   reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

20   entitled to take discovery on personal jurisdiction as a matter of right. In order to

21   do so, Facebook must either make a *prima facie* showing of jurisdiction over

22   StudiVZ, or it must identify material jurisdictional issues that are in dispute.

23   Facebook has done neither. StudiVZ further objects to this request on the grounds

24   that it is compound. StudiVZ further objects to this request on the grounds that it is

25   unlimited as to time, and is so overbroad as to be unduly burdensome and

26   harassing. StudiVZ further objects to this request on the grounds that the definition

27   of "STUDIVZ" is grossly overbroad.

28        StudiVZ further objects to this request on the grounds that, in granting in part

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  Facebook's request for a continuance on the hearing for StudiVZ's Motion to

2  Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

3  Court made its decision based upon the then-pending discovery requests. Likewise,

4  StudiVZ did not oppose Facebook's request to continue the hearing on the personal

5  jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

6  discovery and the disputes related thereto. Had Facebook been upfront with the

7  Court and StudiVZ and disclosed the fact that Facebook secretly planned to

8  propound six additional sets of discovery (including more document demands to

9  StudiVZ than had been propounded before) a few days after the Court issued its

10  ruling, StudiVZ would have opposed Facebook's request to continue even the

11  personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

12  believes that the Court would have ruled differently and would have denied all of

13  the relief requested by Facebook. StudiVZ further objects to this request on the

14  grounds that Facebook has failed to explain (1) why this request was not propounded

15  over four months ago (when Facebook propounded its other discovery), and (2) why

16  StudiVZ should have to respond to a request the response to which would have been

17  due long after the original hearing date of StudiVZ's Motion to Dismiss, which

18  hearing date was selected in consultation with Facebook so that Facebook would

19  have many months to take jurisdictional discovery.

20

21  **REQUEST FOR PRODUCTION NO. 63:**

22      ALL DOCUMENTS AND COMMUNICATIONS that relate to STUDIVZ'S

23  accessing of the FACEBOOK WEBSITE for commercial purposes.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

25      StudiVZ hereby incorporates by reference the general objections set forth

26  above. StudiVZ further objects to this request on the grounds that it is not

27  reasonably related to personal jurisdiction and, even if it were, a plaintiff is not

28  entitled to take discovery on personal jurisdiction as a matter of right. In order to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    do so, Facebook must either make a *prima facie* showing of jurisdiction over

2    StudiVZ, or it must identify material jurisdictional issues that are in dispute.

3    Facebook has done neither.    StudiVZ further objects to this request on the grounds

4    that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

5    harassing.  Though it is unclear about whose alleged access of the FACEBOOK

6    WEBSITE this request is related, to the extent that it is directed at "STUDIVZ,"

7    StudiVZ objects to this request on the grounds that the definition of "STUDIVZ" is

8    grossly overbroad.

9        StudiVZ further objects to this request on the grounds that, in granting in part

10   Facebook's request for a continuance on the hearing for StudiVZ's Motion to

11   Dismiss for lack of personal jurisdiction and *forum non conveniens*, the District

12   Court made its decision based upon the then-pending discovery requests.  Likewise,

13   StudiVZ did not oppose Facebook's request to continue the hearing on the personal

14   jurisdiction portion of StudiVZ's Motion to Dismiss based upon the existing

15   discovery and the disputes related thereto.  Had Facebook been upfront with the

16   Court and StudiVZ and disclosed the fact that Facebook secretly planned to

17   propound six additional sets of discovery (including more document demands to

18   StudiVZ than had been propounded before) a few days after the Court issued its

19   ruling, StudiVZ would have opposed Facebook's request to continue even the

20   personal jurisdiction portion of StudiVZ's Motion to Dismiss, and StudiVZ

21   believes that the Court would have ruled differently and would have denied all of

22   the relief requested by Facebook.  StudiVZ further objects to this request on the

23   grounds that Facebook has failed to explain (1) why this request was not propounded

24   over four months ago (when Facebook propounded its other discovery), and (2) why

25   StudiVZ should have to respond to a request the response to which would have been

26   due long after the original hearing date of StudiVZ's Motion to Dismiss, which

27   hearing date was selected in consultation with Facebook so that Facebook would

28   have many months to take jurisdictional discovery.

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant StudiVZ Ltd.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

37106-00002/1677702.3

50

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as **STUDIVZ LTD.'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action

☒     by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**        Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.    **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY U.S. MAIL:**

☒     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐     I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Aaron B. Bloom

_____
SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**PROOF OF SERVICE**

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant Holtzbrinck
Networks GmbH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., <br><br> Plaintiff, <br><br> v. <br><br> STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, <br><br> Defendants. | Case No. 5:08-CV-03468 JF <br><br> Assigned To: Honorable Jeremy Fogel <br><br> **HOLTZBRINCK NETWORKS GmbH'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:    FACEBOOK, INC.

