STEPHEN S. SMITH (SBN 166539)
SSmith@GreenbergGlusker.com
WILLIAM M. WALKER (SBN 145559)
WWalker@GreenbergGlusker.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants StudiVZ Ltd., Holtzbrinck
Ventures GmbH and Holtzbrinck Networks GmbH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>STUDIVZ LTD., VERLAGSGRUPPE GEORG VON HOLTZBRINCK GmbH, HOLTZBRINCK NETWORKS GmbH, HOLTZBRINCK VENTURES GmbH, and DOES 1-25,<br><br>    Defendant. | Case No. 5:08-CV-03468 JF<br>Assigned To: Hon. Jeremy Fogel<br><br>**DEFENDANTS' OPPOSITION TO FACEBOOK'S MOTION TO SHORTEN TIME PURSUANT TO L.R. 6-3**<br><br>[Declaration of Stephen S. Smith Filed Concurrently Herewith]<br><br>Complaint Filed: July 18, 2008 |

37106-00002/1690288.6

Defendants' Opposition to Facebook's Motion to Shorten Time

## I. INTRODUCTION

Facebook moves to shorten time on two motions: (1) the motion for protective order regarding third party subpoenas (the "Subpoenas"), which was filed by defendants StudiVZ, Ltd., Holtzbrinck Networks GmbH and Holtzbrinck Ventures GmbH ("Defendants") on May 19, 2009, and (2) Facebook's motion to compel regarding the second set of written discovery served on Defendants, which was filed on May 26, 2009. Defendants oppose the motion to shorten time. There is no emergency justifying shortened time. To the extent any time pressure exists, that pressure was caused by Facebook's own, long delays. Facebook now says that it intentionally delayed raising the current discovery dispute until after the Court decided the first dispute (without having *ever* told Defendants or the Court about that intent). (Mot. at 1:4-5; 2:10-12). Now Facebook wishes it had not done that and seeks relief from the clearly foreseeable consequences of its own strategic decisions. That is not good cause for an order shortening time.

## II. FACEBOOK WAITED UNTIL MAY 8, 2009 TO SERVE THE SUBPOENAS.

Facebook initially asked for jurisdictional discovery in August 2008. (Dkt. 12, ¶ 15). On September 9, 2008, Facebook filed a motion for expedited jurisdictional discovery (Dkt. 11), which it withdrew (Dkt. 36) after the Court denied its request to have the motion heard on shortened time (Dkt. 20). On October 14, 2008, Facebook served its first set of written discovery. (Smith Decl., ¶ 2).

The motions to dismiss were filed on October 22, 2008. (Dkts. 41, 42). Facebook had admitted that, before the motions were filed, the parties agreed upon a four-month hearing and briefing schedule for the express purpose of allowing Facebook adequate time to take whatever discovery it needed in time to be included in its opposition to the motions to dismiss. (Dkt. 77 at 2:25-3:5). The date set for hearing was February 13, 2009. (Dkts. 41, 42).

At no time prior to February 13, 2009 did Facebook serve the Subpoenas or even inform Defendants or the Court that Facebook wished to serve the Subpoenas.[1]

On January 23, 2009, Facebook asked the Court to move the motion to dismiss hearing date. Facebook stated several times that the basis for its motion was the need to resolve disputes

---

[1] Prior to asking the Court to move the February 13, 2009 hearing date, Facebook served no other discovery, other than the Notices of Deposition of Martin Weber and Michael Brehm, which Facebook then canceled after defense counsel had already flown to Germany to defend those depositions. (Smith Decl., ¶ 2 Dkt. 83, 84).
37106-00002/1690288.6    1
Defendants' Opposition to Facebook's Motion to Shorten Time

concerning Facebook's *already-existing* discovery requests, as to which Facebook said it "soon will be filing a motion to compel the needed discovery" (Dkt. 77 at 1:4, 1:8-9, 1:24-25; 2:22-23, 4:9-10, 4:18-19), which motion was then filed on January 27, 2009. (Dkt. 88, 91). Facebook made no mention of any need or intent to conduct other, new discovery. (Dkt. 77).

