# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

_____

FACEBOOK, INC.,                  CASE NO. 5:08-CV-03468 JF

      Plaintiff,

  v.

STUDIVZ LTD., HOLTZBRINK NETWORKS
GMBH, HOLTZBRINK VENTURES GMBH and
DOES 1-25,

      Defendants.

_____


    The above-styled cause came on for hearing on March 3, 2009 at 10:09 a.m. before The Honorable Howard R. Lloyd, United States Magistrate Judge, Courtroom 2, Fifth Floor.


APPEARANCES:

ON BEHALF OF PLAINTIFF:

   Julio C. Avalos, Esq.
   Thomas J. Gray, Esq.
   ORRICK, HERRINGTON & SUTCLIFFE, LLP

   1000 Marsh Road

   Menlo Park, CA  94043
   Phone: 650.614.7400  Fax: 650.614.7401
   E-mail: javalos@orrick.com
   E-mail: tgray@orrick.com


ON BEHALF OF DEFENDANTS:

   Stephen S. Smith, Esq.
   GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER, LLP
   1900 Avenue of the Stars, 21st Floor
   Los Angeles, CA  90067
   Phone: 310.553.3610  Fax: 310.553.0687
   E-mail: ssmith@greenbergglusker.com

1  compliment Ms. Hurst.
2          THE COURT: Oh, go ahead.
3          MR. SMITH: Ms. Hurst and I had very good
4  discussions about the meet and confer, and that's why
5  the last time we were here we represented to Your Honor
6  we had come to agreement on virtually every issue.
7          The problems with these particular requests,
8  these particular requests were not written with Calder
9  v. Jones or the issues in the case really in mind.
10         THE COURT: It often happens that in deciding
11 discovery disputes, I in effect re-write the requests
12 so that they say what I think is fair or appropriate as
13 opposed to what they literally say.
14         What I'm struggling with right now is to
15 decide whether to give him anything or nothing. I'm
16 not inclined to give him nothing, I'm inclined to give
17 him something, and I'm struggling to define a something
18 in a way that's reasonable.
19         MR. SMITH: I understand. My proposal is
20 that he -- that access is okay if it is for the purpose
21 of copying the design, look, feel, whatever other word
22 we want to use, of Facebook's own website, and as long
23 as it is limited to a fair group of people and a fair
24 amount of time, meaning a particular period of time.
25         If we go beyond that, we start getting into

1  these line drawing problems that Your Honor has already

2  noted, and we're producing documents about --

3              THE COURT:  Well, can you identify the core

4  group of people that did the original development and

5  design, whether they are there or not now?

6              MR. SMITH:  I can't off the top of my head,

7  but that can be identified, yes.  I think Dennis

8  Bemmann is probably one, and I think Hasan Darajani

9  [phonetic] is another, and then after that I would have

10 to speak to my client.

11             THE COURT:  Well, would it be fair to say,

12 Mr. Gray, that you are interest in access is really

13 cabined by those accessors who were involved in the

14 design and development of the websites of defendants?

15             MR. GRAY:  That's correct, Your Honor.

16             THE COURT:  So, an order which limited it to

17 that group of people would be okay?

18             MR. GRAY:  And that's what we want, the

19 design and development team, creation team.

20             A couple of points, Your Honor.  StudiVZ is

21 barely three years old, so this burden that we keep

22 hearing about, all these scores of people, you know, is

23 overstated for sure.

24             THE COURT:  It depends what period of time

25 they're talking about.  They may have scores today.

1  whether or not Holtzbrink had knowledge of Facebook's
2  allegations at the time it purchased StudiVZ.  That has
3  been answered.
4           Those are the three just off the top of my
5  head that I can think of.
6           The idea that we have not been cooperative
7  here and produced stuff is just not true.  The reason
8  we're having this problem is because of what he is
9  requesting.
10          THE COURT:  Well, I'm agreeing with you.  I
11 think the requests are too broad, but I'm dealing with
12 the reality that I think they should get something.
13          MR. SMITH:  And I'm quite willing to work
14 with Your Honor to get them something.
15          THE COURT:  All right, well what I -- I don't
16 think further discussion about this would be
17 particularly profitable.
18          What I will do is I will give you both until
19 9:00 o'clock tomorrow morning to submit a letter to the
20 court and specifically what I'm interested in is your
21 proposal for what an order would say in terms of
22 further discovery, if any, and I've already indicated
23 I'm inclined to give some on the issues we've been
24 discussing:  access to the websites, the design and
25 development of the websites, the adhesion contracts,

1  and depositions, which we haven't talked about, but
2  would still deal with this questions of what's the
3  deponent going to be questioned about.
4        And on that subject, I understand the
5  defendant to offer witnesses who are knowledgeable
6  about jurisdiction and forum selection subjects, but
7  then we would get into the issue of what subjects are
8  relevant to jurisdiction and forum selection, and we're
9  back having the same argument that we've just had now
10 with respect to the paper discovery requests.
11       MR. SMITH:  Can I make a point about
12 depositions, Your Honor?
13       THE COURT:  Sure.
14       MR. SMITH:  I'm not sure what motion we're
15 on. They notice of motion and their proposed order
16 don't say anything about depositions.  I don't know,
17 and their statement in their reply that they're seeking
18 to compel Rule 30(b)(6) depositions, there aren't any
19 Rule 30(b)(6) deposition notices even pending.
20       THE COURT:  That's true, they withdrew the
21 notice.
22       MR. SMITH:  So I don't -- we're not here on
23 that.
24       THE COURT:  If those depositions ever do take
25 place, the order would guide what would be in the scope

1    MR. SMITH: Okay.

2    MR. GRAY: I certainly have more to say on
3 the sanctions issue, Your Honor. I disagree with how
4 the events unfolded with all due respect. That one
5 issue was privilege, and the only issue is the
6 depositions on Tuesday.

7    THE COURT: And I would suggest to you when
8 you write this letter to me that you -- that you have
9 in mind that what you're proposing to me is something
10 that you could live with, not what you would rather
11 have, not your druthers. Your druthers, Mr. Smith,
12 would be nothing, and your druthers, Mr. Gray, would be
13 everything.

14    So I'm interested in not your druthers, but
15 in what you could live with. And I'm not committing to
16 accept either of your language, but I would like some
17 guidance and some further -- I'm going to give this
18 some further thought, too.

19    MR. GRAY: Do you want page limits on that?

20    THE COURT: Yes, two pages, thank you.

21    MR. GRAY: Two pages, okay.

22    MR. SMITH: May I make one request, Your
23 Honor?

24    THE COURT: Sure.

25    MR. SMITH: I know you said 9:00 a.m.

```
 1   STATE OF COLORADO    )
 2                        )  ss.     CERTIFICATE
 3   COUNTY OF DENVER     )
 4
 5          I, Christopher Boone, Certified Electronic
 6   Court Reporter and Notary Public within and for the
 7   State of Colorado, certify that the foregoing is a
 8   correct transcription from the digital recording of
 9   the proceedings in the above-entitled matter.
10
11          I further certify that I am neither counsel
12   for, related to, nor employed by any of the parties
13   to the action in which this hearing was taken, and
14   further that I am not financially or otherwise
15   interested in the outcome of the action.
16
17          In witness whereof, I have affixed my
18   signature and seal this 17th day of March, 2009.
19
20
     My commission expires August 16, 2010.
21
22
23   _____
24   Christopher Boone,
25   AAERT Certified Electronic Court Reporter
```

