Price v. Facebook, Inc.

Doc. 177



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 1397507 (N.D.Cal.)
**(Cite as: 2005 WL 1397507 (N.D.Cal.))**

Page 1

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
**UTSTARCOM, INC**., Plaintiff,
v.
**STARENT NETWORKS** CORP., Defendant.
**No. C-04-1122PVT.**

June 14, 2005.

Adam P. Noah, Jimmy Minjae Shin, Michael C. Lee, Vicki S. Veenker, Brian C. Cannon, Mary Bernice Boyle, Shearman & Sterling LLP, Menlo Park, CA, for Plaintiff.

Christopher S. Shutz, Lawrence R. Robins, Finnegan Henderson Farabow Garrett & Dunner, LLP, Cambridge, MA, E. Robert Yoches, Pedro F. Suarez, Finnegan Henderson Farabow Garrett & Dunner LLP, Washington, DC, Scott R. Mosko, Finnegan Henderson Farabow Garrett & Dunner, Palo Alto, CA, for Defendants.

ORDER GRANTING IN PART AND DENYING N PART STARENT'S MOTION FOR PROTECTIVE ORDER

TRUMBULL, Magistrate J.

I. INTRODUCTION

**\*1** Plaintiff UTStarcom, Inc. ("UTStarcom") and Defendant Starent Networks Corp. ("Starent") both manufacture and sell telecommunications equipment to allow mobile devices to access the internet.[FN1] UTStarcom alleges that Starent infringes U.S. Patent No. 6,628,671 ("the '671 patent"). Starent claims non-infringement and invalidity of the '671 patent. On June 14, 2005, pursuant to Civil Local Rule 37-1(b), the parties sought intervention during a discovery event. UTStarcom was taking the deposition of Starent employee Fanil Puthyandil when Starent objected to a line of questioning. Starent sought a protective order to prevent Mr. Puthyandil from answering questions relating to Starent's procedures for assuring that its employees did not use or disclose confidential information of third parties. On the same day, the Court conducted a telephonic hearing and heard arguments from both parties.

> FN1. The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

II. DISCUSSION

Mr. Puthyandil was an employee of 3Com Corporation during the time frame that the development work was done for the technology covered by the '671 patent. UTStarcom acquired the rights to the '671 patent when it purchased a division of 3Com. At the deposition, UTStarcom asked Mr. Puthyandil several questions relating to: 1) his knowledge about any obligations he had not to disclose 3Com confidential information; 2) whether Starent had told him not to use or disclose 3Com confidential information; and 3) and whether he remembered any Starent documents prohibiting the use or disclosure of 3Com confidential information. Mr. Puthyandil answered those questions. When UTStarcom asked Mr. Puthyandil about Starent's procedures to make sure its employees did not use or disclose 3Com confidential information, Starent sought the Court's intervention.

This patent infringement action contains no allegations of misappropriation of trade secrets. Starent argues that UTStarcom is engaging in a fishing expedition in an attempt to get "free" discovery on potential claims. UTStarcom asserts that questions about Starent's procedures for preventing use of 3Com information are reasonably calculated to lead to admissible evidence. First, UTStarcom argues

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

that evidence as to procedures at Starent is likely to lead to evidence whether Starent's product works differently than UTStarcom's product, which is relevant to infringement. Second, UTStarcom argues that evidence relating to procedures is reasonably calculated to lead to evidence that Starent copied technology from 3Com, which is relevant to UTStarcom's allegation of willful infringement. Starent disputes that questions about procedures are reasonably calculated to lead to evidence either that the products function in the same manner or that Starent copied UTStarcom technology.

The discovery standard is intentionally broad: requested discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence" relating to the claims or defenses of any party. Fed.R.Civ.P. 26(b)(1). Discovery, however, is not unlimited. The Court may "make any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including ... that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. Fed. R.Civ. P. 26(c)(4).

**\*2** The questions asked by UTStarcom are reasonably calculated to lead to admissible evidence about the claims and defenses in this action. Accordingly, Starent's request for a protective order to excuse Mr. Puthyandil from answering the pending question is denied. However, the burden of any further questions would be undue and Starent's request for a protective order is granted as to any follow-up questions.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Starent's Motion for Protective Order is Denied in part in that Mr. Puthyandil shall answer the question pending relating to Starent procedures prohibiting the use or disclosure of 3Com confidential information; and

2. Starent's Motion for Protective Order is Granted in part in that UTStarcom is precluded from asking any additional questions of Mr. Puthyandil.

IT IS SO ORDERED.

N.D.Cal.,2005.
Utstarcam, Inc. v. Starent Networks Corp.
Not Reported in F.Supp.2d, 2005 WL 1397507 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.