RESPONDING PARTY:    HOLTZBRINCK NETWORKS GmbH

SET NUMBER:    TWO

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I.   GENERAL OBJECTIONS

A.   Holtzbrinck Networks GmbH ("Networks") objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order. Networks will only produce evidence pursuant to a protective order specifying that the evidence is not specifically authorized to be used in any other court.

B.   Networks objects to the Requests on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.   Networks objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/ED and the E-Commerce Directive 2000/31/EC.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1        D.    Networks objects to the Requests on the grounds that the definition of

2    "HOTLZBRINCK [sic] NETWORKS GmBH," "YOU," and "YOUR" includes

3    Networks' "directors, officers, predecessors, successors, assigns, agents, servants,

4    employees, investigators, attorneys, AND ALL other persons and entities

5    representing it, acting on its behalf, OR purporting to act on its behalf." This is

6    improperly overbroad generally and is particularly so given that the discovery

7    purports to relate to personal jurisdiction, since in establishing jurisdiction

8    discovery must be directed at the party only.

9

10       E.    Networks objects to the Requests on the grounds that their gross

11   overbreadth would require Networks to incur an unreasonable amount of expense

12   and time to search for and then produce the requested documents.

13

14       F.    Networks objects to the Requests to the extent they seek documents

15   that are protected from disclosure by the attorney-client privilege, the attorney work

16   product doctrine, the right of privacy and/or any other applicable privileges,

17   doctrines, or immunity from disclosure.

18

19       G.    Networks further objects to the Requests to the extent they attempt or

20   purport to impose obligations on Networks beyond those set forth in the Federal

21   Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the

22   Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence

23   Convention") as interpreted and enforced under German law. All definitions and

24   instructions will be treated as having no force or effect to the extent they purport to

25   impose obligations on Networks beyond those set forth in the Federal Rules of

26   Civil Procedure or the Hague Evidence Convention as interpreted and enforced

27   under German law.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **REQUEST FOR PRODUCTION NO. 31:**

2      All DOCUMENTS OR COMMUNICATIONS RELATING TO YOUR

3  knowledge of FACEBOOK's legal claims against STUDIVZ, including, but not

4  limited to, the means by which YOU first gained that knowledge.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

6      Networks hereby incorporates by reference the general objections set forth

7  above. Networks further objects to this request on the grounds that a plaintiff is not

8  entitled to take discovery on personal jurisdiction as a matter of right. In order to

9  do so, Facebook must either make a *prima facie* showing of jurisdiction over

10 Networks, or it must identify material jurisdictional issues that are in dispute.

11 Facebook has done neither. Networks further objects to this request on the grounds

12 that it is unlimited as to time. Networks further objects to this request on the

13 grounds that it is compound. Networks further objects to this request on the

14 grounds that the definition of "YOU" is grossly overbroad. Networks further

15 objects to this request on the grounds that it seeks information that is not relevant

16 nor reasonably calculated to lead to the discovery of admissible evidence.

17 Networks further objects to this request to the extent it calls for documents covered

18 by the Nondisclosure Agreement dated May 9, 2008, redacted portions of the

19 relevant portions of which have already been produced.

20     Networks further objects to this request on the grounds that it is moot.

21 Namely, Facebook has already filed its opposition to Networks' motion to dismiss

22 for lack of personal jurisdiction and *forum non conveniens*, and these requests are

23 specifically identified as being "relating to personal jurisdiction." In its request to

24 continue the hearings on that and other motions, Facebook asked the District Court

25 to allow it to file supplemental opposition papers with respect to _both_ StudiVZ's

26 Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket

27 No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that

28 Facebook failed to demonstrate any reason to continue the hearing as to the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