On January 28, 2009, the Court issued its first Order moving the motion to dismiss hearing date, which reads in pertinent part as follows:

> ". . . Facebook has failed to demonstrate any reason to continue the February 13, 2009 hearing as to either defendant with respect to *forum non conveniens*, or as to Holtzbrinck with respect to personal jurisdiction. Nonetheless, because considerations of judicial economy weigh in favor of hearing all of the motions concurrently, and because a brief continuance is unlikely to prejudice any party, the Court will grant Facebook's motion for a continuance. Facebook will be permitted to file a supplemental opposition with respect to whether this Court has personal jurisdiction over StudiVZ in light of any newly discovered material."

(Dkt. 92 at 2:15-22). The new hearing date was April 10, 2009. (Dkt. 92 at 2:23).

Two more months passed. Facebook did not serve the Subpoenas, nor did it inform Defendants or the Court that it intended to serve the Subpoenas.

On March 30, 2009, the Court granted Defendants' request to bifurcate the hearing of *forum non conveniens* from personal jurisdiction and stayed all proceedings related to personal jurisdiction. The Court gave the parties an opportunity to file supplemental briefs. (Dkt. 138). The hearing was moved to May 1, 2009. (Dkt. 144). In its supplemental brief, Facebook did not mention any intention to serve the Subpoenas. Nor did Facebook make any mention of such an intent during the hearing on May 1, 2009.[2]

The Court then issued its May 4, 2009 Order, indicating that it was "inclined to" dismiss the action but wanted to rule on both *forum non conveniens* and personal jurisdiction at the same time,

---

[2] At the hearing, the Court noted that "you're in the midst of objections and motions and so forth." Facebook responded: "I think we are beyond that . . ." and then mentioned only the existing dispute pending in front of "Judge Lloyd." (Dkt 157 at 11:16-13:2, Smith Decl., Ex. A).

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 and lifting the stay and re-setting the hearing date for July 10, 2009. (Dkt. 155). The Court also

2 gave Facebook until June 26, 2009 to file its supplemental opposition. (*Id.*).

3 Only then, on May 8, 2009, did Facebook finally serve the Subpoenas. Facebook mailed

4 the subpoenas to Defendants. As a result, Defendants did not see the first subpoena until late

5 Monday, May 11, 2009. Defendants prepared their motion for protective order in one week, well

6 before the return dates in the Subpoenas, and filed that motion on May 19, 2009. Defendants chose

7 the earliest hearing date possible under the local rules: June 23, 2009.

8 Any delay was caused entirely by Facebook. Facebook waited months, until after the

9 District Court had already set the new hearing and supplemental briefing schedule, to serve the

10 Subpoenas. Facebook fails to explain why it did not serve the Subpoenas during the ***more than 5***

11 ***month period*** following Defendants' filing of their motions to dismiss.[3] Facebook knew as of

12 March 4, 2009 that Defendants were taking the position that no new discovery was permitted in

13 light of the prior Court Orders, as Defendants had unambiguously stated that position in their

14 responses to the second set of discovery, which were served on March 4, 2009 (*See, e.g.* Dkt. 164-2

15 at 5:25-6:16) (pp.6-7 of 56). Knowing that Defendants were certain to object, Facebook nonetheless

16 waited until May 8, 2009 to send out the Subpoenas.

17 In sum, Facebook wants this Court to rescue it from the consequences of its own strategic

18 decisions and lack of diligence. That is not an appropriate basis for an order shortening time.

19 **III. FACEBOOK DELAYED MOVING TO COMPEL FOR MONTHS.**

20 The story with respect to Facebook's new motion to compel is similar. Facebook served its

21 second set of discovery on February 2, 2009. Defendants timely responded on March 4, 2009. Yet,

22 Facebook did not file its motion to compel until May 26, 2009.

23 Facebook may not blame its delay on the District Court's March 30 Order staying discovery

24 because Facebook had 26 days before the stay was instituted (from March 4 to March 30) and 22

25 days after the stay was lifted (from May 4 to May 26) to move to compel. During these 48 days,

---

[3] Facebook may not excuse its delay on the Court's stay of personal jurisdiction discovery. The stay was only in effect from March 30, 2009 through May 4, 2009. Facebook does not explain why it did not serve the Subpoenas during the more than five month period between October 22, 2008 and March 30, 2009. This delay is all the more inexcusable given that Facebook had itself agreed that the period from October 22, 2008 to the original hearing date of February 13, 2009 was set aside by the parties for the purpose of conducting discovery related to jurisdiction. (Dkt. 77 at 2:25-3:5).