Networks further objects to this request on the grounds that it is redundant and duplicative of prior discovery requests as modified by Facebook during the meet and confer process and Networks previously agreed to produce, and did produce, all non-privileged, responsive documents in Networks' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS OR COMMUNICATIONS RELATING TO similarities between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including, but not limited to, graphical similarities, layout similarities, functional similarities, and feature similarities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Networks hereby incorporates by reference the general objections set forth above. Networks further objects to this request on the grounds that a plaintiff is not entitled to take discovery on personal jurisdiction as a matter of right. In order to do so, Facebook must either make a *prima facie* showing of jurisdiction over Networks, or it must identify material jurisdictional issues that are in dispute. Facebook has done neither. Networks further objects to this request on the grounds that it is unlimited as to time, and is so overbroad as to be unduly burdensome and harassing. Networks further objects to this request on the grounds that it is compound. Networks further objects to this request on the grounds that it assumes facts not in evidence. Networks further objects to this request on the grounds that the definition of "YOU" is grossly overbroad. Networks further objects to this request on the grounds that the term "similarities" is vague and ambiguous,

especially in the context of social networking websites, which all have some level of similarity to one another. Networks further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Networks further objects to this request on the grounds that it is moot. Namely, Facebook has already filed its opposition to Networks' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these requests are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant Holtzbrinck
Networks GmbH

GREENBERG GLUSKER CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as HOLTZBRINCK NETWORKS GmbH'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION on the interested parties in this action

☒    by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**            Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq.   **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY U.S. MAIL:**

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Aaron B. Bloom_____            _____
                                         SIGNATURE

---

**PROOF OF SERVICE**

37106-00002/1664763.1

STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant Holtzbrinck
Ventures GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., | Case No. 5:08-CV-03468 JF |
| Plaintiff, | Assigned To: Honorable Jeremy Fogel |
| v. | |
| STUDIVZ LTD., HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25, | **HOLTZBRINCK VENTURES GmbH'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION** |
| Defendants. | Complaint Filed: July 18, 2008 |

PROPOUNDING PARTY:    FACEBOOK, INC.

RESPONDING PARTY:    HOLTZBRINCK VENTURES GmbH

SET NUMBER:    TWO

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# I.    GENERAL OBJECTIONS

A.    Holtzbrinck Ventures GmbH ("Ventures") objects to the Requests for Production ("Requests") on the grounds that Facebook seeks the right to use evidence obtained in this action in the action pending between Facebook and StudiVZ in Germany (the "German Action"). It is improper under established law to use this lawsuit or this Court as vehicles to obtain discovery for use in a foreign case when that evidence is located outside the United States, as it is here. It is also inconsistent with the District Court's form protective order. Ventures will only produce evidence pursuant to a protective order specifying that the evidence is not specifically authorized to be used in any other court.

B.    Ventures objects to the Requests on the grounds that they seek discovery that is not reasonably related to pertinent disputed personal jurisdictional or *forum non conveniens* issues, which is improper given that there are currently pending motions to dismiss all defendants for lack of personal jurisdiction and *forum non conveniens*.

C.    Ventures objects to the Requests on the grounds that they would require violation of the privacy rights of its employees and its customers as embodied in German and European Union law, including but not limited to the German Constitution, the German Federal Data Protection Act (BDSG), the German Telecommunications Act (TKG), the German Tele Services Data Protection Act (TDDSG), the European Community Data Protection Directive 95/46/EC, Data Protection Directive for Electronic Communication 2002/58/ED and the E-Commerce Directive 2000/31/EC.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

D.     Ventures objects to the Requests on the grounds that the definition of "HOTLZBRINCK [sic] VENTURES GmBH," "YOU," and "YOUR" includes Ventures' "directors, officers, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, AND ALL other persons and entities representing it, acting on its behalf, OR purporting to act on its behalf." This is improperly overbroad generally and is particularly so given that the discovery purports to relate to personal jurisdiction, since in establishing jurisdiction discovery must be directed at the party only.

E.     Ventures objects to the Requests on the grounds that their gross overbreadth would require Ventures to incur an unreasonable amount of expense and time to search for and then produce the requested documents.

F.     Ventures objects to the Requests to the extent they seek documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the right of privacy and/or any other applicable privileges, doctrines, or immunity from disclosure.

G.     Ventures further objects to the Requests to the extent they attempt or purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention") as interpreted and enforced under German law. All definitions and instructions will be treated as having no force or effect to the extent they purport to impose obligations on Ventures beyond those set forth in the Federal Rules of Civil Procedure or the Hague Evidence Convention as interpreted and enforced under German law.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  **REQUEST FOR PRODUCTION NO. 31:**

2      All DOCUMENTS OR COMMUNICATIONS RELATING TO YOUR

3  knowledge of FACEBOOK's legal claims against STUDIVZ, including, but not

4  limited to, the means by which YOU first gained that knowledge.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

6      Ventures hereby incorporates by reference the general objections set forth

7  above. Ventures further objects to this request on the grounds that a plaintiff is not

8  entitled to take discovery on personal jurisdiction as a matter of right. In order to

9  do so, Facebook must either make a *prima facie* showing of jurisdiction over

10 Ventures, or it must identify material jurisdictional issues that are in dispute.

11 Facebook has done neither. Ventures further objects to this request on the grounds

12 that it is unlimited as to time. Ventures further objects to this request on the

13 grounds that it is compound. Ventures further objects to this request on the grounds

14 that the definition of "YOU" is grossly overbroad. Ventures further objects to this

15 request on the grounds that it seeks information that is not relevant nor reasonably

16 calculated to lead to the discovery of admissible evidence. Ventures further objects

17 to this request to the extent it calls for documents covered by the Nondisclosure

18 Agreement dated May 9, 2008, redacted portions of the relevant portions of which

19 have already been produced.