37106-00002/1690288.6                                          3
Defendants' Opposition to Facebook's Motion to Shorten Time

Facebook was fully aware of the hearing dates (first the April 10, 2009 hearing date and later the July 10 hearing date). Yet, it did not move to compel. Moreover, as with the Subpoenas, Facebook never informed the Court that the second set of discovery existed or that there was a dispute related thereto, even when the Court directly raised the issue of discovery during the May 1, 2009 hearing. (Dkt. 157 at 11:16-13:2; Smith Decl., Ex. A).

Facebook made a strategic decision. It chose not to mention to the Court the Subpoenas or the dispute over the second set of discovery because it was hoping to convince the Court that the discovery dispute was limited and resolvable in a reasonably short period of additional time. Thus, Facebook focused only on the already-existing motion to compel and stated "It should be relatively quick if Defendants comply with the discovery issues." (*Id.* at 13:1-2).

Facebook admits that its decision was entirely strategic. It "hoped to resolve one discovery dispute ***before*** burdening the Court with another." (Mot. 1:4-5) (emphasis added). Facebook does not claim that the resolution of the first dispute would have mooted the second dispute. (And, indeed, most of the discovery in the second set is different than in the first.) Facebook now concedes that it has always intended to raise both disputes, but sequentially rather than concurrently. This suggests that Facebook intentionally delayed so that it can argue to the Court in the future that the motion to dismiss hearing date should be moved yet again -- for a ***fourth*** time.

In sum, Facebook chose to delay. Defendants did not force that choice upon Facebook. Defendants should not be forced to oppose a motion on two weeks' shortened notice simply because Facebook made a strategic decision that it now regrets. That is not good cause to shorten time.[4]

## IV. DEFENDANTS HAVE NO BAD FAITH MOTIVES.

Facebook devotes much of its motion to attacking Defendants' motives. However, Defendants have consistently and ***always timely*** explained their position. Defendants responded on time to each and every discovery request Facebook ever served. Defendants met and conferred immediately upon being asked. Facebook's accusations of bad faith conduct go to the merits of the

---

[4] Also, the issues in Facebook's motion to compel are not "identical" to the issue in Defendants' motion for protective order, as Facebook claims. (Mot. at 3:17). One issue is the same -- the issue of whether Facebook was permitted to propound this discovery. But the issues raised by Defendants' other objections to Facebook's second set of discovery are not raised by the motion for protective order directed at the third party Subpoenas.

37106-00002/1690288.6         4
Defendants' Opposition to Facebook's Motion to Shorten Time

positions Defendants have asserted. But Defendants' positions have always been well-founded and asserted in good faith. Facebook ignores that Defendants have already produced all of the discovery that relates to the traditional indicia of personal jurisdiction or *forum non conveniens*. Facebook ignores that the Court already ruled that the only potential open issue involved very few requests from the first set of discovery related to StudiVZ only. That was the only dispute that was pending as of January, February, March, April and half-way through May. And Defendants' position as to those grossly overbroad, burdensome and expensive requests can hardly be characterized as improper. Defendants also presented for deposition the only two witnesses Facebook ever asked to depose that were within Defendants' control, only to have Facebook cancel the depositions at the last minute after defense counsel had flown to Germany to defend them.

The Court has already stated that "it is inclined to grant" the motions to dismiss, at least on *forum non conveniens* grounds. (Dkt. 155 at 3:12-14).[5] So it is hardly surprising that Defendants sensibly want to reduce any burden and expense for everyone before hopefully being dismissed.

Facebook, however, now seeks to use the most-recent continuance of the hearing date to obtain more wide-ranging, expensive, merits-based discovery that it never sought during the initial period set aside for propounding jurisdictional discovery -- October 22, 2008 to February 13, 2009. And, at the 11th hour, it seeks an order shortening time to allow this unjust result, after having waited months to even raise the issue, when it easily could have raised the issue on regular notice.

## V. CONCLUSION

For the above reasons, Defendants respectfully request that the Court deny the motion.

DATED: May 29, 2009                  GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By:   /s Stephen S. Smith
      STEPHEN S. SMITH
      Attorneys for Defendants

---

[5] It is disingenuous for Facebook to characterize Judge Fogel's ruling as the Court merely "perceiving" Defendants' *forum non conveniens* theory to have "some merit." (Mot. at 2:23-25).

37106-00002/1690288.6            5

Defendants' Opposition to Facebook's Motion to Shorten Time