20      Ventures further objects to this request on the grounds that it is moot.

21 Namely, Facebook has already filed its opposition to Ventures' motion to dismiss

22 for lack of personal jurisdiction and *forum non conveniens*, and these requests are

23 specifically identified as being "relating to personal jurisdiction." In its request to

24 continue the hearings on that and other motions, Facebook asked the District Court

25 to allow it to file supplemental opposition papers with respect to *both* StudiVZ's

26 Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket

27 No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that

28 Facebook failed to demonstrate any reason to continue the hearing as to the

Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's

request to file a supplemental brief with respect to either of the Holtzbrinck

defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only

be "permitted to file a supplemental opposition with respect to whether this Court

has personal jurisdiction over StudiVZ in light of any newly discovered material").

Ventures further objects to this request on the grounds that it is redundant and

duplicative of prior discovery requests as modified by Facebook during the meet and

confer process and Ventures previously agreed to produce, and did produce, all non-

privileged, responsive documents in Ventures' possession, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS OR COMMUNICATIONS RELATING TO similarities

between the FACEBOOK WEBSITE and the STUDIVZ WEBSITES, including,

but not limited to, graphical similarities, layout similarities, functional similarities,

and feature similarities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Ventures hereby incorporates by reference the general objections set forth

above. Ventures further objects to this request on the grounds that a plaintiff is not

entitled to take discovery on personal jurisdiction as a matter of right. In order to

do so, Facebook must either make a *prima facie* showing of jurisdiction over

Ventures, or it must identify material jurisdictional issues that are in dispute.

Facebook has done neither. Ventures further objects to this request on the grounds

that it is unlimited as to time, and is so overbroad as to be unduly burdensome and

harassing. Ventures further objects to this request on the grounds that it is

compound. Ventures further objects to this request on the grounds that it assumes

facts not in evidence. Ventures further objects to this request on the grounds that

the definition of "YOU" is grossly overbroad. Ventures further objects to this

request on the grounds that the term "similarities" is vague and ambiguous,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

especially in the context of social networking websites, which all have some level of similarity to one another. Ventures further objects to this request on the grounds that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Ventures further objects to this request on the grounds that it is moot. Namely, Facebook has already filed its opposition to Ventures' motion to dismiss for lack of personal jurisdiction and *forum non conveniens*, and these requests are specifically identified as being "relating to personal jurisdiction." In its request to continue the hearings on that and other motions, Facebook asked the District Court to allow it to file supplemental opposition papers with respect to *both* StudiVZ's Motion to Dismiss and the Holtzbrinck defendants' Motion to Dismiss. (Docket No. 77 at 1:25-2:3; Docket No. 77-2). Because the District Court found that Facebook failed to demonstrate any reason to continue the hearing as to the Holtzbrinck defendants (Order at 2:15-17) (Docket No. 92), it denied Facebook's request to file a supplemental brief with respect to either of the Holtzbrinck defendants. (Order at 2:20-22) (Docket No. 92) (ruling that Facebook would only be "permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material").

DATED: March 4, 2009

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
STEPHEN S. SMITH (SBN 166539)
Attorneys for Defendant Holtzbrinck
Ventures GmbH

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

6

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On March 4, 2009, I served the foregoing document described as HOLTZBRINCK VENTURES GmbH'S RESPONSES TO FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION on the interested parties in this action

☒    by placing ☒ the **original** ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Thomas Gray, Esq. **(ORIGINAL)**      Attorneys for Plaintiff Facebook, Inc.
tgray@orrick.com
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558

Gary E. Weiss, Esq. **(COPY)**
gweiss@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

**BY U.S. MAIL:**

☒    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2009, at Los Angeles, California.

**BY PERSONAL SERVICE:**

☐    I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at Los Angeles, California.

☒ (Fed)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

___Aaron B. Bloom___             _____
                                          SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21ˢᵗ Floor
Los Angeles, California 90067-4590

**PROOF OF SERVICE**

37106-00002/1664763.1